UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

STEVEN GOLDEN, Individually and on Behalf of Themselves and All Others Similarly Situated,

Plaintiff,

vs.

BofI HOLDING, INC., GREGORY GARRABRANTS, and ANDREW J. MICHELETTI,

Defendants.

No. 3:15-cv-02324-GPC-KSC

**ORDER GRANTING JOINT MOTIONS TO CONSOLIDATE CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL**

[ECF Nos. 9, 12, 17]

---

RALPH HAZAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

BofI HOLDING, INC., GREGORY GARRABRANTS, and ANDREW J. MICHELETTI,

Defendants.

No. 3:15-cv-02486-GPC-KSC

**ORDER GRANTING JOINT MOTION TO CONSOLIDATE CASES**

[ECF No. 11]

---

Before the Court are parties' joint motions to consolidate the two cases above, as well as parties' joint motions for appointment of lead plaintiff and approval of selection of lead counsel. *Golden v. BofI Holding, Inc.*, No. 3:15-cv-02324-GPC-

KSC, ECF Nos. 9, 12, 17; *Hazan v. BofI Holding, Inc.*, No. 15-cv-02486-GPC-KSC, ECF No. 11.

**I. Consolidation**

Fed. R. Civ. P. Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *Huene v. United States*, 743 F.2d 703, 704, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984)). A district court has "broad discretion" in determining whether or not to consolidate actions. *See id.*; *see also Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (citing *Southwest Marine*, 720 F. Supp. at 806–807).

Upon review of the moving papers, the record, and the applicable law, the Court **GRANTS** parties' joint motions to consolidate. Review of the two operative complaints show that both cases are class actions brought by respective Plaintiffs against the same Defendants, concerning the same alleged securities laws violations committed by Defendants in relation to BofI Federal Bank's banking activities across the same time period, with largely similar factual allegations, the same causes of action, and the same requested relief. *Compare Golden* Compl., No. 3:15-cv-02324-GPC-KSC, ECF No. 1, *with Hazan* Compl., No. 15-cv-02486-GPC-KSC, ECF No. 1.

//

//

**II. Appointment of Lead Plaintiff**

Under the Private Securities Litigation Reform Act ("PSLRA"), no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. *Id.*

Within 90 days after publication of the notice, the Court shall consider any motion made by a class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). If more than one action on behalf of a class asserting substantially the same claims has been filed and any party has sought to consolidate those actions, the court shall not make the lead plaintiff determination until after the decision on the motion to consolidate has been rendered. 15 U.S.C. § 78u- 4(a)(3)(B)(ii). The Court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The presumptively most adequate plaintiff is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Class members and movants Houston Municipal Employees Pension System ("HMEPS"), John Marco, and Steven Golden, assert that HMEPS has the largest financial interest in the relief sought by the class: HMEPS claims losses of approximately $215,340.52, Marco claims losses of approximately $105,381.51, Golden claims losses of approximately $6,529.00, and non-moving class member Multicultural Business Solutions Inc. claims losses of approximately $46,148.60. *Golden v. BofI Holding, Inc.*, No. 3:15-cv-02324-GPC-KSC, ECF No. 17 at 2. This claim being undisputed, the Court finds that HMEPS is the class member with the largest financial interest in the relief sought by the class.

The Court also finds that the typicality and adequacy requirements are met. First, the typicality requirement is satisfied when "the presumptive lead plaintiff's claim arise[s] from the same event or course of conduct giving rise to the claims of other class members and [are] based on the same legal theory." *Foster v. Maxwell Techs., Inc.*, No. 13-CV-00580-BEN-RBB, 2013 WL 5780424, at *5 (S.D. Cal. Oct. 24, 2013) (citation omitted) (internal quotation marks omitted). The claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Like all other class members, HMEPS alleges that it purchased BofI securities during the Class Period at prices that were artificially inflated by Defendants' wrongful conduct and suffered damages thereby. ECF No. 12-2 at 6. HMEPS' claims thus arise from the same events and are based on the same legal theory as the claims of the other class members.

Second, representation is "adequate" when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Hanlon*, 150 F.3d at 1020. It appears that HMEPS' interests are aligned with those of the other class members, and that HMEPS is willing and able to serve as

Lead Plaintiff. As discussed in greater detail below, HMEPS' retained counsel, the Lieff Cabraser law firm, is experienced in the area of complex securities class litigation and is clearly capable of representing the interests of the Class. Therefore, Court finds that HMEPS is the presumptive Lead Plaintiff under PSLRA.

The presumption that HMEPS is the most adequate Lead Plaintiff may be rebutted only upon proof by a member of the purported plaintiff class that HMEPS will not fairly and adequately protect the interests of the class or is subject to unique defenses that render them incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has come forward with such proof. Accordingly, the Court hereby **APPOINTS** Houston Municipal Employees Pension System as Lead Plaintiff.

**III. Approval of Selection of Lead Counsel**

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 712 (9th Cir. 2009). HMEPS asks the Court to approve their selection of Lieff, Cabraser, Heimann & Bernstein, LLP as lead counsel. It appears that Lieff Cabraser has devoted a substantial portion of its practice to class action securities fraud litigation and has obtained significant recoveries for injured investors in many cases. *See* Kruse Decl., Ex. D, ECF No. 12-3. In light of the firm's substantial experience in securities class action litigation, the Court **APPROVES** Houston Municipal Employees Pension System's choice of counsel and **APPOINTS** Lieff, Cabraser, Heimann & Bernstein, LLP as Lead Counsel.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 42(a)(2), the Court hereby consolidates the above-captioned actions for all purposes under the "low numbered case," Case No. 3:15-CV-02324-GPC-KSC, and orders that the caption of the action be amended as follows:

| IN RE: BofI HOLDING, INC. SECURITIES LITIGATION, | Case No. 3:15-CV-02324-GPC-KSC<br>Hon. Gonzalo P. Curiel<br>[Complaint Filed: October 15, 2015] |
| --- | --- |

2. The Court **GRANTS** Houston Municipal Employees Pension System's motion to be appointed lead plaintiff. The Court **APPOINTS** Houston Municipal Employees Pension System as Lead Plaintiff in the consolidated class actions.

3. The Court **GRANTS** Houston Municipal Employees Pension System's motion for approval of selection of lead counsel. The Court **APPOINTS** Lieff, Cabraser, Heimann & Bernstein, LLP as Lead Counsel in the consolidated class actions.

4. No defendant shall be required to answer, move against or otherwise respond to the original Complaint filed either of the above-captioned actions, except as set forth below.

5. Within fourteen (14) days after the entry of this Order, counsel for the lead plaintiff and counsel for the defendants shall meet and confer regarding proposals for (a) the time for lead plaintiff to file a consolidated amended complaint or provide notice of lead plaintiff's intent to rely upon the original Complaint in Case No. 3:15-CV-02324-GPC-KSC [Document No. 1] (the "operative complaint"); (b) the time for defendants to respond to the operative complaint; and (c) a schedule for briefing any motion to dismiss that may be filed by a defendant.

**IT IS SO ORDERED.**

Dated: January 29, 2016

Hon. Gonzalo P. Curiel
United States District Judge