FILED

2016 AUG 26  AM 11:30

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC., GREGORY GARRABRANTS, ANDREW J. MICHELETTI, PAUL J. GRINBERG, NICHOLAS A. MOSICH, AND JAMES S. ARGALAS,<br><br>Defendants. | Case No.: 15cv2324 GPC (KSC)<br><br>**ORDER GRANTING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Doc. No. 39 |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute. [Doc. No. 39.] Therein, plaintiff seeks a protective order "enjoining Defendants and their attorneys, agents or representatives, from contacting or attempting to contact, until further order of the Court, any former BofI employees for the purpose of ascertaining whether they provided information in this action to Lead Plaintiff's Counsel ("Lead Counsel") as confidential witnesses and/or discussing allegations attributed to [confidential witnesses] with such former BofI employees." [Doc. No. 39, at p. 4.] Defendants object to the issuance of a protective order for three main reasons: (1) plaintiff lacks the standing to

seek the protective order; (2) the issuance of such a "sweeping" protective order would impede defendant's ability to investigate their case and formulate a defense; and, (3) plaintiff fails to identify any cognizable harm resulting from defendants' investigative conduct. [Doc. No. 39, at pp. 3-4; 21-33.]

The Courts finds the Joint Motion For Determination Of Discovery Dispute appropriate for resolution without oral argument and submits it on the papers under Civil Local Rule 7.1(d)(1).

## Background

On April 11, 2016, plaintiff filed the First Amended Complaint ("FAP") alleging violations of federal securities laws by defendants. [Doc. No. 26.] The Complaint includes allegations derived from interviews with eleven confidential witnesses ("CWs") who are former employees of BofI Holdings, Inc. ("BofI"). *Id.* Plaintiff asserts that following the filing of the FAP, defendants attempted to contact individuals they believed to be CWs, "under the false pretense that such individuals had already 'been named' as witnesses in the Amended Complaint, in order to try to confirm or ascertain the CWs' identities and discover confidential work product." [Doc. No. 39, at p. 2.] Plaintiff further alleges that they are in possession of audio recordings of these alleged contacts by defendants' attorneys. *Id.*

## Discussion

Federal Rule of Civil Procedure 26(c) sets forth various grounds for the issuance of a protective order and "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *U.S. v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). Federal Rule of Civil Procedure 26(c) further authorizes the issuance of a protective order when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order must demonstrate the potential for harm with "a particular and specific demonstration of fact, as distinguished from stereotyped and

1  conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)

Defendants object to the issuance of a protective order because "Lead Plaintiff is not a 'party or person from whom discovery is sought,' [and therefore] …lacks standing to make this motion under Rule 26(c)." [Doc. No. 39, at p. 21.] Plaintiff asserts that the information they are trying to protect is attorney work product and that defendants used tactics designed to intimidate witnesses into revealing the protected information. *Id.* at 14-20.

Generally a party may not seek a protective order to protect the rights of a third party. However, if a party believes its own interests are in jeopardy from discovery, they may move for a protective order. *See Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52, 57 (9th Cir. 1960) (allowing a third party to intervene in the discovery stage to argue against disclosure of trade secrets for which the third party claimed an interest); *see also In re REMEC, Inc. Sec. Litig.*, 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (explaining that a party may not seek a protective order, challenging a subpoena to a third party, unless the interests are jeopardized by disclosure.) Here, plaintiff asserts that it has an interest in protecting the identities of confidential witnesses from discovery as the witnesses' identifies and certain communications are covered under the attorney work product.[1] [Doc. No. 17.] The Court finds that the disclosure of information potentially covered as attorney work product provides plaintiff herein with standing to seek a protective order under Rule 26(c).

This Court finds that plaintiff has established good cause for the issuance of the protective order. The Court is aware that plaintiff provides only snippets of the voicemails without the benefit of the larger context, nevertheless the plain language of the quotes

---

[1]  Neither party asks the Court to resolve whether the identities and communications from confidential witnesses in a PSLRA claim are covered as attorney work product. It appears that the parties will seek a determination from the Court as the case progresses, if necessary, however the Court need not determine the privilege status of the confidential witnesses' identities to resolve to instant Motion.

provided is very concerning. *See* [Doc. No. 39, at p. 6] (where defense counsel allegedly told a potential confidential witness, "as you probably know, your name's come up because of this complaint"); *see also id* (noting that a potential confidential witness was told by defense counsel they were "named as a witness" in the Amended Complaint.) Defendants argue that the Declaration Daniel P. Chiplock provided by plaintiff constitutes "inadmissible hearsay, innuendo[s], and personal speculation," but they do not refute that they made the calls, nor do they assert that their statements were taken out of context. [Doc. No. 39, at p. 22.] Instead they argue, "Lead Plaintiff does not suggest that such messages were anything but polite and does not contend that counsel left multiple or harassing messages.... If CWs were surprised to learn that their identities could be gleaned from the details Ninth Circuit law required Lead Plaintiff to plead in the Amended Complaint, then it would be Lead Plaintiff and their counsel who were at fault for falsely assuring CWs that their identities would be kept secret." [Doc. No. 39 at p. 23.] "Gleaning" the identifies of the CWs from the complaint is not the issue. Rather, it is the language defense counsel chose in communicating with potential witnesses that is questionable. *See* [Doc. No. 39, at pp. 5-6.]

Whether the statements used by defense counsel are false is yet to be determined. The limited evidence provided to the Court, however, portrays an effort to mislead witnesses, potentially under false pretenses, into cooperating with the defendants. This conduct on its own would warrant the issuance of a protective order; when combined with the potential for disclosure of attorney work product, it clearly crosses the good cause threshold.

In balancing the needs of the defendants to conduct an investigation and prepare defenses, against the risk of "annoyance, embarrassment, oppression, or undue burden or

///
///
///
///

4

expense[2]," the Court takes into account the current stay on discovery[3] and the fact that a Rule 16(f) Case Management Conference has not occurred in this case. The risk of prejudice to the defense is nonexistent given the procedural posture of the case. Accordingly, the Court finds good cause to **GRANT** the Joint Motion and issue the requested protective order. [Doc. No. 39.]

Defendants, their attorneys, agents or representatives are **HEREBY PROHIBITED** from contacting or attempting to contact, until further order of the Court, any former BofI employees for any purpose related to this litigation. The Court intends to revisit this issue at the Case Management Conference.

**IT IS SO ORDERED.**

Dated: August 26, 2016

Hon. Karen S. Crawford
United States Magistrate Judge

---

[2] Fed.R.Civ.P. 26(c)

[3] Defendants filed a Motion to Dismiss on May 11, 2016. [Doc. No. 37.] Under the Private Securities Litigation Act of 1995 ("PSLRA"), discovery is automatically stayed during the pendency of a motion to dismiss. 15 U.S.C. § 78u–4(b)(3)(B) ("all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.")

15cv2324 GPC (KSC)