# UNITED STATES DISTRICT COURT`

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BofI HOLDING, INC. SECURITIES LITIGATION., | Case No.:  Case No. 3:15-CV-02324-GPC-KSC<br><br>CLASS ACTION<br><br>**ORDER:**<br><br>**DENYING DEFENDANTS' EX PARTE MOTION FOR ORDER SHORTENING TIME**<br><br>**[ECF No. 53]** |

    Before the Court is Defendants' Ex Parte Motion for Order Shortening Time.  ECF No. 53.  The motion seeks to shorten the time for hearing Defendants' objections to an August 26, 2016 order, issued by Magistrate Judge Karen Crawford, ruling on a discovery dispute between the parties.  ECF No. 49.  Defendants timely objected to the order on September 9, 2016.  ECF No.  52.  The Court subsequently set a briefing schedule to hear Defendants' motion by November 4, 2016.  ECF No. 54.  Defendants now ask the Court to expedite its review of the August 26, 2016 order because Defendants will be "unduly prejudiced" if forced to wait until November 4, 2016.  ECF No. 53-1 at 2.  Upon consideration of the moving papers and the applicable law, and for

the reasons set forth below, the Court **DENIES** Defendant's ex parte motion to shorten time.

## DISCUSSION

1. **August 26, 2016 Protective Order**

On August 26, 2016, Magistrate Judge Crawford issued a protective order ("the August 26 Order" or "Order"), ECF No. 49, that had been requested by Lead Plaintiff Houston Municipal Employees Pension System in the Joint Motion for Determination of Discovery Dispute, ECF No. 39. Lead Plaintiff sought the protective in order to prohibit Defendants "from contacting or attempting to contact, until further order of the Court, any former BofI employees for the purpose of ascertaining whether they provided information in this action to Lead Plaintiff's Counsel as confidential witnesses." ECF No. 49 at 1. After finding that the Lead Plaintiff had demonstrated good cause, Judge Crawford issued an order prohibited Defendants from contacting "any former BofI employees for any purpose related to this litigation." *Id.* at 5.

2. **Legal Standard**

Federal Rule of Civil Procedure 6(c) gives courts the power to change a hearing date when a party demonstrates good cause. *See* Fed. R. Civ. P 6(c)(1)(A); *see also* Local Rule 7.1(e)(5) (stating that parties may submit ex parte applications for orders shortening time when accompanied by a proposed order and served on all opposing parties).

3. **Good Cause**

In the Ex Parte Motion for Order Shortening Time ("the Ex Parte Motion"), Defendants ask the Court to accelerate its review of Judge Crawford's August 26 Order. They contend that "[c]larity regarding the scope of the Order is immediately necessary so that the parties can understand the boundaries of what is and what is not permitted under the Order." ECF No. 53 at 3. Defendants make three arguments in support of their Ex Parte Motion: 1) that the August 26 Order flies in the face of the "constitutional

principle" that they have a right to interview Plaintiffs' witnesses; 2) that the Order may interfere with discovery in BofI's related case against Charles Matthew Erhart (Case No. 3:15-cv-2353-BAS-NLS (S.D. Cal.)); and 3) that it could interfere with defendants' right to freedom of speech. *See* ECF No. 53-1 at 5-7. Because the Court is not satisfied that Defendants have shown good cause as to why the Court should hear their objections now, as opposed to on November 4, 2016, the Court denies Defendants' Ex Parte Motion.

Defendants' first contention, that the Order impinges upon their right "to interview an adverse party's' witnesses (the witness willing), in private, without the presence or consent of opposing counsel," fails to persuade the Court that there is good cause to shorten the time for hearing Defendants' objections. ECF No. 53-1 at 4. The very case that Defendants cites in support of their argument belies their position. In *Int'l Bus. Mach. Corp. v. Edelstein*, the court addressed the right to interview witnesses in response to a district court's ruling, *issued a week before trial*, that any party who wished to interview a witness in the absence of opposing counsel had to do so with a stenographer present. 526 F.2d 37, 41 (2d Cir. 1975). Such a restriction, the court reasoned, was an unreasonable interference with Defendants' right to defend itself given the late stage of litigation, among other reasons. *See id.* By contrast, here, the parties are nowhere near the eve of trial. In fact, discovery has not even commenced in this case. *See generally* Rule 26(d) (noting that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)). Accordingly, given the current stage of this litigation, the Court finds that Defendants have failed to demonstrate why waiting a mere five weeks will prejudice their ability to defend themselves in a case that has not even entered into discovery, and that may not do so for some time. *See* ECF No. 64 (granting in part and denying in part Defendants' motion to dismiss with leave to amend).

The Court is also not persuaded by Defendants' remaining arguments because they are speculative. For example, Defendants note that "strict compliance" with the August 26 Order "could impede" BofI's ability to proceed with discovery in other cases, ECF

No. 53 at 3; that they "would suffer undue harm or prejudice if forced to refrain from contancting *any* former employees for *any* purpose," *id.* at 4 (emphasis in original); and that the Order "has the potential to impinge" on Defendants' first amendment right to free speech "should plaintiff attempt to enforce the Order by seeking an injunction," *id.* at 5. Put simply, the harm and prejudice that Defendants rely upon in seeking this Ex Parte Motion has not occurred. Defendants will suffer harm only if and when Lead Plaintiff accuses Defendants of violating the protective order by interviewing former BofI employees in matters unrelated to this litigation (i.e., conduct that falls outside of the August 26 Order). Defendants do not contend that Lead Plaintiff has made such accusations and they offer no evidence that Lead Plaintiff is likely to make such an accusation between now and November 4, 2016.

This hypothetical line of reasoning also rings hollow in light of the fact that Lead Plaintiff has made clear that it understands the boundaries of the August 26 Order. ECF No. 57 at 4 (emphasis in the original). ("Judge Crawford's ruling has no bearing on discovery in other cases, so long as witnesses in those cases (to the extent they are former BofI employees) are not contacted or asked about *this* litigation, and the claims and allegations asserted therein). Given Lead Plaintiff's assurances that it understands the scope of the August 26 Order, the Court does not find good cause to address Defendants' objections to the August 26 Order now, as opposed to in due course, on November 4, 2016, five weeks from now.

## CONCLUSION

Accordingly, the Court denies Defendants' Ex Parte Motion for Shortening Time for Hearing on Defendants' Motion on Objections.

**IT IS SO ORDERED.**

Dated: September 28, 2016

Hon. Gonzalo P. Curiel
United States District Judge