1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   JOHN P. STIGI III, Cal. Bar No. 208342
3      jstigi@sheppardmullin.com
   POLLY TOWILL, Cal. Bar No. 120420
4      ptowill@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  (310) 228-3700
6  Facsimile:  (310) 228-3701

7  Attorneys for Defendants
   BofI Holding, Inc. and Gregory Garrabrants
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

| 12 | IN RE: | Case No. 3:15-CV-02324-GPC-KSC |
|---|---|---|
| 13 | BofI HOLDING, INC. SECURITIES LITIGATION. | CLASS ACTION |
| 14 | | **DEFENDANTS ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| 15 | | |
| 16 | | |
| 17 | | Hon. Gonzalo Paul Curiel Courtroom 2D (2d Floor – Schwartz) |
| 18 | | |
| 19 | | Magistrate Judge Karen S. Crawford Suite 1010 (10th Floor – Annex) |
| 20 | | Trial Date:        None Set |

21

22

23

24

25

26

27

28

Defendants BofI Holding, Inc. ("BofI") and Gregory Garrabrants ("Garrabrants")[1] respectfully answer the Consolidated Amended Class Action Complaint ("CAC") of lead plaintiff Houston Municipal Employees Pension System, and admit, deny and allege as follows:

1.     Defendants admit that the CAC purports to allege claims for securities fraud and seeks damages on behalf of certain putative class members.  Except as expressly admitted, defendants deny the allegations in paragraph 1 of the CAC.

2.     Defendants admit the allegations in paragraph 2 of the CAC.

3.     Defendants admit that BofI was founded in 1999, that its headquarters is located in San Diego, and that BofI relies on various distribution channels such as banking websites promoting BofI as "Bank of Internet," "NetBank," "Bank X," and other brands, partnerships with affinity groups, relationships with mortgage brokers, and salespeople, to generate business  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 3 of CAC.

4.     Defendants admit the allegations in paragraph 4 of the CAC.

5.     Defendants admit that BofI reported total deposits of $5.2 billion and a total loan portfolio at $5.715 billion (as of December 31, 2015).  Defendants further admit that BofI's earnings were $20.6 million for the fiscal year ending June 30, 2011 and increased to $82.7 million for the fiscal year ending June 30, 2015. Defendants respectfully refer the Court to BofI's publicly filed financial statements for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 5 of the CAC.

6.     Defendants admit that BofI became a publicly traded company in 2005 and that it had an initial public offering price of $11.50 per share on a pre-split basis.

---

[1]  On September 27, 2016, the Court dismissed, with leave to amend, plaintiff's claims against defendants Andrew J. Micheletti, Paul J. Grinberg, Nicholas A. Mosich and James S. Argalas.

Defendants further admit that BofI stock traded as high as $142.54 per share on a pre-split basis during the putative class period, and that $142.54 is more than 1,100% above $11.50.  Defendants also admit that, on November 18, 2015, BofI completed a forward 4:1 stock split.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 6 of the CAC.

7.      Defendants deny the allegations in paragraph 7 of the CAC.

8.      Defendants deny the allegations in paragraph 8 of the CAC.

9.      Defendants deny the allegations in paragraph 9 of the CAC.

10.     Defendants deny the allegations in paragraph 10 of the CAC.

11.     Defendants deny the allegations in paragraph 11 of the CAC.

12.     Defendants deny the allegations in paragraph 12 of the CAC.

13.     To the extent that paragraph 13 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 13 of the CAC.

14.     Defendants deny the allegations in paragraph 14 of the CAC.

15.     Defendants deny the allegations in paragraph 15 of the CAC.

16.     Defendants deny the allegations in paragraph 16 of the CAC.

17.     To the extent that paragraph 17 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 17 of the CAC.

18.     Defendants deny the allegations in paragraph 18 of the CAC.

19.     Defendants deny the allegations in paragraph 19 of the CAC.

20.     Defendants admit that on October 13, 2015, *The New York Times* reported that Charles Matthew Erhart ("Erhart"), a former internal auditor at BofI, had filed an action against BofI for purportedly violating federal laws designed to protect whistleblowers.  Defendant respectfully refer the Court to Erhart's complaint and the October 13, 2015 article in *The New York Times* for the full contents thereof. Except as expressly admitted, defendants deny the allegations in paragraph 20 of the CAC.

21.     Defendants admit that BofI's stock price closed at $24.78 per share on October 14, 2015.  Except as expressly admitted, defendants deny the allegations in paragraph 21 of the CAC.

22.     Defendants deny the allegations in paragraph 22 of the CAC.

23.     To the extent that paragraph 23 purports to allege what BofI's investors purportedly "believed," defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation.  Defendants deny the remaining allegations in paragraph 23 of the CAC.

24.     To the extent that paragraph 24 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

25.     To the extent that paragraph 25 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to invoke the Court's jurisdiction pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

26.     To the extent that paragraph 26 of the CAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff

purports to invoke this Court's venue pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa.  Defendants further admit that BofI's headquarters is located in San Diego, California.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 26 of the CAC.

27.     Defendants deny the allegations in paragraph 27 of the CAC.

28.     Defendants admit that the Court appointed the Houston Municipal Employees Pension System as the lead plaintiff in this action.  Defendants further admit that lead plaintiff filed a certification stating that it purchased BofI common stock during the putative class period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 28 of the CAC.

29.     Defendants admit that BofI was founded in 1999 and that its headquarters is located at 4350 La Jolla Village Drive, Suite 140, San Diego, California, 92122.  Defendants further admit that BofI is the holding company for BofI Federal Bank, a federally chartered savings association, and that BofI provides consumer and business banking products, including deposit accounts and financing, through distribution channels and affinity groups.  Defendants also admit that BofI offers various types of consumer and business checking, savings, certificates of deposit, and other deposit accounts through retail distribution channels, including websites and online advertising promoting BofI's brands, such as "Bank of Internet and "Bank X," a call center of salespeople, financial advisory firms that introduce their clients, and affinity groups that provide access to their members.  Defendants also admit that, as of December 31, 2015, BofI held $5.2 billion in deposits.  Except as expressly admitted, defendants deny the allegations in paragraph 29 of CAC.

30.     Defendants admit that, as of December 31, 2015, BofI's loan portfolio totaled $5.715 billion, consisting of $3.37 billion in single-family secured mortgages, $1.20 billion in multi-family secured mortgages, and $281.1 million in C&I loans.  Defendants further admit that BofI offers the various types of consumer and business loans described in paragraph 30 of the CAC.

1    31.    Defendants admit the allegations in paragraph 31 of the CAC.

2    32.    Defendants admit the allegations in paragraph 32 of the CAC.

3    33.    Defendants admit that Garrabrants has served as BofI's President, CEO and Director throughout the putative class period.  Defendants further admit that Garrabrants has served on BofI's Asset and Liability Committee and the Directors Credit Committee.  Defendants also admit that Garrabrants previously served as a Senior Vice President at IndyMac Bancorp., Inc., where he led the corporate business development group responsible for mergers and acquisitions, joint ventures, and strategic alliances.  Defendants admit that Garrabrants previously worked as an investment banker at Goldman Sachs & Co. and as a management consultant at McKinsey & Company.  In addition, Defendants admit that Garrabrants is an attorney and a member of the State Bar of California, has a Master's of Business Administration Degree, and is a Chartered Financial Analyst.  To the extent that paragraph 33 sets forth allegations concerning other financial institutions, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 33 of the CAC.

34.    Defendants admit that Andrew J. Micheletti ("Micheletti") has served as the Company's Executive Vice President and Chief Financial Officer throughout the putative class period.  Defendants further admit that Micheletti previously served as Vice President—Finance for TeleSpectrum Worldwide, Inc., an international provider of outsourced telephone and Internet services to large companies.  Defendants also admit that Micheletti previously served as Vice President, Controller of Financial Reporting at Imperial Savings Association, where he started as internal auditor and was eventually promoted to Controller.  In addition, Micheletti worked as an auditor at Deloitte & Touche LLP and is a Certified Public Accountant (inactive) in the State of California and has held various NASD

securities licenses.  To the extent that paragraph 34 sets forth allegations concerning other financial institutions and/or businesses, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 34 of the CAC.

