FILED

17 MAR 23 AM 8:31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC., GREGORY GARRABRANTS, ANDREW J. MICHELETTI, PAUL J. GRINBERG, NICHOLAS A. MOSICH, AND JAMES S. ARGALAS,<br><br>Defendants. | Case No.: 15cv2324 GPC (KSC)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**Doc. No. 90** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2. [Doc. No. 90.] Therein, plaintiff seeks an order permitting it to review and use documents provided by a former employee of defendant, BofI Holding, Inc. ("BofI")[1], subject to the proposed Protective Order submitted with this Motion and defendants' privilege review. [Doc. No. 90, at pp. 2, 29.] Defendants seek an order for plaintiff to

---

[1] The former employee in question was previously a BofI underwriter. [Doc. No. 90, at p. 10]. She is not a named plaintiff in this action.

return documents that they claim are "stolen" and to destroy any copies of such documents in its possession (or in the possession of its agents and affiliates). [Doc. No. 90, at pp. 25, 30.]

The Court finds the Joint Motion for Determination of Discovery Dispute No. 2 is appropriate for resolution without oral argument and submits it on the papers under Civil Local Rule 7.1(d)(1).

For the reasons outlined more fully below, the Court **DENIES** plaintiff's request for an order permitting it to review and use documents provided by a former employee of defendant subject to a Protective Order and defendants' privilege review. The Court **GRANTS** defendants' request for a Court Order requiring plaintiff to return the documents provided by a former employee of BofI and to destroy any copies in its possession.

## BACKGROUND

The operative Second Amended Complaint ("SAC") in this case was filed on November 25, 2016, alleging violations of federal securities laws by defendants. [Doc. No. 79.] On December 23, 2016, defendants filed a Motion to Dismiss the SAC, which is currently pending before the District Court. [Doc. No. 88.] Here, because the pleadings remain unsettled (*i.e.*, a Motion to Dismiss is pending) and no answer has been filed, the Court has not scheduled an Early Neutral Evaluation Conference, a Case Management Conference, or a Rule 26(f) conference.

The current dispute arises out of plaintiff's informal investigations into the facts, when a former employee of BofI provided 1,189 pages of documents (hereinafter "Documents") to an investigator employed by counsel for lead plaintiff ("Lead Counsel"). [Doc. No. 90, at pp. 6, 12.] Defendants contend that the Documents contain a variety of confidential and non-public banking documents, sensitive customer financial information, and internal documents of BofI. *Id.* at 13. Specifically, defendants assert nearly 150 pages of the Documents include portions of private third party financial information such as identifying information, social security numbers, tax forms, account numbers, financial information and balances, and tenant information. *Id.* at 21-22. Defendants further assert

that the Documents include some of BofI internal emails and loan policies, BofI's Code of Conduct, and various internal lending guidelines marked "Confidential – Internal Use Only." *Id.* at 13.

Plaintiff contends that once received, the Documents were reviewed by a single contract attorney working with Lead Counsel to ascertain whether any of the Documents included privileged or otherwise protected information. *Id.* at 7. Once privilege concerns were positively determined, the Documents were quarantined, the contract attorney was ethically screened, and the Documents were shipped to plaintiff's outside legal ethics counsel ("Outside Ethics Counsel"). *Id.* The Documents were not reviewed by any other member of plaintiff's Lead Counsel's firm and the sole copy remains with Outside Ethics Counsel. *Id.*

On October 20, 2016, plaintiff's Outside Ethics Counsel contacted defendants' counsel requesting a privilege review of the Documents and a privilege log of any documents they believed should be withheld or redacted. *Id.* On October 28, 2016, defendants' counsel responded, objecting to the release of any of the Documents and seeking their immediate return. *Id.* at 13. On November 4, 2016, plaintiff's Lead Counsel responded that the Documents should not be destroyed and that the Documents would remain with Outside Ethics Counsel pending the resolution of the dispute. *Id.* at 8.

