ORIGINAL

FILED

17 MAR 23 AM 8: 31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

 

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC., GREGORY GARRABRANTS, ANDREW J. MICHELETTI, PAUL J. GRINBERG, NICHOLAS A. MOSICH, AND JAMES S. ARGALAS,<br><br>Defendants. | Case No.: 15cv2324 GPC (KSC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Doc. No. 91 |

Before the Court is plaintiff's Motion to File Documents Under Seal certain portions of the Joint Motion for Determination of Discovery Dispute No. 2 ("Joint Motion") [Doc. No. 90], including certain portions of the Declaration of Daniel P. Chiplock ("Chiplock Declaration") and the Declaration of John P. Stigi III ("Stigi Declaration") and certain exhibits thereto. [Doc. No. 91.] Plaintiff brings this Motion pursuant to Local Rule 79.2(c) asserting that good cause exists in favor of sealing the documents. For the reasons explained in more detail below, plaintiff's Motion to File Documents Under Seal is **GRANTED**.

1    Documents filed under seal are not accessible to the public. In the Ninth Circuit,
2 there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49
3 F.3d 1430, 1434 (9th Cir. 1995) (recognizing strong presumption in context of civil trial).
4 A party seeking to seal a judicial record bears the burden of overcoming this strong
5 presumption by meeting the "compelling reasons" standard. *Foltz v. State Farm Mut. Auto.
6 Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). That is, the party must "articulate[ ]
7 compelling reasons supported by specific factual findings." *Id.* (internal citation omitted).
8 The court must "conscientiously balance[ ] the competing interests" of the public and the
9 party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After
10 considering these interests, if the court decides to seal certain judicial records, it must "base
11 its decision on a compelling reason and articulate the factual basis for its ruling, without
12 relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (internal citation omitted).

13    In general, "compelling reasons" sufficient to outweigh the public's interest in
14 disclosure and justify sealing court records exist when "court files might have become a
15 vehicle for improper purposes," such as the use of records to gratify private spite, promote
16 public scandal, circulate libelous statements, or release trade secrets. *Nixon v. Warner
17 Commc'ns, Inc.*, 435 U.S. 589, 598 & n. 7 (1978).

18    Here, the information plaintiff seeks to file under seal relates to the identity of a non-
19 party former employee ("Former Employee") of defendant BofI Holding, Inc. ("BofI")
20 who provided documents in connection with this litigation to an investigator employed by
21 lead counsel for plaintiff, and which documents are the subject of a discovery dispute
22 currently pending. [Doc. No. 90.] The Former Employee reportedly fears retaliation and
23 potential use of her information for improper purposes. [Doc. No. 91, at p. 2; *see also
24 Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*,
25 278 F.R.D. 335, 344 (S.D.N.Y. 2011) (noting that a confidential witness "may have a
26 legitimate interest in non-disclosure, where revealing his or her name may lead to
27 retaliation in a current or future job.").]
28

1 | Specifically, plaintiff seeks to file under seal and an order permitting plaintiff to file
2 | a redacted version of the following: (1) Defendants' sections of the Joint Motion containing
3 | the Former Employee's identifying information; (2) the Chiplock and Stigi Declarations;
4 | and (3) the following exhibits to the Stigi Declaration: Exhibit B, Exhibit I, Exhibit K,
5 | Exhibit L, and the entirety of Exhibit M (per BofI's request).

6 | Accordingly, because the Court finds the above-mentioned grounds to be compelling reasons that outweigh the public's interest in disclosure, the Court **GRANTS** plaintiff's motion to file under seal and an order permitting plaintiff to file a redacted version of (1) Defendants' sections of the Joint Motion containing the Former Employee's identifying information; (2) the sections of the Chiplock and Stigi Declarations containing the Former Employee's identifying information; (3) redacting the identifying information of the Former Employee in Exhibits B, I, K, L to the Stigi Declaration and the entirety of Exhibit M.

**IT IS SO ORDERED.**

Dated: March 22, 2017

Hon. Karen S. Crawford
United States Magistrate Judge