1
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations

2
JOHN P. STIGI III, Cal. Bar No. 208342

3
   jstigi@sheppardmullin.com
POLLY TOWILL, Cal. Bar No. 120420

4
   ptowill@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600

5
Los Angeles, California 90067-6055
Telephone:   310.228.3700

6
Facsimile:   310.228.3701

7
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership

8
   Including Professional Corporations
ALEJANDRO E. MORENO, Cal. Bar No. 256802

9
   amoreno@sheppardmullin.com
501 West Broadway, 19th Floor

10
San Diego, California 92101-3598
Telephone:   619.338.6500

11
Facsimile:   619.234.3815

12
Attorneys for Defendants
BofI Holding, Inc., Gregory Garrabrants,

13
Andrew J. Micheletti, Paul J. Grinberg,
Nicholas A. Mosich, and James S. Argalas

14

15
UNITED STATES DISTRICT COURT

16
SOUTHERN DISTRICT OF CALIFORNIA

17
| | |
|---|---|
| IN RE: | Case No. 3:15-CV-02324-GPC-KSC |
| BofI HOLDING, INC. SECURITIES LITIGATION. | CLASS ACTION |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO LEAD PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE CRAWFORD'S MARCH 23, 2017 ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |
| | Date:      May 12, 2017 |
| | Time:      1:30 p.m. |
| | Hon. Gonzalo Paul Curiel |
| | Courtroom 2D (2d Floor – Schwartz) |
| | Magistrate Judge Karen S. Crawford |
| | Suite 1010 (10th Floor – Annex) |
| | Trial Date:      None Set |

18

19

20

21

22

23

24

25

26

27

28

SMRH:482347137.3

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ................................................................... 1

II.     FACTUAL AND PROCEDURAL HISTORY ................................. 4

III.    LEGAL STANDARDS ON APPEAL OF DISCOVERY RULING .............. 6

IV.     THE COURT SHOULD AFFIRM THE ORDER REQUIRING LEAD
        PLAINTIFF TO RETURN THE STOLEN DOCUMENTS ........................... 6

        A.      Magistrate Judge Crawford Appropriately Balanced the Relevant
                Factors to Deny Lead Plaintiff Access to The Stolen Documents.......... 6

                1.      Lead Plaintiff Still Offers No Authority That Would
                        Allow Lead Plaintiff or Its Investigator to Unilaterally
                        Undermine the Financial Privacy of BofI's Banking
                        Customers ...................................................................... 7

                2.      Magistrate Judge Crawford Did Not Commit a "Clear
                        Legal Error" When She Determined That Lead Counsel's
                        Conduct Weighed Against the Release of the Stolen
                        Documents ...................................................................... 9

                3.      Magistrate Judge Crawford Did Not Commit a "Clear
                        Legal Error" When She Held That Lead Plaintiff Did Not
                        Meet Its Burden to Show That the Incentives and
                        Disincentives to BofI's Ex-Employee Weighed in Favor of
                        Disclosure ...................................................................... 11

                4.      Magistrate Judge Crawford Did Not Commit a "Clear
                        Legal Error" When She Held That Defendants Would Be
                        Prejudiced by the Release of the Stolen Documents to
                        Lead Plaintiff .................................................................. 12

                5.      Magistrate Judge Crawford Did Not Commit a "Clear
                        Legal Error" When She Held That Public Policy Weighs
                        Against the Release of the Stolen Documents.......................... 15

        B.      Lead Plaintiff Failed to Provide Authority for a Protective Order
                Under Rule 26(c) Covering Pre-Discovery "Informal
                Investigations" ............................................................................... 16

V.      CONCLUSION ......................................................................... 17

# TABLE OF AUTHORITIES

**Page**

<u>Cases</u>

*Brado v. Vocera Communications, Inc.*
    14 Supp. 3d 1316 (N.D. Cal. 2014) ............................................................... *Passim*

*Brady v. Grendene USA, Inc.*
    2015 U.S. Dist. LEXIS 111180 (S.D. Cal. Aug. 21, 2015) ................................... 6

*Cohen v. Trump*
    2015 WL 3966140 (S.D. Cal. June 30, 2015) ........................................................ 9

*Daisy Trust v. JP Morgan Chase Bank*
    2016 U.S. Dist. LEXIS 168370 (D. Nev. Dec. 6, 2016) .................................. 6, 8

*In re Ins. Installment Fee Cases*
    211 Cal. App. 4th 1395 (2012) .......................................................................... 13

*JDS Uniphase Corp. v. Jennings*
    473 F. Supp. 2d 697 (E.D. Va. 2007) ................................................................. 15

*Osband v. Woodford*
    290 F.3d 1036 (9th Cir. 2002) ............................................................................. 6

*Shaw v. Experian Info. Solutions, Inc.*
    306 F.R.D. 293 (S.D. Cal. 2015) .......................................................................... 9

