SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
JOHN P. STIGI III, Cal. Bar No. 208342
   jstigi@sheppardmullin.com
POLLY TOWILL, Cal. Bar No. 120420
   ptowill@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:  (310) 228-3700
Facsimile:   (310) 228-3701

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ALEJANDRO E. MORENO, Cal. Bar No. 256802
   amoreno@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815

Attorneys for Defendants
BOFI HOLDING, INC., GREGORY
GARRABRANTS, ANDREW J.
MICHELETTI, PAUL J. GRINBERG,
NICHOLAS A. MOSICH and JAMES S.
ARGALAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: <br><br> BofI HOLDING, INC. SECURITIES LITIGATION. | Case No. 3:15-CV-02324-GPC-KSC <br><br> <u>CLASS ACTION</u> <br><br> **DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Hon. Gonzalo Paul Curiel <br> Courtroom 2D (2d Floor – Schwartz) <br><br> Magistrate Judge Karen S. Crawford <br> Suite 1010 (10th Floor – Annex) <br><br> Trial Date:     None Set |

Defendants BofI Holding, Inc. ("BofI"), Gregory Garrabrants, Andrew J. Micheletti, Paul J. Grinberg, Nicholas A. Mosich and James S. Argalas respectfully answer the Second Amended Shareholder Complaint ("SAC") of lead plaintiff Houston Municipal Employees Pension System, and admit, deny and allege as follows:

1.      Defendants admit that the SAC purports to allege claims for securities fraud and seeks damages on behalf of certain putative class members.  Except as expressly admitted, defendants deny the allegations in paragraph 1 of the SAC.

2.      Defendants admit the allegations in paragraph 2 of the SAC.

3.      Defendants admit that BofI was founded in 1999, that its headquarters is located in San Diego, and that BofI relies on various distribution channels such as banking websites promoting BofI as "Bank of Internet," "NetBank," "Bank X," and other brands, partnerships with affinity groups, relationships with mortgage brokers, and salespeople, to generate business  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 3 of SAC.

4.      Defendants admit the allegations in paragraph 4 of the SAC.

5.      Defendants admit that BofI reported total deposits of $5.2 billion and a total loan portfolio at $5.715 billion (as of December 31, 2015).  Defendants further admit that BofI's earnings were $20.6 million for the fiscal year ending June 30, 2011 and increased to $82.7 million for the fiscal year ending June 30, 2015. Defendants respectfully refer the Court to BofI's publicly filed financial statements for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 5 of the SAC.

6.      Defendants admit that BofI became a publicly traded company in 2005 and that it had an initial public offering price of $11.50 per share on a pre-split basis. Defendants further admit that BofI stock traded as high as $142.54 per share on a pre-split basis during the putative class period, and that $142.54 is more than

1,100% above $11.50.  Defendants also admit that, on November 18, 2015, BofI completed a forward 4:1 stock split.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 6 of the SAC.

7.    Defendants deny the allegations in paragraph 7 of the SAC.

8.    The allegations in paragraph 8 of the SAC were dismissed pursuant to the Court's May 23, 2017 Order Granting in Part Defendants' Motion to Dismiss the SAC (the "May 23 Order") and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 8 of the SAC.

9.    The allegations in paragraph 9 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 9 of the SAC.

10.    The allegations in paragraph 10 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 10 of the SAC.

11.    The allegations in paragraph 11 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 11 of the SAC.

12.    The allegations in paragraph 12 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 12 of the SAC.

13.    The allegations in paragraph 13 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 13 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 13 of the SAC.

14.     The allegations in paragraph 14 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 14 of the SAC.

15.     The allegations in paragraph 15 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 15 of the SAC.

16.     The allegations in paragraph 16 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 16 of the SAC.

17.     The allegations in paragraph 17 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 17 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 17 of the SAC.

18.     The allegations in paragraph 18 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 18 of the SAC.

19.     The allegations in paragraph 19 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 19 of the SAC.

20.     The allegations in paragraph 20 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that on October 13, 2015, *The New York Times* reported that Charles Matthew Erhart ("Erhart"), a former internal auditor at BofI, had filed an action against BofI for purportedly violating federal laws

designed to protect whistleblowers. Defendants respectfully refer the Court to Erhart's complaint and the October 13, 2015 article in *The New York Times* for the full contents thereof. Except as expressly admitted, defendants deny the allegations in paragraph 20 of the SAC.

21. The allegations in paragraph 21 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit that BofI's stock price closed at $24.78 per share on October 14, 2015. Except as expressly admitted, defendants deny the allegations in paragraph 21 of the SAC.

22. Defendants deny the allegations in paragraph 22 of the SAC.

23. To the extent that paragraph 23 purports to allege what BofI's investors purportedly "believed," defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation. Defendants deny the remaining allegations in paragraph 23 of the SAC.

24. To the extent that paragraph 24 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. Defendants deny the remaining allegations in paragraph 24 of the SAC.

25. Paragraph 25 contains a legal conclusion or legal conclusions to which defendants need not respond. Defendants respectfully refer the Court to its September 7, 2016 Order on Defendants' motion to dismiss (Dkt. # 64) for the full contents thereof. To the extent a response is required, defendants deny the allegations in paragraph 25 of the SAC.

26.   To the extent that paragraph 26 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5, 17 C.F.R. § 240.10b-5.

27.   To the extent that paragraph 27 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to invoke the Court's jurisdiction pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

28.   To the extent that paragraph 28 of the SAC contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to invoke this Court's venue pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa.  Defendants further admit that BofI's headquarters is located in San Diego, California.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 28 of the SAC.

29.   Defendants deny the allegations in paragraph 29 of the SAC.

30.   Defendants admit that the Court appointed the Houston Municipal Employees Pension System as the lead plaintiff in this action.  Defendants further admit that lead plaintiff filed a certification stating that it purchased BofI common stock during the putative class period.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 30 of the SAC.

31.   Defendants admit that BofI was founded in 1999 and that its headquarters is located at 4350 La Jolla Village Drive, Suite 140, San Diego, California, 92122.  Defendants further admit that BofI is the holding company for BofI Federal Bank, a federally chartered savings association, and that BofI provides consumer and business banking products, including deposit accounts and financing, through distribution channels and affinity groups.  Defendants also admit that BofI offers various types of consumer and business checking, savings, certificates of

deposit, and other deposit accounts through retail distribution channels, including websites and online advertising promoting BofI's brands, such as "Bank of Internet and "Bank X," a call center of salespeople, financial advisory firms that introduce their clients, and affinity groups that provide access to their members.  Defendants also admit that, as of December 31, 2015, BofI held $5.2 billion in deposits.  Except as expressly admitted, defendants deny the allegations in paragraph 31 of SAC.

32.     Defendants admit that, as of December 31, 2015, BofI's loan portfolio totaled $5.715 billion, consisting of $3.37 billion in single-family secured mortgages, $1.20 billion in multi-family secured mortgages, and $281.1 million in C&I loans.  Defendants further admit that BofI offers the various types of consumer and business loans described in paragraph 32 of the SAC.

33.     The allegations in paragraph 33 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit the allegations in paragraph 33 of the SAC.

34.     Defendants admit the allegations in paragraph 34 of the SAC.

35.     Defendants admit that Garrabrants has served as BofI's President, CEO and Director throughout the putative class period.  Defendants further admit that Garrabrants has served on BofI's Asset and Liability Committee and the Directors Credit Committee.  Defendants also admit that Garrabrants previously served as a Senior Vice President at IndyMac Bancorp., Inc., where he led the corporate business development group responsible for mergers and acquisitions, joint ventures, and strategic alliances.  Defendants admit that Garrabrants previously worked as an investment banker at Goldman Sachs & Co. and as a management consultant at McKinsey & Company.  In addition, Defendants admit that Garrabrants is an attorney and a member of the State Bar of California, has a Master's of Business Administration Degree, and is a Chartered Financial Analyst. To the extent that paragraph 35 sets forth allegations concerning other financial institutions, defendants lack knowledge or information sufficient to form a belief as

to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 35 of the SAC.

36.     Defendants admit that Andrew J. Micheletti ("Micheletti") has served as the Company's Executive Vice President and Chief Financial Officer throughout the putative class period.  Defendants further admit that Micheletti previously served as Vice President—Finance for TeleSpectrum Worldwide, Inc., an international provider of outsourced telephone and Internet services to large companies.  Defendants also admit that Micheletti previously served as Vice President, Controller of Financial Reporting at Imperial Savings Association, where he started as internal auditor and was eventually promoted to Controller.  In addition, Micheletti worked as an auditor at Deloitte & Touche LLP and is a Certified Public Accountant (inactive) in the State of California and has held various NASD securities licenses.  To the extent that paragraph 36 sets forth allegations concerning other financial institutions and/or businesses, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 36 of the SAC.

37.     Defendants admit the allegations in paragraph 37 of the SAC.

38.     Defendants admit the allegations in paragraph 38 of the SAC.

39.     Defendants admit the allegations in paragraph 39 of the SAC.

40.     Defendants admit the allegations in paragraph 40 of the SAC.

41.     Defendants deny the allegations in paragraph 41 of the SAC.

42.     Defendants deny the allegations in paragraph 42 of the SAC.

43.     Defendants deny the allegations in paragraph 43 of the SAC.

44.     Defendants admit that, between fiscal 2011 and 2015, BofI's total deposits increased from $1.34 billion to $4.45 billion and that its total loan portfolio increased from $1.33 billion to $4.98 billion.  Defendants further admit that,

between fiscal 2011 and 2015, BofI's net income increased from $23.2 million to $82.7 million.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 44 of SAC.

45.    Defendants admit that BofI is regulated by the Office of the Comptroller of the Currency (the "OCC"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Reserve, and the SEC.  Defendants deny the remaining allegations in paragraph 45 of SAC.

46.    Defendants deny the allegations in paragraph 46 of the SAC.

47.    Defendants deny the allegations in paragraph 47 of the SAC. Defendants respectfully refer the Court to the transcripts of BofI's August 7, 2014; April 30, 2015; and October 29, 2015 earnings conference calls for the full contents thereof.

