UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BofI HOLDING, INC. SECURITIES LITIGATION | Case No.: 3:15-cv-02324-GPC-KSC<br><br>**ORDER REGARDING THRESHOLD DISCOVERY ISSUES AND DENYING AS MOOT JOINT MOTION FOR EXTENSION OF TIME TO RAISE DISCOVERY DISPUTES**<br><br>**[Doc. No. 181]** |

Before the Court is the parties' Joint Motion for Extension of Time to Raise Discovery Disputes ("Joint Motion" or "Jt. Mot."). Doc. No. 181. In the Joint Motion, the parties request the Court's guidance on four "threshold" discovery issues. Jt. Mot. at 2. The parties "agree that resolution of these threshold issues will allow them to promptly clarify and resolve their remaining disputes" regarding defendants' responses to plaintiffs' First Set of Requests for Production (the "RFPs"). *Id.* at 3. Counsel for the parties conferred with the Court's staff regarding these issues on February 23, 2021, and, at the Court's request, subsequently lodged copies of the relevant discovery requests and responses thereto. Having considered the discovery requests, the arguments of counsel, and the relevant law, the Court issues the following Order.

1

### 1.  The Relevant Time Period for Discovery (Threshold Issue 1)

The parties' first dispute concerns the relevant time period for discovery.  Jt. Mot. at 2.  Plaintiffs' Third Amended Complaint ("TAC") – the operative pleading – purports to state claims on behalf of a class of investors who purchased BofI securities during the period September 4, 2013 to February 3, 2016.   Doc. No. 136 at 5, 93.  Plaintiffs' RFPs seek documents for the period July 1, 2012 through September 30, 2016, but the parties report that through conferrals this has been narrowed to April 1, 2013 to June 30, 2016.  Defendants seek a further limitation, proposing to produce documents from the period July 1, 2013 to December 31, 2015.  Defendants' position is premised on their understanding that the Ninth Circuit's opinion reversing dismissal of the TAC effectively truncated the class period at October 13, 2015, the date on which the whistleblower complaint in *Erhart v. BofI Holding, Inc.* ("*Erhart*"), which plaintiffs allege as a corrective disclosure, was filed.  *See In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781 (9th Cir. 2020).

As an initial matter, the Court has carefully reviewed the Ninth Circuit's opinion and finds no pronouncement therein on the appropriate length of the class period.  Plaintiffs' motion for class certification has not yet been filed, let alone ruled upon.  The impact of the Ninth Circuit's opinion, and whether it forecloses a class period that extends beyond the filing of the *Erhart* action, are matters to be adjudicated by the District Court at a later point in the litigation.  The Court declines defendants' invitation to preempt those rulings in the context of a discovery dispute.

The Court further rejects defendants' argument that plaintiffs are entitled to discovery only for the quarters in which the alleged misleading statements and corrective disclosures were made.  Facts outside of this arbitrary period may be highly relevant to the issues of scienter, knowledge, and falsity, among others.  *See*, *e.g.*, *In re Toyota Motor Corp. Sec. Litig.*, No. CV 10–922 DSF (AJWx), 2012 WL 3791716, at *4 (C.D. Cal. Mar. 12, 2012) (noting that "[i]t is beyond dispute that discovery is not limited to the class period" and collecting cases).  Plaintiffs have made a good-faith effort to narrow the temporal scope of their RFPs, and a discovery period of approximately five months before,

and five months after, a three-year class period is not unreasonable. If defendants' assertion that there is unlikely to be any material information pre- or post-dating the class period is true, that will be reflected in the discovery produced. Accordingly, the Court finds that the appropriate time period for discovery in this matter is April 1, 2013 to June 30, 2016.

### 2. Topics for Discovery (Threshold Issues 3 and 4)

Defendants also object to producing documents and information related to the topics of underwriting standards and credit quality *in toto*, and regarding internal controls, compliance infrastructure, and risk management deficiencies to the extent they do not relate to acts "alleged in the *Erhart* complaint and reprinted in the TAC." Jt. Mot. at 3. Defendants assert that following the Ninth Circuit's disposition, the *Erhart* complaint is the sole corrective disclosure and that only those misstatements and fraudulent acts that it revealed to the market are at issue in the case. Defendants further argue that the scope of discovery must be limited to the allegations made in the TAC, to prevent plaintiffs from conducting a wide-ranging examination of defendants' business in the hopes of revealing other wrongdoing unrelated to the alleged fraud.

