UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re BofI Holding, Inc. Securities Litigation.

Case No.:  3:15-cv-02324-GPC-KSC

**ORDER REGARDING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S FEBRUARY 26, 2021 DISCOVERY ORDER**

**[ECF No. 183]**

On March 12, 2021, Defendants filed a Motion on Objections to Magistrate Judge Crawford's February 26, 2021 Order.  ECF No. 183.  The objections have been fully briefed.  ECF Nos. 188, 191.  The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1) and thus VACATES the hearing on this matter currently scheduled for May 7, 2021.  Civ. L.R. 7.1(d)(1).  For the reasons that follow, the Court OVERRULES Defendants' objections but clarifies that Defendants shall be permitted to challenge the proportionality of particular discovery requests in the context of non-"threshold" discovery disputes related to those requests.

\ \ \

\ \ \

\ \ \

## I.     Background

This case is a consolidated putative securities fraud class action brought by purchasers of BofI's[1] stock for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  On February 1, 2016, the Court appointed Houston Municipal Employees Pension System as lead plaintiff ("Plaintiff").  ECF No. 23.

The operative pleading in this case is the Third Amended Complaint (the "TAC"). ECF No. 136.  On March 21, 2018, the Court granted Defendants' motion to dismiss the TAC with prejudice.  ECF No. 156.  The Court concluded that the TAC failed to identify a corrective disclosure of the alleged misrepresentations with the particularity required by Federal Rule of Civil Procedure ("Rule") 9(b).  *Id.* at 9.[2]  Specifically, the Court determined that the two alleged corrective disclosures—the complaint in *Erhart v. BofI Holding, Inc.*, No. 3:15-cv-02287-BAS-NLS (S.D. Cal.), ECF No. 1 (the "*Erhart* Complaint") filed against BofI by Charles Matthew Erhart, a former BofI internal auditor, and several articles by *Seeking Alpha*—could not establish loss causation.  With respect to the *Erhart* Complaint, the Court found that the complaint was at most a "partial" corrective disclosure of Defendants' misrepresentations about BofI's internal controls because the allegations, standing alone, did not confirm the fraud.  *Id.* at 14.  As to the *Seeking Alpha* articles, the Court determined that Plaintiff did not plausibly allege a corrective disclosure because all of the articles were based on public information.  *Id.* at 17, 23.  The Court also determined that certain statements by Defendants regarding regulatory investigations were not actionable misstatements under the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act

---

[1] "BofI is the holding company for BofI Federal Bank, a federally chartered savings association that purportedly operates from its single location in San Diego."  TAC, ECF No. 136 at ¶ 28.  The entities now operate under a different corporate name, but the Court will continue to use "BofI" to refer to both the holding company and its subsidiary BofI Federal Bank.

[2] References to page numbers follow the CM/ECF pagination.

2

("PSLRA") and that the TAC failed to adequately allege corrective disclosures with respect to this issue. *Id.* at 25–28.

Plaintiff appealed, and the Ninth Circuit reversed. *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781 (9th Cir. 2020). The Ninth Circuit agreed that the *Seeking Alpha* articles could not constitute corrective disclosures, though for a slightly different reason, but determined that Plaintiff adequately alleged the *Erhart* Complaint was a corrective disclosure and that the loss causation element was satisfied. *Id.* at 786, 794, 797. Additionally, the Ninth Circuit reviewed the Court's determination that misstatements alleged for the first time in the TAC related to regulatory investigations were not actionable, and agreed that Plaintiff failed to plausibly allege falsity. *Id.* at 798. In a footnote, the Ninth Circuit also noted that the Court had not addressed whether certain other alleged misstatements were actionable and would need to make that determination on remand, but added that "it appears that at least some of them are." *Id.* at 787 n.1.

On December 11, 2020, following remand, the Court held an appeal mandate hearing. ECF No. 168. At the hearing, Defense counsel inquired whether the Court would entertain another round of litigation on the pleadings, in light of the Ninth Circuit's indication that the Court would need to determine whether certain alleged misstatements were actionable on remand. ECF No. 170 at 6–7. Plaintiff maintained that the alleged misstatements that had yet to be specifically addressed by the Court were closely related to the issues already ruled upon, and thus that an additional round of litigation on the pleadings was not required. *Id.* at 9. The Court directed the parties to "meet and confer to identify what these additional statements are and whether or not they come within the scope of statements or type of statements that this Court and the Ninth Circuit has previously addressed" and stated that the Court would entertain a request to file a further motion challenging the pleadings "to the extent that the defense takes a position that it expands the universe of statements in a significant way." *Id.* at 10. Defendants have thus far not filed such a motion or request for leave to do so.

