UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BofI HOLDING, INC. SECURITIES LITIGATION | Case No.: 15-cv-2324-GPC-KSC<br><br>**ORDER REGARDING DISCOVERY DISPUTES** |

Before the Court are several discovery disputes the parties have recently raised in conference with the Court and the Court's staff. The relevant discovery requests and responses thereto were lodged with the Court at the Court's request. The Court heard argument from the parties regarding these disputes on June 11, 2021. Having reviewed the materials submitted and considered the arguments of counsel, and for the reasons stated during the June 11, 2021 hearing, the Court **HEREBY ORDERS** as follows:

**Plaintiff's RFP No. 56**. Plaintiff seeks documents and communications relating to damages claimed by defendants in the *Erhart* whistleblower action. The Court finds that information about defendants' claim for damages is available on the *Erhart* docket and that further detailed information and communications is not relevant to this action. Plaintiff's request for further responses to RFP No. 56 is **DENIED**.

///

**Plaintiff's RFP No. 59**. Plaintiff requests production of all transcripts and video recordings of the depositions of 11 witnesses taken in the *Erhart* action. For the reasons discussed at the hearing, plaintiff's request for further responses is **GRANTED IN PART AND DENIED IN PART.** Defendants will not be required to produce this material outright, but fairness requires that if defendants plan to use the transcripts and videotapes that are the subject of this discovery request for *any* purpose in this litigation, plaintiff must be given equal access to them. Accordingly, any transcript or videotape that defendants intend to use in this litigation shall be produced to plaintiff <u>no less than 14 days before the witness is deposed</u>. Defendants do not otherwise need to produce transcripts or videotapes responsive to this request.[1]

**Summary Data Regarding SFR and IPL Loans**. In response to plaintiff's RFPs No. 9, 10 and 38, defendant has agreed to produce, and plaintiff has agreed to accept, summary loan data regarding approximately 12,000 single family residence (SFR) and income property (IPL) loans. The parties cannot agree, however, as to the specific items of data that must be included in defendants' production. For the reasons stated at the hearing, the Court accepts plaintiff's proposal and further **ORDERS** that defendants shall produce summary loan data which includes the following information:

    (a) date of origination

    (b) borrower name

    (c) loan account number, redacted up to the last 4 digits

    (d) loan type

    (e) appraisal amount

    (f) loan amount at origination

---

[1] As discussed below, plaintiff has separately raised concerns about ESI that was not preserved, and these deposition transcripts and other materials may be relevant to that dispute. However, as that issue is not ripe and is not before the Court at this time, this ruling is without prejudice to the plaintiff's ability to seek production of these materials once the parties' meet and confer regarding document preservation is exhausted.

    (g) loan amount at the end of the discovery period

    (h) loan-to-value ratio (LTV)

    (i) combined loan-to-value ratio (CLTV)

    (j) FICO score

    (k) loan term

    (l) interest rate

    (m) loan officer

    (n) collateral code

    (o) call report code, and

    (p) purpose code.

    **Complete Loan Files for Loans Referenced in the Third Amended Complaint**. For the reasons discussed at the hearing, plaintiff's request for complete loan files for seven loans referenced in the Third Amended Complaint is **GRANTED**.

    **Document Preservation and Concerns Regarding Potential Spoliation of ESI**. In the course of meeting and conferring regarding appropriate document custodians, defendants have disclosed to plaintiff that the bank no longer has ESI (or has very limited ESI) for at least nine of plaintiff's proposed custodians. The parties represented at the hearing that plaintiff has recently propounded interrogatories and a Rule 30(b)(6) deposition notice related to defendants' document preservation efforts and the circumstances surrounding the loss of these custodians' ESI.

    Plaintiff is entitled to information about the loss of defendants' ESI. The Court is troubled by defendants' insistence that plaintiff serve a formal discovery request or deposition notice – neither of which were necessary – which only serves to delay resolution of this dispute. Defendants shall provide substantive responses to plaintiff's interrogatories within 10 days of the issuance of this Order, and shall produce a properly-prepared witness to testify pursuant to plaintiff's Rule 30(b)(6) notice as to these issues at the earliest date thereafter that is convenient to all parties. Following the Rule 30(b)(6) deposition, the parties shall have *one week* to meet and confer regarding any remaining dispute concerning

document preservation or spoliation.  If any such dispute is not resolved within one week after the completion of the Rule 30(b)(6) deposition on ESI preservation issues, it shall be brought to the Court's attention in accordance with the undersigned's Chambers Rules.

Except as stated otherwise herein, defendants shall produce all responsive documents and information as required by this Order ***within 10 days of the date of this Order***.  The Court reiterates its concern with the pace of discovery in this matter and admonishes the parties to expedite all remaining discovery to meet the discovery deadlines currently in place.

**IT IS SO ORDERED.**

Dated:  June 15, 2021

Hon. Karen S. Crawford
United States Magistrate Judge