UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BofI HOLDING, INC. SECURITIES LITIGATION | Case No.: 15-cv-2324-GPC-KSC<br><br>**ORDER REGARDING DISCOVERY DISPUTE** |

    Before the Court is defendants' request for a protective order prohibiting or limiting plaintiff's contacts with BofI's current and former customers. Pursuant to the undersigned's Chambers' Rules, the parties contacted the Court's staff and explained the dispute on June 28, 2021. The Court heard argument from the parties regarding the dispute during a telephonic discovery conference (which was recorded) on July 1, 2021. Having considered the arguments of counsel, and for the reasons stated during the July 1, 2021 conference, the Court **DENIES** the request for a protective order.

    On June 15, 2021, the Court issued an Order requiring defendants to produce summary data related to certain loans issued by BofI during the relevant timeframe,

///

///

including the borrower's name for each loan (the "June 15 Discovery Order").[1] *See* Doc. No. 206 at 2. The parties report that defendants produced the summary loan data – including borrower names, unredacted – in spreadsheet form on June 25, 2021.

Having produced the information, defendants raise a concern that plaintiff (or its agents) may now use the information to "harass" or "bother" BofI's current and former customers, including by demanding information and documents from them.[2] Defendants are also concerned that should plaintiff engage in such improper contacts with customers, BofI's business and reputation could be harmed. Defendants described the potential concerning conduct to include formal and informal demands for documents and information, subpoenas, and other tactics similar to those employed by "bill collectors." Defendants, seeking to "get out in front" of this issue, ask the Court to issue an order prohibiting plaintiff from contacting the customers identified in the summary loan data. Alternatively, defendants ask the Court to provide "guardrails" for any such customer contacts by requiring plaintiff to give defendants advance notice of their intent to contact any current or former BofI customers.

Plaintiff's counsel stated during the discovery conference that plaintiff has no current plans to contact the borrowers identified in the summary loan data spreadsheet, but wants to reserve its right to investigate any lending "irregularities" and/or "improprieties" that might appear after analyzing the data. Plaintiff's counsel noted that there is no evidence that they or any of their agents have engaged in any harassing or otherwise inappropriate behavior in their contacts with borrowers, nor does counsel intend to bother or "disparage" BofI's customers.

---

[1] Defendants were ordered to produce the borrower names, but not contact information, making widescale contacts with these customers unlikely.

[2] Defendants recently moved to set aside the June 15 Discovery Order to the extent it required them to produce the borrowers' names, repeating their concerns about potential harassment of customers and asserting that production of the borrower information was disproportional and burdensome. *See* Doc. No. 210-1 at 6.

| | |
|---|---|
| 1 | The Court finds this dispute is not ripe for judicial intervention. Defendants' counsel acknowledged during the discovery conference that he is unaware of **any** attempt by plaintiff to contact any BofI customer named in the summary loan data (let alone any instances of harassment). Thus, defendants' fear that plaintiff or its agents might contact BofI's customers and badger or harass them is speculative, and does not justify permitting defendant to exert control over plaintiff's investigation of its claims. All counsel are on notice that any harassment or abuse of witnesses will not be tolerated. If evidence of such abuse emerges, the parties shall promptly bring it to the Court's attention. Until then, the Court finds that the Federal Rules of Civil Procedure, the Rules of Professional Conduct and the District's Civil Local Rules provide adequate safeguards for plaintiff's contacts – if any – with BofI's customers. Accordingly, defendants' request for a protective order is **DENIED**. |

**IT IS SO ORDERED.**

Dated: July 2, 2021

Hon. Karen S. Crawford
United States Magistrate Judge