1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re BofI HOLDING, INC. SECURITIES
LITIGATION

Case No.: 15-cv-2324-GPC-KSC

**ORDER REGARDING DISCOVERY DISPUTE**

Before the Court is the parties' most recent discovery dispute, in which plaintiff seeks an order compelling defendants to respond to plaintiff's Interrogatories No. 1 through 5 and Requests for Production ("RFPs" or "document requests") No. 63 through 66.  The Court heard argument from the parties regarding this dispute on August 3, 2021 during a telephonic discovery conference, which was recorded.  At the Court's request, the parties lodged the subject discovery requests and responses, and their agreed-upon search terms, directly with chambers.  The Court has considered the arguments of counsel, the materials lodged by the parties, and the applicable law.  For the reasons stated below, plaintiff's request is **GRANTED IN PART** and **DENIED IN PART**.

///

///

1

## I.  BACKGROUND

Plaintiff alleges in the Third Amended Complaint ("TAC") that during the Class Period, B of I (the "Bank") and certain of its officers and directors misled investors by falsely representing the strength of the Bank's underwriting standards, internal controls and compliance infrastructure.  *See generally* Doc. No. 136.  As an example of purportedly "lax" internal controls, plaintiff alleges that the Bank hired a convicted felon as a Senior Vice President in the lending department, in violation of the law.  *See id.* at ¶¶ 97-99.  Plaintiff further alleges that defendants retaliated against employees who called out allegedly improper practices at the Bank – including by pursuing legal action against them – thereby fostering a "culture of fear and unethical conduct."  *See id.* at ¶¶ 106-121.

As discovery progressed, plaintiff served interrogatories requesting that defendants identify criminal investigations and prosecutions of, and civil lawsuits involving, the Bank and its employees, as follows:

> **Interrogatory No. 1:** Identify and describe each criminal investigation of BofI from the beginning of the Relevant Period[1] to the present, including but not limited to the subject of the investigation, the investigating agency, and the time period of investigation.

> **Interrogatory No. 2:** Identify and describe each criminal investigation or prosecution of any current or former BofI employee from the beginning of the Relevant Period to the present, including but not limited to the subject of the investigation or prosecution, the investigating or prosecuting agency, the identity of the employee(s) under investigation or prosecution, and the time period of investigation or prosecution.

> **Interrogatory No. 3:** Identify and describe each civil action commenced by BofI against any current or former BofI employee from the beginning of the Relevant Period to the present, including but not limited to the case name and number, the presiding court, the parties to the litigation, the date the litigation commenced, and the subject of the litigation.

> **Interrogatory No. 4:** Identify and describe each civil action commenced by any current or former BofI employee against BofI or any of its directors or officers (including any of the Individual Defendants) from the beginning of

---

[1] The "Relevant Period" is April 1, 2013 through June 30, 2016.

the Relevant Period to the present, including but not limited to the case name and number, the presiding court, the parties to the litigation, the date the litigation commenced, and the subject of the litigation.

**Interrogatory No. 5:** Identify and describe each civil litigation commenced by any BofI director or officer (including any of the Individual Defendants), in their personal capacity, against any current or former BofI employee from the beginning of the Relevant Period to the present, including but not limited to the case name and number, the presiding court, the parties to the litigation, the date the litigation commenced, and the subject of the litigation.

Defendants objected to these Interrogatories as seeking irrelevant information, and for being overbroad and unduly burdensome.  Defendants also asserted that the information sought was confidential, proprietary, and/or protected by the attorney client privilege and work product doctrine.  Defendants further objected that the information requested in Interrogatories 3 through 5 was equally available to plaintiff.

Concurrent with the Interrogatories, plaintiff served document requests seeking documents related to the investigations, prosecutions and lawsuits, as follows:

**DOCUMENTS REQUESTED**

**63.** All Documents and Communications relating to any criminal investigation of BofI from the beginning of the Relevant Period through the present.

