# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BofI HOLDING, Inc. Securities Litigation, | Case No.:  15-CV-2324-GPC-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION REGARDING OBJECTIONS TO ORDER REGARDING DISCOVERY DISPUTES; AND**<br><br>**(2) DIRECTING DEFENDANTS TO PRODUCE DEPOSITION TESTIMONY**<br><br>**[ECF No. 214]** |

Before the Court is Plaintiff's Motion Regarding Objections to Magistrate Judge Crawford's June 15, 2021 Order Regarding Discovery Disputes, filed on June 29, 2021. ECF No. 214-1.  Defendants filed their response in opposition to the motion on July 23, 2021, ECF No. 225, and Plaintiffs filed their reply on August 6, 2021, ECF No. 235.

For the foregoing reasons, Plaintiff's motion is GRANTED.

**Factual and Procedural Background**

**I.   First Requests for Production and the February 26, 2021 Order**

On December 22, 2020, Plaintiff, Houston Municipal Employee Pension System (hereinafter "Plaintiff") served a first set of Requests for Production ("First RFPs") to Defendants.  Within the set of requests, Plaintiff's RFP No. 2 sought "all Documents and Communications produced in the *Erhart* Action" and "all transcripts and video recordings of depositions taken in the *Erhart* Action."  ECF No. 183-4 at 11; *see also* ECF No. 214-1, Plaintiff's Motion ("Pl.'s Mot.") at 7; ECF No. 225, Defendants' Opposition ("Defs.' Opp.") at 6.[1]  Defendants objected to this request (and others), and the parties were unable to resolve the disputes during subsequent meet and confer conferences.  *See* Defs.' Opp. at 6.

Judge Crawford declined to order Defendants to fulfill the request because Plaintiff "ha[d] not met [its] burden of demonstrating the relevance of all discovery exchanged in *Erhart* to this case," and that Plaintiff's request for "wholesale production" of discovery from the *Erhart* whistleblower action was overbroad and unwarranted.  ECF No. 182, Feb. 26, 2021 Order, at 5.  Judge Crawford *did* direct Defendants to produce documents that were "otherwise responsive" to Plaintiff's requests in the First RFPs.  *Id.*  However, Defendants did not interpret Judge Crawford's Order as requiring Defendants to produce "any deposition transcripts or recordings," so they did not do so.  Defs.' Opp. at 7.

**II.   Second Requests for Production and the June 15, 2021 Order**

On March 12, 2021, Plaintiff served a second set of requests for production ("Second RFPs") on Defendants.  The instant motion is limited to the dispute over RFP

---

[1] The Court cites to page numbers reflected on the CM/ECF pagination.

No. 59 which asked Defendants to produce: "[a]ll transcripts and video recordings of depositions, taken in the *Erhart* action" relating to eleven specific deposed witnesses.[2]

On April 12, 2021, Defendants objected to RFP No. 59 "with virtually all the same objections used for Request No. 2" and because Defendants believed Judge Crawford "had already ruled on this issue" so the objection was not timely.  Defs' Opp. at 7-8.

The parties once again failed to resolve their disagreement regarding RFP No. 59 among themselves or during discovery conferences, Pl.'s Mot. at 8, so on June 11, 2021 they argued their positions before Judge Crawford.[3]  On June 15, Judge Crawford issued an order.  ECF No. 206, June 15, 2021 Order.  Judge Crawford again declined to compel Defendants to produce the deposition testimony "outright," but held that "fairness requires that if defendants plan to use the transcripts and videotapes for *any* purpose in this litigation, plaintiffs must be given equal access to them."  June 15 Order at 2 (emphasis in original).  The Order *also* conditioned Defendants' obligation by instructing that "any transcript or videotape that defendants intend to use in this litigation shall be produced to plaintiff no less than 14 days before the witness is deposed."  *Id*.  During the hearing, Judge Crawford also stated, "[i]t cannot be that the defense has these transcripts and uses them for its preparation of this case and any future impeachment but the plaintiff is precluded from having that same opportunity."  ECF No. 220, June 11, 2021 Hearing Transcript ("June 11 Tr.") at 16.

---

[2] Each party listed the eleven witnesses as: (1) Jonathan Ball; (2) Eshel Bar-Adon; (3) named Defendant Gregory Garrabrants; (4) named Defendant Andrew J. Micheletti; (5) Cynthia Brickey-Wyatt; (6) Jan Durrans; (7) Heather Michaud; (8) Kristi Procopio; (9) Mike Sisk; (10) Brian Swanson; and (11) John Tolla.

