UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BofI HOLDING, INC. SECURITIES LITIGATION | Case No.: 3:15-cv-02324-GPC-KSC<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive, legal, regulatory and other reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain protected consumer banking information, communications between BofI and regulators, internal audit communications and findings, and non-public personal information of BofI employees and customers, which are protected from disclosure by, among other things, the Gramm-Leach-Bliley Act and the rules and regulations of the Office of the Comptroller of the Currency ("OCC") and the Securities & Exchange Commission (among others). Additionally, the parties may exchange confidential financial, trade secret or other confidential research, technical, cost, price, marketing or other commercial

information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7).  To preserve the confidential nature of this information, this Order establishes a procedure for disclosing confidential information to the parties in this litigation, imposes obligations on persons receiving confidential information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by the providing party or any person or party to which it belongs.

2. The term "materials" will include, but is not be limited to:  documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects; regulatory communications that have not been publicly filed, including, without limitation, attachments to public filings; other materials

that identify non-public personal information about BofI's employees, customers, clients and business counterparties; internal audit communications and findings; and all other things produced, given, received or filed in connection with the prosecution or defense of this action.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Lieff Cabraser Heimann & Bernstein, LLP (Counsel for Plaintiff HMEPS and Lead Counsel for the proposed Class) and Sheppard, Mullin, Richter & Hampton LLP (Counsel for Defendants).

## GENERAL RULES

4. All materials produced, given and/or received by the parties to this action shall be used solely in connection with the prosecution or defense of this action, and shall not be used for any other purpose or in connection with any other action.

5. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes contains Confidential Information subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business, operations or legitimate privacy interests of such party or its employees, customers, clients or business counterparties of such party, or reveal confidential information concerning nonpublic communications to or investigations by governmental agencies.

///

      b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

6.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

7.    Plaintiff applied to the Office of the Comptroller of the Currency ("Comptroller") pursuant to 12 CFR part 4, Subpart C, for permission to have made available, in connection with this litigation, certain records. Such records are deemed by the Comptroller to contain non-public OCC information that is confidential and privileged, pursuant to 12 U.S.C. 481, 1463(a)(1), 1464(a)(1) and 1464(d)(1)(B)(i); 5 U.S.C. 552(b)(8); 18 U.S.C. 641, 1906; and 12 CFR 4.12, and part 4, Subpart C. Following consideration of Plaintiff's application, the Comptroller has determined that the particular circumstances of the above-captioned action warrant making certain records available to the parties in this action, provided that the protection of their confidentiality can be secured by the following procedures.

///

///

      a.    Any party or other person who wishes to use the information or records or their contents in any other action shall make a separate application to the Comptroller of the Currency pursuant to 12 CFR part 4, Subpart C.

      b.    At the conclusion of this action, all parties shall certify to the Comptroller that the records covered by this Paragraph have been destroyed. Furthermore, counsel for BofI, pursuant to 12 CFR 4.39(c), shall retrieve any records covered by this Paragraph that may have been filed with the Court.

8.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

      a.    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

      b.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter and the person(s) agreed upon pursuant to paragraph 9 below, except that the person(s) agreed upon pursuant to paragraph 9 below may be excluded during such time as information designated "CONFIDENTIAL – FOR COUNSEL ONLY" is to be disclosed to the extent that such person(s) is/are not authorized to receive such information under this Order; and

      c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately

presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within seven (7) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the seven (7) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

11. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 9), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

      a.    Executives who are required to participate in policy decisions with reference to this action;

      b.    Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

      c.    Stenographic and clerical employees associated with the individuals identified above.

12. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

13. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative

///

1  Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing
2  documents under seal.

3      15.    At any stage of these proceedings, any party may object to a
4  designation of the materials as Confidential Information.  The party objecting to
5  confidentiality must notify, in writing, counsel for the designating party of the
6  objected-to materials and the grounds for the objection.  If the dispute is not
7  resolved consensually between the parties within seven (7) days of receipt of such a
8  notice of objections, the objecting party may move the Court for a ruling on the
9  objection.  The materials at issue must be treated as Confidential Information, as
10 designated by the designating party, until the Court has ruled on the objection or the
11 matter has been otherwise resolved.  Similarly, if a party receives (or has received)
12 from some other source materials that it and its counsel reasonably believe could
13 include Confidential Information of the other party, the receiving party shall treat
14 the materials at issue as Confidential Information and promptly notify, in writing,
15 counsel for the other party of its receipt of such materials and provide a copy of
16 such materials to the other party.  The other party shall, within seven (7) days of
17 receipt of the materials, designate appropriate portions of such materials as
18 Confidential Information.

19     16.    All Confidential Information must be held in confidence by those
20 inspecting or receiving it, and must be used only for purposes of this action.
21 Counsel for each party, and each person receiving Confidential Information, must
22 take reasonable precautions to prevent the unauthorized or inadvertent disclosure of
23 such information.  If Confidential Information is disclosed to any person other than
24 a person authorized by this Order, the party responsible for the unauthorized
25 disclosure must immediately bring all pertinent facts relating to the unauthorized
26 disclosure to the attention of the other parties and, without prejudice to any rights
27 and remedies of the other parties, make every effort to prevent further disclosure by
28 the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. Accidental disclosure of Confidential Information does not waive the confidence otherwise attaching to the Confidential Information. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

19. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged, confidential and protected as a matter of law or regulation, or as attorney work product. Disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including (without limitation) the attorney-client privilege or attorney work product doctrine (collectively, "Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege as to which the producing party would be entitled in the action. The receiving party agrees to return, sequester or destroy any Privileged Information disclosed or produced by the producing party upon request. If the receiving party wishes to challenge the

privileged nature of the purportedly Privileged Information, the receiving party must make its application to the Court pursuant to Section 14 above within ten (10) business days of the request by the producing party to return, sequester or destroy the purportedly Privileged Information. If the receiving party reasonably believes that Privileged Information has been inadvertently disclosed or produced, it shall notify the producing party and sequester such information until instructions as to the disposition of such information are received. The failure of any party or non-party to provide notice or instructions under this Section shall not constitute a waiver or estoppel as to any claim of privilege as to which the producing party would be entitled in this action.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed or used for any purpose other than the prosecution or defense of this litigation in violation of this Order.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

23. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all

1 machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that Confidential Information.

26. Transmission by facsimile is acceptable for all notification purposes within this Order.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

///
///
///
///
///

28. The Court may modify this Order in the interests of justice or for public policy reasons. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

## ORDER

Pursuant to stipulation, **IT IS SO ORDERED.**

Dated: November 12, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: BofI HOLDING, INC. SECURITIES LITIGATION, | Case No.: 3:15-cv-02324-GPC-KSC<br><br>**EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
|---|---|

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read and received a copy of the Protective Order entered in *In re BofI Securities Litigation*, Case No. 3:15-cv-02324-GPC-KSC.

3. I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 9 and 10 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court. **I declare under penalty of perjury that the foregoing is true and correct.**

Date: _____        Signature: _____