UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re B of I HOLDING, INC. SECURITIES LITIGATION | Case No.: 15-cv-2324-GPC KSC<br><br>**STIPULATED DEPOSITION PROTOCOL** |

In accordance with Civil Local Rule 7.2, Plaintiff Houston Municipal Employees Pension System ("Plaintiff") and Defendants BofI Holding, Inc., Gregory Garrabrants, Andrew J. Micheletti, Paul J. Grinberg, Nicholas A. Mosich, and James S. Argalas ("Defendants," and together with Plaintiff, the "Parties") respectfully submit and request Court approval of the following stipulated protocol for conducting depositions in the above-captioned matter:

## **ALL DEPOSITIONS**

1.  The Parties will consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places.

2.  Depositions of fact witnesses are limited to no more than one (7-hour) day unless the parties agree otherwise.

3.  Reasonable breaks shall be excluded from calculation of deposition time under FRCP 30(d)(1). Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

4. Plaintiff's deposition exhibits shall be numbered consecutively using exhibit numbers 1 through 1000. Defendants' deposition exhibits shall be numbered consecutively using exhibit numbers 1001 through 2000. The Parties shall endeavor to avoid re-marking identical exhibits. Different (but not identical) versions of the same document, such as copies with handwritten notes added, should be separately marked if used.

## **REMOTE DEPOSITIONS**

5. On agreement of the Parties, depositions may be conducted remotely using videoconference technology such as Zoom.

6. Remote depositions shall be video-recorded. The Parties agree that an employee for the court reporter service may attend each remote deposition to video record the deposition and troubleshoot any technological issues that may arise.

7. The Parties agree that video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

8. Consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, each person attending and/or observing a remote deposition shall be identified on the record. The statements of all persons attending a remote deposition shall be audible to all participants. Deposing counsel (including, for non-parties, counsel for both Plaintiff and Defendants), defending counsel, the witness, and all persons in the same physical room as the witness shall be visible to all other participants. Other attendees of the deposition (including the court reporter and videographer) should, after their attendance has been noted for the record, turn off their cameras and microphones in order to reduce background noise, distraction, and internet bandwidth required to maintain the video-conference call.

9. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending.

10. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

11. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The court reporter service will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

12. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.

13. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

14. A copy of this Stipulation and Order shall be provided to the court reporter service at least twenty-four hours in advance of the deposition.

15. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the videographer responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

16. The Parties agree to work collaboratively and in good faith with the court reporter service to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address any troubleshoot technological issues

that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

17. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (*e.g.*, a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

18. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 within a reasonable time before the date of the deposition.

19. The Parties agree that Counsel may introduce exhibits electronically during the deposition by:

   a. using the court reporter service's document-sharing technology (*e.g.*, Veritext's Exhibit Share application);
   b. by using the screen-sharing technology within the videoconferencing platform;
   c. by providing a download link (*e.g.*, via Dropbox or ShareFile) for the exhibit in the videoconferencing platform's chat function contemporaneously with the exhibit's introduction during the examination; or
   d. by combining any of methods (a) through (c) above as necessary to allow counsel and the witness to adequately review the exhibit during examination.

20. Counsel noticing the deposition shall provide any counsel for third-party

1 witnesses with a copy of the Parties' Stipulated Protective Order.  Counsel for third-party
2 witnesses may keep any document used during the deposition in accordance with the
3 Stipulated Protective Order, and shall delete any documents not used during the deposition
4 within two business days following the completion of the deposition, and shall not retain
5 them in any manner.
6 Pursuant to Stipulation, **IT IS SO ORDERED**.
7 Dated:  November 19, 2021

Hon. Karen S. Crawford
United States Magistrate Judge