UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BofI HOLDING, INC. SECURITIES LITIGATION | Case No.: 15-cv-2324-GPC-KSC |
| | **ORDER GRANTING IN PART AND DENYING IN PART RENEWED JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER; AMENDED SCHEDULING ORDER** |
| | **[Doc. No. 276]** |

Before the Court is the parties' Renewed Joint Motion for Modification of [the] Scheduling Order (the "Joint Motion").  Doc. No. 276.  This is the parties' third request for more time to complete discovery and prepare for trial.  *See* Doc. Nos. 224, 267.  The Court granted in part and denied in part the first request, giving the parties only slightly less time to complete fact discovery than requested, so as not to disturb the deadline for filing pretrial motions or the pretrial conference date.  *See* Doc. Nos. 224, 230.  The Court denied the most recent request without prejudice.  *See* Doc. No. 270.  For the reasons stated below, the Joint Motion is **GRANTED IN PART** and **DENIED IN PART**.

///

///

1

### *Background*

As the parties have explained, in responding to plaintiff's discovery requests, defendant BofI (the "Bank") and its counsel were required to evaluate whether any responsive documents were protected by the bank examination privilege ("BEP") and, if so, to withhold them as privileged and log them accordingly.  Because it is the Office of the Comptroller of the Currency ("OCC") and not the Bank who holds the privilege, it was then incumbent upon plaintiff to request that the OCC waive the privilege as to any BEP-protected materials.  Indeed, the parties were prepared for this exact eventuality as early as April 2021, when they moved for entry of a stipulation describing the Bank's responsibilities and the process of requesting the OCC's waiver.  Doc. No. 194.

Defendants' privilege logs, produced on August 20, 2021 and September 7, 2021, indicated that defendants had withheld or redacted over 28,000 documents as protected by the BEP.  Doc. No. 267-1 at 3, 4.  Plaintiff contacted the OCC on August 25, 2021 and again on October 7, 2021, requesting that it waive the privilege as to these documents.  *Id.* at 3, 5.  The parties' previous motion to amend was premised on the understanding that the OCC would not render its decision until December 2021 at the earliest.  *See* Doc. No. 267 at 4-6. Plaintiff believed the withheld documents were relevant and necessary to several depositions, and requested an extension of the December 3, 2021 fact discovery cutoff (and other deadlines correspondingly) so that depositions would proceed only after all relevant documents had been received.  *Id.* at 5.  Defendants opposed the requested extension, describing it as a "problem of plaintiff's own making," and noted that they were willing to allow plaintiff to recall any deponent if the OCC's waiver determination resulted in the production of additional documents relevant to that deponent.  *Id.* at 11-12.  The Court denied the request to modify the schedule, finding that the parties had not presented the Court with sufficient information to assure the Court that plaintiff's proposed schedule was both necessary and realistic.  Doc. No. 270 at 3.  The Court asked the parties to gather more information before renewing their request.  *Id.*

///

The OCC conveyed its final determination regarding waiver on November 2, 2021, several weeks earlier than anticipated. *See* Doc. No. 276-1. However, the parties continue to dispute both the merits and the scope of the OCC's decision. *See* Doc. No. 292. Plaintiff insists that, notwithstanding its receipt of the OCC's decision and additional documents produced by the defendant for which waiver was granted, more time is necessary because (1) defendants should re-review all 29,000 challenged documents to "execute the OCC's guidance" provided from the exemplar review and (2) the OCC's decision gives rise to "significant" and "necessary" motion practice. Doc. No. 276 at 3, 7, 8. As before, plaintiff stated an unwillingness to proceed with any deposition potentially affected by those motions (or the anticipated additional document production that it hopes will ensue), and as of the date this Joint Motion was filed had not taken a single deposition. *Id.* at 3, 10. Plaintiff also identifies several other discovery disputes that the parties are "work[ing] to resolve" that may require motion practice. *Id.* at 13.

