UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re B of I HOLDING, INC. SECURITIES LITIGATION | Case No.: 15-cv-2324-GPC-KSC<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>**[Doc. No. 303]** |

The parties have recently filed two joint discovery motions related to defendants' assertion of the bank examination privilege on behalf of the Office of the Comptroller of the Currency. *See* Doc. Nos. 300, 301. The parties also jointly move to seal one exhibit referenced in those motions, and the portions of the motions that quote from or reveal the exhibit's content (the "Motion to Seal"). *See* Doc. No. 303. For the reasons set forth below, the Court **GRANTS** the Motion to Seal.

The right of the public "'to inspect and copy … judicial records and documents'" is well established. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The Court starts with "a 'strong presumption in favor of access,'" which the party seeking sealing "bears the burden of overcoming." *Id*. Where, as here, the documents to be sealed are attached to a non-dispositive discovery motion, the party requesting sealing must make a "'particularized showing'" of "'good cause.'" *Id*. at 1180 (citation omitted). The Court has

previously cautioned the parties that, pursuant to Ninth Circuit authority, designation of documents or testimony under the operative Second Amended Protective Order [Doc. No. 286] is not in itself sufficient to demonstrate good cause for sealing.  Doc. No. 297 at 9-10. Rather, the party seeking sealing must provide the Court with sufficient information to make "an individualized determination" that a particular document or information should be sealed.  *Id.* (citing *Kamakana*, 447 F.3d at 1183); *see also Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015) (stating that the "party seeking protection" must "show that specific prejudice or harm will result" if sealing is not permitted).

The Motion to Seal now before the Court concerns an audit-related document that defendants assert is protected by the bank examination privilege that was purportedly produced inadvertently.  Doc. No. 303 at 2-3.  Without making any findings as to whether the document is, in fact, privileged, the Court agrees with the parties that due to the assertion of privilege, it would be prudent to seal this document at least "while the dispute [regarding defendants' clawback request] is pending."  *Id.*  The Court also finds that the parties have proposed narrowly tailored redactions to the two motions which quote from this document that obscure only the information necessary to protect against the disclosure of privileged information. Doc. No. 300 at 11; Doc. No. 301 at 8; *accord In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011) (in determining whether to seal documents, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure").  Accordingly, the Court **GRANTS** the Motion to Seal [Doc. No. 303].

**IT IS SO ORDERED**.

Dated:  December 20, 2021

Hon. Karen S. Crawford
United States Magistrate Judge