1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re BofI HOLDING, INC. SECURITIES
LITIGATION

Case No.: 15-cv-2324-GPC-KSC

**ORDER REGARDING JOINT
MOTION FOR DETERMINATION
OF DISCOVERY DISPUTE NO. 5**

**[Doc. No. 308]**

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 5 (the "Joint Motion" or "Jt. Mot."). Doc. Nos. 308 (redacted) and 323 (under seal). On November 22, 2021, the Court ordered the parties to complete all written discovery by December 3, 2021, and further ordered the parties to submit a joint motion on all then-remaining discovery disputes by December 10, 2021. *See* Doc. No. 293. The instant Joint Motion, in which the parties raise four discrete discovery disputes, is a result of that Order. The Court assumes familiarity with the case and addresses each dispute in turn below.

**Dispute No. 1: Plaintiff's Subpoena to CW-8**

The first dispute concerns plaintiff's October 21, 2021, subpoena (the "Subpoena") to one of the confidential witnesses who provided information to plaintiff's counsel during their prefiling investigation. Plaintiff incorporated that information into the Amended

1

Complaint (the operative complaint at the time) and attributed it to the witness identified as CW-8.

Plaintiff relates that on April 5, 2015, its counsel provided CW-8 with draft paragraphs of the information to be included in the Amended Complaint, and that upon review, CW-8 left a voicemail for plaintiff's counsel stating that "those two paragraphs … are exactly what I stated," while at the same time expressing concerns that he could be easily identified from the information and that he may face retaliation from defendant Garrabrants. Jt. Mot. at 4-5. Two weeks later, on April 19, 2016, CW-8 signed a declaration – used by defendants in the litigation – in which he averred that the paragraphs attributed to him in the Amended Complaint "[did] not accurately reflect my opinions and statements," and "[made] false implications that [he] did not state, and that [he] affirmatively denied to the investigator and the attorney." *Id.* at 5; *see also* Doc. No. 42-4. Plaintiff explains that the same information has been incorporated into the Third Amended Complaint. *Id.* at 4 (citing Doc. No. 136 at ¶¶ 63, 111). Plaintiff subpoenaed CW-8 for (1) communications regarding CW-8's declaration; (2) drafts of the declaration; and (3) all communications between CW-8 and defendants' counsel.[1] *Id.* at 5.

Defendants' counsel, who now also represents CW-8, timely served objections. *Id.* at 5. Defendants assert that the requested documents are work product for which plaintiff has not shown a substantial need.[2] *Id.* at 17. Defendants also assert the request is foreclosed by this Court's July 27, 2021, Order regarding communications with confidential witnesses [Doc. No. 227]. *Id.* at 17.[3]

---

[1] The parties did not attach a copy of the Subpoena or any objections thereto to the Joint Motion.

[2] The parties did not organize the legal arguments in the Joint Motion by dispute, as required by the undersigned's Chambers' Rules. *See* Chambers Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford ("Chambers' Rules"), § VIII.E. The parties are advised that future noncompliant motions may be stricken, with instructions to correct and re-file.

[3] Defendants also claim the dispute is "premature," because after serving an amended version of the Subpoena on November 8, 2021, plaintiff's counsel informed defense counsel on that they did not intend to go forward with CW-8's deposition on November 29, 2021, the date noticed in the Subpoena. Jt. Mot.

The Court has already held that "communications with nonparty witnesses are not discoverable absent a showing of substantial need," and that the "rule applies equally to all parties." Doc. No. 331 at 8; Doc. No. 227 at 8-11. The Court finds that plaintiff has not established a substantial need for defense counsel's communications with CW-8 during the time that CW-8 was not represented by defense counsel. Plaintiff asserts that it needs counsel's communications with the witness to "fully probe" whether defendants' counsel coerced CW-8 into executing the declaration. Jt. Mot. at 9-10. This dispute is simply the inverse of defendants' previous request for plaintiff's counsel's communications with the confidential witnesses in the hopes they would reveal a predicate for a Rule 11 motion. Doc. No. 227 at 11. The Court has already made clear that it will not allow discovery of counsel's work product on the mere insinuation of misconduct. *See id.* That rule is especially necessary in this case, where the parties accuse each other – with alarming regularity – of all manner of litigation abuse. Plaintiff is free to question CW-8 about the "reasons for his turnaround" at deposition. Jt. Mot. at 9. It does not need access to its opponent's counsel's files to do so. Moreover, any of CW-8's communications with defense counsel after he retained them are protected by the attorney-client privilege and are not discoverable regardless of need. Accordingly, the motion to compel CW-8 to produce communications with defense counsel is **DENIED**.