35.   Defendants admit the allegations in paragraph 35 of the CAC.

36.   Defendants admit the allegations in paragraph 36 of the CAC.

37.   Defendants admit the allegations in paragraph 37 of the CAC.

38.   Defendants admit the allegations in paragraph 38 of the CAC.

39.   Defendants deny the allegations in paragraph 39 of the CAC.

40.   Defendants deny the allegations in paragraph 40 of the CAC.

41.   Defendants deny the allegations in paragraph 41 of the CAC.

42.   Defendants admit that, between fiscal 2011 and 2015, BofI's total deposits increased from $1.34 billion to $4.45 billion and that its total loan portfolio increased from $1.33 billion to $4.98 billion.  Defendants further admit that, between fiscal 2011 and 2015, BofI's net income increased from $23.2 million to $82.7 million.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 42 of CAC.

43.   Defendants admit that BofI is regulated by the Office of the Comptroller of the Currency (the "OCC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Reserve, and the SEC.  Defendants deny the remaining allegations in paragraph 43 of CAC.

44.   Defendants deny the allegations in paragraph 44 of the CAC.

45.   Defendants deny the allegations in paragraph 45 of the CAC. Defendants respectfully refer the Court to the transcripts of BofI's August 7, 2014; April 30, 2015; and October 29, 2015 earnings conference calls for the full contents thereof.

46.   Defendants deny the allegations in paragraph 46 of the CAC.

1    47.    To the extent paragraph 47 of the CAC contains a legal conclusion or

2    legal conclusions, defendants need not respond.  Defendants deny the remaining

3    allegations in paragraph 47 of the CAC.

4    48.    To the extent paragraph 48 of the CAC contains a legal conclusion or

5    legal conclusions, defendants need not respond.  Defendants respectfully refer the

6    Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) and the Dodd-Frank

7    Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act") for the full

8    contents thereof.

9    49.    To the extent paragraph 49 of the CAC contains a legal conclusion or

10   legal conclusions, defendants need not respond.  Defendants respectfully refer the

11   Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) for the full contents

12   thereof.

13   50.    To the extent paragraph 50 of the CAC contains a legal conclusion or

14   legal conclusions, defendants need not respond.  Defendants respectfully refer the

15   Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) for the full contents

16   thereof.

17   51.    Defendants admit that paragraph 51 contains a 2014 slide purporting to

18   show the LTV eligibility requirements for BofI borrowers to qualify for full

19   documentation adjustable rate mortgages.  Defendants respectfully refer the Court to

20   BofI's SEC filings wherein BofI reports LTV in bands.  Except as expressly

21   admitted, defendants deny the remaining allegations in paragraph 51 of the CAC.

22   52.    To the extent that paragraph 52 sets forth allegations concerning what a

23   former employee of BofI purportedly reported to plaintiff's counsel, defendants lack

24   knowledge or information sufficient to form a belief as to the truth of those

25   allegations, and on that basis deny each and every such allegation.  Except as

26   expressly denied for lack of knowledge or information, defendants deny the

27   remaining allegations in paragraph 52 of the CAC.

28

53.     To the extent that paragraph 53 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 53 of the CAC.

54.     To the extent that paragraph 54 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 54 of the CAC.

55.     To the extent that paragraph 55 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 55 of the CAC.

56.     To the extent that paragraph 56 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 56 of the CAC.

57.     To the extent paragraph 57 of the CAC contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) for the full contents thereof.   Further, to the extent that paragraph 57 sets forth allegations concerning

what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 57 of the CAC.

58.     To the extent that paragraph 58 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 58 of the CAC.

59.     To the extent that paragraph 59 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 59 of the CAC.

60.     To the extent that paragraph 60 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 60 of the CAC.

61.     To the extent that paragraph 61 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as

Case No. 3:15-CV-02324-GPC-KSC
ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 61 of the CAC.

62.     To the extent that paragraph 62 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 62 of the CAC.

63.     To the extent that paragraph 63 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 63 of the CAC.

64.     To the extent that paragraph 64 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 64 of the CAC.

65.     To the extent that paragraph 65 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 65 of the CAC.

66.     To the extent that paragraph 66 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack

knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 66 of the CAC.

67.     Defendants deny the allegations in paragraph 67 of the CAC.

68.     To the extent that paragraph 68 sets forth allegations concerning the statements of a *Bloomberg* article and the purported business activities of OnDeck, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 68 of the CAC.

69.     To the extent that paragraph 69 sets forth allegations concerning a prospectus that OnDeck filed with the SEC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to OnDeck's prospectus for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 69 of the CAC.

70.     To the extent that paragraph 70 sets forth allegations concerning statements made by the OCC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to the OCC's published statements for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 70 of the CAC.

71.     To the extent that paragraph 71 sets forth allegations concerning statements made by the OCC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and

every such allegation.   Defendants respectfully refer the Court to the OCC's published statements for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 71 of the CAC.

72.   To the extent that paragraph 72 sets forth allegations concerning statements made by the OCC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation Defendants respectfully refer the Court to the OCC's published statements for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 72 of the CAC.

73.   To the extent paragraph 73 of the CAC contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the decision in *Madden v. Midland Funding,* 786 F.3d 246 (2d Cir. 2015) for the full contents thereof.   In addition, to the extent that paragraph 73 sets forth allegations concerning the statements of purported media sources, the purported business activities of OnDeck, and purported statements by OnDeck, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 73 of the CAC.

74.   To the extent that paragraph 74 sets forth allegations concerning OnDeck's SEC filings and business activities, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to OnDeck's SEC filings for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 74 of the CAC.

75.   Defendants deny the allegations in paragraph 75 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's July 30, 2015 earnings conference call for the full contents thereof.

76.   To the extent that paragraph 76 sets forth allegations concerning Quick Bridge's supposed statements on its website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to Quick Bridge's website for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 76 of the CAC.

77.   To the extent that paragraph 77 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 77 of the CAC.

78.   To the extent that paragraph 78 sets forth allegations concerning plaintiff counsel's supposed review financing statements and court dockets, Quick Bridge's financing statements, and Quick Bridge's business activities, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to Quick Bridge's UCC Financing Statements for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 78 of the CAC.

79.   Defendants deny the allegations in paragraph 79 of the CAC.

80.   To the extent that paragraph 80 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted

short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 80 of the CAC.

81.    To the extent that paragraph 81 sets forth allegations concerning plaintiff counsel's supposed review Quick Bridge loans, the terms of a series of supposed Quick Bridge loans, the status of a collections action initiated by Quick Bridge, and Quick Bridge's business activities, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to the Business Loan Agreement referred to in the *Seeking Alpha* article referenced in paragraph 81 for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 81 of the CAC.

82.    To the extent that paragraph 82 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants further deny that the chart set forth in paragraph 82 shows that loans originated by BofI are "non-performing." Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 82 of the CAC.

83.    To the extent that paragraph 83 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants

respectfully refer the Court to the Bulk Assignment allegedly referenced in the *Seeking Alpha* article referenced in paragraph 83 for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 83 of the CAC.

84.    Defendants admit that BofI has provided secured financing to WCL Holdings, LLC ("WCL").   Defendants further admit that BofI has filed UCC Financing Statements in connection with its secured loans to WCL.   To the extent that paragraph 84 sets forth allegations concerning plaintiff counsel's supposed review of various UCC Financing Statements, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 84 for the full contents thereof.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 84 of the CAC.

85.    Defendants deny the allegations in paragraph 85 of the CAC.

86.    To the extent that paragraph 86 sets forth allegations concerning RCN's business practices and supposed statements on its website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to RCN's website for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 86 of the CAC.

87.    Defendants deny the allegations in paragraph 87 of the CAC. Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 87 for the full contents thereof.

88.    To the extent that paragraph 88 sets forth allegations concerning Center Street's business practices and supposed statements on its website, defendants lack knowledge or information sufficient to form a belief as to the truth of those

allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to Center Street's website for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 88 of the CAC.

89.    To the extent that paragraph 89 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog and the supposed business activities of Center Street, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 89 of the CAC.

90.    Defendants deny the allegations in paragraph 90 of the CAC. Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 90 for the full contents thereof.

91.    Defendants deny the allegations in paragraph 91 of the CAC.. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

92.    Defendants admit that BofI's Form 10-Q for the quarter ending December 31, 2015 does not expressly identify Center Street, and allege affirmatively that it had no duty to identify Center Street in said filing.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 92 of the CAC.

93.    Defendants admit that Grinberg is Chairman of BofI's Audit Committee and Compensation Committee, and a member of BofI's Nominating Committee.   Defendants further admit that Grinberg is a Group Executive, International and Corporate Development at Encore Capital.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 93 of the CAC.

94.     Defendants deny the allegations in paragraph 94 of the CAC.

95.     Defendants deny the allegations in paragraph 95 of the CAC. Defendants respectfully refer the Court to the UCC Financing Statements and the Term Loan Facility referenced in paragraph 95 for the full contents thereof.