On December 1, 2016, after receiving no response, plaintiff's Lead Counsel proposed a telephonic meet and confer. *Id.* at 8, 14. On December 5 and 8, 2016, the parties met and conferred in an effort to resolve the current issue but reached an impasse. *Id.* at 2.[2]

---

[2] The parties' dispute arose on November 4, 2016, when plaintiff declined to destroy the documents, but the instant Motion was not filed until January 18, 2017. [Doc. No. 90.] Crawford Chambers' Rules requires that "discovery motions shall be filed no later than 45 days after the event giving rise to the dispute. . . ." Ordinarily, the Court would reject the parties' Joint Motion as untimely. However, the Court will resolve the parties' Joint Motion at this time for the sake of judicial efficiency. **Counsel are advised that any future motions will be rejected if they fail to satisfy the timeliness and meet and confer requirements.**

## DISCUSSION

Federal Rule of Civil Procedure 26(d) provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." As already noted, the Court knows of no authority that would permit it to enter a Rule 26(c) protective order before discovery has begun. [Doc. No. 80, at p. 7.] Notably, plaintiff cited to no such authority in seeking a protective order herein.

Rule 26(c) is entitled "Duty to Disclose; General Provisions Governing Discovery." Fed. R. Civ. P. 26. Rule 26(c) addresses "Protective Orders" and states that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c). The plain language of Rule 26(c) does not provide authority for a protective order over prediscovery, informal investigations. Plaintiff argues herein that its Lead Counsel may review and use Documents provided by a former BofI employee subject to a protective order. [Doc. No. 90, at p. 3.] However, plaintiff cites no authority for its position. Accordingly, the Court **DENIES** plaintiff's request for an order permitting it to review and use Documents provided by a former employee of defendant subject to a Protective Order and defendants' privilege review.

The Court further concludes that plaintiff's position, to the extent it is based on *In re: JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127 (N.D. Cal. 2002) and *Brado v. Vocera Communications, Inc.*, 14 F. Supp. 3d 1316 (N.D. Cal. 2014), is unfounded.

Plaintiff argues herein that its' Lead Counsel "may review and use these voluntarily provided documents [by a former BofI employee], outside and independent of formal discovery, in furtherance of plaintiff's independent investigation." [Doc. No. 90, at p. 3.] A summary of plaintiff's position is:

> The appropriate course is for defendants to review and redact any information they believe to be attorney-client privileged, and for the materials to otherwise be made available for review by plaintiff, subject to a [stipulated] Protective Order to protect any appropriately-designated 'Confidential' information (including trade secret, competitively sensitive, or otherwise confidential business information) from dissemination or use outside of this litigation. If necessary, private

> personal identifying information of BofI customers . . . may be redacted as well.

[Doc. No. 90, at p. 3.]

Defendants do not dispute that the parties are entitled to conduct "informal investigations" into the claims and defenses asserted in litigation. *Id.* at p. 5. Defendants argue that "plaintiff's ability to investigate its claims is not at stake" because plaintiff has already obtained "the alleged statements of eleven purported former employees of BofI." *Id.* at p. 5. A summary of defendants' position is:

> What is at stake [here] is whether a former [employee] at BofI can steal the private financial information of BofI and its customers and then disseminate that information to plaintiff and its counsel. . . . [The former employee] was subject to three separate confidentiality agreements [and various federal and state laws that protect the financial privacy of BofI's banking customers] in favor of BofI, all of which expressly prohibited her from improperly using and disclosing the private information of BofI's customers and/or the bank's internal documents. . . . The Constitutional right to financial privacy of BofI's customers outweighs any policy reasons supporting a securities plaintiff's informal investigations. . . .[Also,] all of the documents significantly pre-date the putative Class Period and are irrelevant to the issues alleged in the SAC.
> . . .

[Doc. No. 90, at p. 5.]

Plaintiff argues "[i]nformal investigations by parties to securities fraud lawsuits have become standard, particularly for plaintiffs who are obligated to meet the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA"). [Doc. No. 90, at p. 14.] Plaintiff contends that defendants' relevance objections are misplaced because: (1) the informal investigation phase does not fall within the scope of formal discovery regulated by Rule 26; and (2) discovery is not limited to the alleged class period. *Id.* at p. 15. Plaintiff further claims that the confidentiality agreements cited by defendants cannot be used to prevent employees from disclosing information related to possible

5

securities fraud as they conflict with public policy in favor of allowing current or former employees to assist with securities fraud investigations. [Doc. No. 90, at p. 16 (citing *In re: JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127 (N.D. Cal. 2002) (limiting the scope of defendant corporation's confidentiality agreements with former employees); *Brado v. Vocera Communications, Inc.*, 14 F. Supp. 3d 1316 (N.D. Cal. 2014) (permitting plaintiff to use documents acquired from defendant corporation's former employee).]