*United States v. Raddatz*
    447 U.S. 667 (1980) ............................................................................................. 6

*United States v. Real Prop. & Improvements Located at 2366 San
    Pablo Ave., Berkeley, California*
    2014 U.S. Dist. LEXIS 13836 (N.D. Cal. Jan. 29, 2014) .................................. 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Statutes</u>

15 U.S.C. §§ 6801, *et seq.* (Gramm-Leach-Bliley Act) ................................... *Passim*

18 U.S.C. § 1514A (Sarbanes-Oxley Act) ......................................................... 5, 6, 15

28 U.S.C. § 636(b)(1)(A) .................................................................................. 6

California Constitution ....................................................................................... 1, 8, 9

California Financial Information Privacy Act, Cal. Fin. Code
    §§ 4050, *et seq.* ......................................................................................... *Passim*

Federal Rules of Civil Procedure
    Rule 26(c) ................................................................................................. 4, 16
    Rule 72(a) ................................................................................................. 6

1    Defendants BofI Holding, Inc. ("BofI"), Gregory Garrabrants, Andrew J.

2    Micheletti, Paul J. Grinberg, Nicholas A. Mosich and James S. Argalas respectfully

3    submit this opposition to Lead Plaintiff's Objection to Magistrate Judge Karen

4    Crawford's March 23, 2017 Order requiring lead plaintiff to return to BofI stolen

5    documents it obtained from an ex-employee of BofI.

6               **I.    INTRODUCTION**

7        The issue before the Court is narrow:  Did Magistrate Judge Karen Crawford

8    commit a "clear legal error" when she denied lead plaintiff access to BofI docu-

9    ments stolen by an ex-employee of BofI that contain (among other things) private

10   financial information of banking customers obtained by lead plaintiff's investigator

11   during the course of its "informal investigations" of BofI?  Defendants respectfully

12   submit that lead plaintiff failed to meet its heavy burden to show that Magistrate

13   Judge Crawford committed such "clear legal error" when she upheld state and

14   federal consumer privacy laws over lead plaintiff's stated interest in the release of

15   the stolen documents.  As explained below, the Court should overrule lead plain-

16   tiff's meritless Objection.

17       Lead plaintiff cites *no authority* that would allow it to undermine, unilaterally

18   during the course of an "informal investigation," the protections afforded to consu-

19   mers under the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801, *et seq.* ("GLBA"), the

20   California Financial Information Privacy Act, Cal. Fin. Code §§ 4050, *et*

21   *seq.*("CFIPA"), and the California Constitution.  The only authority lead plaintiff

22   cites involve access to consumer financial information as part of closely supervised

23   formal discovery.  It is no mystery why lead plaintiff goes to great lengths to avoid

24   discussing the financial privacy statutes that form the backbone of defendants'

25   position:  those statutes are fatal to its Objection.  It was not "clear legal error" for

26   the Magistrate Judge to enforce those applicable statutes and reject lead plaintiff's

27   inapposite case law.  For this reason alone, the Court should overrule lead plaintiff's

28   Objection.

Lead plaintiff argues this Court should overrule Magistrate Judge Crawford's Order because she purportedly misapplied the factors set forth in *Brado v. Vocera Communications, Inc.*, 14 Supp. 3d 1316, 1320 (N.D. Cal. 2014). *Brado*, however, does not involve documents stolen from a bank or the financial privacy rights guaranteed to consumers under relevant federal and state law. Moreover, because the factors set forth in *Brado* have not been adopted by the Ninth Circuit (or, for that matter, any other Court of Appeals), Magistrate Judge Crawford's balancing of the *Brado* factors (along with other relevant considerations not discussed in that decision) cannot constitute "clear legal error."

Regardless, the evidence before the Magistrate Judge firmly supported her decision to deny lead plaintiff access to the stolen documents. The first factor in *Brado* looks at whether there was any improper conduct by counsel. The evidence shows that, *before* lead plaintiff's "investigator" obtained the stolen documents, defense counsel put lead plaintiff's counsel ("LCHB") and its "investigator" on notice that BofI's ex-employees were subject to expansive confidentiality obligations. LCHB professes significant expertise regarding BofI's obligations under banking law and regulations. It strains credulity for LCHB to argue that it was unaware of the protections afforded to consumers under GLBA and CFIPA when it violated those statutes by obtaining (apparently through its authorized investigator) the stolen documents. Magistrate Judge Crawford appropriately determined that this factor weighed heavily in favor of defendants.

The second and third *Brado* factors look at the incentives and disincentives to the larcenous employee to share stolen documents with lead plaintiff. Defendants argued that these factors were not relevant to the Court's analysis because there was no evidence on these issues. Lead plaintiff implicitly concedes it presented no evidence to the Magistrate Judge on these points. The discussions between lead plaintiff's "investigator" and BofI's ex-employee are a black box to which only lead plaintiff has visibility. Despite significantly revising its insert to the joint motion in

-2-

response to defendants' submission, lead plaintiff chose not to introduce a declaration from its investigator attesting that no incentives were offered to BofI's ex-employee.  Separately, that BofI may have claims against its dishonest former employee does not negate the fact that BofI's ex-employee seriously breached the trust of BofI's customers by stealing and then distributing their financial information to third parties.  These factors also weigh in defendants' favor.