48.    Defendants deny the allegations in paragraph 48 of the SAC.

49.    The allegations in paragraph 49 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent paragraph 49 of the SAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 49 of the SAC.

50.    The allegations in paragraph 50 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent paragraph 50 of the SAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) and the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act") for the full contents thereof.

51.    The allegations in paragraph 51 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent paragraph 51 of the

SAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) for the full contents thereof.

52.     The allegations in paragraph 52 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent paragraph 52 of the SAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) for the full contents thereof.

53.     The allegations in paragraph 53 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that paragraph 53 contains a 2014 slide purporting to show the LTV eligibility requirements for BofI borrowers to qualify for full documentation adjustable rate mortgages.   Defendants respectfully refer the Court to BofI's SEC filings wherein BofI reports LTV in bands.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 53 of the SAC.

54.     To the extent that paragraph 54 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 54 of the SAC.

55.     To the extent that paragraph 55 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as

expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 55 of the SAC.

56.     To the extent that paragraph 56 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 56 of the SAC.

57.     To the extent that paragraph 57 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 57 of the SAC.

58.     To the extent that paragraph 58 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 58 of the SAC.

59.     The allegations in paragraph 59 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent paragraph 59 of the SAC contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the CFPB's "Regulation Z" (12 C.F.R. § 1026, *et seq.*) for the full contents thereof.   Further, to the extent that paragraph 59 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient

Case No. 3:15-CV-02324-GPC-KSC
ANSWER TO SECOND AMENDED COMPLAINT

to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 59 of the SAC.

60. The allegations in paragraph 60 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 60 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 60 of the SAC.

61. To the extent that paragraph 61 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 61 of the SAC.

62. To the extent that paragraph 62 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 62 of the SAC.

63. To the extent that paragraph 63 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as

expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 63 of the SAC.

64.    To the extent that paragraph 64 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 64 of the SAC.

65.    To the extent that paragraph 65 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 65 of the SAC.

66.    To the extent that paragraph 66 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 66 of the SAC.

67.    To the extent that paragraph 67 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 67 of the SAC.

68.    To the extent that paragraph 68 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack

SMRH:483036982.3

1  knowledge or information sufficient to form a belief as to the truth of those
2  allegations, and on that basis deny each and every such allegation.   Except as
3  expressly denied for lack of knowledge or information, defendants deny the
4  remaining allegations in paragraph 68 of the SAC.

5       69.   The allegations in paragraph 69 of the SAC were dismissed pursuant to
6  the Court's May 23 Order and thus, no response is required.   To the extent a
7  response is required, defendants deny the allegations in paragraph 69 of the SAC.

8       70.   The allegations in paragraph 70 of the SAC were dismissed pursuant to
9  the Court's May 23 Order and thus, no response is required.   To the extent a
10 response is required, defendants answer as follows: to the extent that paragraph 70
11 sets forth allegations concerning the statements of a *Bloomberg* article and the
12 purported business activities of OnDeck, defendants lack knowledge or information
13 sufficient to form a belief as to the truth of those allegations, and on that basis deny
14 each and every such allegation.   Except as expressly denied for lack of knowledge
15 or information, defendants deny the remaining allegations in paragraph 70 of the
16 SAC.

17      71.   The allegations in paragraph 71 of the SAC were dismissed pursuant to
18 the Court's May 23 Order and thus, no response is required.   To the extent a
19 response is required, defendants answer as follows: to the extent that paragraph 71
20 sets forth allegations concerning a prospectus that OnDeck filed with the SEC,
21 defendants lack knowledge or information sufficient to form a belief as to the truth
22 of those allegations, and on that basis deny each and every such allegation.
23 Defendants respectfully refer the Court to OnDeck's prospectus for the full contents
24 thereof.   Except as expressly denied for lack of knowledge or information,
25 defendants deny the remaining allegations in paragraph 71 of the SAC.

26      72.   The allegations in paragraph 72 of the SAC were dismissed pursuant to
27 the Court's May 23 Order and thus, no response is required.   To the extent a
28 response is required, defendants answer as follows: to the extent that paragraph 72

1  sets forth allegations concerning statements made by the OCC, defendants lack
2  knowledge or information sufficient to form a belief as to the truth of those
3  allegations, and on that basis deny each and every such allegation.  Defendants
4  respectfully refer the Court to the OCC's published statements for the full contents
5  thereof.   Except as expressly denied for lack of knowledge or information,
6  defendants deny the remaining allegations in paragraph 72 of the SAC.

7       73.    The allegations in paragraph 73 of the SAC were dismissed pursuant to
8  the Court's May 23 Order and thus, no response is required.   To the extent a
9  response is required, defendants answer as follows: to the extent that paragraph 73
10 sets forth allegations concerning statements made by the OCC, defendants lack
11 knowledge or information sufficient to form a belief as to the truth of those
12 allegations, and on that basis deny each and every such allegation.   Defendants
13 respectfully refer the Court to the OCC's published statements for the full contents
14 thereof.   Except as expressly denied for lack of knowledge or information,
15 defendants deny the remaining allegations in paragraph 73 of the SAC.

16      74.    The allegations in paragraph 74 of the SAC were dismissed pursuant to
17 the Court's May 23 Order and thus, no response is required.   To the extent a
18 response is required, defendants answer as follows: to the extent that paragraph 74
19 sets forth allegations concerning statements made by the OCC, defendants lack
20 knowledge or information sufficient to form a belief as to the truth of those
21 allegations, and on that basis deny each and every such allegation Defendants
22 respectfully refer the Court to the OCC's published statements for the full contents
23 thereof.   Except as expressly denied for lack of knowledge or information,
24 defendants deny the remaining allegations in paragraph 74 of the SAC.

25      75.    The allegations in paragraph 75 of the SAC were dismissed pursuant to
26 the Court's May 23 Order and thus, no response is required.   To the extent a
27 response is required, defendants answer as follows: to the extent paragraph 75 of the
28 SAC contains a legal conclusion or legal conclusions, defendants need not respond.

Defendants respectfully refer the Court to the decision in *Madden v. Midland Funding,* 786 F.3d 246 (2d Cir. 2015) for the full contents thereof.  In addition, to the extent that paragraph 73 sets forth allegations concerning the statements of purported media sources, the purported business activities of OnDeck, and purported statements by OnDeck, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 75 of the SAC.

76.     The allegations in paragraph 76 of the SAC concerning OnDeck's SEC filings and business activities were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of allegations concerning OnDeck's SEC filings and business activities, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to OnDeck's SEC filings for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 76 of the SAC.

77.     The allegations in paragraph 77 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 77 of the SAC.  Defendants respectfully refer the Court to the transcript of BofI's July 30, 2015 earnings conference call for the full contents thereof.

78.     The allegations in paragraph 78 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 78 sets forth allegations concerning Quick Bridge's supposed statements on its website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.

SMRH:483036982.3

Defendants respectfully refer the Court to Quick Bridge's website for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 78 of the SAC.

79.     The allegations in paragraph 79 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 79 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 79 of the SAC.

80.     The allegations in paragraph 80 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 80 sets forth allegations concerning plaintiff counsel's supposed review financing statements and court dockets, Quick Bridge's financing statements, and Quick Bridge's business activities, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to Quick Bridge's UCC Financing Statements for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 80 of the SAC.

81.     The allegations in paragraph 81 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 81 of the SAC.

82.     To the extent that paragraph 82 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted

SMRH:483036982.3

short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 82 of the SAC.

83. The allegations in paragraph 83 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants lack knowledge or information concerning plaintiff counsel's supposed review Quick Bridge loans, the terms of a series of supposed Quick Bridge loans, the status of a collections action initiated by Quick Bridge, and Quick Bridge's business activities sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to the Business Loan Agreement referred to in the *Seeking Alpha* article referenced in paragraph 83 for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 83 of the SAC.

84. The allegations in paragraph 84 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 84 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants further deny that the chart set forth in paragraph 84 shows that loans originated by BofI are "non-performing." Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 84 of the SAC.

85.     The allegations in paragraph 85 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 85 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the Bulk Assignment allegedly referenced in the *Seeking Alpha* article referenced in paragraph 85 for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 85 of the SAC.

86.     The allegations in paragraph 86 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI has provided secured financing to WCL Holdings, LLC ("WCL").   Defendants further admit that BofI has filed UCC Financing Statements in connection with its secured loans to WCL.   To the extent that paragraph 86 sets forth allegations concerning plaintiff counsel's supposed review of various UCC Financing Statements, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 86 for the full contents thereof.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 86 of the SAC.

87.     The allegations in paragraph 87 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 87 of the SAC.

88.     The allegations in paragraph 88 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

1  response is required, defendants answer as follows: to the extent that paragraph 88
2  sets forth allegations concerning RCN's business practices and supposed statements
3  on its website, defendants lack knowledge or information sufficient to form a belief
4  as to the truth of those allegations, and on that basis deny each and every such
5  allegation.  Defendants respectfully refer the Court to RCN's website for the full
6  contents thereof.  Except as expressly denied for lack of knowledge or information,
7  defendants deny the remaining allegations in paragraph 88 of the SAC.

8      89.  The allegations in paragraph 89 of the SAC were dismissed pursuant to
9  the Court's May 23 Order and thus, no response is required.  To the extent a
10  response is required, defendants deny the allegations in paragraph 89 of the SAC.
11  Defendants respectfully refer the Court to the UCC Financing Statements referenced
12  in paragraph 89 for the full contents thereof.

13     90.  The allegations in paragraph 90 of the SAC were dismissed pursuant to
14  the Court's May 23 Order and thus, no response is required.  To the extent a
15  response is required, defendants answer as follows: to the extent that paragraph 90
16  sets forth allegations concerning Center Street's business practices and supposed
17  statements on its website, defendants lack knowledge or information sufficient to
18  form a belief as to the truth of those allegations, and on that basis deny each and
19  every such allegation.  Defendants respectfully refer the Court to Center Street's
20  website for the full contents thereof.  Except as expressly denied for lack of
21  knowledge or information, defendants deny the remaining allegations in paragraph
22  90 of the SAC.