The Court disagrees. "Discovery is not limited to the issues raised only in the pleadings" but is "'construed broadly'" to allow the parties to "define and clarify the issues." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (citing *Oppenheimer Fund*, *Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Shaw v. Experian Info. Sols.*, *Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015) ("There is no requirement that the information sought directly relate to a particular issue in the case."). Plaintiffs have alleged that defendants engaged in a wrongful course of risky lending practices and disregard of the Company's internal controls. *See generally* Doc. No. 136. As such, the Court finds that plaintiffs are entitled to discovery regarding internal controls, compliance infrastructure and risk management deficiencies irrespective of whether specific instances of wrongdoing are alleged in both the *Erhart* complaint and the TAC. *See Heartland Payment Sys.*, *Inc. v. Mercury Payment Sys. LLC*, No. 14-cv-00437-CW (MEJ); 2015 WL 6459690, at *2 (N.D. Cal. Oct. 27, 2015) (declining to limit the scope of discovery based

on premature loss causation arguments).  Furthermore, given plaintiffs' allegations, the Court finds the topics of underwriting standards or credit quality are comfortably within Rule 26's broad scope.  *See Lofton v. Verizon Wireless (VAW)*, 308 F.R.D. 276, 280 (N.D. Cal. 2015) (noting that relevance is "construed liberally" and that discovery should be permitted "unless the information sought has no conceivable bearing on the case") (citation omitted).

As before, the Court declines to treat the parties' discovery dispute as an opportunity to pronounce upon the merits of plaintiffs' claims.  As the District Court explained at the December 11, 2020 hearing, "the plaintiffs have survived the challenges to earlier operative pleadings.  We know this case is going to move forward … [even if] [w]e may not be sure with respect to what the entire universe of allegations are."  Doc. No. 170 at 8.  Further, even assuming that the Ninth Circuit's opinion controls the scope of discovery here, that would not change the Court's disposition.  The Court observes that the Ninth Circuit held the *Erhart* complaint was "a potential corrective disclosure" as to both the underwriting-standards statements and the internal-controls statements.  *See In re BofI Sec. Litig.*, 977 F.3d at 798; *see also id.* at 786-87 (describing the "two categories of misstatements"); 793 (finding that "Erhart's lawsuit disclosed facts that, if true, rendered false BofI's prior statements about underwriting standards, internal controls, and compliance infrastructure").  The Ninth Circuit also explained that corrective disclosures "need not precisely mirror the earlier misrepresentation," and encouraged a "flexible approach to evaluating corrective disclosures." *Id.* at 790, 795; *see also id.* at 791 n.3.

For these reasons, the Court finds the *Erhart* complaint does not define the boundaries of discovery in this matter.  Defendants shall produce information concerning underwriting standards, credit quality, internal controls, compliance infrastructure, and risk management deficiencies as requested in plaintiffs' RFPs.  Defendants' concerns regarding the overbreadth of these topics may be addressed through the use of carefully crafted search terms and the selection of appropriate custodians.

///

### 3.  Discovery from *Erhart v. BofI Holding, Inc.* (Threshold Issue 2)

Plaintiffs' RFPs No. 1 and 2 seek the production of all documents produced by parties and nonparties in the *Erhart* action, as well as copies of all deposition transcripts and videotapes from that matter.  Defendants object on the basis that not all of the information produced in discovery in *Erhart* is relevant to this case, and also state that the *Erhart* discovery was produced pursuant to a protective order which prohibits the sharing of information outside of the litigation.

Defendants' objections are well taken.  The "scope of discovery," while broad, "is not unlimited." *Cabell v. Zorro Prods*., 294 F.R.D. 604, 607 (W.D. Wash. 2013).  The Court finds plaintiffs have not met their burden of demonstrating the relevance of *all* discovery exchanged in *Erhart* to this case.  *See Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) (noting that party seeking discovery "bears the burden" of demonstrating relevance).  To the extent documents produced in *Erhart* are relevant, they would presumably be responsive to one of plaintiffs' 45 other document requests.  And, since plaintiffs acknowledge that the *Erhart* discovery is not intended to supplant their ability to request documents or depose witnesses in this matter, the Court is also not persuaded that the wholesale production of discovery from *Erhart* would achieve any efficiency or conserve the parties' resources.

For these reasons, the Court finds defendants are not obligated to produce discovery from the *Erhart* action.  However, where documents produced by defendants in *Erhart* are otherwise responsive to plaintiffs' RFPs, the Court sees no reason those documents cannot be produced expeditiously.  Defendants shall produce such documents to plaintiffs *within 30 days of the date of this Order*.

### 4.  Deadline to Raise Further Disputes

The parties describe the above disputes as "threshold" issues and indicate they continue to meet and confer regarding specific RFPs and responses.  Jt. Mot. at 3.  The Court therefore clarifies that the foregoing rulings are without prejudice to the parties' ability to raise disputes regarding specific document requests that are not otherwise

addressed by this Order.  The parties are hereby ordered to continue to meet and confer in good faith.  Any dispute regarding plaintiffs' First Set of RFPs and defendants' responses thereto that is not resolved through further good faith conferral, including any disputes regarding search terms, custodians or other parameters of defendants' search for and collection of relevant ESI, must be brought to the Court's attention ***no later than March 26, 2021***.   The parties are instructed to review and comply with the undersigned's Chambers' Rules with respect to raising any such further disputes.  The Joint Motion for an Extension of Time [Doc. No. 181] is **DENIED AS MOOT**.

      **IT IS SO ORDERED.**

Dated:  February 26, 2021

Hon. Karen S. Crawford
United States Magistrate Judge