The Court referred the case to Magistrate Judge Crawford to proceed with discovery.  Plaintiff propounded its first set of requests for production ("RFPs"), consisting of 47 requests.  ECF No. 183-4.  Defendants then served their responses, which included a number of objections.  ECF No. 183-5.  After meeting and conferring several times regarding the discovery disputes, the parties filed a Joint Motion for Extension of Time to Raise Discovery Disputes ("Joint Motion").  ECF No. 181.  In the Joint Motion, the parties identified four threshold discovery issues for judicial determination:

> 1. The relevant time period for discovery;
> 2. Whether Defendants must produce discovery from *Erhart v. BofI Holding, Inc.*, No. 3:15-cv-02324-BAS-NLS;
> 3. Whether Defendants must produce information relating to underwriting standards and credit quality; and
> 4. Whether Defendants must produce documents regarding all of the internal control, compliance infrastructure, and risk management deficiencies alleged in the TAC, or only documents regarding the purported violations of its internal controls, compliance infrastructure and risk management alleged in the Erhart complaint and reprinted in the TAC.

*Id.* at 2–3.  The parties stated that "resolution of these threshold issues will allow them to promptly clarify and resolve their remaining disputes" and requested that the Court "extend the deadline for Plaintiff to move to compel on its Requests to fourteen (14) days following the Court's resolution of the threshold issues referenced above."  *Id.* at 3.

On February 26, 2021, the Magistrate Judge issued an Order Regarding Threshold Discovery Issues and Denying as Moot Joint Motion for Extension of Time to Raise Discovery Disputes.  ECF No. 182 ("Discovery Order").  According to the Discovery Order, "Counsel for the parties conferred with the Court's staff regarding these [discovery] issues on February 23, 2021, and, at the Court's request, subsequently lodged copies of the relevant discovery requests and responses thereto."  *Id.* at 1.  In the Discovery Order, the Magistrate Judge resolved the four threshold discovery issues identified in the Joint Motion and clarified that "the foregoing rulings are without prejudice to the parties' ability to raise disputes regarding specific document requests that

are not otherwise addressed by this Order," and set a deadline of March 26, 2021 for the parties to raise any disputes regarding Plaintiff's first set of RFPs. *Id.* at 5–6. With respect to the first threshold issue, the Magistrate Judge concluded that the relevant time period of discovery proposed by Plaintiff, from April 1, 2013 to June 30, 2016, was appropriate given that facts beyond the quarters in which the alleged misleading statements and corrective disclosures were made may be highly relevant to elements of Plaintiff's claims. *Id.* at 2. As to the second threshold issue, the Magistrate Judge agreed with Defendants and found that defendants are not obligated to produce all discovery from the *Erhart* action. *Id.* at 5. The Magistrate Judge agreed with Plaintiff on the third and fourth threshold issues, finding that information related to credit underwriting standards and credit quality were still relevant to the non-dismissed portions of the TAC and that information relating to internal controls, compliance infrastructure, and risk management deficiencies, even if not alleged in the *Erhart* Complaint and reprinted in the TAC, still falls within the broad scope of discovery under Rule 26. *Id.* at 3–4.

On March 12, 2021, Defendants filed the instant objection to the Discovery Order's resolution of the first, third, and fourth threshold discovery issue. ECF No. 183. On April 9, 2021, Plaintiff filed a response in opposition. ECF No. 189. On April 23, 2021, Defendants filed a reply.

## II. Legal Standard

Under Rule 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. Fed. R. Civ. P. 72(a). District court review of magistrate judge orders on non-dispositive motions is limited. A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).

A motion relating to discovery, such as the one here, is considered non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A); *see Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (noting that order on discovery sanctions in non-dispositive); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990).  Non-dispositive decisions issued by magistrate judges under 28 U.S.C. §636(b)(1)(A) are entitled to "great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2002).  As such and in making its determination, the "reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991).

## III.   Discussion

In their objection, Defendants make two primary arguments: First, that the Magistrate Judge's resolution of the first, third, and fourth threshold discovery issues relating to the scope of discovery was contrary to law under the standards set out in Rule 26; and second, that Defendants' due process rights were violated by the Magistrate Judge's decision to issue the Discovery Order on the threshold issues without giving Defendants an opportunity to be heard and without abiding by the procedures set out in the Magistrate Judge's Chambers Rules.  The Court first addresses Defendants' due process arguments before considering whether the resolution of the threshold discovery disputes in the Discovery Order was clearly erroneous or contrary to law.