**64.** All Documents and Communications relating to any criminal investigation or prosecution of any current or former BofI employee, including but not limited to Kristi Procopio, from the beginning of the Relevant Period through the present.

**65.** All Documents and Communications relating to any civil litigation commenced or threatened by BofI against any current or former BofI employee from the beginning of the Relevant Period through the present.

**66.** All Documents and Communications relating to any civil litigation commenced or threatened by any BofI director or officer (including any of the Individual Defendants), in their personal capacity, against any current or former BofI employee from the beginning of the Relevant Period through the present.

As before, defendants objected on the bases of relevance, overbreadth, burden, plaintiff's equal access to the information, and privacy and privilege concerns.

## II. LEGAL STANDARD

Rule 26 provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although broad, "the scope of discovery is not unlimited." *Cabell v. Zorro Prods.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). The Court "must limit" irrelevant, overly broad, unduly burdensome, cumulative or disproportional discovery. Fed. R. Civ. P. 26(b)(2)(C). Whether to permit or deny discovery is left to the Court's discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## III.   DISCUSSION

As an initial matter, the Court finds that plaintiff's discovery requests, as written, are facially overbroad. The Interrogatories and RFPs are not narrowly tailored to seek only such information as would be relevant in this case, but instead seek a wide swath of information about **all** legal matters involving **any** current or former employee, for a period of more than **eight years**, regardless of whether those matters relate in any way to the underlying allegations of securities fraud. Rule 26's broad scope does not entitle plaintiff "'to engage in an unwieldy, burdensome and speculative fishing expedition.'" *See U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015) (citation omitted). While a subset of the information sought may be relevant to the issues of falsity and scienter – the purported purpose of the discovery – plaintiff's requests sweep far too broadly. The Court can easily imagine any number of lawsuits, investigations, or prosecutions that would be responsive to plaintiff's discovery as written: tax audits, small claims suits, litigation over pay and benefits, and accusations of physical harm or damage to property. These are but a few hypothetical examples to illustrate that information and documents responsive to plaintiff's discovery may be wholly unrelated to plaintiff's

4

allegations of wrongdoing and defendants' contemporaneous awareness of that wrongdoing – and thus well outside the bounds of Rule 26.  Plaintiff's counsel conceded as much at the hearing, stating that plaintiff would not be interested in, for example, discovery related to a sexual harassment suit.  Yet, such information is plainly called for by the discovery requests as drafted.  The Court reminds counsel and the parties of their "obligation to narrowly tailor their discovery requests" to seek only such information as may be relevant to a party's claims or defenses.  *Cheng v. AIM Sports, Inc.*, No. CV 10–3814–PSG (PLAx), 2011 WL 13196557, at *6 (C.D. Cal. Mar. 30, 2011).

The Court further finds that the discovery sought is unreasonably burdensome and not proportional to the needs of the case. Plaintiff's wide-ranging requests would require defendants to interview dozens (if not hundreds) of current and former bank employees to determine whether they were under investigation or otherwise involved in legal proceedings at any time since 2013, based on nothing more than plaintiff's speculation that there could be some ***there*** there.  Plaintiff has not persuaded the Court that these efforts are necessary – particularly as to civil lawsuits, which are a matter of public record that plaintiff is equally capable of researching. The Court finds that the marginal (if any) relevance of the discovery sought is significantly outweighed by the effort that defendants would need to expend to produce it – not to mention the unnecessary intrusion into nonparties' legal affairs. *See In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) (noting that overbroad discovery requests for "confidential information" that seek "irrelevant information" are "unduly intrusive and burdensome").