[3] The official transcript of the June 11, 2021 hearing is available at ECF No. 220.

Plaintiff filed the motion now before the Court to set aside Judge Crawford's June 15 Order, and to compel Defendants to produce the depositions of the witnesses named in RFP No. 59.  ECF No. 214-1, Pl.'s Mot.

## Legal Standard

Under 28 U.S.C.A. § 636(b)(1), a district judge to whom a case is assigned may designate a magistrate judge to hear and determine any pretrial matter pending before the court, with limited exceptions.  The same statute also empowers the district judge to "reconsider any matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* § 636(b)(1)(A).  A party who takes issue with a magistrate judge's resolution of pretrial disputes "may serve and file objections to the order within 14 days after being served with a copy," and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). To determine whether it is "clearly erroneous" the district judge must evaluate whether "on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015); *see also Concrete Pipe & Prods. v. Construction Laborers Pension Trust*, 508 U.S. 602, 623 (1993).  If a magistrate judge's order "applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure" the district judge may find it to be contrary to law for the purposes of Rule 72(a).  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).

## Discussion

### I. Timing of the Objection under Rule 72(a)

As one of their primary arguments against Plaintiff's objections, Defendants challenge the timing of Plaintiff's objection to the February 26 Order.  *See* Defs.' Opp. at

9. Specifically, Defendants assert that Plaintiff served RFP No. 59 because Plaintiff "fail[ed] to object on a timely basis" to Judge Crawford's February 26 Order which HAD declined to compel Defendants to respond to RFP No. 2. *Id.*

The Court is not persuaded by Defendants' argument that Plaintiff failed to object to RFP No. 2 and therefore forfeited or waived the prerogative to seek the deposition testimony requested in RFP No. 59. Defendants' position necessarily relies on the premise that Plaintiff's RFP Nos. 2 and 59 are essentially identical. But in declining to compel production, Judge Crawford in the February 26 Order used the term "wholesale" to describe Plaintiff's indiscriminate request in RFP No. 2 for all communications, depositions, and recordings in the *Erhart* action. Feb. 26, 2021 Order at 5. It is clear, however, that by serving Defendants with RFP No. 59—which requested deposition transcripts and recordings for a more narrowly tailored group of deposed witnesses— Plaintiff sought to cure the defect identified by Judge Crawford in the February Order by limiting its request from all depositions to eleven depositions. The Court cannot agree that Plaintiff's RFP No. 59 was merely "an attempt to obtain the same discovery sought in Request No. 2," Defs.' Opp. at 10.

In any event, Judge Crawford disregarded Defendant's waiver theory when it was raised at the June 11 hearing by deciding the question on the merits because it would have otherwise been a dispositive threshold issue that would have defeated Plaintiff's objection entirely. Indeed, the Court agrees with Plaintiff that the fact investigation and narrowing down to specific deposed witnesses is "precisely the process Judge Crawford . . . directed Plaintiff to follow to target discovery relevant to this action and not just the *Erhart* action." ECF No. 235, Pl.'s Reply at 11. In view of the foregoing, the Court concludes that following Judge Crawford's June 15 Order, Plaintiff timely objected under Rule 72(a) by filing its objection in the instant motion June 29, 2021. Pl.'s Mot.

## II. Rule 26 Analysis

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). For the following reasons, the Court finds that Judge Crawford's June 15 Order was clearly erroneous and contrary to law because it failed to account for the highly relevant evidence contained in the *Erhart* depositions that Defendants have had sole access to throughout this litigation.

### a. The requested discovery is relevant.

Relevance is an exceedingly low bar. Federal Rule of Evidence 401 deems evidence relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and it is material to the action. Fed. R. Evid. 401.