Defendants, to the contrary, do not believe any extension of time is necessary. *Id.* at 16. They assert that the OCC review requires production of just a "handful" of additional documents and does not require the re-review of all 28,000 documents at issue, which in any event they could not accomplish even if plaintiff's schedule were adopted. Defendants accuse plaintiff of "manufactur[ing] a crisis" to create delay and to gain a "tactical advantage." *Id.* at 22-23. Defendants also raise a concern that plaintiff's proposed schedule does not account for the trial in *Erhart v. BofI* ("*Erhart*"), S.D. Cal. Case No. 3:15-cv-02287-BAS-NLS, a related whistleblower action pending in this District. *Id.* at 22. The *Erhart* trial is scheduled to begin on February 1, 2022 and is anticipated to last 4 to 5 weeks. *Id.* The *Erhart* complaint informed plaintiff's securities fraud complaint in this matter, and there is significant factual and witness overlap between the two cases, as demonstrated by the parties' identification of 19 witnesses (including individual defendants) who may be deposed in this action who are also scheduled to testify in *Erhart*. *Id.* at 11-12. Defendants state that, if the Court adopts plaintiff's schedule, "[w]itnesses who will be preparing and testifying at trial for hours would also need to prepare and testify

for hours in depositions," and that counsel would be faced with the "impossible" task of doing "double duty," because the same lawyers are defending both this action and *Erhart. Id.* at 22. Defendants oppose any modification of the pretrial schedule, but request that if the Court is inclined to extend the current deadlines, it do so in a way that accommodates counsel's and the witnesses' need to be in trial during the month of February. *Id.* at 23.

### ***Discussion***

Although it has been said that "[t]he discovery process in theory should be cooperative and largely unsupervised by the Court," *Sali v. Corona Reg'l Med. Ctr.*, 884 F. 3d 1218, 1219 (9th Cir. 2018), this case has proven the exception to the rule.[1] As even a cursory review of the docket reveals, since the first discovery requests were served nearly a year ago, the parties have raised a myriad disputes as to "threshold discovery issues," interrogatories, requests for production, search terms, custodians, third-party productions, confidential witnesses, communications with bank customers, privilege logs, and depositions. Indeed, in granting the parties' prior request to extend an already-generous discovery schedule, the Court set regular status conferences with counsel in the hopes of both preempting the near-constant influx of requests for the Court's assistance with discovery disputes and keeping the matter progressing smoothly toward trial. Despite this, the number of disputes has seemed only to multiply, and the Court has been (and continues to be) called upon to resolve an inordinate number of disagreements, often concerning routine and uncontroversial matters. Many of these matters could and should have been resolved without the Court's intervention, demonstrating a troubling lack of interest in compromise. This lack of cooperation is further heightened by the content of the parties'

---

[1] Indeed, Judge Curiel stated his expectation that the parties would cooperate in the preparation of this case for trial. *See* Doc. No. 248 at 22 ("Ultimately, I am looking for the parties to work together as well as they can, meet and confer and work out as many issues, so we don't make Judge Crawford's job impossible and, by extension, make my job more difficult on matters where I expect counsel to try to work things out.")

4

regular joint status reports to chambers, which are frequently littered with accusations of gamesmanship, unfair dealing and unprofessional conduct by both sides, even as to matters upon which the parties ultimately agree (or agree to disagree).  The parties' inability to reach accord on a broad range of discovery issues also underscores a lack of diligence.  It is inexplicable that as of the filing of this motion on November 10, 2021 – that is, **23 days** from the deadline to complete fact discovery – not a single former or current employee of the Bank had been deposed.  *See id.* at 10 (indicating that the first deposition, noticed by defendants, was set for November 11).  Given the parties' dilatory and combative approach to this litigation, it is no surprise that they are unable to meet the deadlines they asked the Court to enter in July.