The Court reaches a different conclusion regarding CW-8's communications with other witnesses or parties, and the drafts of his declaration. The Court appreciates that there was a dramatic change in CW-8's characterization of the allegations attributed to him between April 5, 2016 and April 19, 2016. Communications about the declaration with other witnesses or parties – which would not be privileged in any event – and drafts of the declaration may bear on CW-8's thought process and reasons for disavowing the

---

at 16. However, plaintiff represents that it has not withdrawn the Subpoena, but merely postponed the deposition to allow for judicial resolution of the instant dispute. *Id.* at 6 n.3. The Court finds the dispute is ripe for resolution.

allegations in the complaint and will facilitate plaintiff's ability to explore this issue at deposition. The Court finds that plaintiff has established a substantial need for these documents. Accordingly, the motion to compel CW-8 to produce communications with persons other than defense counsel regarding his declaration, and any drafts of his declaration, is **GRANTED**.[4]

## Dispute No. 2: Defendants' Document Redactions

Plaintiff complains that defendants have improperly redacted "entire loan numbers," borrower names and contact information, and other identifying information regarding BofI's customers from 17,050 documents. Jt. Mot. at 11. Plaintiff claims that defendants' redactions "directly contravene" this Court's prior discovery orders regarding the production of customer or account information. *Id.* at 11-12. Plaintiff seeks an order compelling defendants to produce these documents without redaction. *Id.* at 12.

Defendants respond that plaintiff's request is untimely, noting that the documents about which plaintiff complains were produced between June 25, 2021, and September 2, 2021, and that pursuant to the Court's Chambers' Rules, any dispute about the documents being improperly redacted should have been brought to the Court's attention by October 2, 2021. Jt. Mot. at 19-20. Defendants also state that even if the dispute is timely, plaintiff's demand that defendants re-review and re-produce over 17,000 documents is burdensome and not proportional to the needs of the case. *Id.* at 21.

The Court finds that this dispute is untimely. As the parties are aware, the undersigned's Chambers' Rules provide that discovery disputes are to be raised "within 30 days of the event giving rise to the dispute." *See* Chambers' Rules, § VIII.B.2. "Counsel cannot unilaterally extend the deadline." *Id.* The Court has explained that this 30-day rule is intended to accommodate a robust meet-and-confer process while at the same time

---

[4] The Court rejects defendants' argument that the "180-degree turn" in CW-8's testimony creates an equally substantial need for defendants to obtain plaintiff's counsel's work product and notes that defendant has already been provided with the relevant voicemail CW-8 left for plaintiff's counsel. Jt. Mot. at 5 n.2.

encouraging diligence and enabling the parties to meet any applicable pretrial deadlines. Doc. No. 297 at 3.

The Court is not persuaded by plaintiff's argument that the 30-day deadline does not apply to this dispute because it arose from defendants' "violation of [prior] orders." Jt. Mot. at 12 n.9. The Court notes that the "prior orders" plaintiff refers to are an order specifying the content of the summary loan data that the Court ordered defendants to produce and an order denying defendants' motion for a protective order to prevent plaintiff's counsel from contacting the Bank's customers as "not ripe for judicial intervention." *See* Doc. Nos. 206, 218. Even if it could plausibly be argued that defendants "violated" these orders, there is no distinction in the Court's Chambers' Rules between discovery "violations" and discovery "disputes."

It is clear from the Joint Motion that plaintiff suspected defendants had improperly redacted documents long before they alerted defendants of this concern on November 10, 2021. *See* Jt. Mot. at 11. If, as plaintiff reports, it was required to undertake the laborious process of "document-by-document review and forensic analysis" to identify all 17,050 documents with suspicious redactions, the proper course would have been to petition the Court for more time to meet and confer and pursue relief. Jt. Mot. at 11 n.7. Plaintiff's apparent decision to wait until it had compiled a 514-page spreadsheet[5] of the "affected documents" (*id.*) before broaching the subject with defendants deprived defendants of the opportunity to course-correct and undermined the Court's ability to manage its docket by expeditiously addressing the dispute. Plaintiff's motion for an order compelling the production of 17,050 unredacted documents is **DENIED** as untimely. Because it finds the motion untimely, the Court does not address the parties' other arguments related to this issue.

///

---

[5] The spreadsheet and plaintiff's November 10, 2021, letter to defendants to which the spreadsheet was attached were lodged, unsolicited, with the undersigned's chambers on November 18, 2021.

**Dispute No. 3: Defendants' Privilege Log**

Plaintiff also complains that defendants have improperly asserted attorney-client privilege over 1,181 documents. Jt. Mot. at 12. Plaintiff reports that the documents are "facially not privileged" and that defendants "refuse" to substantiate their assertions of privilege. *Id.* Plaintiff requests that the Court review "a representative sample" of the 1,181 documents *in camera*, and "direct that its rulings on those documents will apply to the rest of the documents." *Id.* at 13.