96.     To the extent that paragraph 96 sets forth allegations concerning Encore Capital's financial statements and business practices, defendants respectfully refer the Court to Encore Capital's financial statements and SEC filings for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 96 of the CAC.

97.     To the extent that paragraph 97 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 97 of the CAC.

98.     Defendants deny the allegations in paragraph 98 of the CAC, and allege affirmatively that the financial performance of BofI Properties is included within and reflected in the consolidated financial statements of BofI.

99.     Defendants deny the allegations in paragraph 99 of the CAC.

100.    Defendants admit the allegations in paragraph 100 of the CAC.

101.    Defendants deny the allegations in paragraph 101 of the CAC.

102.    To the extent that paragraph 102 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the General Warranty Deed referenced in paragraph 102 for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 102 of the CAC.

103.   To the extent that paragraph 103 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 103 of the CAC.

104.   To the extent that paragraph 104 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the Mortgage, Assignment of Rents, Security Agreement and Fixture filing referenced in paragraph 104 for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 104 of the CAC.

105.   To the extent that paragraph 105 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 105 of the CAC.

106.   Defendants deny the allegations in paragraph 106 of the CAC.

107.   To the extent that paragraph 107 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants admit that the quoted text appears in BofI's 2015 Form 10-K.   Defendants respectfully refer the Court to

BofI's 2015 Form 10-K for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 107 of the CAC.

108.  Defendants admit that BofI's December 31, 2015 Form 10-Q reported factoring contracts totaling $143.896 million.  Defendants respectfully refer the Court to BofI's financial statements for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 108 of the CAC.

109.  To the extent that paragraph 109 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Certificates of Formation referenced in paragraph 109 for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 109 of the CAC.

110.  To the extent that paragraph 110 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog and the business operations of Stone Street Capital, LLC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 110 for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 110 of the CAC.

111.  Defendants deny the allegations in paragraph 111 of the CAC.

1   112.   To the extent that paragraph 112 contains a legal conclusion or legal

2   conclusions, defendants need not respond.   Defendants deny the remaining

3   allegations in paragraph 112 of the CAC.

4   113.   To the extent that paragraph 113 contains a legal conclusion or legal

5   conclusions, defendants need not respond.  Defendants respectfully refer the Court

6   to the Bank Secrecy Act ("BSA") the FDIC's Risk Management Manual of

7   Examination Policies ("FDIC Manual") for the full contents thereof.   Defendants

8   deny the remaining allegations in paragraph 113 of the CAC.

9   114.   To the extent that paragraph 114 contains a legal conclusion or legal

10  conclusions, defendants need not respond.  Defendants respectfully refer the Court

11  to the Patriot Act for the full contents thereof.   Defendants deny the remaining

12  allegations in paragraph 114 of the CAC.

13  115.   To the extent that paragraph 115 contains a legal conclusion or legal

14  conclusions, defendants need not respond.  Defendants respectfully refer the Court

15  to the FDIC Manual for the full contents thereof.  Defendants deny the remaining

16  allegations in paragraph 115 of the CAC.

17  116.   To the extent that paragraph 116 contains a legal conclusion or legal

18  conclusions, defendants need not respond.  Defendants respectfully refer the Court

19  to the FDIC Manual for the full contents thereof.  Defendants deny the remaining

20  allegations in paragraph 116 of the CAC.

21  117.   To the extent that paragraph 117 contains a legal conclusion or legal

22  conclusions, defendants need not respond.  Defendants respectfully refer the Court

23  to the FDIC Manual for the full contents thereof.  Defendants deny the remaining

24  allegations in paragraph 117 of the CAC.

25  118.   To the extent that paragraph 118 contains a legal conclusion or legal

26  conclusions, defendants need not respond.  Defendants respectfully refer the Court

27  to the FDIC Manual for the full contents thereof.  Defendants deny the remaining

28  allegations in paragraph 118 of the CAC.

119.  To the extent that paragraph 119 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to the FDIC Manual and the Bank Secrecy Act/Anti-Money Laundering Examination Manual ("FFIEC Manual") for the full contents thereof.  Defendants deny the remaining allegations in paragraph 119 of the CAC.

120.  To the extent that paragraph 120 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to the FDIC's Rules and Regulations for the full contents thereof.  Defendants deny the remaining allegations in paragraph 120 of the CAC.

121.  To the extent that paragraph 121 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to the regulations of the Office of Foreign Assets Control for the full contents thereof.  Defendants deny the remaining allegations in paragraph 121 of the CAC.

122.  To the extent that paragraph 122 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to the regulations of the Office of Foreign Assets Control for the full contents thereof.  Defendants deny the remaining allegations in paragraph 122 of the CAC.

123.  To the extent that paragraph 123 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 123 of the CAC.

124.  To the extent that paragraph 124 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as

expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 124 of the CAC.

125. Defendants deny the allegations in paragraph 125 of the CAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

126. Defendants deny the allegations in paragraph 126 of the CAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

127. Defendants deny the allegations in paragraph 127 of the CAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

128. Defendants admit that BofI's 2015 Form 10-K disclosed that BofI's provides card issuing and bank identification number ("BIN") sponsorship services to companies who have developed payroll, general purpose reloadable, incentive and gift card programs serving consumers. Defendants further admit that BofI disclosed $6.85 million in "Banking service fees and other income[,]" which includes income from prepaid card sponsors. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 128 of the CAC.

129. Defendants deny the allegations in paragraph 129 of the CAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

130. Defendants deny the allegations in paragraph 130 of the CAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

1   131.   Defendants deny the allegations in paragraph 131 of the CAC.
2   Defendants respectfully refer the Court to Erhart's purported whistleblower
3   complaint for the full contents thereof.

4   132.   Defendants deny the allegations in paragraph 132 of the CAC.
5   Defendants respectfully refer the Court to Erhart's purported whistleblower
6   complaint for the full contents thereof.

7   133.   To the extent that paragraph 133 sets forth allegations concerning what
8   a former employee of BofI purportedly reported to plaintiff's counsel, defendants
9   lack knowledge or information sufficient to form a belief as to the truth of those
10  allegations, and on that basis deny each and every such allegation.   Except as
11  expressly denied for lack of knowledge or information, defendants deny the
12  remaining allegations in paragraph 133 of the CAC.

13  134.   Defendants deny the allegations in paragraph 134.   Defendants further
14  allege that the former BofI employee identified as CW 6 has contradicted, under
15  oath, the allegations attributed to him in paragraph 134 of the CAC.

16  135.   To the extent that paragraph 135 sets forth allegations concerning what
17  a former employee of BofI purportedly reported to plaintiff's counsel, defendants
18  lack knowledge or information sufficient to form a belief as to the truth of those
19  allegations, and on that basis deny each and every such allegation.   Except as
20  expressly denied for lack of knowledge or information, defendants deny the
21  remaining allegations in paragraph 135 of the CAC.

22  136.   To the extent that paragraph 136 sets forth allegations concerning what
23  a former employee of BofI purportedly reported to plaintiff's counsel, defendants
24  lack knowledge or information sufficient to form a belief as to the truth of those
25  allegations, and on that basis deny each and every such allegation.   Except as
26  expressly denied for lack of knowledge or information, defendants deny the
27  remaining allegations in paragraph 136 of the CAC.

28

137.   To the extent that paragraph 137 contains a legal conclusion or legal conclusions, defendants need not respond.   To the extent that paragraph 137 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 137 of the CAC.

138.   Defendants have insufficient information to admit or deny the allegations in paragraph 138 and, on that basis, deny the allegations in paragraph 138 of the CAC.

139.   Defendants have insufficient information to admit or deny the allegations in paragraph 139 and, on that basis, deny the allegations in paragraph 139 of the CAC.

140.   Defendants deny the allegations in paragraph 140 of the CAC.

141.   To the extent that paragraph 141 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the Flood Disaster Protection Act ("FDPA") and the National Flood Insurance Program ("NFIP") for the full contents thereof.   Defendants deny the remaining allegations in paragraph 141 of the CAC.

142.   To the extent that paragraph 142 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the FDPA for the full contents thereof.   Defendants deny the remaining allegations in paragraph 142 of the CAC.

143.   To the extent that paragraph 143 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the FDPA for the full contents thereof.   Defendants deny the remaining allegations in paragraph 143 of the CAC.