In addition to the summary of defendants' arguments cited above, defendants counter plaintiff's arguments as follows: (1) plaintiff has improperly acquired the private financial information[3] of third parties from an ex-employee who stole the documents upon her termination[4]; (2) plaintiff has cited no authority that permits private litigants to obtain the private financial information of non-parties through "informal investigations" without notice and consent of the affected parties; and, (3) denying plaintiff access to the stolen documents will not interfere with their "informal investigations" of BofI because plaintiff is free to continue to interview former BofI employees regarding the wrongdoing alleged in the SAC. [Doc. No. 90, at pp. 21-23.]

The Court finds plaintiff's reliance on *JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127 (N.D. Cal. 2002) to be misplaced. In *JDS Uniphase*, the Court entered a narrow order allowing the securities plaintiff to contact the company's ex-employees for the limited purpose of asking them ten specifically identified questions related to the

---

[3] The Documents contain nearly 150 pages of highly sensitive information, including the names, addresses, phone numbers, social security numbers, account numbers, account balances, rent rolls, tenant names and information, and tax forms of BofI's customers. [Doc. No. 90, at pp. 21-22 (internal citations omitted).]

[4] The former employee who supplied the Documents to plaintiff's Lead Counsel signed three separate confidentiality agreements, all of which were geared towards protecting BofI's and its customers' confidential information. [Doc. No. 90, at p. 22 (citing Exs. J, K, L, and M of the Stigi Declaration).] Notwithstanding the agreements signed by the former employee, upon her termination from BofI, she took and distributed the documents at issue containing confidential information regarding BofI, including its customers' private financial information.

allegations in the securities complaint. *Id.* at 1138. Indeed, plaintiff here has already interviewed former employees of BofI as evidenced by the inclusion in the SAC of information obtained from various confidential witnesses. [Doc. No. 79, at ¶¶ 68, 234.] *JDS Uniphase* does not concern third-party financial information or internal company documents taken by a former employee. Also, in *JDS Uniphase*, the Court limited the plaintiff to questions concerning defendants' activities during the class period. 238 F. Supp. 2d at 1138. By contrast, the Documents at issue herein are outside of the class period. [Doc. No. 90, at p. 26; Stigi Decl. ¶ 21; Doc. No. 79, ¶ 1.] Accordingly, the Court rejects plaintiff's reliance on *JDS Uniphase* as inapposite to the facts in this dispute.

Similarly, plaintiff's reliance on *Brado v. Vocera Communications, Inc.*, 14 F. Supp. 3d 1316 (N.D. Cal. 2014), is also misplaced. In *Brado*, the Court allowed the plaintiffs to use relevant documents that a former employee of the defendant gave to an investigator hired by the plaintiff's lawyers. *Id.* at 1323. The Court set forth various factors to be considered in determining whether to permit the plaintiffs to use the defendant's internal documents that had been misappropriated by the former employee, including: (1) the impropriety of counsel's conduct in obtaining the documents; (2) the incentives and disincentives to employees to wrongfully take documents; (3) the prejudice to the opposing party; (4) the court's imperative to pursue truth in resolving a dispute; and (5) the public policy favoring whistleblowers. *Id.* at 1320.

Here, the *Brado* factors weigh against plaintiff's request to keep the Documents subject to a protective order. Preliminarily, *Brado* was in a different procedural posture than the instant case in that a consolidated complaint had yet to be filed. *Id.* at 1318. Here, plaintiff already filed a consolidated class action complaint. Regarding the impropriety of counsel's conduct in obtaining the documents, in *Brado*, the defendant company did not claim that counsel played any role in the former employee's misappropriation of documents. *Id.* at 1321. Here, defendants argue that plaintiff's counsel's actions in obtaining the Documents were improper because plaintiff's investigator obtained the Documents after being put on notice that BofI's former employees are subject to strict

confidentiality obligations. [Doc. No. 90, at p. 27 (citing Stigi Decl. ¶¶ 2-3, Ex. F).] It appears, as well, that the scope of the documents at issue in this dispute are far broader than those in *Brado*, as they include nearly 150 pages that contains highly confidential information such as customer identifying information, social security numbers, tax forms, account numbers, financial information and balances, and tenant information. [Doc. No. 90, at pp. 21-22.] Regarding the former employee's incentives or disincentives to take the Documents, it is unclear whether plaintiff or its investigator offered a direct benefit to the former employee for breaching her confidentiality obligations to BofI, and plaintiff provides no evidence on this issue.[5] Regarding the factor of prejudice to the opposing party, in *Brado*, the Court found that the only prejudice to the company was in the timing of plaintiff's access to the documents because the parties agreed that the documents at issue would be produced in formal discovery. 14 F. Supp. 3d at 1322. By contrast in this case, BofI maintains that the Documents are irrelevant and outside of the class period at issue and has not agreed to produce them in formal discovery.