The fourth *Brado* factor looks to the prejudice to defendants.  Judge Crawford found that defendants suffered prejudice because (i) defendants explained that the stolen documents were irrelevant and would not be produced in discovery; (ii) California law requires BofI to provide burdensome notice and an opportunity to object to the affected consumers; and (iii) lead plaintiff can investigate its claims at this early stage of the proceedings without imperiling third-party privacy rights.

The final *Brado* factor looks at public policies weighing for and against the release of the stolen documents.  Magistrate Judge Crawford correctly ruled that statutorily recognized third-party financial privacy rights greatly outweighed lead plaintiff's interest in conducting "informal investigations" — especially where (as is the case here) lead plaintiff can continue to conduct its "informal investigations" through other means.  Taken together, the *Brado* factors (and other considerations) weighed against the release of the stolen documents.  Lead plaintiff does not show that Judge Crawford's evaluation of the various relevant factors constituted "clear legal error."

Although the question before the Court is a narrow one, the issues at stake are very significant.  Under a cloak of secrecy, lead plaintiff's Maryland-based investigator caused a dishonest ex-employee of BofI to hand over confidential documents containing highly sensitive financial information belonging to BofI's bank customers.  The stolen documents contained personal information including the names, addresses, phone numbers, social security numbers, account numbers, account balances, rent rolls, tenant names and information, and tax forms of BofI's

1   customers.  At this time, defendants have no reason to accuse lead plaintiff's inves-

2   tigator of any wrongdoing (other than breaching financial privacy laws).  Indeed,

3   defendants know next to nothing about this investigator — lead plaintiff provided no

4   information concerning his background or qualifications with the joint motion.  But

5   the consumer data breach caused by lead plaintiff's minimally supervised "informal

6   investigations" is very real.  Other than to note the risk, defendants will not dwell on

7   the havoc that could befall BofI's customers should their private financial informa-

8   tion fall into the wrong hands.  The Court should affirm Magistrate Judge Craw-

9   ford's Order and send lead plaintiff a strong message that it should never again uni-

10  laterally violate federal and state financial privacy laws during its informal

11  investigations.

## II.    <u>FACTUAL AND PROCEDURAL HISTORY</u>

13       On January 18, 2017, the parties filed a joint motion concerning whether a

14  trove of documents stolen by an ex-employee of BofI (who left BofI before the

15  beginning of the putative Class Period in this case) should be returned to BofI or

16  released to lead plaintiff. (Dkt. #90.)  The background facts and evidence submitted

17  by the parties are set forth in the parties' joint motion, which defendants incorporate

18  by reference. (*See id.*)

19       On March 23, 2017, Magistrate Judge Crawford ruled against lead plaintiff

20  and ordered it to return the stolen documents to defendants.  (*See* Dkt. #97.)

21  Magistrate Judge Crawford ruled against lead plaintiff on two separate and indepen-

22  dently sufficient grounds.  As an initial matter, Judge Crawford recognized that lead

23  plaintiff failed to cite any authority entitling it to obtain a protective order under

24  Rule 26(c) in connection with its alleged "informal investigations" of its securities

25  claims.  (*Id.* at 4.)  Lead plaintiff's failure to cite authority for its position was fatal

26  to its request for a protective order.  (*Id.*)

27       In addition, even assuming lead plaintiff had met its threshold burden, the

28  Court held that lead plaintiff failed to satisfy the factors set forth in *Brado* and other

-4-

relevant factors.  Specifically, Magistrate Judge Crawford ruled against lead plaintiff because (i) defendants demonstrated (with evidence) that lead plaintiff was aware of the confidentiality obligations covering BofI's ex-employees when it obtained the stolen documents; (ii) the scope of the stolen documents was "far broader" than those discussed in *Brado* and extended to personally identifying information of BofI's customers raising serious confidentiality concerns; (iii) there was no evidence regarding whether lead plaintiff or its investigator offered BofI's ex-employee any direct benefit in exchange for the stolen documents; (iv) BofI was prejudiced because the documents are irrelevant, outside of the putative Class Period, and BofI has not agreed that lead plaintiff would ultimately obtain the stolen document through discovery; and (v) the policy in favor of whistleblowers was not implicated because there was no evidence that BofI's former employee was a "whistleblower" under the Sarbanes-Oxley Act.  (Dkt. #97, at 8-9.)