23     91.  The allegations in paragraph 91 of the SAC were dismissed pursuant to
24  the Court's May 23 Order and thus, no response is required.  To the extent a
25  response is required, defendants answer as follows: to the extent that paragraph 91
26  sets forth allegations concerning anonymous statements by and/or the results of
27  purported investigations of admitted short-sellers of BofI stock posted in the *Seeking
28  Alpha* blog and the supposed business activities of Center Street, defendants lack

knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 91 of the SAC.

92.    The allegations in paragraph 92 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 92 of the SAC. Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 92 for the full contents thereof.

93.    The allegations in paragraph 93 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 93 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

94.    The allegations in paragraph 94 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's Form 10-Q for the quarter ending December 31, 2015 does not expressly identify Center Street, and allege affirmatively that it had no duty to identify Center Street in said filing.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 94 of the SAC.

95.    The allegations in paragraph 95 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that Grinberg is Chairman of BofI's Audit Committee and Compensation Committee, and a member of BofI's Nominating Committee.   Defendants further admit that Grinberg is a Group Executive, International and Corporate Development at Encore Capital.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 95 of the SAC.

96.     The allegations in paragraph 96 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 96 of the SAC.

97.     The allegations in paragraph 97 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 97 of the SAC. Defendants respectfully refer the Court to the UCC Financing Statements and the Term Loan Facility referenced in paragraph 97 for the full contents thereof.

98.     The allegations in paragraph 98 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 98 sets forth allegations concerning Encore Capital's financial statements and business practices, defendants respectfully refer the Court to Encore Capital's financial statements and SEC filings for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 98 of the SAC.

99.     The allegations in paragraph 99 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 99 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 99 of the SAC.

100.   The allegations in paragraph 100 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 100 of the SAC, and allege affirmatively that the financial performance of BofI Properties is included within and reflected in the consolidated financial statements of BofI.

101.   The allegations in paragraph 101 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 101 of the SAC.

102.   The allegations in paragraph 102 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 102 of the SAC.

103.   The allegations in paragraph 103 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 103 of the SAC.

104.   The allegations in paragraph 104 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 104 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the General Warranty Deed referenced in paragraph 104 for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 104 of the SAC.

105.   The allegations in paragraph 105 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 105 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such

allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 105 of the SAC.

106.   The allegations in paragraph 106 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 106 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the Mortgage, Assignment of Rents, Security Agreement and Fixture filing referenced in paragraph 106 for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 106 of the SAC.

107.   The allegations in paragraph 107 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 107 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 107 of the SAC.

108.   The allegations in paragraph 108 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 108 of the SAC.

109.   The allegations in paragraph 109 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

response is required, defendants answer as follows: to the extent that paragraph 109 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants admit that the quoted text appears in BofI's 2015 Form 10-K. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 109 of the SAC.

110.   The allegations in paragraph 110 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that BofI's December 31, 2015 Form 10-Q reported factoring contracts totaling $143.896 million.  Defendants respectfully refer the Court to BofI's financial statements for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 110 of the SAC.

111.   The allegations in paragraph 111 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 111 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Certificates of Formation referenced in paragraph 111 for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 111 of the SAC.

112.   The allegations in paragraph 112 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 112 sets forth allegations concerning anonymous statements by and/or the results of

purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog and the business operations of Stone Street Capital, LLC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 112 for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 112 of the SAC.

113.   The allegations in paragraph 113 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 113 of the SAC.

114.   The allegations in paragraph 114 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 114 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 114 of the SAC.

115.   The allegations in paragraph 115 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 115 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the Bank Secrecy Act ("BSA") the FDIC's Risk Management Manual of Examination Policies ("FDIC Manual") for the full contents thereof.  Defendants deny the remaining allegations in paragraph 115 of the SAC.

116.   The allegations in paragraph 116 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 116 contains a legal conclusion or legal conclusions, defendants need not respond.

1  Defendants respectfully refer the Court to the Patriot Act for the full contents

2  thereof.  Defendants deny the remaining allegations in paragraph 116 of the SAC.

3      117.   The allegations in paragraph 117 of the SAC were dismissed pursuant

4  to the Court's May 23 Order and thus, no response is required.  To the extent a

5  response is required, defendants answer as follows: to the extent that paragraph 117

6  contains a legal conclusion or legal conclusions, defendants need not respond.

7  Defendants respectfully refer the Court to the FDIC Manual for the full contents

8  thereof.  Defendants deny the remaining allegations in paragraph 117 of the SAC.

9      118.   The allegations in paragraph 118 of the SAC were dismissed pursuant

10  to the Court's May 23 Order and thus, no response is required.  To the extent a

11  response is required, defendants answer as follows: to the extent that paragraph 118

12  contains a legal conclusion or legal conclusions, defendants need not respond.

13  Defendants respectfully refer the Court to the FDIC Manual for the full contents

14  thereof.  Defendants deny the remaining allegations in paragraph 118 of the SAC.

15      119.   The allegations in paragraph 119 of the SAC were dismissed pursuant

16  to the Court's May 23 Order and thus, no response is required.  To the extent a

17  response is required, defendants answer as follows: to the extent that paragraph 119

18  contains a legal conclusion or legal conclusions, defendants need not respond.

19  Defendants respectfully refer the Court to the FDIC Manual for the full contents

20  thereof.  Defendants deny the remaining allegations in paragraph 119 of the SAC.

21      120.   The allegations in paragraph 120 of the SAC were dismissed pursuant

22  to the Court's May 23 Order and thus, no response is required.  To the extent a

23  response is required, defendants answer as follows: to the extent that paragraph 120

24  contains a legal conclusion or legal conclusions, defendants need not respond.

25  Defendants respectfully refer the Court to the FDIC Manual for the full contents

26  thereof.  Defendants deny the remaining allegations in paragraph 120 of the SAC.

27      121.   The allegations in paragraph 121 of the SAC were dismissed pursuant

28  to the Court's May 23 Order and thus, no response is required.  To the extent a

response is required, defendants answer as follows: to the extent that paragraph 121 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the FDIC Manual and the Bank Secrecy Act/Anti-Money Laundering Examination Manual ("FFIEC Manual") for the full contents thereof.  Defendants deny the remaining allegations in paragraph 121 of the SAC.

122.   The allegations in paragraph 122 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 122 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the FDIC's Rules and Regulations for the full contents thereof.  Defendants deny the remaining allegations in paragraph 122 of the SAC.

123.   The allegations in paragraph 123 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 123 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the regulations of the Office of Foreign Assets Control for the full contents thereof.   Defendants deny the remaining allegations in paragraph 123 of the SAC.

124.   The allegations in paragraph 124 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 124 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the regulations of the Office of Foreign Assets Control for the full contents thereof.   Defendants deny the remaining allegations in paragraph 124 of the SAC.

125. To the extent that paragraph 125 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 125 of the SAC.

126. To the extent that paragraph 126 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 126 of the SAC.

127. The allegations in paragraph 127 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 127 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

128. The allegations in paragraph 128 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 128 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

129. The allegations in paragraph 129 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 129 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

SMRH:483036982.3

130.   The allegations in paragraph 130 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that BofI's 2015 Form 10-K disclosed that BofI's provides card issuing and bank identification number ("BIN") sponsorship services to companies who have developed payroll, general purpose reloadable, incentive and gift card programs serving consumers.  Defendants further admit that BofI disclosed $6.85 million in "Banking service fees and other income[,]" which includes income from prepaid card sponsors.  Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof. Except as expressly admitted, defendants deny the remaining allegations in paragraph 130 of the SAC.

131.   The allegations in paragraph 131 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 131 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

132.   The allegations in paragraph 132 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 132 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

133.   The allegations in paragraph 133 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 133 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

134.   The allegations in paragraph 134 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a

response is required, defendants deny the allegations in paragraph 134 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

135.   The allegations in paragraph 135 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 135 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 135 of the SAC.

136.   The allegations in paragraph 136 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 136.   Defendants further allege that the former BofI employee identified as CW 6 has contradicted, under oath, the allegations attributed to him in paragraph 136 of the SAC.

137.   The allegations in paragraph 137 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 137 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 137 of the SAC.

138.   The allegations in paragraph 138 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

response is required, defendants answer as follows: to the extent that paragraph 138 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 138 of the SAC.

139.   The allegations in paragraph 139 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 139 contains a legal conclusion or legal conclusions, defendants need not respond.   To the extent that paragraph 139 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 139 of the SAC.

140.   The allegations in paragraph 140 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants have insufficient information to admit or deny the allegations in paragraph 140 and, on that basis, deny the allegations in paragraph 140 of the SAC.

141.   The allegations in paragraph 141 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants have insufficient information to admit or deny the allegations in paragraph 141 and, on that basis, deny the allegations in paragraph 141 of the SAC.

142.   The allegations in paragraph 142 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 142 of the SAC.

143.   The allegations in paragraph 143 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 143 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the Flood Disaster Protection Act ("FDPA") and the National Flood Insurance Program ("NFIP") for the full contents thereof.  Defendants deny the remaining allegations in paragraph 143 of the SAC.

144.   The allegations in paragraph 144 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 144 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the FDPA for the full contents thereof. Defendants deny the remaining allegations in paragraph 144 of the SAC.

145.   The allegations in paragraph 145 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 145 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to the FDPA for the full contents thereof. Defendants deny the remaining allegations in paragraph 145 of the SAC.

146.   The allegations in paragraph 146 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 146 of the SAC.

147.   The allegations in paragraph 147 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 147 of the SAC.

148.   The allegations in paragraph 148 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 148 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 148 of the SAC.

149.   The allegations in paragraph 149 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 149 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 149 of the SAC.

150.   The allegations in paragraph 150 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 150 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 150 of the SAC.

151.   The allegations in paragraph 151 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 151 of the SAC.

152.   The allegations in paragraph 152 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent that paragraph 152 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the OCC's Comptroller's Handbook on Allowance for Loan and Lease Losses (the "ALLL Handbook") for the full contents thereof.   To the extent a response is required, defendants deny the remaining allegations in paragraph 152 of the SAC.

153.   The allegations in paragraph 153 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent that paragraph 153 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants respectfully refer the Court to the ALLL Handbook for the full contents thereof.   To the extent a response is required, defendants deny the remaining allegations in paragraph 153 of the SAC.