### a.  Due Process

Defendants contend that the Discovery Order violated their due process rights because the Magistrate Judge issued the order on the threshold disputes without motion practice or argument.  ECF No. 183-1 at 28.  Specifically, Defendants argue that the Magistrate Judge violated 28 U.S.C. § 636 because she did not "hear" the dispute when deciding the issues without briefing or a hearing, and that she violated her own Chambers Rules.  *Id.* at 28–31.  Plaintiff responds that no due process violation occurred as neither

6

Section 636 nor the Magistrate Judge's Chambers Rules prohibited the procedure used here.  ECF No. 188 at 26–29.

"To satisfy procedural due process, a deprivation of life, liberty, or property must be 'preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *In re Yochum*, 89 F.3d 661, 672 (9th Cir. 1996) (quoting *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985)).  This does not mean that every order issued *sua sponte* deprives litigants of procedural due process.  *E.g.*, *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (noting that even *sua sponte* dismissal of claims may be appropriate in certain circumstances).  Defendants have not identified what particular liberty or property interest they have been deprived by Magistrate Judge's Discovery Order or how severe of a deprivation this was.  Indeed, the Discovery Order was "without prejudice to the parties' ability to raise disputes regarding specific document requests that are not otherwise addressed by this Order," so Defendants could seemingly still raise specific concerns regarding the burdens or disproportionality of particular RFPs.  Discovery Order at 5–6.

Assuming that some process is due before a court decides "threshold" discovery disputes without prejudice to future motion practice on specific disputes, Defendant has not demonstrated that the process here was insufficient.  "A 'district court has wide discretion in controlling discovery.'"  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014).  Further, courts have "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16."  *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (noting that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation").  Courts regularly issue orders pursuant to this case management authority, and the Court can locate no requirement that a court must permit full briefing on every discovery issue before issuing an order.  *Contra* Fed. R. Civ. P. 37(a)(5), (c)(1), (f) (requiring opportunity to be heard before ordering payment of attorney's fees in discovery disputes).  Especially because the parties' joint

motion suggested that they sought the Magistrate Judge's guidance on threshold issues *before* potentially raising disputes as to particular RFPs through a discovery motion, *see* ECF No. 181 at 3, the Court is not convinced that due process requires the opportunity to engage in two full rounds of briefing on a single set of RFPs.  Rather, it appears that the Magistrate Judge acted within her discretion to expeditiously resolve the "threshold issues" raised by the parties while reserving further briefing for discovery disputes arising from specific requests.

Nor have Defendants demonstrated that the Discovery Order violates 28 U.S.C. § 636 or the Magistrate Judge's Chambers Rules.  Section 636 does not provide for any particular procedure that must be followed by magistrate judges in handling pretrial matters, and it is highly unlikely that by providing that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," Congress intended to require all magistrate judge orders on pretrial matters, no matter how minor, be preceded by briefing and/or a hearing.[3]  28 U.S.C. § 636(b)(1)(A).  And although the Magistrate Judge's Chambers Rules indicate that the Court will direct the parties to either engage in an informal dispute resolution conference or file a joint motion for determination of the discovery dispute after explaining the dispute to the law clerk, the Chambers Rules also explicitly provide that they are intended as guidance and that "the Court may vary these procedures as appropriate in any case."  Chambers' Rules, Civil Pretrial Procedures (Crawford, M.J.) at 1, 7.  Defendants fail to adequately support their argument that the Magistrate Judge's decision to issue a decision on the threshold issues after ascertaining the parties' basic positions without soliciting further argument,

---

[3] Nor is this a situation where the Magistrate Judge stepped outside her proper role of adjudicating a discovery dispute.  *Cf. Chan v. Bay Area Air Quality Mgmt. Dist.*, 2 F. App'x 861, 866 (9th Cir. 2001) (disapproving of magistrate judge's "discovery management techniques" that required plaintiffs to answer interrogatories, rejected plaintiffs' responses to those interrogatories as insufficient, and then summarily dismissed case).

even if this arguably varies from the Chambers Rules, rises to the level of a deprivation of their due process rights.

The Court therefore OVERRULES Defendants' objections on the basis that their due process rights were violated by the Discovery Order.

### b. Scope of Discovery

The Court now turns to whether the Discovery Order was contrary to law or clearly erroneous.

The scope of discovery is defined by Rule 26(b), which provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although the relevance standard is broad, the 2015 amendment to Rule 26(b)(1) reinforces the need to ensure that all parties and the court weigh relevance against these other factors. *See* Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Materials need not be admissible evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

"District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see also Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 958 n.6 (9th Cir. 2017) (noting trial court's broad discretion to permit or deny discovery). Likewise, under the clearly erroneous standard, such discretionary orders by a magistrate judge "will be overturned only if the district court is left with the definite and firm conviction that a mistake has been made." *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199–1200 (S.D. Cal. 2003) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)); *Concrete Pipe & Prods. of Cal., Inc. v. Constrs. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).