Plaintiff offered at the hearing to limit the scope of the discovery to information and documents related to the wrongdoing alleged in the TAC.  Even with this limitation, however, the Court finds that the document requests are unreasonably cumulative.  Plaintiff has already requested documents related to communications "with any governmental agency" regarding the allegations of the *Erhart* action or this Action specifically, and, separately, documents and communications "referring or relating to any investigation by" ///

several enumerated government entities.[2]   More generally, plaintiff has requested documents and communications related to the Bank's internal controls, compliance and compliance infrastructure, lending practices, risks and risk management issues, assessment and response to fraud risks, whistleblower program, and hiring and termination practices.[3] The parties' negotiated search terms corresponding to these requests indicate that defendants have searched for documents related to government and agency reviews, investigations, inquiries and interviews concerning underwriting, credit quality, and internal controls, and investigations and inquiries by the enumerated government entities regardless of subject matter.  There are also searches for documents concerning the alleged fraud itself, including broadly-worded searches related to risk, risk management, internal controls, compliance, financial reporting, and internal audits.  Given these comprehensive search terms, the Court finds that documents responsive to RFPs No. 63 through 66, appropriately limited to the subject matter of the lawsuit, are within the scope of plaintiff's existing discovery requests and the searches already undertaken for documents responsive to those requests. The Court will therefore not require defendants to renegotiate search terms or to start the ESI collection process anew to respond to plaintiff's RFPs.

Notwithstanding the foregoing, the Court finds information concerning the Bank's or its executives' knowledge of, or involvement in, criminal or civil proceedings related to the wrongdoing alleged in the TAC may be relevant to the issues of falsity and scienter. For example, legal action (including investigations) in which the Bank or its highest-ranking executives were named parties (or the subject of the investigation) would be relevant to these issues – if the action related to the alleged wrongdoing.  Presumably, the Bank's legal department would have been made aware of legal action related to the Bank

---

[2] These are RFPs No. 5 and 6.  The enumerated entities are the Securities and Exchange Commission, the Departments of Justice and the Treasury, the Office of the Comptroller of the Currency, the Federal Reserve, the Consumer Financial Protection Bureau, and the Financial Industry Regulatory Authority.

[3] These are RFPs No. 12 through 17, 22, 27, and 29.

itself, or to the executives' conduct at the Bank.  Furthermore, the Court has already found that "the appropriate time period for discovery in this matter is April 1, 2013 to June 30, 2016," and plaintiff has not persuaded the Court that a broader time period should apply here.  *See* Doc. No. 182 at 3.  In other words, the universe of relevant information is considerably narrower than the discovery plaintiff propounded.  As a rule, it is not up to the Court to "rewrite" overbroad discovery "to obtain the optimum result for th[e] [propounding] party."  *See Kellgren v. Petco Animal Supplies*, *Inc.*, No. 3:13-cv-644-L(KSC), 2017 WL 979045, at *4 (S.D. Cal. Mar. 13, 2017) (citation and internal quotations omitted).  However, in the interest of expediting discovery, the Court has done so here.

# O R D E R

For the foregoing reasons, plaintiff's request to compel defendants to respond to Interrogatories No. 1 through 5 and RFPs No. 63 through 66 is **GRANTED IN PART** and **DENIED IN PART**.  Within ***10 business days*** of the date of this Order, defendants shall respond to Interrogatories No. 1 through 5 as follows:  For the period April 1, 2013 through June 30, 2016, defendants shall identify (1) any investigation, prosecution or civil lawsuit to which the Bank or any of its officers or directors was a party or subject of investigation, to the extent the defendants or the Bank's legal department were made aware of such legal action; (2) the subject of the investigation, prosecution or civil lawsuit as it relates to the allegations in the TAC; (3) the date of the investigation, prosecution, or civil lawsuit; (4) for criminal or regulatory matters, the investigating or prosecuting entity; and (5) for civil lawsuits, the named parties, case number and jurisdiction.  Defendants need not otherwise respond to Interrogatories No. 1 through 5, and are not required to respond to RFPs No. 63 through 66.

**IT IS SO ORDERED.**

Dated:  August 10, 2021

Hon. Karen S. Crawford
United States Magistrate Judge