The Court finds Plaintiff has sufficiently demonstrated that the deposition testimony requested in RFP No. 59 will have at least some tendency to make the claims Plaintiff alleges more likely, and that the information therein is material to Plaintiff's action (not only to Mr. Erhart's case). Nor do Defendants seriously contest the relevance of the eleven *Erhart* depositions. As an initial matter, the deposition testimony and recordings which Plaintiff seeks are not from a tangentially related action. Rather, Matthew Erhart, the whistleblower whose case against Defendants runs parallel to this one, alleges BofI's senior management repeatedly and knowingly violated federal securities regulations.[4] Ultimately, the Ninth Circuit concluded that Mr. Erhart's Complaint may "serv[e] as a potential corrective disclosure" in Plaintiff's case. *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 798 (9th Cir. 2020). As described by Plaintiff in its motion and reply, the list of witnesses whose depositions Plaintiff seeks

---

[4] *See generally*, *Erhart v. BofI Holding, Inc.*, No. 3:15-CV-02287-BAS-NLS (S.D. Cal. Oct. 13, 2015), ECF No. 1.

includes Mr. Erhart himself, two named Defendants, members of the audit department, former BofI employees, and confidential witnesses who appear in the TAC.[5]

The *Erhart* claims and witnesses are inextricably intertwined with the claims and witnesses in this case. Indeed, Plaintiff has pointed to specific portions of the publicly-filed excerpts of the depositions which clearly demonstrate the depositions are relevant. *See* Pl.'s Mot. at 11. For example, Plaintiff directs the Court's attention to testimony alleging John Tolla, BofI's Senior Vice President of Audit and Compliance, directed employees to avoid communicating about the Bank's risk management issues. *See Erhart* Action, ECF No. 158-5, Erhart Dep., at 299. The Court therefore agrees with Plaintiff—as seemingly Defendants do as well—that the deposition testimony for the eleven witnesses identified RFP No. 59 is "unquestionably relevant" to the claims alleged in Plaintiff's TAC. Pl.'s Reply at 3; *see Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C 11-1846-LHK-PSG, 2011 WL 11552883, at *3 (N.D. Cal. Dec. 22, 2011) (finding relevant to the instant case prior deposition testimony of Apple employees from an earlier case).

### b. The deposition testimony is proportional to the needs of the case.

Beyond relevance, Rule 26 further instructs that the discovery must be "proportional to the needs of the case," considering: (1) the importance of the issues at stake in the action; (2) the amount in controversy [6]; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery

---

[5] At least one of Plaintiff's confidential witnesses was apparently identified as a confidential witness in this case by defense counsel in the *Erhart* action. ECF No. 244, Pl.'s Request for Judicial Notice, Panek Decl. at 2-3.

[6] The amount in controversy in this case may exceed $300 million.

outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). For the reasons that follow, the Court finds Plaintiff's RFP No. 59 is proportional.

> i. *The* Erhart *depositions are important to resolving issues in the case*.

After the February 26 Order wherein Judge Crawford described RFP No. 2 as "wholesale," Plaintiff sought information that would facilitate narrowing the request. For example, Plaintiff closely reviewed the *Erhart* docket, and asked Defendants to provide organizational charts and confirm the identities of all witnesses deposed in the *Erhart* action. Pl.'s Mot. at 7-8. Defendants confirmed there were twenty-eight witnesses deposed. Based on that information, Plaintiff served RFP No. 59, asking for the deposition testimony for just eleven witnesses. As described above, those eleven witnesses are directly or indirectly tied to the allegations alleged by Plaintiff. The testimony is therefore "importan[t]" to "the issues at stake in the action." Fed. R. Civ. P. 26(b)(1). At bottom, Plaintiff's case depends substantially on its ability to corroborate Mr. Erhart's version of important events. The Court finds Plaintiff has sufficiently explained why the eleven *Erhart* depositions are critical to "resolving the issues" in this case. Fed. R. Civ. P. 26(b)(1).

> ii. *Asymmetrical access to the depositions supports compelling disclosure*.

Of serious concern to the Court is the issue of asymmetrical access to the information in the eleven depositions, a factor in the Rule 26 analysis. The same law firm, and some lawyers, representing Defendants in this case also represent BofI in the *Erhart* action. Judge Crawford's June 15 Order instructs Defendants they need only produce deposition testimony and recordings in the event Defendants choose to "use" them. June 15 Order at 2. But the Order *also* conditioned this obligation by instructing that "any transcript or videotape that defendants intend to use in this litigation shall be produced to plaintiff no less than 14 days before the witness is deposed." *Id*. The Court

finds that Judge Crawford's Order did not fully consider the asymmetry created by the conditional production of the depositions, as required under Rule 26(b).