The Court is, however, mindful that public policy favors resolution on the merits, and it is clear from the Joint Motion and the Court's many conferences with the parties that they cannot realistically be expected to meet the deadlines currently in place, as defendants urge.  Doc. No. 276 at 23.  The Court also finds that the overlap of counsel, parties, and testifying witnesses with the *Erhart* trial, although not entirely out of the parties' control, renders plaintiff's proposed schedule unworkable.  *Id.* at 11-12, 15.  Accordingly, the Joint Motion is **GRANTED IN PART** and **DENIED IN PART**.  **<u>The parties are advised that given their record of delay and inflexibility, the Court will not modify the schedule further</u>**.

## **<u>ORDER</u>**

For the foregoing reasons, Renewed Joint Motion for Modification of [the] Scheduling Order [Doc. No. 276] is **GRANTED IN PART** and **DENIED IN PART**.  The Court hereby amends the July 30, 2021 Amended Scheduling Order [Doc. No. 230] as follows:

1.     All written discovery shall be completed by all parties by ***<u>December 3, 2021</u>***.  "Completed" means that all discovery under Federal Rules of Civil Procedure 30-36 and 45 must be initiated sufficiently in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set

forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Civil Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process and to follow the undersigned's Chambers' Rules if the parties reach an impasse on any discovery issue.  **A failure to comply will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

2.       All motions concerning fact discovery, other than those concerning disputes that arise during depositions, must be filed by ***December 10, 2021***.  The parties must follow the undersigned's Chambers' Rules with respect to any such motion, including obtaining the Court's leave to file.  The Court makes no finding as to the timeliness of any discovery motion filed on or before ***December 10, 2021***, but any discovery issue not raised by that date (again, except for disputes arising during depositions) **will be deemed waived**.

3.       All fact witness depositions must be completed by ***April 15, 2022***.  **Absent an agreement by all counsel, fact witness depositions may not be taken between January 15, 2022 and March 1, 2022**.

4.       The parties shall designate their respective experts in writing, ***and shall simultaneously serve the written report of those experts***, if required, by ***May 6, 2022***. Pursuant to Federal Rule of Civil Procedure 26(a)(2), the parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705.  As used herein, "identify" means to state the expert's name, address, telephone number, a reasonable summary of the testimony the expert is expected to provide, and the expert's normal rates for deposition and trial testimony.   The requirements of this paragraph apply to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use**

**evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c)**.

5. The parties shall designate any rebuttal experts in writing, ***and shall simultaneously serve the written reports of those experts***, if required, no later than ***May 20, 2022***.  The provisions of the preceding paragraph apply equally to the disclosures of and by rebuttal experts.  The parties are expected to comply with Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e).  Plaintiff's request for entry of a deadline to file "replies to rebuttal expert reports" is **DENIED**.  The parties are free to informally exchange such reports if they choose to do so.

6. All expert discovery shall be completed by all parties by ***June 10, 2022***.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. A Mandatory Settlement Conference shall be conducted on ***June 23, 2022*** at ***2:00 p.m.*** before **Magistrate Judge Karen S. Crawford**.  The parties shall lodge confidential settlement briefs directly to chambers by ***June 16, 2022***.  The Court expects full compliance with the undersigned's Chambers' Rules.

8. All other pretrial motions, including those addressing *Daubert* issues related to dispositive motions, must be filed by ***July 1, 2022***.  Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motion papers **MUST** be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed.  The time between the date you request a motion

date and the hearing date may vary.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

9.      Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

10.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by ***September 30, 2022***.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by ***October 7, 2022***.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By ***October 14, 2022***, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by ***October 21, 2022***, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

///

14.     The final Pretrial Conference is scheduled on the calendar of the Honorable Gonzalo P. Curiel on **_October 28, 2022 at 1:30 p.m._**   The Court will set a trial date during the pretrial conference.  The Court will also schedule a motion in limine hearing date during the pretrial conference.

15.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17.     **The dates and times set forth herein will not be further modified.**

18.     Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

19.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**The Court will not extend these deadlines further.  Counsel and the parties are admonished to plan accordingly and are reminded of their responsibility to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1.b.**

   **IT IS SO ORDERED.**

Dated:  November 22, 2021

Hon. Karen S. Crawford
United States Magistrate Judge

15-cv-2324-GPC-KSC