Defendants respond that plaintiff's motion is untimely because the documents at issue were identified on a privilege log produced September 7, 2021, but plaintiff did not advise defendants of its concerns regarding these documents until December 1, 2021. *Id.* at 22. Defendants also assert that their "privilege descriptions are proper" and that each of the contested documents "falls squarely within" the attorney-client privilege as communications "discussing legal advice or legal matters" or "forwarding or … discussing communications with counsel." *Id.* at 23.

The Court finds that this dispute was not timely raised. As discussed above, the undersigned's Chambers' Rules require discovery disputes to be raised within 30 days. Plaintiff's assertion that the 30-day rule does not apply to disputes about privilege logs because privilege logs are "provided on a rolling basis," *id.* at 13-14 n.10, is neither correct nor supported by a plain reading of the Chambers' Rules. And even if, as plaintiff states, they were required to await the production of defendants' ultimate privilege log (an event which apparently had not occurred as of the filing of the Joint Motion, *see id.*), the solution – again – would have been to petition the Court for additional time to address this dispute. Plaintiff chose not to do so. The Court has repeatedly advised the parties that it will not reward a party's lack of diligence. *See* Doc. No. 293 at 5; Doc. No. 297 at 7. Plaintiff's motion for an *in-camera* review of a sample of the 1,181 documents and subsequent order compelling production of any nonprivileged documents is **DENIED** as untimely. Because it finds the motion untimely, the Court does not address the parties' other arguments related to this issue.

15-cv-2324-GPC-KSC

**Dispute No. 4: Defendants' Interrogatory No. 23**

Defendant moves for an order compelling plaintiff to respond to Interrogatory No. 23, which seeks "the identity of the former BofI employees [p]laintiff contacted in connection with its pre-lawsuit investigation." [6] Jt. Mot. at 24. Defendants assert that the information is relevant and that their need for the information is sufficient to overcome the "minimal" work product protection afforded the "mere identities of witnesses." *Id.* Plaintiff objects that the identities of witnesses its counsel *interviewed* during its prefiling investigation (as opposed to the narrower universe of witnesses plaintiff included in the complaint) is both irrelevant and protected work product. *Id.* at 14-15.

As plaintiff correctly points out, there is a difference between witnesses "contacted" by plaintiff's counsel and witnesses "'who helped form the basis of plaintiff's allegations of fraud.'" *Id.* at 14 (quoting Doc. No. 227). A request for identification of "persons interviewed by counsel" implicates work product, whereas a request for identification of "persons with knowledge" may not. *See*, *e.g.*, *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, No. C01-20418JW, 2005 WL 1459555, at *4 (N.D. Cal. June 21, 2005) (citations omitted). Other courts addressing the same issue have likewise noted this "distinction." *See id.* (collecting cases); *see also Ferruza v. MTI Tech.*, No. SACV 00-0745-DOC, 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002) (noting that "[a]lthough the identity … of witnesses that may have knowledge of any discoverable matter is not protected, the identity of witnesses interviewed by opposing counsel is protected"). The Court finds that defendants' Interrogatory No. 23 seeks plaintiff's counsel's protected work product.

The Court is not persuaded that defendants have a "substantial need" for the information to prepare for trial and cannot obtain substantially equivalent information "without undue hardship." Fed. R. Civ. P. 26(b)(3)(A)(ii). Defendant points out that the

---

[6] Neither the Interrogatory nor plaintiff's objections thereto were attached to the Joint Motion.

written discovery cutoff has passed, and the parties must complete depositions "within a truncated timeframe." Jt. Mot. at 26. The Court notes, however, that the timing of defendants' discovery request was entirely within defendants' control. Defendants cannot create a substantial need for discovery simply by waiting until late in the discovery period to serve their requests.

Moreover, the Court does not presume, as defendants do, that if plaintiff "contacted" a witness but did not use that witness's information in the Complaint, that necessarily means the witness "undermine[d]" plaintiff's allegations. *See* Jt. Mot. at 25. But even assuming that were so, defendants have not explained how, during the long history of this case, they have been impeded from conducting their own investigation to "identify witnesses who do not support plaintiff's claims." *Id*. at 26. The Court is confident that, after nearly seven years of litigation and over a year of exhaustive discovery efforts, including defendants' review and production of over 85,000 internal company documents relevant to plaintiff's allegations, that defendants are well equipped to identify witnesses "favorable to the defense" without the need to intrude upon plaintiff's counsel's work product. *Id.* at 25. Defendants' motion is **DENIED**.

///
///
///
///
///
///
///
///
///
///
///
///

# O R D E R

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiff's motion to compel responses to its Subpoena to CW-8 is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff's motion to compel production of 17,050 unredacted documents is **DENIED**.

3. Plaintiff's motion for an *in camera* review of a representative sample of 1,181 documents on defendants' privilege log and order compelling production of nonprivileged documents is **DENIED**.

4. Defendants' motion to compel responses to Interrogatory No. 23 is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 14, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

15-cv-2324-GPC-KSC