144.   Defendants deny the allegations in paragraph 144 of the CAC.

145. Defendants deny the allegations in paragraph 145 of the CAC.

146. To the extent that paragraph 146 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 146 of the CAC.

147. To the extent that paragraph 147 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 147 of the CAC.

148. To the extent that paragraph 148 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 148 of the CAC.

149. Defendants deny the allegations in paragraph 149 of the CAC.

150. To the extent that paragraph 150 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the OCC's Comptroller's Handbook on Allowance for Loan and Lease Losses (the "ALLL Handbook") for the full contents thereof. Defendants deny the remaining allegations in paragraph 150 of the CAC.

151. To the extent that paragraph 151 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court

to the ALLL Handbook for the full contents thereof.  Defendants deny the remaining allegations in paragraph 151 of the CAC.

152.   Defendants admit paragraph 152 of the CAC.  Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

153.   Defendants admit that BofI reported that its ALL was $28.327 million in its 2015 Form 10-K and was $18.373 million in its 2014 Form 10-K.  To the extent that paragraph 153 purports to quote BofI, but does not identify the source, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 153 of the CAC.

154.   To the extent that paragraph 154 sets forth allegations concerning the supposed contents of FFIEC's Uniform Bank Performance Reports, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to FFIEC's Uniform Bank Performance Reports for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 154 of the CAC.

155.   Defendants deny the allegations in paragraph 155 of the CAC.

156.   To the extent that paragraph 156 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 156 of the CAC.

157.   To the extent that paragraph 157 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to 12 C.F.R. § 30.2 and its Appendix for the full contents thereof.  Defendants deny the remaining allegations in paragraph 157 of the CAC.

1    158.   To the extent that paragraph 158 contains a legal conclusion or legal

2    conclusions, defendants need not respond.   Defendants respectfully refer the Court

3    to 12 C.F.R. § 363 for the full contents thereof.   Defendants deny the remaining

4    allegations in paragraph 158 of the CAC.

5    159.   To the extent that paragraph 159 contains a legal conclusion or legal

6    conclusions, defendants need not respond.   Defendants respectfully refer the Court

7    to Section 13 of the Exchange Act and 15 U.S.C. § 78m for the full contents thereof.

8    Defendants deny the remaining allegations in paragraph 159 of the CAC.

9    160.   To the extent that paragraph 160 sets forth allegations concerning what

10   former employees of BofI purportedly reported to plaintiff's counsel, defendants

11   lack knowledge or information sufficient to form a belief as to the truth of those

12   allegations, and on that basis deny each and every such allegation.   Except as

13   expressly denied for lack of knowledge or information, defendants deny the

14   remaining allegations in paragraph 160 of the CAC.

15   161.   To the extent that paragraph 161 sets forth allegations concerning what

16   a former employee of BofI purportedly reported to plaintiff's counsel, defendants

17   lack knowledge or information sufficient to form a belief as to the truth of those

18   allegations, and on that basis deny each and every such allegation.   Except as

19   expressly denied for lack of knowledge or information, defendants deny the

20   remaining allegations in paragraph 161 of the CAC.

21   162.   To the extent that paragraph 162 sets forth allegations concerning what

22   a former employee of BofI purportedly reported to plaintiff's counsel, defendants

23   lack knowledge or information sufficient to form a belief as to the truth of those

24   allegations, and on that basis deny each and every such allegation.   Except as

25   expressly denied for lack of knowledge or information, defendants deny the

26   remaining allegations in paragraph 162 of the CAC.

27

28

163.   Defendants deny the allegations in paragraph 163.  Defendants further allege that the former BofI employee identified as CW 8 has contradicted, under oath, the allegations attributed to him in paragraph 163 of the CAC.

164.   To the extent that paragraph 164 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 164 of the CAC.

165.   Defendants deny the allegations in paragraph 165 of the CAC.

166.   To the extent that paragraph 166 sets forth allegations concerning a purported interpretation of the Comptroller's Handbook on Internal and External Audits (the "Audit Handbook"), defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Audit Handbook for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 166 of the CAC.

167.   To the extent that paragraph 167 sets forth allegations concerning a purported interpretation of the Audit Handbook, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Audit Handbook for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 167 of the CAC.

168.   To the extent that paragraph 168 sets forth allegations concerning a purported interpretation of the Audit Handbook, SOX, the Exchange Act, and the OCC's Regulations, defendants lack knowledge or information sufficient to form a

belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Audit Handbook, SOX, the Exchange Act, and the OCC's Regulations for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 168 of the CAC.

169.  To the extent that paragraph 169 sets forth allegations concerning a purported interpretation of the Audit Handbook and the OCC audit role, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Audit Handbook for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 169 of the CAC.

170.  To the extent that paragraph 170 sets forth allegations concerning statements on the FDIC's website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the FDIC's website for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 170 of the CAC.

171.  Defendants admit that BofI's Audit Committee is composed of Grinberg, Argalas and Mosich.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 171 of the CAC.

172.  Defendants deny the allegations in paragraph 172 of the CAC. Defendants respectfully refer the Court to Erhart's declaration for the full contents thereof.

173.  To the extent that paragraph 173 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those

allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 173 of the CAC.

174. To the extent that paragraph 174 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 174 of the CAC.

175. To the extent that paragraph 175 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel and read in Erhart's purported whistleblower complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 175 of the CAC.

176. Defendants deny the allegations in paragraph 176 of the CAC.

177. Defendants deny the allegations in paragraph 177 of the CAC.

178. To the extent that paragraph 178 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to Regulation O for the full contents thereof. Defendants deny the remaining allegations in paragraph 178 of the CAC.

179. Defendants deny the allegations in paragraph 179 of the CAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.

180. Defendants deny the allegations in paragraph 180 of the CAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.

181.   Defendants admit the allegations in paragraph 181 of the CAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

182.   Defendants deny the allegations in paragraph 182 of the CAC.

183.   To the extent that paragraph 183 sets forth allegations concerning supposed statements on the CFPB's website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the CFPB's website for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 183 of the CAC.

184.   Defendants admit that BofI has advertised "Conventional, FHA, VA and Jumbo loan products" on its website during the putative class period. Defendants respectfully refer the Court to BofI's website and BofI's financial statements during the putative class period for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 184 of the CAC.

185.   Defendants admit that Grinberg is the Chairman of BofI's Audit Committee.  Defendants further admit that, on October 29, 2012, Grinberg obtained a $2.192 million loan from BofI and that the Deed of Trust contained a Balloon Rider.  Defendants respectfully refer the Court the October 29, 2012 Deed of Trust referenced in paragraph 185 for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 185 of the CAC.

186.   Defendants deny the allegations in paragraph 186 of the CAC.

187.   Defendants admit that Thomas Constantine obtained a loan from BofI in the amount of $648,000 with a balloon rider.  To the extent that paragraph 187 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking*

*Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 187 of the CAC.

188.   To the extent that paragraph 188 sets forth allegations concerning anonymous statements and summaries by admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 188 of the CAC.

189.   Defendants admit allegations in paragraph 189 of the CAC.

190.   To the extent that paragraph 190 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to 12 C.F.R. § 229.404 for the full contents thereof.  Defendants deny the remaining allegations in paragraph 190 of the CAC.

191.   To the extent that paragraph 191 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to 12 C.F.R. § 229.404 for the full contents thereof.  Defendants deny the remaining allegations in paragraph 191 of the CAC.

192.   To the extent that paragraph 192 sets forth allegations concerning a supposed interpretation of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the ASC for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 192 of the CAC.

193.   To the extent that paragraph 193 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 193 of the CAC.

194.   Defendants admit that Grinberg is Group Executive, Internal and Corporate Development at Encore Capital and was formerly Chief Financial Officer at Encore Capital.  To the extent that paragraph 194 sets forth allegations concerning the business practices and Financial Statements of Propel Tax and Encore Capital, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to Encore Capital's financial statements for the full contents thereof. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 194 of the CAC.

195.   To the extent that paragraph 195 sets forth allegations concerning the Financial Statements of Propel Tax and Encore Capital, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to Encore Capital's financial statements for the full contents thereof. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 195 of the CAC.

196.   Defendants deny the allegations in paragraph 196 of the CAC.

197.   To the extent that paragraph 197 sets forth allegations concerning a supposed interpretation of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the ASC for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 197 of the CAC.

198.   To the extent that paragraph 198 sets forth allegations concerning sections of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the ASC for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 198 of the CAC.

199.   To the extent that paragraph 199 sets forth allegations concerning sections of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the ASC for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 199 of the CAC.

200.  Defendants admit that Grinberg is Chairman of BofI's Audit Committee and Compensation Committee, and is a member of BofI's Nominating Committee.  To the extent that paragraph 200 contains a legal conclusion or legal conclusions, defendants need not respond.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 200 of the CAC.