Finally, regarding the public policy in favor of whistleblowers, plaintiff has produced no evidence that the former employee at issue is a "whistleblower" under Sarbanes Oxley. *See JDS Uniphase Corp., v. Jennings*, 473 F. Supp. 2d 697, 702 (E.D.Va. 2007) ("By no means can the [California policy favoring whistleblowing] fairly be said to authorize disgruntled employees to pilfer a wheelbarrow full of an employer's proprietary documents in violation of their contract merely because it might help them blow the whistle on an employer's violations of law, real or imagined. Endorsing such theft or conversion would effectively invalidate most confidentiality agreements, as employees would feel free to haul away proprietary documents, computers, or hard drives, in contravention of their confidentiality agreements, knowing they could later argue they needed the documents to pursue suits against employers under a variety of statutes ...."); *Watkins v. Ford Motor Co.*,

---

[5] The parties are free to pursue these and other issues during the formal discovery process.

2005 WL 3448036, at *7 (S.D. Ohio Dec. 15, 2005) ("[I]f the Court were to adopt plaintiff's argument that [copying and disclosing an employer's confidential documents] is protected activity, 'plaintiffs everywhere would be entitled, under the umbrella of protected activity, to steal company information and, so long as they give the information to their lawyer, not only be able to avoid disciplinary action by their employer, but also be empowered to successfully maintain a claim against their employer if adverse action is taken for the misconduct.'").

In addition to the factors set forth by the Court in *Brado*, this Court has considered other factors which lead this Court to conclude that production and/or use of the Documents at this time is not appropriate. First, in *Brado*, the documents at issue were largely what defendants purported to be "confidential and proprietary information." 14 F. Supp. 3d 1316 (2014). By contrast, the Documents in this case contain a more significant breadth of customer information comprised of nearly 150 pages of highly sensitive information, including the names, addresses, phone numbers, social security numbers, account numbers, account balances, rent rolls, tenant names and information, and tax forms of BofI's customers. [Doc. No. 90, at pp. 21-22 (internal citations omitted).]

Second, in *Brado*, the Court noted that the "PSLRA mandates a discovery stay until the complaint withstands a motion to dismiss" which was "enacted to place limits on abusive discovery to prevent fishing expedition lawsuits." 14 F. Supp. 3d at 1322 (internal citations omitted). In *Brado*, the Court found that although defendant was subject to some cost in opposing the discovery motion and negotiating a protective order, "that cost is different in quantity and quality from the burdensome discovery costs Congress had in mind in enacting the discovery stay provision." *Id.* at 1322-1323. By contrast, the defendants in this case would be subject to significant additional costs associated with, at a minimum, conducting a privilege review and redacting any attorney-client privileged matter and personally identifying information of third parties, and contacting the identified customers to determine whether they object to the disclosure of their private financial information.

Finally, plaintiff's arguments relating to the Documents go well beyond "informal investigations" into the claims and defenses asserted in litigation. For example, there is an issue of whether the Documents are relevant because defendants contend they predate the Class Period, and that they contain "unrelated internal emails and outdated loan policies." [Doc. No. 90-8, at p. 8.] In sum, the instant Motion relates to issues that go well beyond plaintiff's informal investigation. While some or all of the information contained in the Documents at issue in this Motion may be subject to production during formal discovery, this Court will not entertain the parties' arguments in advance of the District Court's ruling on the pending Motion to Dismiss the SAC and until formal discovery is underway.

## CONCLUSION

Based on the foregoing, plaintiff's request for an order permitting it to review and use the Documents provided by a former employee of defendant subject to a Protective Order and defendants' privilege review must be **DENIED**.[6] The Court **GRANTS** defendants' request for a Court Order requiring plaintiff to return the Documents and to destroy any copies in its possession.

**IT IS SO ORDERED.**

Dated: March 22, 2017

Hon. Karen S. Crawford
United States Magistrate Judge

---

[6] In light of the ruling herein, the Court will not consider the proposed form of Protective Order submitted by plaintiff in connection with this Motion.