In addition to the factors set out in *Brado*, the Magistrate Judge also ruled against lead plaintiff because the stolen documents "contain a more significant breadth of customer information comprised of nearly 150 pages of highly sensitive information, including the names, addresses, phone numbers, social security numbers, account numbers, account balances, rent rolls, tenant names and information, and tax forms of BofI's customers."  (*Id.* at 9.)  Magistrate Judge Crawford also recognized that allowing lead plaintiff's "informal investigations" to extend to stolen documents compromised banking security and the personal information of BofI's customer's at-large, which imposed significant additional costs on BofI including the need to notify each of the affected customers and their tenants that their information had been compromised.  (*Id.*)  Finally, the Magistrate Judge noted that lead plaintiff had no right to obtain BofI's confidential information on issues unrelated to the securities action and that defendants' argued that such unrelated documents comprised a large portion of the stolen documents.  (*Id.* at 10.)

Magistrate Judge Crawford ordered lead plaintiff to return its copy of the stolen documents and to destroy any other copies in its possession. (*Id.*)  LCHB has returned a copy of the stolen documents to defendants and claims that it has not retained any copies.

## III.   LEGAL STANDARDS ON APPEAL OF DISCOVERY RULING

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters.  Fed. R. Civ. P. 72(a).  When reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."   Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  "A non-dispositive order entered by a magistrate must be deferred to unless it is clearly erroneous or contrary to law."  *Brady v. Grendene USA, Inc.*, 2015 U.S. Dist. LEXIS 111180, at *8 (S.D. Cal. Aug. 21, 2015) (Curiel, J.) (citing *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)).  A ruling is clearly erroneous where the reviewing court is left with "a definite and firm conviction that a mistake has been committed," a standard highly deferential to the magistrate judge's ruling.  *Id.* (citing *Concrete Pipe & Prods. v. Construction Laborers Pension Trust*, 508 U.S. 602, 623 (1993)); *see also Daisy Trust v. JP Morgan Chase Bank*, 2016 U.S. Dist. LEXIS 168370, at *15-16 (D. Nev. Dec. 6, 2016) (affirming magistrate judge's denial of a protective order because that decision was not clearly erroneous or contrary to law).

## IV.   THE COURT SHOULD AFFIRM THE ORDER REQUIRING LEAD PLAINTIFF TO RETURN THE STOLEN DOCUMENTS

### A.   Magistrate Judge Crawford Appropriately Balanced the Relevant Factors to Deny Lead Plaintiff Access to The Stolen Documents

Lead plaintiff's primary argument on appeal is that Magistrate Judge Crawford committed "errors of law" by misapplying certain factors identified by the

-6-

district court in *Brado* when it denied lead plaintiff's request for a protective order and required it to return the stolen documents.   (Objection at 1, 8-21.)   As a threshold matter, the *Brado* factors have not been adopted by the Ninth Circuit or any other federal Court of Appeals.  For this reason, even assuming lead plaintiff satisfied the *Brado* factors (and it did not), lead plaintiff cannot show that Magistrate Judge Crawford's Order is "clearly erroneous or contrary to law."

In any event, Judge Crawford appropriately exercised her discretion in weighing the various *Brado* factors (and other relevant considerations) to rule against lead plaintiff.[1]  In *Brado*, the Court evaluated the plaintiff's request to utilize documents provided by an ex-employee in breach of confidentiality agreements according to the following factors:  (i) whether there was improper conduct by counsel; (ii) whether there was a direct benefit to the appropriator; (iii) whether there were other disincentives to the appropriator; (iv) whether there was a lack of prejudice to defendants; and (v) whether public policy weighed in favor of the release of the documents.   (*See id.* at 1320-23.)   As explained below, Magistrate Judge Crawford appropriately weighed these and other factors to deny lead plaintiff's request for the stolen documents.

1. <u>**Lead Plaintiff Still Offers No Authority That Would Allow Lead Plaintiff or Its Investigator to Unilaterally Undermine the Financial Privacy of BofI's Banking Customers**</u>

Among the factors not considered by the Court in *Brado*, but central to Magistrate Judge Crawford's ruling on the joint motion, is that the stolen documents included nearly 150 pages of documents, portions of which contained highly sensitive financial information of consumers of BofI's banking services.  (Dkt. #90-8, ¶ 8 (Stigi Decl.).)  The main thrust of defendants' argument in the joint motion was that both federal and state law protect the privacy interests of consumers of banking ser-

---

[1]  Defendants do not concede the *Brado* factors are even applicable to this action, which involves the violation of federal and state statutes protecting the private financial information of consumers.  (Dkt. #90, at 20-27.)

-7-

1    vices.   (Dkt. #90, at 20-21.)   As shown in the joint motion, the private financial

2    information of BofI's customers is protected by GLBA, CFIPA and the California

3    Constitution.  (*See id.* at 20-23.)  Magistrate Judge Crawford distinguished *Brado* by

4    noting that the documents there only involved documents belonging to defendants,

5    whereas the stolen documents in the present case included "names, addresses, phone

6    numbers, social security numbers, account numbers, account balances, rent rolls,

7    tenant names and information, and tax forms of BofI's customers."  (Dkt. #97, at 9.)