154.   The allegations in paragraph 154 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit paragraph 154 of the SAC.   Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

155.   The allegations in paragraph 155 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI reported that its ALL was $28.327 million in its 2015 Form 10-K and was $18.373 million in its 2014 Form 10-K.   To the extent that paragraph 155 purports to quote BofI, but does not identify the source, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.

Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 155 of the SAC.

156.   The allegations in paragraph 156 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants lack knowledge or information concerning the supposed contents of FFIEC's Uniform Bank Performance Reports sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to FFIEC's Uniform Bank Performance Reports for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 156 of the SAC.

157.   The allegations in paragraph 157 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 157 of the SAC.

158.   The allegations in paragraph 158 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 158 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 158 of the SAC.

159.   The allegations in paragraph 159 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 159 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to 12 C.F.R. § 30.2 and its Appendix for the full contents thereof.   Defendants deny the remaining allegations in paragraph 159 of the SAC.

160.   The allegations in paragraph 160 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

response is required, defendants answer as follows: to the extent that paragraph 160 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to 12 C.F.R. § 363 for the full contents thereof.  Defendants deny the remaining allegations in paragraph 160 of the SAC.

161.   The allegations in paragraph 161 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 161 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to Section 13 of the Exchange Act and 15 U.S.C. § 78m for the full contents thereof.   Defendants deny the remaining allegations in paragraph 161 of the SAC.

162.   To the extent that paragraph 162 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 162 of the SAC.

163.   To the extent that paragraph 163 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 163 of the SAC.

164.   The allegations in paragraph 164 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 164 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient

to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 164 of the SAC.

165.   The allegations in paragraph 165 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 165.   Defendants further allege that the former BofI employee identified as CW 8 has contradicted, under oath, the allegations attributed to him in paragraph 165 of the SAC.

166.   To the extent that paragraph 166 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 166 of the SAC.

167.   The allegations in paragraph 167 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 167 of the SAC.

168.   The allegations in paragraph 168 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 168 sets forth allegations concerning a purported interpretation of the Comptroller's Handbook on Internal and External Audits (the "Audit Handbook"), defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the Audit Handbook for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 168 of the SAC.

169.   The allegations in paragraph 169 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 169 sets forth allegations concerning a purported interpretation of the Audit Handbook, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to the Audit Handbook for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 169 of the SAC.

170.   The allegations in paragraph 170 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 170 sets forth allegations concerning a purported interpretation of the Audit Handbook, SOX, the Exchange Act, and the OCC's Regulations, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the Audit Handbook, SOX, the Exchange Act, and the OCC's Regulations for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 170 of the SAC.

171.   The allegations in paragraph 171 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 171 sets forth allegations concerning a purported interpretation of the Audit Handbook and the OCC audit role, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the Audit Handbook for the full contents thereof.   Except as expressly denied for lack of

knowledge or information, defendants deny the remaining allegations in paragraph 171 of the SAC.

172. The allegations in paragraph 172 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 172 sets forth allegations concerning statements on the FDIC's website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to the FDIC's website for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 172 of the SAC.

173. The allegations in paragraph 173 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit that BofI's Audit Committee is composed of Grinberg, Argalas and Mosich. Except as expressly admitted, defendants deny the remaining allegations in paragraph 173 of the SAC.

174. The allegations in paragraph 174 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 174 of the SAC. Defendants respectfully refer the Court to Erhart's declaration for the full contents thereof.

175. The allegations in paragraph 175 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 175 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or

information, defendants deny the remaining allegations in paragraph 175 of the SAC.

176. The allegations in paragraph 176 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 176 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 176 of the SAC.

177. The allegations in paragraph 177 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 177 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel and read in Erhart's purported whistleblower complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 177 of the SAC.

178. The allegations in paragraph 178 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 178 of the SAC.

179. The allegations in paragraph 179 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 179 of the SAC.

180. The allegations in paragraph 180 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a

response is required, defendants answer as follows: to the extent that paragraph 180 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to Regulation O for the full contents thereof. Defendants deny the remaining allegations in paragraph 180 of the SAC.

181.   The allegations in paragraph 181 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 181 of the SAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.

182.   The allegations in paragraph 182 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 182 of the SAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.

183.   The allegations in paragraph 183 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit the allegations in paragraph 183 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

184.   The allegations in paragraph 184 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 184 of the SAC.

185.   The allegations in paragraph 185 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 185 sets forth allegations concerning supposed statements on the CFPB's website, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.

Defendants respectfully refer the Court to the CFPB's website for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 185 of the SAC.

186.   The allegations in paragraph 186 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI has advertised "Conventional, FHA, VA and Jumbo loan products" on its website during the putative class period. Defendants respectfully refer the Court to BofI's website and BofI's financial statements during the putative class period for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 186 of the SAC.

187.   The allegations in paragraph 187 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that Grinberg is the Chairman of BofI's Audit Committee.   Defendants further admit that, on October 29, 2012, Grinberg obtained a $2.192 million loan from BofI and that the Deed of Trust contained a Balloon Rider.   Defendants respectfully refer the Court the October 29, 2012 Deed of Trust referenced in paragraph 187 for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 187 of the SAC.

188.   The allegations in paragraph 188 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 188 of the SAC.

189.   The allegations in paragraph 189 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that Thomas Constantine obtained a loan from BofI in the amount of $648,000 with a balloon rider.   To the extent that paragraph 189 sets forth allegations concerning anonymous statements by and/or the

results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 189 of the SAC.

190.   The allegations in paragraph 190 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 190 sets forth allegations concerning anonymous statements and summaries by admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 190 of the SAC.

191.   The allegations in paragraph 191 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit allegations in paragraph 191 of the SAC.

192.   The allegations in paragraph 192 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 192 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants respectfully refer the Court to 12 C.F.R. § 229.404 for the full contents thereof.  Defendants deny the remaining allegations in paragraph 192 of the SAC.

193.   The allegations in paragraph 193 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 193 contains a legal conclusion or legal conclusions, defendants need not respond.

Defendants respectfully refer the Court to 12 C.F.R. § 229.404 for the full contents thereof. Defendants deny the remaining allegations in paragraph 193 of the SAC.

194. The allegations in paragraph 194 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 194 sets forth allegations concerning a supposed interpretation of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to the ASC for the full contents thereof. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 194 of the SAC.

195. The allegations in paragraph 195 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 195 contains a legal conclusion or legal conclusions, defendants need not respond. Defendants deny the remaining allegations in paragraph 195 of the SAC.

196. The allegations in paragraph 196 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit that Grinberg is Group Executive, Internal and Corporate Development at Encore Capital and was formerly Chief Financial Officer at Encore Capital. To the extent that paragraph 196 sets forth allegations concerning the business practices and Financial Statements of Propel Tax and Encore Capital, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to Encore Capital's financial statements for the full contents thereof. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 196 of the SAC.

197.   The allegations in paragraph 197 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 197 sets forth allegations concerning the Financial Statements of Propel Tax and Encore Capital, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Defendants respectfully refer the Court to Encore Capital's financial statements for the full contents thereof. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 197 of the SAC.

198.   The allegations in paragraph 198 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 198 of the SAC.

199.   The allegations in paragraph 199 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 199 sets forth allegations concerning a supposed interpretation of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the ASC for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 199 of the SAC.

200.   The allegations in paragraph 200 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 200 sets forth allegations concerning sections of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court

to the ASC for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 200 of the SAC.

201.   The allegations in paragraph 201 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 201 sets forth allegations concerning sections of the ASC, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the ASC for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 201 of the SAC.

202.   The allegations in paragraph 202 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that Grinberg is Chairman of BofI's Audit Committee and Compensation Committee, and is a member of BofI's Nominating Committee.  To the extent that paragraph 202 contains a legal conclusion or legal conclusions, defendants need not respond.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 202 of the SAC.

203.   The allegations in paragraph 203 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that Grinberg previously served as the Chief Financial Officer at Encore Capital.  To the extent that paragraph 203 contains a legal conclusion or legal conclusions, defendants need not respond.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 203 of the SAC.

204.   The allegations in paragraph 204 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a

1  response is required, defendants answer as follows: to the extent that paragraph 204
2  contains a legal conclusion or legal conclusions, defendants need not respond.
3  Defendants deny the remaining allegations in paragraph 204 of the SAC.

4      205.   The allegations in paragraph 205 of the SAC were dismissed pursuant
5  to the Court's May 23 Order and thus, no response is required.  To the extent a
6  response is required, defendants answer as follows: to the extent that paragraph 205
7  contains a legal conclusion or legal conclusions, defendants need not respond.
8  Defendants deny the remaining allegations in paragraph 205 of the SAC.

9      206.   The allegations in paragraph 206 of the SAC were dismissed pursuant
10 to the Court's May 23 Order and thus, no response is required.  To the extent a
11 response is required, defendants answer as follows: to the extent that paragraph 206
12 contains a legal conclusion or legal conclusions, defendants need not respond.
13 Defendants deny the remaining allegations in paragraph 206 of the SAC.

14     207.   The allegations in paragraph 207 of the SAC were dismissed pursuant
15 to the Court's May 23 Order and thus, no response is required.  To the extent a
16 response is required, defendants answer as follows: to the extent that paragraph 207
17 contains a legal conclusion or legal conclusions, defendants need not respond.  To
18 the extent that paragraph 207 sets forth allegations concerning the background of an
19 unidentified BofI employee, defendants lack knowledge or information sufficient to
20 form a belief as to the truth of those allegations, and on that basis deny each and
21 every such allegation.  Except as expressly denied for lack of knowledge or
22 information, defendants deny the remaining allegations in paragraph 207 of the
23 SAC.

24     208.   The allegations in paragraph 208 of the SAC were dismissed pursuant
25 to the Court's May 23 Order and thus, no response is required.  To the extent a
26 response is required, defendants answer as follows: to the extent that paragraph 208
27 contains a legal conclusion or legal conclusions, defendants need not respond.
28 Defendants respectfully refer the Court to Section 19 of the FDIA for the full

contents thereof.  Defendants deny the remaining allegations in paragraph 208 of the SAC.