1    The Magistrate Judge's order here differs from a typical discovery order because it

2    dealt only with the "threshold issues" that the parties represented would "allow them to

3    promptly clarify and resolve their remaining disputes" before resorting to a motion to

4    compel.  ECF No. 181 at 3.  As the Magistrate Judge stated, "[t]he parties describe the

5    above disputes as 'threshold' issues and indicate they continue to meet and confer

6    regarding specific RFPs and responses . . . The Court therefore clarifies that the foregoing

7    rulings are without prejudice to the parties' ability to raise disputes regarding specific

8    document requests that are not otherwise addressed by this Order."  Discovery Order at

9    5–6.  The Court therefore finds it inappropriate to reach arguments regarding particular

10   RFPs and will confine its review to the limited threshold issues that the Magistrate Judge

11   actually decided in the Discovery Order.

12                  i.  Time Period

13          Plaintiff's Third Amended Complaint ("TAC") – the operative pleading – alleges a

14   class period of September 4, 2013 to February 3, 2016. ECF No. 136 at 5, 93.

15   Meanwhile, the *Erhart* Complaint that was identified by the Ninth Circuit as a corrective

16   disclosure was filed on October 13, 2015.  *See In re BofI Sec. Litig.*, 977 F.3d at 788. The

17   Magistrate Judge determined that "the appropriate time period for discovery in this matter

18   is April 1, 2013 to June 30, 2016."  Discovery Ord at 3.  Defendants object that the time

19   period sought by Plaintiff and approved of by the Magistrate Judge is overbroad and

20   would encompass communications that cannot be tied to actionable misstatements and

21   corrective disclosures, arguing that the discovery period should start on July 1, 2013, the

22   start of the fiscal quarter before the start of Plaintiff's proposed class period, and end on

23   December 31, 2015, the end of the fiscal quarter after the filing of the *Erhart* Complaint.

24   ECF No. 183-1 at 16.  Plaintiff responds that the time period approved of by the

25   Magistrate Judge is appropriate as it would lead to the discovery of material relevant to

26   the earliest alleged misstatements and communications regarding Defendants' response to

27   the *Erhart* Complaint in the months that followed the filing.  ECF No. 188 at 13.

28

1    The relevant time period for discovery must be determined on a case-by-case basis.

2    There is no rule that discovery be constrained to a particular time period beyond the

3    general standard under Rule 26(b)(1) requiring that discovery be relevant and

4    proportionate.  *Cf. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("[I]t is

5    proper to deny discovery of matter that is relevant only . . . to events that occurred before

6    an applicable limitations period, *unless the information sought is otherwise relevant* to

7    issues in the case.") (emphasis added).  Likewise, although the Court notes that discovery

8    decisions are highly dependent on case-specific facts, other courts have determined that

9    documents created outside the class period may be relevant to securities claims.  *See In re*

10   *SunPower Sec. Litig.*, No. 09-CV-5473 RS JSC, 2012 WL 4343245, at *2 (N.D. Cal.

11   Sept. 20, 2012) (finding that some, but not all, of plaintiff's discovery requests for

12   documents outside of the class period would be relevant to falsity, materiality, and

13   scienter, and ordering parties to meet and confer regarding particular requests); *In re*

14   *Seagate Tech. II Sec. Litig.*, No. C-89-2493 (A)-VRW, 1993 WL 293008, at *1 (N.D.

15   Cal. June 10, 1993) ("Although plaintiffs' subpoenas request documents beyond the

16   actual class period, courts have routinely cautioned against erecting artificial and

17   arbitrary restrictions on discovery.").

18   Here, the Magistrate Judge found that "[f]acts outside of [the] arbitrary period

19   [proposed by Defendants] may be highly relevant to the issues of scienter, knowledge,

20   and falsity, among others."  Discovery Order at 2.  Plaintiff gives several concrete

21   examples to illustrate why it believes discovery into the approved time period will lead to

22   relevant documents.

23   As to justification for the discovery of documents prepared or created five months

24   prior to the start of the proposed class period, Plaintiff notes that a Confidential Witness

25   ("CW") alleged deficiencies in BofI's internal controls stemming from conduct observed

26   no later than May 2013, when the CW left BofI.  TAC ¶¶ 59, 70, 108, 118–21.  At

27   minimum, the CW allegations relate to whether BofI's internal controls were in fact

28   deficient and whether Defendants knew of those deficiencies when they made the alleged

misstatements.  Such information would be relevant as to the falsity and scienter of the alleged misstatements.  Plaintiff also notes that the first alleged misrepresentation, BofI's 2013 Form 10-K, covered the fiscal year ending June 30, 2013.  Although discovery into time periods further removed from the subject matter of the alleged misstatements would be increasingly less relevant, the Court does not find that the Magistrate Judge erred in permitting discovery to extend back to April of 2013 given that information and communications relating to BofI's practices from that time may well inform whether statements made regarding that time period were knowingly false.