Based on the language of the Order, Defendants assert "*if* Plaintiff decides to depose certain individuals who were witnesses in the Erhart action, defendants are required to produce at least two weeks prior to the deposition any deposition transcript or recording that *defendants* intend on using affirmatively for any purpose." Defs.' Opp. at 13 (emphasis added). Defendants therefore maintain complete control over whether Plaintiff can ever access the *Erhart* depositions—Defendants could easily commit to not "affirmatively" using any number of them, thus allowing Defendants to avoid production. Such asymmetrical access is unfair and contrary to the truth-seeking purpose of civil discovery. This conclusion is called for given that courts have compelled responses to requests for production when "asymmetric discovery would put [p]laintiff at a trial disadvantage . . . for [d]efendant would have access to a pool of potential witnesses, who were already questioned" by the party who seeks to withhold the testimony. *Lipian v. University of Michigan*, No. 18-13321, 2020 WL 2513082, at *1 (E.D. Mich. May 15, 2020); *see also Circle City Broadcasting I, LLC v. DISH Network, LLC*, No 1:20-cv-00750-TWP-TA, 2021 WL 1696419, at *3 (S.D. Ind. Apr. 29, 2021) (compelling production of relevant material because of asymmetrical access).

Plaintiff argues, "Defendants and their counsel cannot unlearn what they already know," and the Court agrees that, under these circumstances, allowing the June 15 Order to stand would give a "tactical advantage" windfall to Defendants. Pl.'s Mot. at 15-16. It is impossible to know the extent to which Defendants have *already* "used" the information gleaned from the *Erhart* depositions for some purpose, but it is plausible, if not very probable, that the depositions have informed strategy in this case. *See* ECF No. 214-2, Michael Sheen Decl. ¶ 10. In response, Defendants have argued that there is no such advantage because Plaintiff *does* indeed have access to the testimony of the eleven

witnesses because Plaintiff is able to subpoena and depose the witnesses itself. Defs.' Opp. at 13-14. Defendants' argument misses the mark. Asserting that Plaintiffs should simply take their own depositions does not adequately cure the substantial information asymmetries that have already existed throughout this litigation. The depositions serve the following purposes that cannot be met by Plaintiff deposing the eleven witnesses: Plaintiff might use the depositions to impeach a witness' in-court testimony. *See* Fed. R. Civ. P. 32(a); *see also* Fed. R. Evid. 613. Plaintiff might introduce a deposition as a party's own statement. *See* Fed. R. Evid. 801(d)(1)(A). Plaintiff might use a deposition to refresh a witness' memory, as this litigation is increasingly distanced from the time when the alleged conduct occurred. *See* Fed. R. Evid. 612. Plaintiff might even decide, based on a review of the deposition testimony sought in RFP No. 59, to not depose certain witnesses at all—thereby reducing the costs and burdens of discovery in this litigation.

Under the facts of this case where the Defendants and their counsel took the depositions Plaintiff now seeks, the information asymmetry created by these circumstances cannot be tolerated. The Court therefore finds that the June 15 Order was "clearly erroneous" on the issue of relative access, which weighs strongly in Plaintiff's favor.

> iii. *The discovery sought is not unreasonably cumulative or duplicative.*

Rule 26(b)(2)(C) requires a court to "limit the frequency or extent of discovery otherwise allowed by the[] rules" if the court determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). The Court finds that Judge Crawford erred in concluding that the deposition testimony would be unnecessarily duplicative.

At the June 11 hearing, Judge Crawford expressed concern that Plaintiffs wanted access to the eleven *Erhart* depositions, and "you also want to be able to question the identical witnesses on any issue that is relevant in this litigation?" June 11 Tr. at 14. As a result, Judge Crawford opined, "I think the plaintiff has the right to take whatever depositions it feels it needs to take relative to this case. They don't need the depositions from the Erhart case to do so. I think it is duplicative, and unnecessarily so." *Id.* at 15. The Court finds Judge Crawford's June 15 Order was contrary to the dictates of Rule 26.