201.  Defendants admit that Grinberg previously served as the Chief Financial Officer at Encore Capital.  To the extent that paragraph 201 contains a legal conclusion or legal conclusions, defendants need not respond.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 201 of the CAC.

202.  To the extent that paragraph 202 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 202 of the CAC.

203.  To the extent that paragraph 203 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 203 of the CAC.

204.  To the extent that paragraph 204 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 204 of the CAC.

205.  To the extent that paragraph 205 contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent that paragraph 205 sets forth allegations concerning the background of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 205 of the CAC.

206.  To the extent that paragraph 206 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to Section 19 of the FDIA for the full contents thereof.  Defendants deny the remaining allegations in paragraph 206 of the CAC.

207.  To the extent that paragraph 207 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to Section 19 of the FDIA for the full contents thereof.  Defendants deny the remaining allegations in paragraph 207 of the CAC.

208.  To the extent that paragraph 208 sets forth allegations concerning the background of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 208 of the CAC.

209.  To the extent that paragraph 209 sets forth allegations concerning the background of an unidentified BofI employee and the supposed statements of a former BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every

1  such allegation.  Except as expressly denied for lack of knowledge or information,

2  defendants deny the remaining allegations in paragraph 209 of the CAC.

3      210.  To the extent that paragraph 210 sets forth allegations concerning the

4  background of an unidentified BofI employee, defendants lack knowledge or

5  information sufficient to form a belief as to the truth of those allegations, and on that

6  basis deny each and every such allegation.  Except as expressly denied for lack of

7  knowledge or information, defendants deny the remaining allegations in paragraph

8  210 of the CAC.

9      211.  To the extent that paragraph 211 sets forth allegations concerning the

10  background of an unidentified BofI employee and the supposed statements of a

11  former BofI employee, defendants lack knowledge or information sufficient to form

12  a belief as to the truth of those allegations, and on that basis deny each and every

13  such allegation.  Except as expressly denied for lack of knowledge or information,

14  defendants deny the remaining allegations in paragraph 211 of the CAC.

15      212.  To the extent that paragraph 212 sets forth allegations concerning the

16  background of an unidentified BofI employee and the supposed statements of a

17  former BofI employee, defendants lack knowledge or information sufficient to form

18  a belief as to the truth of those allegations, and on that basis deny each and every

19  such allegation.  Except as expressly denied for lack of knowledge or information,

20  defendants deny the remaining allegations in paragraph 212 of the CAC.

21      213.  To the extent that paragraph 213 sets forth allegations concerning

22  anonymous statements by and/or the results of purported investigations of admitted

23  short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack

24  knowledge or information sufficient to form a belief as to the truth of those

25  allegations, and on that basis deny each and every such allegation.  Defendants

26  respectfully refer the Court to the motion to vacate the pleas referenced in paragraph

27  213 for the full contents thereof.  Except as expressly denied for lack of knowledge

28

or information, defendants deny the remaining allegations in paragraph 213 of the CAC.

214.   To the extent that paragraph 214 contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent that paragraph 214 sets forth allegations concerning the background and actions of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 214 of the CAC.

215.   To the extent that paragraph 215 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 215 of the CAC.

216. Defendants deny the allegations in paragraph 216 of the CAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

217.   Defendants deny the allegations in paragraph 217 of the CAC.

218.   Defendants admit that the quoted text appears in the transcript of BofI's October 14; 2015 conference call.  Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 218 of the CAC.

219.   Defendants deny the allegations in paragraph 219 of the CAC.

220.   Defendants deny the remaining allegations in paragraph 220 of the CAC.  Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

221.   To the extent that paragraph 221 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 221 of the CAC.

222.   To the extent that paragraph 222 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 222 of the CAC.

223.   Defendants deny the allegations in paragraph 223 of the CAC. Defendants respectfully refer the Court to the declaration of BofI's forensic investigator filed in support of BofI's motion to file certain documents under seal in *BofI Federal Bank v. Charles Matthew Erhart, et al.* (Case No. 3:15-cv-02353-BAS-NLS) for the full contents thereof.

224.   Defendants deny the allegations in paragraph 224 of the CAC. Defendants respectfully refer the Court to the declaration of John Tolla filed in support of BofI's motion to file certain documents under seal for the full contents thereof.

225.   Defendants deny the allegations in paragraph 225 of the CAC.

226.   To the extent that paragraph 226 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 226 of the CAC.

227.   To the extent that paragraph 227 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 227 of the CAC.

228.   To the extent that paragraph 228 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 228 of the CAC.

229.   To the extent that paragraph 229 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 229 of the CAC.

230.   To the extent that paragraph 230 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as

expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 230 of the CAC.

231. To the extent that paragraph 231 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 231 of the CAC.

232. To the extent that paragraph 232 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 232 of the CAC.

233. To the extent that paragraph 233 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 233 of the CAC.

234. To the extent that paragraph 234 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 234 of the CAC.

235. To the extent that paragraph 235 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants

1   lack knowledge or information sufficient to form a belief as to the truth of those

2   allegations, and on that basis deny each and every such allegation.   Except as

3   expressly denied for lack of knowledge or information, defendants deny the

4   remaining allegations in paragraph 235 of the CAC.

5   236.   To the extent that paragraph 236 sets forth allegations concerning what

6   former employees of BofI purportedly reported to plaintiff's counsel, defendants

7   lack knowledge or information sufficient to form a belief as to the truth of those

8   allegations, and on that basis deny each and every such allegation.   Defendants

9   respectfully refer the Court to Erhart's purported whistleblower complaint for the

10   full contents thereof.   Except as expressly denied for lack of knowledge or

11   information, defendants deny the remaining allegations in paragraph 236 of the

12   CAC.

13   237.   Defendants deny the allegations in paragraph 237 of the CAC.

14   Defendants respectfully refer the Court to Erhart's purported whistleblower

15   complaint for the full contents thereof.

16   238.   Defendants deny the allegations in paragraph 238 of the CAC.

17   Defendants respectfully refer the Court to Erhart's purported whistleblower

18   complaint for the full contents thereof.

19   239.   Defendants deny the allegations in paragraph 239 of the CAC.

20   Defendants respectfully refer the Court to Erhart's purported whistleblower

21   complaint for the full contents thereof.

22   240.   To the extent that paragraph 240 sets forth allegations concerning what

23   a former employee of BofI purportedly reported to plaintiff's counsel, defendants

24   lack knowledge or information sufficient to form a belief as to the truth of those

25   allegations, and on that basis deny each and every such allegation.   Except as

26   expressly denied for lack of knowledge or information, defendants deny the

27   remaining allegations in paragraph 240 of the CAC.

28

241.   To the extent that paragraph 241 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 241 of the CAC.

242.   To the extent that paragraph 242 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 242 of the CAC.

243.   To the extent that paragraph 243 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 243 of the CAC.

244.   Defendants admit that BofI's 2013 Form 10-K reported net income of $11.13 million, or $0.78 per diluted share for the fiscal quarter ending June 30, 2013.   Defendants further admit that, for fiscal year 2013, BofI reported net income of $40.29 million, or $2.89 per diluted share.   Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 244 of the CAC.

245.   Defendants admit the allegations in paragraph 245 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

246.   Defendants admit the allegations in paragraph 246 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

247.   Defendants admit the allegations in paragraph 247 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

248.   Defendants admit the allegations in paragraph 248 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

249.   Defendants deny the allegations in paragraph 249 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

250.   Defendants admit the allegations in paragraph 250 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

251.   Defendants admit the allegations in paragraph 251 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

252.   Defendants admit the allegations in paragraph 252 of the CAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

253.   Defendants deny the allegations in paragraph 253 of the CAC.

254.   Defendants admit the allegations in paragraph 254 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

255.   Defendants admit that the quoted text appears BofI's Q1 2014 Form 10-Q, and deny that paragraph 255 contains an accurate characterization of BofI's

Q1 2014 Form 10-Q.  Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

256.  Defendants admit the allegations in paragraph 256 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

257.  Defendants admit the allegations in paragraph 257 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

258.  Defendants admit the allegations in paragraph 258 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

259.  Defendants deny the allegations in paragraph 259 of the CAC.

260.  Defendants admit the allegations in paragraph 260 of the CAC. Defendant respectfully refer the Court to BofI's November 5, 2013 for the full contents thereof.

261.  Defendants deny the allegations in paragraph 261 of the CAC.

262.  Defendants admit that BofI conducted an earnings conference call on November 5, 2013 during which Micheletti discussed the financial results reported in BofI's Q1 2014 Form 10-Q.  To the extent that paragraph 262 sets forth a characterization of the entire November 5, 2013 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 262 of the CAC.