8    Lead plaintiff cannot show that Magistrate Judge Crawford committed a "clear legal

9    error" when she gave precedence to the privacy rights of unaligned consumers over

10    lead plaintiff's right to conduct "informal investigations" encompassing stolen docu-

11    ments that are irrelevant to its claims.

12       Lead plaintiff's Objection fails to grapple with the important privacy interests

13    at issue in this dispute.  This is not an oversight.  Despite suing BofI for alleged non-

14    compliance with various banking statutes and regulations, lead plaintiff's *own*

15    *actions* have undermined the privacy protections of consumers under GLBA, CFIPA

16    and the California Constitution.   As defendants note in the joint motion, lead

17    plaintiff "cite[s] no authority (and defendants are aware of none) that permits private

18    litigants to obtain the private financial information of non-parties through 'informal

19    investigations' without notice to and the consent of the affected non-parties."  (Dkt.

20    #90, at 23.)

21       Lead plaintiff's only response is that the private consumer information "can

22    be redacted."  (Objection at 16-17, 21.)  But lead plaintiff ignores that the federal

23    and state laws protecting consumers' financial privacy were violated the very instant

24    lead plaintiff's "investigator" obtained the private financial information of BofI's

25    customers from BofI's ex-employee.   Those protections were undermined *again*

26    when the "investigator" transferred the stolen documents to a "contract attorney,"

27    and then *again* when lead plaintiff transferred the stolen documents to conflicts

28    counsel.

1   Lead plaintiff cites no authority (and defendants are aware of none) allowing

2   a litigant to contravene the statutory mandates of GLBA, CFIPA and the California

3   Constitution by obtaining the private financial information of consumers through

4   "informal investigations" and, after the damage has been done, returning that

5   information to its rightful owner for redaction.[2]   As lead plaintiff's request for relief

6   is unsupported by authority, the Court should overrule the Objection.

**2.   Magistrate Judge Crawford Did Not Commit a "Clear Legal Error" When She Determined That Lead Counsel's Conduct Weighed Against the Release of the Stolen Documents**

9   The first factor in *Brado* considers whether there was any improper conduct

10   by counsel.  *See Brado*, 14 Supp. 3d at 1320-21.  Magistrate Judge Crawford found

11   that this factor weighed in favor of defendants because (i) lead plaintiff obtained the

12   stolen documents after defendants put LCHB and its investigator on notice that

13   BofI's ex-employees were subject to strict confidentiality obligations and (ii) the

14   stolen documents contained private financial information.  (Dkt. #97, at 8-9.)

15   Again, the Magistrate Judge did not commit "clear legal error" by holding that this

16   factor weighed in favor of defendants.

17   To counter Magistrate Judge Crawford's decision, lead plaintiff misconstrues

18   the first factor in *Brado* to only involve whether counsel assisted the ex-employee in

19   stealing the documents.  (*See* Objection at 9-10.)  Defendants do not know whether

20   LCHB encouraged the theft and have no reason to believe so, but lead plaintiff's

21   narrow reading of *Brado* is not what that case holds.  In *Brado* the Court reasoned

---

[2]   Defendants distinguished *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015), in the joint motion, noting that (i) unlike here, *Shaw* involved documents sought through formal discovery, which allowed the bank to protect more adequately the consumer information at issue; (ii) the persons whose information was compromised were putative class members and were presumably aligned with plaintiff; and (iii) the documents were directly relevant to the claims at issue.  (Dkt. #90, at 24-25.)  Lead plaintiff now, for the first time on appeal, relies upon *Cohen v. Trump*, 2015 WL 3966140, at *5 (S.D. Cal. June 30, 2015), to support its redaction argument.  That case, however, involves the financial information of *defendant*, obtained through formal discovery, not third-party privacy rights or adherence to GLBA and/or CFIPA.

-9-   Case No. 3:15-CV-02324-GPC-KSC

that it was proper to bar use of the documents when "there is improper conduct by an attorney which would implicate both the ethics of the individual attorney as well as the integrity of the judicial process."   14 Supp. 3d at 1320.   Both factors are implicated here.

Defendants submitted evidence with the joint motion establishing that LCHB and its investigator were aware of the obvious fact that BofI's ex-employees, as former employees of a highly regulated bank entrusted with the financial informa-tion of consumers, were covered by confidentiality agreements.   (*See* Dkt. #90-8, ¶¶ 2-5.)   Lead plaintiff dissembles by contending it asked defendants to "specify the terms" of the confidentiality agreements covering *all* of BofI's ex-employees and argues it was not on notice of the "scope" of those obligations.   (Objection at 10.) But except for BofI's ex-employees who came forward and complained of harass-ment by lead plaintiff's investigator, defendants have no direct knowledge regarding the identities of the BofI ex-employees lead plaintiff contacted during its "informal investigations."   (*Id.* ¶ 2.)   Lead plaintiff's demand that defendants provide the terms and scope of *every* confidentiality agreement, governing *every* ex-employee of BofI, was facially impossible to satisfy.