209.   The allegations in paragraph 209 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 209 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants respectfully refer the Court to Section 19 of the FDIA for the full contents thereof.  Defendants deny the remaining allegations in paragraph 209 of the SAC.

210.   The allegations in paragraph 210 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 210 sets forth allegations concerning the background of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 210 of the SAC.

211.   The allegations in paragraph 211 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 211 sets forth allegations concerning the background of an unidentified BofI employee and the supposed statements of a former BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 211 of the SAC.

212.   The allegations in paragraph 212 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a

response is required, defendants answer as follows: to the extent that paragraph 212 sets forth allegations concerning the background of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 212 of the SAC.

213.   The allegations in paragraph 213 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 213 sets forth allegations concerning the background of an unidentified BofI employee and the supposed statements of a former BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 213 of the SAC.

214.   The allegations in paragraph 214 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 214 sets forth allegations concerning the background of an unidentified BofI employee and the supposed statements of a former BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 214 of the SAC.

215.   The allegations in paragraph 215 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 215 sets forth allegations concerning anonymous statements by and/or the results of

purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the motion to vacate the pleas referenced in paragraph 215 for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 215 of the SAC.

216.   The allegations in paragraph 216 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 216 contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent that paragraph 216 sets forth allegations concerning the background and actions of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 216 of the SAC.

217.   The allegations in paragraph 217 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 217 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 217 of the SAC.

218.   The allegations in paragraph 218 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a

response is required, defendants deny the allegations in paragraph 218 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

219.   The allegations in paragraph 219 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 219 of the SAC.

220.   The allegations in paragraph 220 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that the quoted text appears in the transcript of BofI's October 14, 2015 conference call.   Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 220 of the SAC.

221.   The allegations in paragraph 221 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 221 of the SAC.

222.   The allegations in paragraph 222 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the remaining allegations in paragraph 222 of the SAC.   Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

223.   The allegations in paragraph 223 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 223 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such

allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 223 of the SAC.

224.   The allegations in paragraph 224 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 224 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 224 of the SAC.

225.   The allegations in paragraph 225 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 225 of the SAC. Defendants respectfully refer the Court to the declaration of BofI's forensic investigator filed in support of BofI's motion to file certain documents under seal in *BofI Federal Bank v. Charles Matthew Erhart, et al.* (Case No. 3:15-cv-02353-BAS-NLS) for the full contents thereof.

226.   The allegations in paragraph 226 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 226 of the SAC. Defendants respectfully refer the Court to the declaration of John Tolla filed in support of BofI's motion to file certain documents under seal for the full contents thereof.

227.   The allegations in paragraph 227 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 227 of the SAC.

228.   The allegations in paragraph 228 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 228 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 228 of the SAC.

229.   The allegations in paragraph 229 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 229 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 229 of the SAC.

230.   The allegations in paragraph 230 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 230 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 230 of the SAC.

231.   The allegations in paragraph 231 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 231 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 231 of the SAC.

232.   The allegations in paragraph 232 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 232 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 232 of the SAC.

233.   The allegations in paragraph 233 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 233 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 233 of the SAC.

234.   The allegations in paragraph 234 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 234 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 234 of the SAC.

235.   The allegations in paragraph 235 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 235 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 235 of the SAC.

236.   The allegations in paragraph 236 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 236 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 236 of the SAC.

237.   The allegations in paragraph 237 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 237 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 237 of the SAC.

238.   The allegations in paragraph 238 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 238 sets forth allegations concerning what former employees of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 238 of the SAC.

239.   The allegations in paragraph 239 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 239 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

240.   The allegations in paragraph 240 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 240 of the SAC.

SMRH:483036982.3

Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

241. The allegations in paragraph 241 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 241 of the SAC. Defendants respectfully refer the Court to Erhart's purported whistleblower complaint for the full contents thereof.

242. The allegations in paragraph 242 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 242 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 242 of the SAC.

243. The allegations in paragraph 243 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 243 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 243 of the SAC.

244. The allegations in paragraph 244 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 244

sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 244 of the SAC.

245.   The allegations in paragraph 245 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 245 sets forth allegations concerning what a former employee of BofI purportedly reported to plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 245 of the SAC.

246.   The allegations in paragraph 246 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's 2013 Form 10-K reported net income of $11.13 million, or $0.78 per diluted share for the fiscal quarter ending June 30, 2013.  Defendants further admit that, for fiscal year 2013, BofI reported net income of $40.29 million, or $2.89 per diluted share.  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 246 of the SAC.

247.   The allegations in paragraph 247 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 247 of the SAC.

1  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
2  contents thereof.

3      248.   The allegations in paragraph 248 of the SAC were dismissed pursuant
4  to the Court's May 23 Order and thus, no response is required.   To the extent a
5  response is required, defendants admit the allegations in paragraph 248 of the SAC.
6  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
7  contents thereof.

8      249.   The allegations in paragraph 249 of the SAC were dismissed pursuant
9  to the Court's May 23 Order and thus, no response is required.   To the extent a
10  response is required, defendants admit the allegations in paragraph 249 of the SAC.
11  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
12  contents thereof.

13      250.   Defendants admit the allegations in paragraph 250 of the SAC.
14  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
15  contents thereof.

16      251.   The allegations in paragraph 251 of the SAC were dismissed pursuant
17  to the Court's May 23 Order and thus, no response is required.   To the extent a
18  response is required, defendants deny the allegations in paragraph 251 of the SAC.
19  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
20  contents thereof.

21      252.   The allegations in paragraph 252 of the SAC were dismissed pursuant
22  to the Court's May 23 Order and thus, no response is required.   To the extent a
23  response is required, defendants admit the allegations in paragraph 252 of the SAC.
24  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
25  contents thereof.

26      253.   Defendants admit the allegations in paragraph 253 of the SAC.
27  Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full
28  contents thereof.

254.   Defendants admit the allegations in paragraph 254 of the SAC. Defendants respectfully refer the Court to BofI's 2013 Form 10-K for the full contents thereof.

255.   The allegations in paragraph 255 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 255 of the SAC.

256.   The allegations in paragraph 256 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 256 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

257.   The allegations in paragraph 257 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that the quoted text appears BofI's Q1 2014 Form 10-Q, and deny that paragraph 257 contains an accurate characterization of BofI's Q1 2014 Form 10-Q.   Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

258.   The allegations in paragraph 258 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 258 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

259.   The allegations in paragraph 259 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 259 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

260.   Defendants admit the allegations in paragraph 260 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2014 Form 10-Q for the full contents thereof.

261.   The allegations in paragraph 261 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 261 of the SAC.

262.   The allegations in paragraph 262 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 262 of the SAC. Defendant respectfully refer the Court to BofI's November 5, 2013 for the full contents thereof.

263.   The allegations in paragraph 263 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 263 of the SAC.

264.   Defendants admit that BofI conducted an earnings conference call on November 5, 2013 during which Micheletti discussed the financial results reported in BofI's Q1 2014 Form 10-Q.   To the extent that paragraph 264 sets forth a characterization of the entire November 5, 2013 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 264 of the SAC.

265.   Defendants admit the allegations in paragraph 265 of the SAC. Defendants respectfully refer the Court to the transcript for BofI's November 5, 2013 earnings conference call for the full contents thereof.

266.   Defendants admit the allegations in paragraph 266 of the SAC. Defendants respectfully refer the Court to the transcript for BofI's November 5, 2013 earnings conference call for the full contents thereof.

267.   Defendants admit the allegations in paragraph 267 of the SAC. Defendants respectfully refer the Court to the transcript for BofI's November 5, 2013 earnings conference call for the full contents thereof.

268.   The allegations in paragraph 268 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 268 of the SAC.

269.   The allegations in paragraph 269 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 269 of the SAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

270.   The allegations in paragraph 270 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 270 of the SAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

271.   The allegations in paragraph 271 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 271 of the SAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

272.   The allegations in paragraph 272 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 272 of the SAC. Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full contents thereof.

1   273.  Defendants admit the allegations in paragraph 273 of the SAC.
2   Defendants respectfully refer the Court to BofI's Q2 2014 Form 10-Q for the full
3   contents thereof.

4   274.  The allegations in paragraph 274 of the SAC were dismissed pursuant
5   to the Court's May 23 Order and thus, no response is required.  To the extent a
6   response is required, defendants deny the allegations in paragraph 274 of the SAC.

7   275.  The allegations in paragraph 275 of the SAC were dismissed pursuant
8   to the Court's May 23 Order and thus, no response is required.  To the extent a
9   response is required, defendants admit the allegations in paragraph 275 of the SAC.
10  Defendants respectfully refer the Court to BofI's February 5, 2014 press release for
11  the full contents thereof.

12  276.  The allegations in paragraph 276 of the SAC were dismissed pursuant
13  to the Court's May 23 Order and thus, no response is required.  To the extent a
14  response is required, defendants deny the allegations in paragraph 276 of the SAC.

15  277.  The allegations in paragraph 277 of the SAC were dismissed pursuant
16  to the Court's May 23 Order and thus, no response is required.  To the extent a
17  response is required, defendants admit that BofI conducted an earnings conference
18  call on February 5, 2014 during which Micheletti discussed the financial results
19  reported in BofI's Q2 2014 Form 10-Q.  To the extent that paragraph 277 sets forth
20  a characterization of the entire February 5, 2014 earnings conference call,
21  defendants lack knowledge or information sufficient to form a belief as to the truth
22  of those allegations, and on that basis deny each and every such allegation.  Except
23  as expressly admitted or denied for lack of knowledge or information, defendants
24  deny the remaining allegations in paragraph 277 of the SAC.

25  278.  Defendants admit the allegations in paragraph 278 of the SAC.
26  Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015
27  earnings conference call for the full contents thereof.

28

279.   The allegations in paragraph 279 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 279 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015 earnings conference call for the full contents thereof.

280.   The allegations in paragraph 280 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 280 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015 earnings conference call for the full contents thereof.

281.   The allegations in paragraph 281 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 281 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's February 5, 2015 earnings conference call for the full contents thereof.