For the eight-months following the end of the proposed class period, Plaintiff argues discovery is relevant because communications regarding the internal investigation of the allegations in the *Erhart* complaint were ongoing after the complaint was actually filed, including up through March 11, 2016, when the Audit Committee announced the results of its independent investigation.  ECF No. 188 at 15.  Plaintiff also specifically cites to a document produced in the *Erhart* litigation described as "2.6.16 Email from Garrabrants to bank staff re Thoughts on Recent Market Movement and Media Controversy" that was sent in February 2016.  *Id.* at 14.  The Court agrees that documents created after the alleged fraud was revealed may be relevant to scienter and falsity.  For example, as suggested by Plaintiff, communications about the *Erhart* lawsuit may be relevant to whether Defendants had known about the allegations in the *Erhart* Complaint and whether they believed the allegations to be true.  Information relating to the independent investigation may likewise be relevant.  Although the end date of June 30, 2016 is somewhat arbitrary, it is no more arbitrary than the December 31, 2015 date proposed by Defendants, as the Court doubts that communications and other documents related to the allegations in the *Erhart* Complaint halted upon the end of the fiscal quarter.  It is not unreasonable to presume that relevant communications continued to occur several months after the filing of the Complaint and only a few months after the Audit Committee's announcement.

The Court therefore concludes that the Magistrate Judge did not err in finding that documents from between April 1, 2013 to June 30, 2016 were potentially relevant.

### ii.  Loan Underwriting and Credit Quality

In the Discovery Order, the Magistrate Judge found that "the topics of underwriting standards or credit quality are comfortably within Rule 26's broad scope." Discovery Order at 4.  Defendants argue that the misstatements regarding these topics are not actionable because Plaintiff only pleaded that these statements were corrected by the *Seeking Alpha* articles that the Ninth Circuit found insufficient.  ECF No. 183-1 at 17–18.  Plaintiff argues that its requests related to BofI's underwriting policies and practices are supported by the allegations in the TAC and that the Ninth Circuit found that *Erhart* Complaint could serve as a corrective disclosure for misstatements related to those topics.  ECF No. 188 at 15–16.

At the outset, the Court notes that courts may properly deny discovery into matters that have been stricken or claims that have been dismissed from the complaint unless they are otherwise relevant.  *Oppenheimer*, 437 U.S. at 352; *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 8–9, 13 (D.D.C. 2007) (denying motion to compel responses to discovery requests that could only be construed as relating to issues that had been dismissed from the case); *Andrich v. Ryan*, No. CV-16-02734-PHX-GMS (JZB), 2017 WL 11424013, at *8 (D. Ariz. Dec. 11, 2017) ("[W]hile discovery is permitted with respect to claims that have been challenged, further discovery on a claim that has been dismissed is not allowed.").  This view comports with the language of Rule 26(b)(1), which provides that material is discoverable only if relevant to a party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  If a court has dismissed one of several claims in a complaint, discovery into topics relevant only to that dismissed claim is no more permissible than if it had been the sole claim raised and the case were dismissed outright.

The Court therefore agrees in principle with Defendants' argument that Plaintiff cannot base its discovery requests on allegations that have already been determined not actionable or claims that have been determined to fail as a matter of law.  Although the

relevance standard is broad, the proceedings thus far have been valuable in narrowing down the universe of allegations at play.  The relevance of BofI's loan underwriting and credit quality standards therefore depends upon whether those topics are relevant to a claim or defense that has not been dismissed or struck.  These topics could be discoverable if the surviving portions of the TAC include a claim arising from misstatements relating to loan underwriting and credit quality, or if information relating to loan underwriting and credit quality is otherwise relevant to the remaining claims in the TAC.  The Magistrate Judge answered both of these implicit questions in the affirmative, reasoning that the discovery standard is to be construed liberally and that even if the Ninth Circuit's opinion controls the scope of discovery, the Ninth Circuit indicated that the *Erhart* Complaint was a "potential corrective disclosure" for underwriting standards-related statements as well as internal controls-related statements. Discovery Order at 4.