Rule 26 instructs courts to limit discovery when it is unreasonably cumulative of duplicative. However, the Ninth Circuit observed that "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (holding that the district court abused its discretion when it did not conduct a relevance determination and declined to allow access to materials in collateral litigation). Courts routinely order parties to produce deposition testimony from actions that are similar in nature. *See, e.g.*, *Montgomery v. Wal-Mart Stores, Inc.*, No. 12-CV-3057-JLS (DHB), 2015 WL 11233384, at *9 (S.D. Cal. July 17, 2015) (ordering plaintiff to produce deposition transcripts where requests were "narrowly tailored to seeking deposition-related documents pertinent to other lawsuits or claims related to the underlying incident").[7] Even if some of the *Erhart* deposition testimony is duplicative of future deposition testimony that *may* be developed by Plaintiff (which, again, under the June 15 Order, Plaintiff could not know unless and until Defendants plan to use the depositions affirmatively, thereby requiring them to produce it to Plaintiff),

---

[7] *See also* Pl.'s Mot. at 13-14 (collecting cases in which courts have ordered production of prior testimony); Pl.'s Reply at 4 (collecting further cases in which courts have ordered production of prior testimony regardless of witness availability for a deposition in the instant action).

discovery must be "*unreasonably* duplicative" to counsel against production. Fed. R. Civ. P. 26(b)(2)(C)(i); *See Rich ex rel. heirs of Rich Grover*, No. 1:07-CV-0005-DAK-PMW, 2008 WL 2783188, at *3 (D. Utah July 17, 2008) ("Discovery is not 'unreasonably cumulative or duplicative' simply because it can be or has been obtained from another source.").

When Plaintiff served Defendants with RFP No. 59, this request could not have been duplicative as Plaintiff previously had no access to the Erhart depositions. Moreover, the *Erhart* depositions were closer in time to the events that make up Plaintiff's complaint, and any depositions now taken could be an unsatisfactory substitute. *See Clark ex. rel. Flores v. United States*, No. 3:15-8360GPC, 2017 WL 2822526, at *4 (S.D. Cal. June 30, 2017), aff'd 780 F. App'x 420 (9th Cir. 2019) (finding deposition testimony more credible than trial testimony "given that it was taken closer in time to the incident").

And finally, Plaintiff "*may* be able to narrow the scope of (or in some instances might decline to take) depositions of those witnesses." Pl.'s Mot. at 16 (emphasis added). Making the eleven depositions available at this time may ultimately reduce the number of depositions or limit the range of topics covered at the deposition. In any event, the Court finds that the June 15 Order was clearly erroneous in holding that the deposition testimony Plaintiff seeks is "unnecessarily" duplicative.

iv. *Defendants' de minimis burden favors compelling disclosure*.

The Court acknowledges Defendants' statement that reviewing the transcripts, recordings, and exhibits that make up each witness' deposition testimony may be onerous. June 11 Tr. at 13. But in the final analysis, the significantly narrowed list of the eleven witnesses Plaintiff seeks should be manageable for a well-resourced law firm like the one representing Defendants in this case. The Court therefore finds that the benefit to Plaintiff in securing highly relevant, corroborative evidence that Defendants already have

in their possession significantly outweighs the burden to Defendants in reviewing and preparing the eleven depositions for discovery. Insofar as Judge Crawford's Order relied on the burden to Defendants in the June 15 Order, the Court finds that this factor also weighs heavily in favor of compelling disclosure.

### III. Hypothetical "ancillary" discovery disputes do not outweigh Rule 26's enumerated factors.

Relatedly, Defendants and Judge Crawford raised concerns that allowing Plaintiff to access the depositions would lead to a floodgate of further discovery disputes. Defs.' Opp. at 14-15; June 11 Tr. at 15. However, the Court agrees with Plaintiff that "hypothetical future discovery disputes," a consideration "outside the scope of Rule 26" should not outweigh those factors specifically delineated in Rule 26(b)(1), which weigh in favor of granting Plaintiff's motion to compel Defendants to fulfill the request for production. Pl.'s Mot. at 20. Allowing such a consideration to determine the outcome of a discovery dispute is clearly erroneous and contrary to law.

### Conclusion

Because Judge Crawford's June 15 Order failed to appropriately weigh relevance and the proportionality factors enumerated in the text of Rule 26, the Court finds that under Rule 72(a) the June 15 Order was clearly erroneous and contrary to the law governing discovery. The Court hereby **ORDERS** that Defendants produce all of the *Erhart* deposition testimony, transcripts, and recordings that Plaintiff requested in RFP No. 59, in compliance with the discovery and protective orders already ruled on in this case.

**IT IS SO ORDERED.**

Dated: September 29, 2021

Hon. Gonzalo P. Curiel
United States District Judge