263.  Defendants admit the allegations in paragraph 263 of the CAC. Defendants respectfully refer the Court to the transcript for BofI's November 5, 2013 earnings conference call for the full contents thereof.

264.   Defendants admit the allegations in paragraph 264 of the CAC. Defendants respectfully refer the Court to the transcript for BofI's November 5, 2013 earnings conference call for the full contents thereof.

265.   Defendants admit the allegations in paragraph 265 of the CAC. Defendants respectfully refer the Court to the transcript for BofI's November 5, 2013 earnings conference call for the full contents thereof.

266.   Defendants deny the allegations in paragraph 266 of the CAC.

267.   Defendants admit the allegations in paragraph 267 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

268.   Defendants admit the allegations in paragraph 268 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

269.   Defendants admit the allegations in paragraph 269 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

270.   Defendants admit the allegations in paragraph 270 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

271.   Defendants admit the allegations in paragraph 271 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

272.   Defendants deny the allegations in paragraph 272 of the CAC.

273.   Defendants admit the allegations in paragraph 273 of the CAC. Defendants respectfully refer the Court to BofI's February 5, 2014 press release for the full contents thereof.

274.   Defendants deny the allegations in paragraph 274 of the CAC.

1   275.   Defendants admit that BofI conducted an earnings conference call on
2   February 5, 2014 during which Micheletti discussed the financial results reported in
3   BofI's Q2 2014 Form 10-Q.   To the extent that paragraph 275 sets forth a
4   characterization of the entire February 5, 2014 earnings conference call, defendants
5   lack knowledge or information sufficient to form a belief as to the truth of those
6   allegations, and on that basis deny each and every such allegation.   Except as
7   expressly admitted or denied for lack of knowledge or information, defendants deny
8   the remaining allegations in paragraph 275 of the CAC.

9   276.   Defendants admit the allegations in paragraph 276 of the CAC.
10   Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015
11   earnings conference call for the full contents thereof.

12   277.   Defendants deny the allegations in paragraph 277 of the CAC.
13   Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015
14   earnings conference call for the full contents thereof.

15   278.   Defendants deny the allegations in paragraph 278 of the CAC.
16   Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015
17   earnings conference call for the full contents thereof.

18   279.   Defendants admit the allegations in paragraph 279 of the CAC.
19   Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015
20   earnings conference call for the full contents thereof.

21   280.   Defendants deny the allegations in paragraph 280 of the CAC.

22   281.   Defendants admit the allegations in paragraph 281 of the CAC.
23   Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full
24   contents thereof.

25   282.   Defendants admit the allegations in paragraph 282 of the CAC.
26   Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full
27   contents thereof.

28

283.   Defendants admit the allegations in paragraph 283 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

284.   Defendants admit the allegations in paragraph 284 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

285.   Defendants admit the allegations in paragraph 285 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

286.   Defendants deny the allegations in paragraph 286 of the CAC.

287.   Defendants admit the allegations in paragraph 287 of the CAC. Defendants respectfully refer the Court to BofI's May 6, 2014 press release for the full contents thereof.

288.   Defendants deny the allegations in paragraph 288 of the CAC.

289.   Defendants admit that BofI conducted an earnings conference call on May 6, 2014 during which Micheletti discussed the financial results reported in BofI's Q3 2014 Form 10-Q.   To the extent that paragraph 289 sets forth a characterization of the entire May 6, 2014 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 289 of the CAC.

290.   Defendants deny the allegations in paragraph 290 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's May 6, 2014 earnings conference call for the full contents thereof.

291.   Defendants admit the allegations in paragraph 291 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's May 6, 2014 earnings conference call for the full contents thereof.

1   292.   Defendants deny the allegations in paragraph 292 of the CAC.

2   293.   Defendants admit the allegations in paragraph 293 of the CAC.
3   Defendants respectfully refer the Court to BofI's August 7, 2014 press release for
4   the full contents thereof.

5   294.   Defendants deny the allegations in paragraph 294 of the CAC.

6   295.   Defendants admit that BofI conducted an earnings conference call on
7   August 7, 2014 during which Micheletti discussed the financial results reported in
8   BofI's Q4 2014 Form 10-Q.   To the extent that paragraph 295 sets forth a
9   characterization of the entire August 7, 2014 earnings conference call, defendants
10  lack knowledge or information sufficient to form a belief as to the truth of those
11  allegations, and on that basis deny each and every such allegation.   Except as
12  expressly admitted or denied for lack of knowledge or information, defendants deny
13  the remaining allegations in paragraph 295 of the CAC.

14  296.   Defendants admit the allegations in paragraph 296 of the CAC.
15  Defendants respectfully refer the Court to the transcript of BofI's August 7, 2014
16  earnings conference call for the full contents thereof.

17  297.   Defendants deny the allegations in paragraph 297 of the CAC.
18  Defendants respectfully refer the Court to the transcript of BofI's August 7, 2014
19  earnings conference call for the full contents thereof.

20  298.   Defendants deny the allegations in paragraph 298 of the CAC.

21  299.   Defendants admit the allegations in paragraph 299 of the CAC.
22  Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
23  contents thereof.

24  300.   Defendants admit the allegations in paragraph 300 of the CAC.
25  Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
26  contents thereof.

27

28

301.   Defendants admit the allegations in paragraph 301 of the CAC. Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full contents thereof.

302.   Defendants admit the allegations in paragraph 302 of the CAC. Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full contents thereof.

303.   Defendants admit the allegations in paragraph 303 of the CAC. Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full contents thereof..

304.   Defendants admit the allegations in paragraph 304 of the CAC. Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full contents thereof.

305.   Defendants admit the allegations in paragraph 305 of the CAC. Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full contents thereof.

306.   Defendants deny the allegations in paragraph 306 of the CAC.

307.   Defendants admit the allegations in paragraph 307 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

308.   Defendants admit the allegations in paragraph 308 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

309.   Defendants admit the allegations in paragraph 309 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

310.   Defendants admit the allegations in paragraph 310 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

311.   Defendants admit the allegations in paragraph 311 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

312.   Defendants deny the allegations in paragraph 312 of the CAC.

313.   Defendants admit the allegations in paragraph 313 of the CAC. Defendants respectfully refer the Court to BofI's November 4, 2014 press release for the full contents thereof.

314.   Defendants admit the allegations in paragraph 314 of the CAC. Defendants respectfully refer the Court to BofI's November 4, 2014 press release for the full contents thereof.

315.   Defendants deny the allegations in paragraph 315 of the CAC.

316.   Defendants admit that BofI conducted an earnings conference call on November 4, 2014 during which Micheletti discussed the financial results reported in BofI's Q1 2015 Form 10-Q.   To the extent that paragraph 316 sets forth a characterization of the entire November 4, 2014 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 316 of the CAC.

317.   Defendants admit the allegations in paragraph 317 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's November 4, 2014 earnings conference call for the full contents thereof.

318.   Defendants deny the allegations in paragraph 318 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's November 4, 2014 earnings conference call for the full contents thereof.

319.   Defendants deny the allegations in paragraph 319 of the CAC.

320.   Defendants admit the allegations in paragraph 320 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

321.   Defendants admit the allegations in paragraph 321 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

322.   Defendants admit the allegations in paragraph 322 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

323.   Defendants admit the allegations in paragraph 323 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

324.   Defendants admit the allegations in paragraph 324 of the CAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

325.   Defendants deny the allegations in paragraph 325 of the CAC.

326.   Defendants admit the allegations in paragraph 326 of the CAC. Defendants respectfully refer the Court to BofI's January 29, 2015 press release for the full contents thereof.

327.   Defendants deny the allegations in paragraph 327 of the CAC.

328.   Defendants admit that BofI conducted an earnings conference call on January 29, 2015 during which Micheletti discussed the financial results reported in BofI's Q2 2015 Form 10-Q.   To the extent that paragraph 328 sets forth a characterization of the entire January 29, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 328 of the CAC.

329.   Defendants deny the allegations in paragraph 329 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's January 29, 2015 earnings conference call for the full contents thereof.

330.   Defendants admit the allegations in paragraph 330 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's January 29, 2015 earnings conference call for the full contents thereof.

331.   Defendants deny the allegations in paragraph 331 of the CAC.

332.   Defendants admit the allegations in paragraph 332 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

333.   Defendants admit the allegations in paragraph 333 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

334.   Defendants admit the allegations in paragraph 334 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

335.   Defendants admit the allegations in paragraph 335 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

336.   Defendants admit the allegations in paragraph 336 of the CAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

337.   Defendants deny the allegations in paragraph 337 of the CAC.

338.   Defendants admit the allegations in paragraph 338 of the CAC. Defendants respectfully refer the Court to BofI's April 30, 2015 press release for the full contents thereof.