LCHB holds itself out as an expert on banking law and regulation.   In its Second Amended Complaint ("SAC"), lead plaintiff purports to interpret a wide variety of esoteric and highly technical banking regulations to accuse BofI of violat-ing those regulations.[3]   The consumer financial privacy protections enshrined in GLBA and CFIPA are among the most basic and well-known banking regulations. LCHB's claim that it was unaware that an ex-employee who stole documents belonging to a bank might have misappropriated documents containing the private

---

[3]   As explained in defendants' motion to dismiss the SAC, lead plaintiff's expertise is questionable as it is dead wrong in its application of several banking regula-tions.   For example, lead plaintiff continues to accuse BofI of violating the "ability to repay" regulations by noting purported examples of violations involving commercial and industrial loans that are simply not covered by those regulations.   (*See* Dkt. # 88-1, at 11.)

-10-

financial information of consumers is simply not credible.  Even if the Court charitably assumes that LCHB did not instruct its investigator to ask for documents during its investigations (and there is no evidence before the Court regarding the investigator or his instructions), LCHB's conduct was still improper because it did not adequately supervise its investigator or put into place any protocols to protect against the breach of consumer financial privacy laws.

In sum, Magistrate Judge Crawford did not commit a "clear legal error" when she determined that the first factor in *Brado* favored defendants.

### 3.     Magistrate Judge Crawford Did Not Commit a "Clear Legal Error" When She Held That Lead Plaintiff Did Not Meet Its Burden to Show That the Incentives and Disincentives to BofI's Ex-Employee Weighed in Favor of Disclosure

The second and third factors in *Brado* look at the incentives and disincentives for the ex-employee to steal and share the documents.  *See Brado*, 14 Supp. 3d at 1321-22.  In the joint motion, defendants pointed out that these factors were inapplicable because lead plaintiff offered no evidence concerning the content of the discussions between its investigator and BofI's ex-employee.  (Dkt. #90, at 27-28.) Magistrate Judge Crawford recognized that "it is unclear whether plaintiff or its investigator offered a direct benefit to the former employee for breaching [the] confidentiality obligations to BofI, and plaintiff provides no evidence on this issue." (Dkt. #97, at 8.)

Lead plaintiff appears to concede there is no evidence on this point, claiming "[t]here are no *facts*, or even a *suggestion*, that Plaintiff, Lead Counsel, or its investigator offered or gave the former employee any benefit in exchange for providing the Documents."  (Objection at 12.)  But this is precisely the point — LCHB has exclusive control over the evidence regarding the discussions between its investigator and BofI's former employee.  Despite repeatedly revising its own section of the joint motion in response to defendants' insert, LCHB does not affirmatively declare that neither LCHB nor its investigator offered any incentive to BofI's

-11-

1   ex-employee.  (*See* Dkt. #90-8, ¶ 13; *cf.* Dkt. #90-1, ¶ 3 (claiming "Lead Counsel

2   did not 'induce' the former employee to produce the Documents.").)  Lead plaintiff

3   had every opportunity to offer the declaration of its investigator to affirm he pro-

4   vided no incentive to BofI's ex-employee, but did not do so.  It was not "clear legal

5   error" for Magistrate Judge Crawford to conclude there was no evidence on this

6   point.

7        Separately, lead plaintiff contends that BofI's ex-employee had other disin-

8   centives to deter theft, such as being sued by BofI for breach of the confidentiality

9   agreements.  (Objection at 12.)  However, the fact that BofI's ex-employee would

10   choose to compromise the private financial information of third-parties despite

11   signing *three separate confidentiality agreements* and receiving extensive training

12   on GLBA and CFIPA supports an inference that the investigator or LCHB must

13   have offered some incentive in exchange for the stolen documents.  In addition,

14   BofI's legal rights against its ex-employee do not inoculate against the facial

15   impropriety of the ex-employee's decision to first steal, and then disseminate, the

16   private financial information of BofI's customers.  (*See* Dkt. #90, at 28.)

17        Again, lead plaintiff's Objection fails to show that Magistrate Judge Crawford

18   committed a "clear legal error" when she weighed the second and third factors under

19   *Brado*.

20   ### 4.   <u>Magistrate Judge Crawford Did Not Commit a "Clear Legal Error" When She Held That Defendants Would Be Prejudiced by the Release of the Stolen Documents to Lead Plaintiff</u>

21

22        The fourth factor in *Brado* considers the prejudice to defendants arising from

23   ordering the production of the stolen documents.  *See Brado*, 14 Supp. 3d at 1321-

24   23.  Magistrate Judge Crawford held that this factor weighed in favor of defendants.