282.   The allegations in paragraph 282 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 282 of the SAC.

283.   The allegations in paragraph 283 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 283 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

284.   The allegations in paragraph 284 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 284 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

285.   The allegations in paragraph 285 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 285 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

286.   The allegations in paragraph 286 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 286 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

287.   Defendants admit the allegations in paragraph 287 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2014 Form 10-Q for the full contents thereof.

288.   The allegations in paragraph 288 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 288 of the SAC.

289.   The allegations in paragraph 289 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 289 of the SAC. Defendants respectfully refer the Court to BofI's May 6, 2014 press release for the full contents thereof.

290.   The allegations in paragraph 290 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 290 of the SAC.

291.   The allegations in paragraph 291 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI conducted an earnings conference call on May 6, 2014 during which Micheletti discussed the financial results reported

in BofI's Q3 2014 Form 10-Q.   To the extent that paragraph 291 sets forth a characterization of the entire May 6, 2014 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 291 of the SAC.

292.   Defendants deny the allegations in paragraph 292 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's May 6, 2014 earnings conference call for the full contents thereof.

293.   The allegations in paragraph 293 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 293 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's May 6, 2014 earnings conference call for the full contents thereof.

294.   The allegations in paragraph 294 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 294 of the SAC.

295.   The allegations in paragraph 295 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 295 of the SAC. Defendants respectfully refer the Court to BofI's August 7, 2014 press release for the full contents thereof.

296.   The allegations in paragraph 296 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 296 of the SAC.

297.   The allegations in paragraph 261 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI conducted an earnings conference

call on August 7, 2014 during which Micheletti discussed the financial results reported in BofI's Q4 2014 Form 10-Q.  To the extent that paragraph 297 sets forth a characterization of the entire August 7, 2014 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 297 of the SAC.

298.  Defendants admit the allegations in paragraph 298 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's August 7, 2014 earnings conference call for the full contents thereof.

299.  Defendants deny the allegations in paragraph 299 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's August 7, 2014 earnings conference call for the full contents thereof.

300.  The allegations in paragraph 300 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 300 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's August 7, 2014 earnings conference call for the full contents thereof.

301.  The allegations in paragraph 301 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 301 of the SAC.

302.  The allegations in paragraph 302 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit the allegations in paragraph 302 of the SAC. Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full contents thereof.

303.  The allegations in paragraph 303 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a

1 response is required, defendants admit the allegations in paragraph 303 of the SAC.
2 Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
3 contents thereof.

4      304.   The allegations in paragraph 304 of the SAC were dismissed pursuant
5 to the Court's May 23 Order and thus, no response is required.   To the extent a
6 response is required, defendants admit the allegations in paragraph 304 of the SAC.
7 Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
8 contents thereof.

9      305. Defendants admit the allegations in paragraph 305 of the SAC.
10 Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
11 contents thereof.

12      306.   The allegations in paragraph 306 of the SAC were dismissed pursuant
13 to the Court's May 23 Order and thus, no response is required.   To the extent a
14 response is required, defendants admit the allegations in paragraph 306 of the SAC.
15 Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
16 contents thereof.

17      307.   The allegations in paragraph 307 of the SAC were dismissed pursuant
18 to the Court's May 23 Order and thus, no response is required.   To the extent a
19 response is required, defendants admit the allegations in paragraph 307 of the SAC.
20 Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
21 contents thereof.

22      308.   Defendants admit the allegations in paragraph 308 of the SAC.
23 Defendants respectfully refer the Court to BofI's 2014 Form 10-K for the full
24 contents thereof.

25      309.   The allegations in paragraph 309 of the SAC were dismissed pursuant
26 to the Court's May 23 Order and thus, no response is required.   To the extent a
27 response is required, defendants deny the allegations in paragraph 309 of the SAC.

28

310. Defendants deny the allegations in paragraph 310 of the SAC. Defendants respectfully refer the Court to the September 2014 investor presentation referenced in paragraph 310 of the SAC for the full contents thereof.

311. Defendants deny the allegations in paragraph 311 of the SAC. Defendants respectfully refer the Court to the February 2014, March 2014, May 2014, and February 2015 investor presentations referenced in paragraph 311 of the SAC for the full contents thereof.

312. The allegations in paragraph 312 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 312 of the SAC.

313. The allegations in paragraph 313 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 313 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

314. The allegations in paragraph 314 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 314 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

315. The allegations in paragraph 315 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 315 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

316. The allegations in paragraph 316 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 316 of the SAC.

SMRH:483036982.3

Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

317.  Defendants admit the allegations in paragraph 317 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2015 Form 10-Q for the full contents thereof.

318.  The allegations in paragraph 318 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 318 of the SAC.

319.  The allegations in paragraph 319 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit the allegations in paragraph 319 of the SAC. Defendants respectfully refer the Court to BofI's November 4, 2014 press release for the full contents thereof.

320.  Defendants admit the allegations in paragraph 320 of the SAC. Defendants respectfully refer the Court to BofI's November 4, 2014 press release for the full contents thereof.

321.  The allegations in paragraph 321 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 321 of the SAC.

322.  The allegations in paragraph 322 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that BofI conducted an earnings conference call on November 4, 2014 during which Micheletti discussed the financial results reported in BofI's Q1 2015 Form 10-Q.  To the extent that paragraph 322 sets forth a characterization of the entire November 4, 2014 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except

1   as expressly admitted or denied for lack of knowledge or information, defendants

2   deny the remaining allegations in paragraph 322 of the SAC.

3       323.   Defendants admit the allegations in paragraph 323 of the SAC.

4   Defendants respectfully refer the Court to the transcript of BofI's November 4, 2014

5   earnings conference call for the full contents thereof.

6       324.   Defendants deny the allegations in paragraph 324 of the SAC.

7   Defendants respectfully refer the Court to the transcript of BofI's November 4, 2014

8   earnings conference call for the full contents thereof.

9       325.   Defendants deny the allegations in paragraph 325 of the SAC.

10  Defendants respectfully refer the Court to the transcript of BofI's November 4, 2014

11  earnings conference call for the full contents thereof.

12      326.   The allegations in paragraph 326 of the SAC were dismissed pursuant

13  to the Court's May 23 Order and thus, no response is required.   To the extent a

14  response is required, defendants deny the allegations in paragraph 326 of the SAC.

15      327.   The allegations in paragraph 327 of the SAC were dismissed pursuant

16  to the Court's May 23 Order and thus, no response is required.   To the extent a

17  response is required, defendants admit the allegations in paragraph 327 of the SAC.

18  Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full

19  contents thereof.

20      328.   The allegations in paragraph 328 of the SAC were dismissed pursuant

21  to the Court's May 23 Order and thus, no response is required.   To the extent a

22  response is required, defendants admit the allegations in paragraph 328 of the SAC.

23  Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full

24  contents thereof.

25      329.   The allegations in paragraph 329 of the SAC were dismissed pursuant

26  to the Court's May 23 Order and thus, no response is required.   To the extent a

27  response is required, defendants admit the allegations in paragraph 329 of the SAC.

28

Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

330.   The allegations in paragraph 330 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 330 of the SAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

331.  Defendants admit the allegations in paragraph 331 of the SAC. Defendants respectfully refer the Court to BofI's Q2 2015 Form 10-Q for the full contents thereof.

332.   The allegations in paragraph 332 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 332 of the SAC.

333.   The allegations in paragraph 333 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 333 of the SAC. Defendants respectfully refer the Court to BofI's January 29, 2015 press release for the full contents thereof.

334.   The allegations in paragraph 334 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 334 of the SAC.

335.   The allegations in paragraph 335 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI conducted an earnings conference call on January 29, 2015 during which Micheletti discussed the financial results reported in BofI's Q2 2015 Form 10-Q.  To the extent that paragraph 335 sets forth a characterization of the entire January 29, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth

1   of those allegations, and on that basis deny each and every such allegation. Except
2   as expressly admitted or denied for lack of knowledge or information, defendants
3   deny the remaining allegations in paragraph 335 of the SAC. Defendants
4   respectfully refer the Court to the transcript of BofI's January 29, 2015 earnings
5   conference call for the full contents thereof.

6   336.   Defendants deny the allegations in paragraph 336 of the SAC.
7   Defendants respectfully refer the Court to the transcript of BofI's January 29, 2015
8   earnings conference call for the full contents thereof.

9   337.   Defendants admit the allegations in paragraph 337 of the SAC.
10  Defendants respectfully refer the Court to the transcript of BofI's January 29, 2015
11  earnings conference call for the full contents thereof.

12  338.   The allegations in paragraph 338 of the SAC were dismissed pursuant
13  to the Court's May 23 Order and thus, no response is required. To the extent a
14  response is required, defendants deny the allegations in paragraph 338 of the SAC.

15  339.   The allegations in paragraph 339 of the SAC were dismissed pursuant
16  to the Court's May 23 Order and thus, no response is required. To the extent a
17  response is required, defendants admit the allegations in paragraph 339 of the SAC.
18  Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full
19  contents thereof.

20  340.   The allegations in paragraph 340 of the SAC were dismissed pursuant
21  to the Court's May 23 Order and thus, no response is required. To the extent a
22  response is required, defendants admit the allegations in paragraph 340 of the SAC.
23  Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full
24  contents thereof.

25  341.   The allegations in paragraph 341 of the SAC were dismissed pursuant
26  to the Court's May 23 Order and thus, no response is required. To the extent a
27  response is required, defendants admit the allegations in paragraph 341 of the SAC.

28

Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

342.   The allegations in paragraph 342 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 342 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

343.   Defendants admit the allegations in paragraph 343 of the SAC. Defendants respectfully refer the Court to BofI's Q3 2015 Form 10-Q for the full contents thereof.

344.   The allegations in paragraph 344 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 344 of the SAC.

345.   The allegations in paragraph 345 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 345 of the SAC. Defendants respectfully refer the Court to BofI's April 30, 2015 press release for the full contents thereof.

346.   The allegations in paragraph 346 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 346 of the SAC.

347.   The allegations in paragraph 347 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI conducted an earnings conference call on April 30, 2015 during which Micheletti discussed the financial results reported in BofI's Q3 2015 Form 10-Q.   To the extent that paragraph 347 sets forth a characterization of the entire April 30, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those

allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 347 of the SAC.   Defendants respectfully refer the Court to the transcript of BofI's April 30, 2015 earnings conference call for the full contents thereof.