The Ninth Circuit's opinion indicates that the *Erhart* Complaint could serve as a corrective disclosure for the actionable misstatements related to BofI's underwriting and credit quality standards.  First, as both parties agree, the Ninth Circuit affirmed the Court's finding that the TAC adequately alleges falsity and scienter with respect to misstatements regarding these topics.  *In re BofI Sec. Litig.*, 977 F.3d at 789.  The Ninth Circuit then concluded that the allegations in the *Erhart* Complaint, "if true, render BofI's prior assertions about the strength of its *underwriting standards*, internal controls, and compliance infrastructure false or misleading." *Id.* at 791 (emphasis added).  In concluding, the Ninth Circuit held: "The shareholders have adequately pleaded a viable claim under § 10(b) and Rule 10b-5 for the two categories of misstatements the district court found actionable, with the Erhart lawsuit serving as a potential corrective disclosure." *Id.* at 798; *see also id.* at 786 –87 (defining two categories of misstatements as "concerning (1) the bank's underwriting standards and (2) its system of internal controls and compliance infrastructure").  The opinion clearly did not intend to foreclose

a claim arising from both remaining categories of misstatements, even though it found the *Seeking Alpha* articles failed to qualify as corrective disclosures.

An independent reading of the TAC confirms that Plaintiff has alleged that the *Erhart* Complaint "reveal[ed] new facts that, taken as true, render some aspect of the defendant's prior statements false or misleading." *Id.* at 790. Specifically, the TAC states that the *Erhart* Complaint alleges that "BofI made loans to foreign nationals with suspicious or unverifiable backgrounds, including criminals and politically exposed persons and persons who failed to provide sufficient identifying information," that "the Bank was making substantial loans to foreign nationals including Politically Exposed Persons ('PEP's') in potential violation of BSA/Know Your Customer rules," and that BofI falsely represented that it had no accounts without Taxpayer Identification Numbers. TAC ¶¶ 179–80, 187–88. Plaintiff's TAC therefore includes specific facts indicating that the *Erhart* Complaint revealed the truth behind some of the alleged misstatements in this category, and that disclosure caused the stock price to decline. *See In re BofI Sec. Litig.*, 977 F.3d at 791–92. While the Court agrees that the TAC is not a model of clarity, the Court cannot conclude that as a blanket matter, lending and credit quality are irrelevant to the claims remaining after the Ninth Circuit's decision.

As discussed further below, Defendants may have stronger arguments as to the limited relevance and disproportionality of particular discovery requests as they relate to this area of inquiry. However, the Discovery Order did not make any decisions regarding particular discovery requests in resolving these threshold disputes. *See* Discovery Order at 5–6. The Court will therefore clarify that even though information related to underwriting standard and credit quality is broadly relevant, Defendants should have an opportunity to challenge particular discovery requests on the basis of the proportionality analysis demanded by Rule 26(b)(1). However, an argument that *all* documents related to these topics are irrelevant is not the appropriate way to do so.

Accordingly, based on the Ninth Circuit's opinion and the TAC, the Court does not find that the Magistrate Judge erred in determining that as a threshold matter, information regarding loan underwriting and credit quality is discoverable.

### iii.   Internal Controls, Compliance Infrastructure, and Risk Management

The Magistrate Judge held that Plaintiff is "entitled to discovery regarding internal controls, compliance infrastructure and risk management deficiencies irrespective of whether specific instances of wrongdoing are alleged in both the *Erhart* complaint and the TAC." Discovery Order at 3. Defendants argue that "[d]iscovery concerning undefined 'internal controls' should be treated as outside the proper scope of discovery unless and until the Court holds that the newly added statements in the TAC regarding 'internal controls' are actionable," and that at most discovery should be limited to internal controls regarding financial reporting. ECF No. 183-1 at 19. Plaintiff argues that the Magistrate Judge correctly determined that discovery supporting their claims regarding BofI's systemic disregard for internal controls is not limited to the specific instances of misconduct alleged in the *Erhart* Complaint, and that Defendants' objection attempts to turn the discovery dispute into an unauthorized pleadings challenge. ECF No. 188 at 18, 21.

In its order dismissing the TAC, the Court noted that the TAC "asserts new allegations of misrepresentations that make the *Erhart* Complaint potentially relevant" to the actionable misrepresentations regarding internal controls and compliance infrastructure. ECF No. 156 at 11. The Court expressly did not decide whether the new alleged misrepresentations were actionable, as the Ninth Circuit noted. *Id.* at 11 n.4; *In re BofI Sec. Litig.*, 977 F.3d at 787 n.1. At the appeal mandate hearing, the Court considered the parties' positions regarding the Ninth Circuit's statement that "[o]n remand, the district court will need to determine which of the remaining misstatements are actionable." *Id.* The Court then directed the parties to meet and confer on the issue and stated that, upon meeting and conferring,

> to the extent that the defense takes a position that it expands the universe of
> statements in a significant way, then I would entertain a request to file a further
> motion. But at this point, without further workup by the parties, I am not prepared
> to grant license or carte blanche to go ahead and file additional motions.