339.   Defendants deny the allegations in paragraph 339 of the CAC.

340.   Defendants admit that BofI conducted an earnings conference call on April 30, 2015 during which Micheletti discussed the financial results reported in BofI's Q3 2015 Form 10-Q.   To the extent that paragraph 340 sets forth a characterization of the entire April 30, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 340 of the CAC.

341.   Defendants deny the allegations in paragraph 341 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's April 30, 2015 earnings conference call for the full contents thereof.

342.   Defendants admit the allegations in paragraph 342 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's April 30, 2015 earnings conference call for the full contents thereof.

343.   Defendants deny the allegations in paragraph 343 of the CAC.

344.   Defendants admit the allegations in paragraph 344 of the CAC. Defendants respectfully refer the Court to BofI's July 30, 2015 press release for the full contents thereof.

345.   Defendants deny the allegations in paragraph 345 of the CAC.

346.   Defendants admit that BofI conducted an earnings conference call on July 30, 2015 during which Micheletti discussed the financial results reported in BofI's July 30, 2015 press release.   To the extent that paragraph 346 sets forth a characterization of the entire July 30, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 346 of the CAC.

1   347.   Defendants admit the allegations in paragraph 347 of the CAC.
2   Defendants respectfully refer the Court to the transcript of BofI's July 30, 2015
3   earnings conference call for the full contents thereof.

4   348.   Defendants admit the allegations in paragraph 348 of the CAC.
5   Defendants respectfully refer the Court to the transcript of BofI's July 30, 2015
6   earnings conference call for the full contents thereof.

7   349.   Defendants deny the allegations in paragraph 349 of the CAC.

8   350.   To the extent that paragraph 350 sets forth allegations concerning the
9   information, sources and analysis in an August 22, 2015 article published in *The*
10  *New York Times*, defendants lack knowledge or information sufficient to form a
11  belief as to the truth of those allegations, and on that basis deny each and every such
12  allegation.  Defendants respectfully refer the Court to the August 22, 2015 article
13  published in the *New York Times* for the full contents thereof.  Except as expressly
14  denied for lack of knowledge or information, defendants deny the remaining
15  allegations in paragraph 350 of the CAC.

16  351.   Defendants deny the allegations in paragraph 351 of the CAC.

17  352.   Defendants admit that BofI filed its 2015 Form 10-K on August 26,
18  2015.  To the extent that paragraph 352 sets forth a characterization of the entire
19  2015 Form 10-K, defendants lack knowledge or information sufficient to form a
20  belief as to the truth of those allegations, and on that basis deny each and every such
21  allegation.   Except as expressly admitted or denied for lack of knowledge or
22  information, defendants deny the remaining allegations in paragraph 352 of the
23  CAC.

24  353.   Defendants admit the allegations in paragraph 353 of the CAC.
25  Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full
26  contents thereof.

27

28

354.   Defendants admit the allegations in paragraph 354 of the CAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

355.   Defendants admit the allegations in paragraph 355 of the CAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

356.   Defendants admit the allegations in paragraph 356 of the CAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

357.   Defendants admit the allegations in paragraph 357 of the CAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

358.   Defendants admit the allegations in paragraph 358 of the CAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

359.   Defendants deny the allegations in paragraph 359 of the CAC.

360.   Defendants admit the allegations in paragraph 360 of the CAC. Defendants respectfully refer the Court to BofI's August 5, 2015 press release for the full contents thereof.

361.   Defendants deny the allegations in paragraph 361 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's August 5, 2015 conference call for the full contents thereof.

362.   Defendants deny the allegations in paragraph 362 of the CAC.

363.   Defendants admit that BofI's stock price closed at $30.38 per share on August 27, 2015 and $29.41 per share on August 28, 2015.  To the extent that paragraph 363 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form

a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted and denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 363 of the CAC.

364.  Defendants admit the allegations in paragraph 364 of the CAC. Defendants respectfully refer the Court to BofI's September 1, 2015 press release for the full contents thereof.

365.  Defendants admit the allegations in paragraph 365 of the CAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.

366.  Defendants admit that the quoted text appears in BofI's September 4, 2015 Proxy Statement.  Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 366 of the CAC.

367.  Defendants admit the allegations in paragraph 367 of the CAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement and the Audit Committee Charter for the full contents thereof.

368.  Defendants admit the allegations in paragraph 368 of the CAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement and the Audit Committee Charter for the full contents thereof.

369.  Defendants deny the allegations in paragraph 369 of the CAC.

370.  Defendants admit that BofI's stock price closed at $35.50 per share , on October 13, 2015 and that BofI's stock price closed at $24.78 per share on October 14, 2015.  To the extent that paragraph 370 sets forth allegations characterizing the claims in Erhart's purported whistleblower action and the information, sources and analysis in an October 13, 2015 article published in an *The New York Times*, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.

Defendants respectfully refer the Court to the October 13, 2015 article published in the *New York Times* and the Erhart complaint for the full contents thereof.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 370 of the CAC.

371.   Defendants admit that the quoted text appears in the transcript of BofI's October 14, 2015 conference call.  Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 conference call for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 371 of the CAC.

372.   Defendants deny the allegations in paragraph 372 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 conference call for the full contents thereof.

373.   Defendants deny the allegations in paragraph 373 of the CAC. Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 conference call for the full contents thereof.

374.   Defendants deny the allegations in paragraph 374 of the CAC.

375.   Defendants deny the allegations in paragraph 375 of the CAC. Defendants respectfully refer the Court to Garrabrants' Form 4 filings from June 30, 2012 to February 9, 2016 for the full contents thereof.

376.   Defendants deny the allegations in paragraph 376 of the CAC. Defendants respectfully refer the Court to the October 22, 2015 transcript of BofI's annual meeting for the full contents thereof.

377.   Defendants admit the allegations in paragraph 377 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

378.   Defendants admit the allegations in paragraph 378 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

379.   Defendants admit the allegations in paragraph 379 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

380.   Defendants admit the allegations in paragraph 380 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

381.   Defendants admit the allegations in paragraph 381 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

382.   Defendants admit the allegations in paragraph 382 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

383.   Defendants admit the allegations in paragraph 383 of the CAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

384.   Defendants deny the allegations in paragraph 384 of the CAC.

385.   Defendants admit the allegations in paragraph 385 of the CAC. Defendants respectfully refer the Court to BofI's September 30, 2015 press release for the full contents thereof.

386.   Defendants deny the allegations in paragraph 386 of the CAC.

387.   Defendants admit that BofI conducted an earnings conference call on October 29, 2015 during which Micheletti discussed the financial results reported in BofI's Q1 2016 Form 10-Q.   To the extent that paragraph 387 sets forth a characterization of the entire October 29, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 387 of the CAC.

388. Defendants admit the allegations in paragraph 388 of the CAC. Defendants respectfully refer the Court to the transcript of the October 29, 2015 earnings conference call for the full contents thereof.

389. Defendants deny the allegations in paragraph 389 of the CAC. Defendants respectfully refer the Court to the transcript of the October 14, 2015 conference call for the full contents thereof.

390. Defendants deny the allegations in paragraph 390 of the CAC.

391. To the extent that paragraph 391 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 391 of the CAC.

392. Defendants admit that BofI's stock price closed at $25.18 per share on October 28, 2015 and that BofI's stock price closed at $23.26 per share on October 29, 2015. Except as expressly admitted, defendants deny the remaining allegations in paragraph 392 of the CAC.

393. Defendants admit that, on October 30, 2015, BofI filed a motion to file certain documents under seal. Defendants further admit that BofI's stock price closed at $20 per share on October 30, 2015. Except as expressly admitted, defendants deny the remaining allegations in paragraph 393 of the CAC.

394. Defendants also admit that, on November 3, 2015, BofI's stock closed at $23.28 per share. Except as expressly admitted, defendants deny the remaining allegations in paragraph 394 of the CAC.

395. Defendants deny the allegations in paragraph 395 of the CAC.

396. Defendants admit that BofI's stock price closed at $24.48 per share on November 9, 2015 and that BofI's stock price closed at $23.76 per share on

November 10, 2015. To the extent that paragraph 396 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 396 of the CAC.

397. Defendants admit that BofI's stock price closed at $20.82 per share on November 17, 2015 and that BofI's stock price closed at $19.89 per share on November 18, 2015. To the extent that paragraph 397 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog and the background of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 397 of the CAC.