25   (Dkt. #97, at 8.)  In the joint motion, defendants showed that the stolen documents

26   were composed entirely of "irrelevant pre-Class Period . . . materials."  (Dkt. #90, at

27   28.)  Defendants noted further the prejudice arising as a result of the requirement

28   that BofI provide notice to third parties and an opportunity to object *before* third-

-12-

SMRH:482347137.3

1    party financial information is disclosed.  (*Id.* at 21; *see In re Ins. Installment Fee*

2    *Cases*, 211 Cal. App. 4th 1395, 1428 (2012).)[4]  Here, again, the Court should affirm

3    Magistrate Judge Crawford's conclusion that the prejudice to defendants and third-

4    parties outweighed any prejudice to lead plaintiff and its ability to pursue informal

5    investigations.

6          Lead plaintiff begins by arguing that the relevance of the documents is not an

7    appropriate consideration for assessing the prejudice to defendants.  (*See* Objection

8    at 13.)  Yet the relevance of the documents should be a primary consideration before

9    the Court allows a litigant to access admittedly confidential documents acquired

10   through theft.[5]  If the documents are not relevant (or are of marginal relevance) then

11   the policies of preventing even the risk of violation of consumer financial privacy

12   and of enforcing confidentiality agreements necessarily outweighs lead plaintiff's

13   interest in reviewing irrelevant documents.

14         Lead plaintiff contends that pre-Class Period internal emails, consumer loan

15   files, BofI's Code of Conduct and internal lending guidelines marked as "Confiden-

16   tial" are "directly relevant" to its vague claim that BofI engaged in "unlawful

17   lending practices" during the Class Period.  (*Id.* at 13.)  Again, this is not enough to

18   show how any of the stolen documents are relevant to the issues in the SAC.  The

19   reality is that BofI has hundreds of thousands of internal emails, tens of thousands of

20   loan files, and a Code of Conduct and internal lending guidelines that were operative

21   during the Class Period.  Out of this expansive universe of documents, nearly all of

22   these documents would be irrelevant to whether defendants made a knowing misrep-

---

4    Judge Crawford noted the burden of identifying and contacting the consumers affected by lead plaintiff's privacy breach as an additional reason for denying lead plaintiff access to the stolen documents. (Dkt. #97, at 9.)

5    Defendants are puzzled by lead plaintiff's claim that it "takes no position" on whether BofI's ex-employee stole the documents.  (Objection at 13.)  As part of the joint motion, defendants provided lead plaintiff with a copy of the severance agreement where BofI paid its ex-employee a significant sum of money in exchange for (among other things) a promise that the ex-employee return all BofI documents. (Dkt. #90-8, ¶ 18, Ex. M.)  Defendants are unsure of what else lead plaintiff needs to consider to conclude that it received stolen property.

resentation regarding its business practices and financial performance.  Among the large category of irrelevant (but still sensitive and protected) documents are the stolen documents.  As a result, defendants would be prejudiced from the release of the stolen documents to lead plaintiff.

All of the stolen documents also predate the beginning of the Class Period by at least seven months.  (*Id.* at 14.)  Lead plaintiff argues that the beginning of the Class Period is not necessarily the cut-off for relevance.  (*Id.* at 14-15.)  Without conceding that pre-Class Period documents are relevant, pre-Class Period documents will necessarily be much less relevant than documents generated during the Class Period.  Counsel for defendants' description of the stolen documents, coupled with the undisputed fact that all of the stolen documents predate the beginning of the Class Period, were sufficient for Magistrate Judge Crawford to conclude that the limited relevance, if any, of the stolen documents weighed against ordering their release.

In the joint motion, defendants demonstrate that lead plaintiff's ability to investigate its claims is unaffected by requiring the return of the stolen documents.  (Dkt. #90, at 5.)  Lead plaintiff can question BofI's ex-employees regarding loan policies, internal emails and BofI's Code of Conduct, while at the same time staying away from questions regarding irrelevant matters or, more importantly, matters that would threaten the financial privacy of consumers.  A rule preventing lead plaintiff from asking for or receiving documents stolen from a bank, while at the same time permitting lead plaintiff to ask questions pertinent to their claims, strikes the appropriate balance between protecting unaligned consumers and lead plaintiff's interest in conducting "informal investigations."

Finally, lead plaintiff argues that the "Court's interest in pursuing the truth" greatly outweighs any prejudice to defendants.[6]  (*Id.* at 16.)  Here, too, the actual

---

[6]  Lead plaintiff's insinuation that defendants "have an interest in *suppressing* the truth" (Objection at 16 (emphasis original) is not well taken, especially in light of

analysis in *Brado* conflicts with lead plaintiff's stated position.  In *Brado*, the Court held that the "truth-seeking value of documents is not counterveiled [sic] by any statutorily recognized interest since as noted above, the PSLRA has not been violated." *Brado*, 14 F. Supp. 3d at 1323.  Of course, here, lead plaintiff cannot dispute that GLBA and CFIPA were violated when its investigator obtained the stolen documents containing the private financial information of consumers.

Again, lead plaintiff fails to meet its burden of showing that Magistrate Judge Crawford committed a "clear legal error" when she found that the prejudice to defendants from the release of the stolen documents outweighed any prejudice to lead plaintiff.

### 5. Magistrate Judge Crawford Did Not Commit a "Clear Legal Error" When She Held That Public Policy Weighs Against the Release of the Stolen Documents

Magistrate Judge Crawford applied the final *Brado* factor as identified in *JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 697, 702 (E.D. Va. 2007), which is the public policy in favor of Sarbanes-Oxley Act "whistleblowers."  The Court in *Brado*, like Magistrate Judge Crawford, analogized private investigations into securities fraud to protection of "whistleblowers" under the Sarbanes-Oxley Act. *See Brado*, 14 Supp. 3d at 1323; (Dkt. #97, at 8-9).  Magistrate Judge Crawford found that this factor weighed in favor of defendants because there was no evidence that BofI's former employee was a "whistleblower" under Sarbanes-Oxley.  (Dkt. #97, at 8.)

Lead plaintiff tacitly concedes that BofI's ex-employee is not a whistle-blower, but argues that Judge Crawford should have considered the public policy in favor of enforcing the securities laws.  (*Id.*)  As discussed above, however,

---

lead plaintiff's own documented deficiencies in that regard.  Defendants will not reciprocate lead plaintiff's unfounded accusations other than to note there are several instances in the record where lead plaintiff has taken liberties with the truth.  (*See* Dkt. 42-2 (recanting allegations attributed to CW 8); Dkt. #43-3 (recanting allegations attributed to CW 6); Dkt. #45-2, ¶ 8 (admitting lead plaintiff misrepresented CW 8's title and position at BofI).)

-15-

Magistrate Judge Crawford weighed various policy considerations and concluded that protecting consumer financial privacy, deterring theft of the financial information of third parties, and enforcing the confidentiality agreements of an ex-employee in consumer lending override lead plaintiff's interest in conducting "informal investigations" — especially because lead plaintiff can continue to conduct its "informal investigations" orally without compromising the private information of consumers.   Accordingly, the Court should affirm Magistrate Judge Crawford's conclusion that policy considerations weigh in favor of BofI.

**B.**   **Lead Plaintiff Failed to Provide Authority for a Protective Order Under Rule 26(c) Covering Pre-Discovery "Informal Investigations"**

As explained above, lead plaintiff cannot show "clear legal error" when applying the *Brado* factors (and other relevant considerations) to deny lead plaintiff's request for relief.   Nevertheless, lead plaintiff's appeal fails for the separate and independent reason that its request for relief was unsupported by citation to legal authority.

Lead plaintiff submitted a proposed protective order under Rule 26(c) with the joint motion.   (*See* Protective Order lodged with Dkt. #90.)   Magistrate Judge Crawford ruled against lead plaintiff because it provided no authority for its request for a protective order under Rule 26(c) covering pre-discovery "informal investigations." (Dkt. #97, at 4.)   Notably, Magistrate Judge Crawford did *not* rule that she did not have authority to issue *any* protective order, but instead limited herself to the arguments (or lack thereof) in the joint motion.   Lead plaintiff recasts *its own failure* to adequately support its request for relief as a legal error by Magistrate Judge Crawford by noting that this Court and the court in *Brado* recognized the court's inherent authority to issue a protective order independent of Rule 26(c).   (Objection at 8.)   This issue was not briefed by lead plaintiff in the joint motion and the Court should not consider arguments raised for the first time on appeal.   *United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California*,

2014 U.S. Dist. LEXIS 13836, at *7-8 (N.D. Cal. Jan. 29, 2014) ("District courts need not, and ordinarily should not address arguments raised for the first time in an objection to a magistrate judge's order.").  It is not "clear legal error" to ignore arguments *not* raised by the parties.  Accordingly, for this additional, independent reason the Court should overrule lead plaintiff's Objection.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, the Court should affirm Magistrate Judge Karen Crawford's Order and overrule lead plaintiff's Objection in its entirety.

Dated:  April 21, 2017       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:   _____
                    *s/John P. Stigi III*
                 JOHN P. STIGI III

                Attorneys for Defendants
    BofI Holding, Inc., Gregory Garrabrants, Andrew J.
    Micheletti, Paul J. Grinberg, Nicholas A. Mosich
                 and James S. Argalas
        Email:  jstigi@sheppardmullin.com

SMRH:482347137.3        POINTS AND AUTHORITIES IN OPPOSITION TO LEAD PLAINTIFF'S OBJECTION TO
                    MAGISTRATE JUDGE CRAWFORD'S MARCH 23, 2017 ORDER