348.   Defendants deny the allegations in paragraph 348 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's April 30, 2015 earnings conference call for the full contents thereof.

349.   The allegations in paragraph 349 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 349 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's April 30, 2015 earnings conference call for the full contents thereof.

350.   The allegations in paragraph 350 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants answer as follows: to the extent that paragraph 350 sets forth a characterization of the entire April 30, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 350 of the SAC.   Defendants respectfully refer the Court to the transcript of BofI's April 30, 2015 earnings conference call for the full contents thereof.

351.   The allegations in paragraph 351 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 351 of the SAC.

352.   The allegations in paragraph 352 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

response is required, defendants admit the allegations in paragraph 352 of the SAC. Defendants respectfully refer the Court to BofI's July 30, 2015 press release for the full contents thereof.

353. The allegations in paragraph 353 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 353 of the SAC.

354. The allegations in paragraph 354 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit that BofI conducted an earnings conference call on July 30, 2015 during which Micheletti discussed the financial results reported in BofI's July 30, 2015 press release. To the extent that paragraph 354 sets forth a characterization of the entire July 30, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 354 of the SAC.

355. The allegations in paragraph 355 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 355 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's July 30, 2015 earnings conference call for the full contents thereof.

356. Defendants admit the allegations in paragraph 356 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's July 30, 2015 earnings conference call for the full contents thereof.

357. The allegations in paragraph 357 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 357 of the SAC.

358.   To the extent that paragraph 358 sets forth allegations concerning the information, sources and analysis in an August 22, 2015 article published in *The New York Times*, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the August 22, 2015 article published in the *New York Times* for the full contents thereof.   Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 358 of the SAC.

359.   The allegations in paragraph 359 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 359 of the SAC.

360.   The allegations in paragraph 360 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI filed its 2015 Form 10-K on August 26, 2015.   To the extent that paragraph 360 sets forth a characterization of the entire 2015 Form 10-K, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 360 of the SAC.

361.   The allegations in paragraph 361 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 361 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

362.   The allegations in paragraph 362 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 362 of the SAC.

Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

363. Defendants admit the allegations in paragraph 363 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

364. The allegations in paragraph 364 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 364 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

365. The allegations in paragraph 365 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 365 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

366. Defendants admit the allegations in paragraph 366 of the SAC. Defendants respectfully refer the Court to BofI's 2015 Form 10-K for the full contents thereof.

367. The allegations in paragraph 367 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 367 of the SAC.

368. The allegations in paragraph 368 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 368 of the SAC. Defendants respectfully refer the Court to BofI's August 5, 2015 press release for the full contents thereof.

369. The allegations in paragraph 369 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a

response is required, defendants deny the allegations in paragraph 369 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's August 5, 2015 conference call for the full contents thereof.

370.   The allegations in paragraph 370 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 370 of the SAC.

371.   The allegations in paragraph 371 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's stock price closed at $30.38 per share on August 27, 2015 and $29.41 per share on August 28, 2015.  To the extent that paragraph 371 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly admitted and denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 371 of the SAC.

372.   The allegations in paragraph 372 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 372 of the SAC. Defendants respectfully refer the Court to BofI's September 1, 2015 press release for the full contents thereof.

373.   The allegations in paragraph 373 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 373 of the SAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.

374.   The allegations in paragraph 374 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that the quoted text appears in BofI's September 4, 2015 Proxy Statement.   Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 374 of the SAC.

375.   Defendants admit the allegations in paragraph 375 of the SAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement and the Audit Committee Charter for the full contents thereof.

376.   Defendants admit the allegations in paragraph 376 of the SAC. Defendants respectfully refer the Court to BofI's September 4, 2015 Proxy Statement and the Audit Committee Charter for the full contents thereof.

377.   The allegations in paragraph 377 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 377 of the SAC.

378.   The allegations in paragraph 378 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's stock price closed at $35.50 per share on October 13, 2015 and that BofI's stock price closed at $24.78 per share on October 14, 2015.   To the extent that paragraph 378 sets forth allegations characterizing the claims in Erhart's purported whistleblower action and the information, sources and analysis in an October 13, 2015 article published in the *The New York Times*, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Defendants respectfully refer the Court to the October 13, 2015 article published in the *New York Times* and the Erhart complaint for the full contents thereof.   Except as expressly admitted or denied for lack of knowledge or

information, defendants deny the remaining allegations in paragraph 378 of the SAC.

379.   The allegations in paragraph 379 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that the quoted text appears in the transcript of BofI's October 14, 2015 conference call.   Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 conference call for the full contents thereof.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 379 of the SAC.

380.   The allegations in paragraph 380 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 380 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 conference call for the full contents thereof.

381.   The allegations in paragraph 381 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 381 of the SAC. Defendants respectfully refer the Court to the transcript of BofI's October 14, 2015 conference call for the full contents thereof.

382.   The allegations in paragraph 382 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 382 of the SAC. Defendants respectfully refer the Court to the transcript of the October 14, 2015 conference call for the full contents thereof.

383.   The allegations in paragraph 383 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 383 of the SAC.

384.   The allegations in paragraph 384 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 384 of the SAC. Defendants respectfully refer the Court to Garrabrants' Form 4 filings from June 30, 2012 to February 9, 2016 for the full contents thereof.

385.   The allegations in paragraph 385 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 385 of the SAC. Defendants respectfully refer the Court to the October 22, 2015 transcript of BofI's annual meeting for the full contents thereof.

386.   The allegations in paragraph 386 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 386 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

387.   The allegations in paragraph 387 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 387 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

388.   The allegations in paragraph 388 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 388 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

389.   The allegations in paragraph 389 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 389 of the SAC.

Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

390.   The allegations in paragraph 390 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 390 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

391.   The allegations in paragraph 391 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 391 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

392.   Defendants admit the allegations in paragraph 392 of the SAC. Defendants respectfully refer the Court to BofI's Q1 2016 Form 10-Q for the full contents thereof.

393.   The allegations in paragraph 393 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 393 of the SAC.

394.   The allegations in paragraph 394 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit the allegations in paragraph 394 of the SAC. Defendants respectfully refer the Court to BofI's September 30, 2015 press release for the full contents thereof.

395.   The allegations in paragraph 395 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 395 of the SAC.

396.   The allegations in paragraph 396 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

response is required, defendants admit that BofI conducted an earnings conference call on October 29, 2015 during which Micheletti discussed the financial results reported in BofI's Q1 2016 Form 10-Q. To the extent that paragraph 396 sets forth a characterization of the entire October 29, 2015 earnings conference call, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 396 of the SAC.

397. Defendants admit the allegations in paragraph 397 of the SAC. Defendants respectfully refer the Court to the transcript of the October 29, 2015 earnings conference call for the full contents thereof.

398. The allegations in paragraph 398 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants admit the allegations in paragraph 398 of the SAC. Defendants respectfully refer the Court to the transcript of the October 29, 2015 earnings conference call for the full contents thereof.

399. The allegations in paragraph 399 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants deny the allegations in paragraph 399 of the SAC.

400. The allegations in paragraph 400 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required. To the extent a response is required, defendants answer as follows: to the extent that paragraph 400 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 400 of the SAC.

401.   The allegations in paragraph 401 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's stock price closed at $25.18 per share on October 28, 2015 and that BofI's stock price closed at $23.26 per share on October 29, 2015.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 401 of the SAC.

402.   The allegations in paragraph 402 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that, on October 30, 2015, BofI filed a motion to file certain documents under seal.   Defendants further admit that BofI's stock price closed at $20 per share on October 30, 2015.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 402 of the SAC.

403.   The allegations in paragraph 403 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants also admit that, on November 3, 2015, BofI's stock closed at $23.28 per share.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 403 of the SAC.

404.   The allegations in paragraph 404 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 404 of the SAC.

405.   The allegations in paragraph 405 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's stock price closed at $24.48 per share on November 9, 2015 and that BofI's stock price closed at $23.76 per share on November 10, 2015. To the extent that paragraph 405 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those

allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 405 of the SAC.

406.   The allegations in paragraph 406 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's stock price closed at $20.82 per share on November 17, 2015 and that BofI's stock price closed at $19.89 per share on November 18, 2015. To the extent that paragraph 406 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog and the background of an unidentified BofI employee, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 406 of the SAC.

407.   The allegations in paragraph 407 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants admit that BofI's stock price closed at $19.89 per share on November 18, 2015 and that BofI's stock price closed at $19.40 per share on November 19, 2015.   To the extent that paragraph 407 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.   Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 407 of the SAC.

408.   The allegations in paragraph 408 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a

response is required, defendants admit that BofI published a transcript of its annual stockholders meeting on October 22, 2015.  Defendants further admit that BofI's stock price closed at $20.41 per share on November 27, 2015 and that BofI's stock price closed at $20.03 per share on November 30, 2015.  Defendants respectfully refer the Court to the October 22, 2015 transcript of BofI's annual meeting for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 408 of the SAC.

409.  The allegations in paragraph 409 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that BofI's stock price closed at $19.12 per share on December 7, 2015 and that BofI's stock price closed at $18.97 per share on December 8, 2015.  Defendants respectfully refer the Court to the UCC Financing Statements referenced in paragraph 409 for the full contents thereof.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 409 of the SAC.

410.  The allegations in paragraph 410 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 410 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 410 of the SAC.

411.  The allegations in paragraph 411 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that BofI's stock price closed at $20.36 per share on January 5, 2016 and that BofI's stock price closed at $20.04 per share on

January 6, 2016. Except as expressly admitted, defendants deny the remaining allegations in paragraph 411 of the SAC.

412.   The allegations in paragraph 412 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 412 of the SAC.

413.   The allegations in paragraph 413 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 413 of the SAC. Defendants respectfully refer the Court to the transcript of the January 28, 2016 earnings conference call for the full contents thereof.

414.   The allegations in paragraph 414 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants answer as follows: to the extent that paragraph 414 contains a legal conclusion or legal conclusions, defendants need not respond.  To the extent that paragraph 414 sets forth allegations concerning anonymous statements by and/or the results of purported investigations of admitted short-sellers of BofI stock posted in the *Seeking Alpha* blog, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Defendants respectfully refer the Court to the Program Management Agreement with H&R Block referenced in paragraph 414 for the full contents thereof.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 414 of the SAC.

415.   The allegations in paragraph 415 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.  To the extent a response is required, defendants admit that BofI's stock price closed at $16.98 per share on February 2, 2016 and at $15.92 per share on February 3, 2016.  Except as

expressly admitted, defendants deny the remaining allegations in paragraph 415 of the SAC.

416.   Defendants admit that Garrabrants is a director and a senior officer at BofI.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 416 of the SAC.

417.   Defendants deny the allegations in paragraph 417 of the SAC.

418.   Defendants admit the allegations in paragraph 418 of the SAC.

419.   Defendants admit the allegations in paragraph 419 of the SAC.

420.   Defendants deny the allegations in paragraph 420 of the SAC.

421.   The allegations in paragraph 421 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 421 of the SAC. Defendants respectfully refer the Court to BofI's Audit Committee Charter for the full contents thereof.

422.   Defendants deny the allegations in paragraph 422 of the SAC.

423.   The allegations in paragraph 423 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 423 of the SAC.

424.   The allegations in paragraph 424 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the allegations in paragraph 424 of the SAC.

425.   The allegations in paragraph 425 of the SAC were dismissed pursuant to the Court's May 23 Order and thus, no response is required.   To the extent a response is required, defendants deny the remaining allegations in paragraph 425 of the SAC.   Defendants respectfully refer the Court to BofI's 2013, 2014, and 2015 Proxy Statements for the full contents thereof.

426.   Defendants admit that paragraph 426 sets forth Garrabrants' financial expertise.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 426 of the SAC.

427.   Defendants deny the allegations in paragraph 427 of the SAC.

428.   Defendants deny the allegations in paragraph 428 of the SAC.

429.   Defendants deny the allegations in paragraph 429 of the SAC.

430.   Defendants deny the allegations in paragraph 430 of the SAC.

431.   Defendants deny the allegations in paragraph 431 of the SAC.

432.   To the extent that paragraph 432 sets forth allegations concerning the hypothetical activities of plaintiff and other members of the putative class, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation.  Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 432 of the SAC.

433.   Defendants admit that BofI's stock price closed at $30.38 per share on August 27, 2015 and that its stock price closed at $15.92 per share on February 3, 2016.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 433 of the SAC.

434.   Defendants admit that plaintiff purport to bring this action on its own behalf, and as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who acquired the securities of BofI during the period from September 4, 2013 through February 3, 2016, and who suffered damages as a result.  Defendants further admit that plaintiff purports to exclude the defendants, members of the family of any defendant, any person who was an officer or director of BofI during the class period, any firm, trust, corporation, officer, or other entity in which any defendant has a controlling interest, and the legal representatives, agents, affiliates, heirs, successors in interest, or

assigns of any such excluded party.  Defendants deny that a class can or should be certified.

435.   Defendants admit that BofI's common stock was actively traded on the NASDAQ exchange during the putative class period.  To the extent that paragraph 435 purports to allege plaintiff's "beliefs," defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies each and every such allegation.  Except as expressly admitted or denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 435 of the SAC.

436.   Defendants deny the allegations in paragraph 436 of the SAC.

437.   To the extent that paragraph 437 sets forth allegations concerning plaintiff's adequacy to represent a putative class and the qualifications of plaintiff's counsel, defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny each and every such allegation. Except as expressly denied for lack of knowledge or information, defendants deny the remaining allegations in paragraph 437 of the SAC.

438.   Defendants deny the allegations in paragraph 438 of the SAC.

439.   Defendants deny the allegations in paragraph 439 of the SAC.

440.   To the extent that paragraph 440 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 440 of the SAC.

441.   To the extent that paragraph 441 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 441 of the SAC.

442.   To the extent that paragraph 442 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 442 of the SAC.

443.   To the extent paragraph 443 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the allegations in paragraph 443 of the SAC.

444.   Defendants admit that Garrabrants served as BofI's President, CEO, and a director and that Garrabrants signed SOX certifications included in SEC filings by BofI.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 444 of the SAC.

445.   To the extent paragraph 445 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Micheletti served as BofI's Executive Vice President and CFO and that Micheletti signed SOX certifications included in SEC filings by BofI.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 445 of the SAC.

446.   To the extent paragraph 446 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that Grinberg served as a director of BofI as well as Chairman of the Board's Audit Committee, Chairman of the Board's Compensation Committee, and a member of the Board's Nominating Committee.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 446 of the SAC.

447.   Defendants admit the allegations in paragraph 447 of the SAC.

448.   Defendants admit the allegations in paragraph 448 of the SAC.

449.   Defendants admit that Grinberg, Mosich, and Argalas signed the Report of the Audit Committee included in BofI's Proxy Statement filed with the SEC. Except as expressly admitted, defendants deny the remaining allegations in paragraph 449 of the SAC.   Defendants respectfully refer the Court to the 2015 Proxy Statement for the full contents thereof.

450.   Defendants admit that the quoted text appears in BofI's 2015 Proxy Statement.   Except as expressly admitted, defendants deny the remaining allegations

in paragraph 450 of the SAC.  Defendants respectfully refer the Court to the 2015 Proxy Statement for the full contents thereof.

451.   Defendants admit that the quoted text appears in BofI's 2015 Proxy Statement.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 451 of the SAC.  Defendants respectfully refer the Court to the 2015 Proxy Statement for the full contents thereof.

452.   Defendants admit that the quoted text appears in BofI's 2015 Proxy Statement.  Except as expressly admitted, defendants deny the remaining allegations in paragraph 452 of the SAC.  Defendants respectfully refer the Court to the 2015 Proxy Statement for the full contents thereof.

453.   To the extent paragraph 453 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the allegations in paragraph 453 of the SAC.

454.   To the extent paragraph 454 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants deny the allegations in paragraph 454 of the SAC.

455.   Defendants repeat and incorporate by reference each of the preceding allegations.

456.   To the extent that paragraph 456 contains a legal conclusion or legal conclusions, defendants need not respond.  Defendants admit that plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including Rule 10b-5.

457.   Defendants deny the allegations in paragraph 457 of the SAC.

458.   Defendants deny the allegations in paragraph 458 of the SAC.

459.   Defendants deny the allegations in paragraph 459 of the SAC.

460.   Defendants deny the allegations in paragraph 460 of the SAC.

461.   Defendants deny the allegations in paragraph 461 of the SAC.

462.   Defendants admit that Garrabrants is an officer and director of BofI. Defendants further admit that they had a duty to disclose such information as may from time to time be required by applicable law.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 462 of the SAC.

463.   Defendants admit that BofI's stock was traded on the NASDAQ market.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 463 of the SAC.

464.   To the extent that paragraph 464 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 464 of the SAC.

465.   Defendants deny the allegations in paragraph 465 of the SAC.

466.   Defendants repeat and incorporate by reference each of the preceding allegations.

467.   Defendants admit that Garrabrants participated in the operations and management of BofI.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 467 of the SAC.

468.   To the extent that paragraph 468 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 468 of the SAC.

469.   To the extent that paragraph 469 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants admit that Garrabrants is a senior officer and director of BofI.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 469 of the SAC.

470.   To the extent that paragraph 470 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants admit that Garrabrants is a senior officer and director of BofI.   Except as expressly admitted, defendants deny the remaining allegations in paragraph 470 of the SAC.

471.   To the extent that paragraph 471 contains a legal conclusion or legal conclusions, defendants need not respond.   Defendants deny the remaining allegations in paragraph 471 of the SAC.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses upon information and belief:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim for Relief)

1.   The SAC, and each purported cause of action contained therein, fail to state facts sufficient to constitute a claim for relief against defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2.   Plaintiff lacks standing to assert the claims alleged in the SAC against defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3.   Plaintiff's causes of action are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith/No Inducement)

4.   At all relevant times, defendants acted in good faith and did not, directly or indirectly, employ, engage in, or induce the act or acts constituting the violations or cause of action asserted against them under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

## FIFTH AFFIRMATIVE DEFENSE

### (Market Factors)

5.      Any increase or decrease in the market value of any assets or property was the result of factors beyond defendants' reasonable control, and not the result of any alleged wrongful conduct by defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (No Loss Causation)

6.      The alleged false statements and omissions of material fact alleged in the SAC were not the proximate cause of any injury to plaintiff.

7.      Defendants further allege that the disclosures following the filing of Erhart's complaint, the anonymous *Seeking Alpha* blog postings, *The New York Times* articles concerning BofI, or any of the other matters alleged in the SAC revealed no new material information among the total mix of information already available to the public and, therefore, cannot be used as a basis for plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Material Misstatement)

8.      Plaintiff is not entitled to any recovery from defendants because no statements made by the defendants contained any untrue statement of material fact, nor did defendants omit to state a material fact required to be stated or necessary to make the statements not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

9.      Plaintiff has not suffered any damages as a result of any actions taken by defendants, and plaintiff is thus barred from asserting any claim against defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

10.   Plaintiff cannot recover any of the damages alleged in the SAC because such damages, if any, are too speculative to be recoverable at law.

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

11.   Defendants hereby reserve their right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of such defenses not presently known to it.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray as follows:

A.   That plaintiff take nothing by reason of its SAC, and that the SAC be dismissed with prejudice;

B.   That defendants be awarded their costs and expenses of suit, including attorneys' fees to the extent allowed by the law;

C.   That judgment be entered in favor of defendants; and

D.   For such other and further relief as the Court may deem just and proper.

Dated:  June 20. 2017

SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

By: _____/s John P. Stigi III_____
JOHN P. STIGI III

Attorneys for Defendants
BOFI HOLDING, INC., GREGORY
GARRABRANTS, ANDREW J. MICHELETTI,
PAUL J. GRINBERG, NICHOLAS A. MOSICH and
JAMES S. ARGALAS
Email:  jstigi@sheppardmullin.com