ECF No. 170 at 10.  Thus far, Defendants have not sought leave to file a further motion related to the pleadings.

Defendants argue that Plaintiff must establish that internal controls statements are actionable as "a prerequisite before any discovery, let alone expansive discovery, should be allowed." ECF No. 183-1 at 19.  There are certain circumstances in which discovery may not proceed until the court resolves pleadings challenges.  For example, the PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 77z-1(b)(1); *see also Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014); *In re First Bancorp Derivative Litigation*, 407 F. Supp. 2d 585, 587 (S.D.N.Y. 2006) (granting discretionary stay of discovery in state law shareholder derivative action that was parallel to federal securities actions).

However, Defendants do not rely on any such statutory authority—or other legal authority—to support their argument that discovery cannot be allowed into topics addressed by the misstatements newly added in the TAC until a court determines that they are actionable in the context of this discovery dispute.  But beyond the absence of legal support, there are several reasons that Defendants' insistence that this Court adjudicate whether the misstatements are actionable when ruling on this objection is improper.  First, the threshold issue that was presented to the Magistrate Judge, and that the Magistrate Judge decided in the Discovery Order, was "[w]hether Defendants must produce documents regarding all of the internal control, compliance infrastructure, and risk management deficiencies alleged in the TAC, or only documents regarding the purported violations of its internal controls, compliance infrastructure and risk management alleged in the Erhart complaint and reprinted in the TAC."  ECF No. 181 at

2–3.  As the Magistrate Judge noted, addressing substantive pleading issues was not required to resolve the threshold discovery dispute raised to the Court.  Discovery Order at 4.  Additionally, at the appeal mandate hearing, the Court did not suggest it would appropriate for Defendants to attempt to resolve merits-related questions in the context of a discovery dispute.  Rather, the Court stated that it would entertain a request to file a further motion to challenge the pleadings if Defendants believed the additional misstatements greatly expanded the potential scope of discovery.[4]  ECF No. 170 at 10; *see also id.* at 8 (noting that with respect to the misstatements that have not yet been deemed actionable, "the question would be whether or not that should be taken up under the guise or through a motion to dismiss, or motion for judgment on the pleadings, or a motion for summary judgment at some later point in time").

Defendants argue that it is impossible to know whether discovery into these matters is relevant and proportional until the Court rules on this issue.  But this would be equally true in any case in which the defendant declines to file a motion to dismiss or other pleadings challenge.  There is no reason to transform the discovery process into another forum to test the sufficiency the pleadings.  Until claims arising from the not-yet-ruled-actionable misstatements are dismissed or struck upon proper motion, information relevant to those misstatements "is relevant to [a] party's claim," and therefore falls within the scope of discovery if non-privileged and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The Court therefore concludes that there is no basis to reach

---

[4] Defendants state that "defendants informed the Court and lead plaintiff that defendants would likely be raising these issues to Magistrate Judge Crawford as part of the discovery process" and "[t]he Court did not disagree with defendants' statement or inform the parties that this plan was improper."  ECF No. 191 at 7.  However, while the Court directed the parties to begin discovery, the Court never indicated that raising a challenge to the sufficiency of the pleadings through a discovery dispute was appropriate.  ECF No. 170 at 11–12.

3:15-cv-02324-GPC-KSC

Defendants' arguments that the TAC's newly added alleged misstatements are not actionable in ruling on the current objection.[5]

Defendants otherwise have not shown that the Discovery Order's decision on the fourth threshold issue was clearly erroneous or contrary to law.  Defendants contend that discovery into "internal controls" should be defined and limited to internal controls over financial reporting, as defined by Section 404 of the Sarbanes-Oxley Act of 2002.  ECF No. 183-1 at 22.  At this stage, in reviewing the threshold issue ruled upon by the Magistrate Judge, the Court finds no reason to define the scope of discovery by the Sarbanes-Oxley Act or the SEC rather than by what is relevant to the allegations in the TAC.  As detailed below, should Defendants believe any particular discovery request related to "internal controls" is disproportionately burdensome compared to its relevance to the non-dismissed claims in the TAC, that issue can be addressed at the stage of a motion to compel or a motion for protective order, not by preemptively limiting all discovery into internal controls to a definition not adopted in the TAC.

Accordingly, the Court finds that the Magistrate Judge did not clearly err or act contrary to law in determining that discovery into internal controls is not limited only to allegations from the *Erhart* Complaint.

### iv.  Burden and Proportionality

Defendants additionally object that the Magistrate Judge did not consider the Rule 26 proportionality standard in making her determination on the threshold issues, and thus that the Discovery Order was contrary to law.  ECF No. 183-1 at 23–24.  Plaintiff contends that the Magistrate Judge's direction to the parties to meet and confer regarding appropriate search terms appropriately addressed Defendants' proportionality concerns at the stage of these threshold disputes.  ECF No. 188 at 24.

---

[5] Defendants' argument that they relied on Plaintiff's assertion that a motion to strike would be improper is unavailing.  ECF No. 191 at 7.  While the Court appreciates the parties' efforts to come to a joint resolution of their issues, Defendants could have sought leave to file a motion to strike even if Plaintiff opposed, or sought guidance from the Court as to how to proceed.

1    As noted above, Rule 26(b)(1) provides that the scope of discovery is limited to

2    "any nonprivileged matter that is relevant to any party's claim or defense and

3    proportional to the needs of the case, considering the importance of the issues at stake in

4    the action, the amount in controversy, the parties' relative access to relevant information,

5    the parties' resources, the importance of the discovery in resolving the issues, and

6    whether the burden or expense of the proposed discovery outweighs its likely benefit."

7    Fed. R. Civ. P. 26(b)(1).  "[A] party claiming that discovery imposes an undue burden

8    must 'allege specific facts which indicate the nature and extent of the burden, usually by

9    affidavit or other reliable evidence.'"  *Nationstar Mortg., LLC v. Flamingo Trails No. 7*

10   *Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (internal citation and

11   quotation marks omitted).  "The court's responsibility, using all the information provided

12   by the parties, is to consider [the burden and importance of the requested discovery] and

13   all the other factors in reaching a case-specific determination of the appropriate scope of

14   discovery."  Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).

15       The Court agrees with Defendants that the Discovery Order does not address the

16   proportionality factors set out in Rule 26(b)(1).  However, the parties framed the first

17   dispute in their joint motion as a threshold issue regarding "[t]he relevant time period for

18   discovery," ECF No. 181 at 2, and the Court fails to see how the Magistrate Judge erred

19   in failing to explicitly answer the separate question of whether Plaintiff's RFPs were

20   proportional with respect to this threshold dispute.  Likewise, the Court does not interpret

21   the Discovery Order as making a final determination that all discovery into underwriting

22   standards and credit quality or internal controls is proportional to the needs of the case.

23   Given that the Discovery Order was "without prejudice to the parties' ability to raise

24   disputes regarding specific document requests that are not otherwise addressed by [the]

25   order," Discovery Order at 5–6, it does not appear that Defendants have been prevented

26   from raising their proportionality concerns with respect to specific RFPs.

27       In any event, Defendants have failed to demonstrate that as a general matter, all

28   discovery related to the given time period and topics raised in the objections is

disproportionate to the needs of the case such that the Magistrate Judge erred in deciding the threshold issues.  Boilerplate assertions of burden or expense do not suffice.  *See* Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Defendants state that the additional months included in the relevant time period for discovery "imposes a significant burden on defendants, while at the same time offers a low possibility that the search will result in relevant information" and that discovery into internal controls "imposes a substantial burden," ECF No. 183-1 at 25–26, which are the type of generalized assertions of burden that are insufficient to limit the scope of discovery. Although Defendants specifically highlight the substantial burdens of producing origination and post-origination documents for the almost 13,000 loans originated during the time period, ECF No. 183-1 at 25–26 (citing Declaration of Tom Constantine ¶¶ 11, 12, 16, 19), this information does not show that all discovery requests related to loan underwriting and credit quality or the relevant time period would be overly burdensome. Thus, although Defendants do provide some evidence supporting their assertion of burden, it is an insufficient basis upon which the Court can make a determination that all discovery into these relevant topics would be burdensome such that the importance of the discovery is outweighed under Rule 26(b)(1) across the board.  Indeed, the proportionality calculus will likely differ significantly depending on the particular discovery request at issue.

The Court therefore finds it premature to determine, as a threshold issue, that any discovery into the relevant time period objected to by Defendants, loan underwriting and credit quality, and internal controls would be disproportionate to the needs of the case. However, the Court clarifies that Defendants shall have the opportunity to challenge specific discovery requests on the basis of proportionality.

The Court therefore OVERRULES Defendants' objections to the Magistrate Judge's resolution of the threshold discovery issues.

\ \ \

\ \ \

**IV.   Conclusion**

For the reasons set forth above, the Court hereby:

1.  VACATES the hearing on this matter; and

2.  OVERRULES Defendants' Objections.

   **IT IS SO ORDERED.**

Dated: May 6, 2021

Hon. Gonzalo P. Curiel
United States District Judge