398. Defendants admit that BofI's stock price closed at $19.89 per share on November 18, 2015 and that BofI's stock price closed at $19.40 per share on November 19, 2015. To the extent that paragraph 398 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 398 of the CAC.

399. Defendants admit that BofI published a transcript of its annual stockholders meeting on October 22, 2015. Defendants further admit that BofI's

stock price closed at $20.41 per share on November 27, 2015 and that BofI's stock price closed at $20.03 per share on November 30, 2015. Defendants respectfully refer the Court to the October 22, 2015 transcript of BofI's annual meeting for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 399 of the CAC.

400. Defendants admit that BofI's stock price closed at $19.12 per share on December 7, 2015 and that BofI's stock price closed at $18.97 per share on December 8, 2015. Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 400 for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 400 of the CAC.

401. To the extent that paragraph 401 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 401 of the CAC.

402. Defendants admit that BofI's stock price closed at $20.36 per share on January 5, 2016 and that BofI's stock price closed at $20.04 per share on January 6, 2016. Except as expressly admitted, defendants deny the remaining allegations in paragraph 402 of the CAC.

403. Defendants deny the allegations in paragraph 403 of the CAC.

404. Defendants deny the allegations in paragraph 404 of the CAC. Defendants respectfully refer the Court to the transcript of the January 28, 2016 earnings conference call for the full contents thereof.

405. To the extent that paragraph 405 contains a legal conclusion or legal conclusions, defendants need not respond. To the extent that paragraph 405 sets

forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Program Management Agreement with H&R Block referenced in paragraph 405 for the full contents thereof.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 405 of the CAC.

406.   Defendants admit that BofI's stock price closed at $16.98 per share on February 2, 2016 and at $15.92 per share on February 3, 2016.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 406 of the CAC.

407.   Defendants admit that Garrabrants is a director and a senior officer at BofI.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 407 of the CAC.

408.   Defendants deny the allegations in paragraph 408 of the CAC.

409.   Defendants admit the allegations in paragraph 409 of the CAC.

410.   Defendants admit the allegations in paragraph 410 of the CAC.

411.   Defendants deny the allegations in paragraph 411 of the CAC.

412.   Defendants deny the allegations in paragraph 412 of the CAC.  Defendants respectfully refer the Court to BofI's Audit Committee Charter for the full contents thereof.

413.   Defendants deny the allegations in paragraph 413 of the CAC.

414.   Defendants deny the allegations in paragraph 414 of the CAC.

415.   Defendants deny the allegations in paragraph 415 of the CAC.

416.   Defendants deny the remaining allegations in paragraph 416 of the CAC.  Defendants respectfully refer the Court to BofI's 2013, 2014, and 2015 Proxy Statements for the full contents thereof.

417.   Defendants admit that paragraph 417 sets forth Garrabrants financial expertise.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 417 of the CAC.

418.   Defendants deny the allegations in paragraph 418 of the CAC.

419.   Defendants deny the allegations in paragraph 419 of the CAC.

420.   Defendants deny the allegations in paragraph 420 of the CAC.

421.   To the extent that paragraph 421 sets forth allegations concerning the hypothetical activities of plaintiff and other members of the putative class, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 421 of the CAC.

422.   Defendants admit that BofI's stock price closed at $30.38 per share on August 27, 2015 and that its stock price closed at $15.92 per share on February 3, 2016.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 422 of the CAC.

423.   Defendants admit that plaintiff purport to bring this action on its own behalf, and as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who acquired the securities of BofI during the period from September 4, 2013 through February 3, 2016, and who suffered damages as a result.   Defendants further admit that plaintiff purports to exclude the defendants, members of the family of any defendant, any person who was an officer or director of BofI during the class period, any firm, trust, corporation, officer, or other entity in which any defendant has a controlling interest, and the legal representatives, agents, affiliates, heirs, successors in interest, or assigns of any such excluded party.   Defendants deny that a class can or should be certified.

424.   Defendants admit that BofI's common stock was actively traded on the NASDAQ exchange during the putative class period.  To the extent that paragraph 424 purports to allege plaintiff's "beliefs," defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 424 of the CAC.

425.   Defendants deny the allegations in paragraph 425 of the CAC.

426.   To the extent that paragraph 426 sets forth allegations concerning plaintiff's adequacy to represent a putative class and the qualifications of plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 426 of the CAC.

427.   Defendants deny the allegations in paragraph 427 of the CAC.

428.   Defendants deny the allegations in paragraph 428 of the CAC.

429.   To the extent that paragraph 429 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 429 of the CAC.

430.   To the extent that paragraph 430 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 430 of the CAC.

431.   To the extent that paragraph 431 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 431 of the CAC.

432.   Defendants repeat and incorporate by reference each of the preceding allegations.

433.   To the extent that paragraph 433 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including Rule 10b-5.

434.   Defendants deny the allegations in paragraph 434 of the CAC.

435.   Defendants deny the allegations in paragraph 435 of the CAC.

436.   Defendants deny the allegations in paragraph 436 of the CAC.

437.   Defendants deny the allegations in paragraph 437 of the CAC.

438.   Defendants deny the allegations in paragraph 438 of the CAC.

439.   Defendants admit that Garrabrants is an officer and director of BofI.  Defendants further admit that they had a duty to disclose such information as may from time to time be required by applicable law.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 439 of the CAC.

440.   Defendants admit that BofI's stock was traded on the NASDAQ market.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 440 of the CAC.

441.   To the extent that paragraph 441 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 441 of the CAC.

442.   Defendants deny the allegations in paragraph 442 of the CAC.

443.   Defendants repeat and incorporate by reference each of the preceding allegations.

444.   Defendants admit that Garrabrants participated in the operations and management of BofI.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 444 of the CAC.

445.   To the extent that paragraph 445 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 445 of the CAC.

446.   To the extent that paragraph 446 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Garrabrants is a senior officer and director of BofI.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 446 of the CAC.

447.   To the extent that paragraph 447 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Garrabrants is a senior officer and director of BofI.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 447 of the CAC.

448.   To the extent that paragraph 448 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 448 of the CAC.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses upon information and belief:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State Claim for Relief)

1.   The CAC, and each purported cause of action contained therein, fail to state facts sufficient to constitute a claim for relief against defendants.

### SECOND AFFIRMATIVE DEFENSE
#### (Lack of Standing)

2.   Plaintiff lacks standing to assert the claims alleged in the CAC against defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.      Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith/No Inducement)**

4.      At all relevant times, defendants acted in good faith and did not, directly or indirectly, employ, engage in, or induce the act or acts constituting the violations or cause of action asserted against them under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

**FIFTH AFFIRMATIVE DEFENSE**

**(Market Factors)**

5.      Any increase or decrease in the market value of any assets or property was the result of factors beyond defendants' reasonable control, and not the result of any alleged wrongful conduct by defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Loss Causation)**

6.      The alleged false statements and omissions of material fact alleged in the CAC were not the proximate cause of any injury to plaintiff.

7.      Defendants further allege that the disclosures following the filing of Erhart's complaint, the anonymous *Seeking Alpha* blog postings, *The New York Times* articles concerning BofI, or any of the other matters alleged in the CAC revealed no new material information among the total mix of information already available to the public and, therefore, cannot be used as a basis for plaintiff's claims.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Material Misstatement)**

8.      Plaintiff is not entitled to any recovery from defendants because no statements made by the defendants contained any untrue statement of material fact,

nor did defendants omit to state a material fact required to be stated or necessary to make the statements not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

9.     Plaintiff has not suffered any damages as a result of any actions taken by defendants, and plaintiff is thus barred from asserting any claim against defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

10.     Plaintiff cannot recover any of the damages alleged in the CAC because such damages, if any, are too speculative to be recoverable at law.

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

11.     Defendants hereby reserve their right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of such defenses not presently known to it.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray as follows:

A.     That plaintiff take nothing by reason of its CAC, and that the CAC be dismissed with prejudice;

B.     That defendants be awarded their costs and expenses of suit, including attorneys' fees to the extent allowed by the law;

C.     That judgment be entered in favor of defendants; and

1        D.      For such other and further relief as the Court may deem just and proper.

2   Dated:  October 17, 2016

3                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4                            By        _____
                                        /s John P. Stigi III
5                                        JOHN P. STIGI III

6                            Attorneys for Defendants
                             BofI HOLDING, INC. and
7                            GREGORY GARRABRANTS
                             Email:  jstigi@sheppardmullin.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:479339451.8                    ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT