Richard M. Heimann (Cal. Bar No. 063607)
rheimann@lchb.com
Katherine Lubin Benson (Cal. Bar No. 259826)
kbenson@lchb.com
Michael K. Sheen (Cal. Bar No. 288284)
msheen@lchb.com
Nicholas R. Hartmann (Cal. Bar. No. 301049)
nhartmann@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Daniel P. Chiplock (admitted *pro hac vice*)
dchiplock@lchb.com
Michael J. Miarmi (admitted *pro hac vice*)
mmiarmi@lchb.com
Gabriel A. Panek (admitted *pro hac vice*)
gpanek@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

*Counsel for Lead Plaintiff Houston Municipal Employees Pension System and the Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No. 3:15-cv-02324-GPC-KSC |
| BofI HOLDING, INC. SECURITIES LITIGATION. | **CLASS ACTION** |
| | STIPULATION AND AGREEMENT OF SETTLEMENT |

1    **STIPULATION AND AGREEMENT OF SETTLEMENT**

2    This Stipulation and Agreement of Compromise, Settlement and Release (the

3    "Stipulation" or the "Settlement") is made and entered into by and among the

4    following Parties (as defined, *infra*), and by and through their respective counsel:

5    (i) Lead Plaintiff Houston Municipal Employees Pension System ("Lead Plaintiff"

6    or "HMEPS"), on behalf of the certified Class as defined below; and Defendants

7    BofI Holding, Inc. ("BofI" or the "Company") (now known as Axos Financial,

8    Inc.), Gregory Garrabrants, Andrew J. Micheletti, Paul J. Grinberg, Nicholas A.

9    Mosich, and James S. Argalas ("Defendants").  This Stipulation is intended by the

10   Parties to fully, finally and forever resolve, discharge and settle the Released

11   Claims (as defined, *infra*) upon Court approval and subject to the terms and

12   conditions hereof.

13   **I.     THE ACTION**

14       **A.     Commencement of the Action**

15   This putative securities fraud class action alleges that Defendants violated

16   Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act")

17   and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated

18   thereunder.  Two putative securities class actions were filed in October 2015.

19   *Golden v. BofI Holding, Inc.*, No. 3:15-cv-02324-GPC-KSC; *Hazan v. BofI*

20   *Holding, Inc.*, No. 15-cv-02486-GPC-KSC.  On February 1, 2016, District Judge

21   Gonzalo P. Curiel consolidated the two actions under the caption *In re BofI*

22   *Holding, Inc. Securities Litigation*, No. 3:15-cv-02324-GPC-KSC (the "Action").

23   ECF No. 23.  The consolidation order appointed HMEPS lead plaintiff and Lieff

24   Cabraser Heimann & Bernstein, LLP lead counsel.  *Id.*

25       **B.     The Pleadings**

26   Lead Plaintiff filed the Consolidated Amended Class Action Complaint on

27   April 11, 2016.  ECF No. 26.  Defendants moved to dismiss on May 11, 2016 (ECF

28   No. 37), Lead Plaintiff filed an opposition on July 1, 2016 (ECF No. 40), and

Defendants filed a reply on July 15, 2016 (ECF No. 41).  The Court denied in part and granted in part Defendants' first motion to dismiss on September 27, 2016 (ECF No. 64).

Lead Plaintiff filed the Second Amended Complaint on November 25, 2016 (ECF No. 79).  Defendants moved to dismiss on December 23, 2016 (ECF No. 88), Lead Plaintiff filed an opposition on February 3, 2017 (ECF No. 94), and Defendants filed a reply on February 17, 2017 (ECF No. 95).  On May 23, 2017, the Court denied in part and granted in part Defendants' motion to dismiss the Second Amended Complaint (ECF No. 113).

On September 29, 2017, Defendants filed a motion for judgment on the pleadings (ECF No. 123).  Lead Plaintiff opposed on November 3, 2017 (ECF No. 128), and Defendants filed a reply on November 10, 2017 (ECF No. 129).  On December 1, 2017, the Court granted Defendants' motion for judgment on the pleadings (ECF No. 134).  The Court also granted Lead Plaintiff leave to amend the complaint. *Id*.

On December 22, 2017, Lead Plaintiff filed the Third Amended Complaint (ECF No. 136).  Defendants moved to dismiss on January 19, 2018 (ECF No. 144), Lead Plaintiff filed an opposition on February 16, 2018 (ECF No. 148), and Defendants filed a reply on February 23, 2018 (ECF No. 149).  On March 21, 2018, the Court granted Defendants' motion to dismiss the Third Amended Complaint with prejudice for failure to plead loss causation, and entered judgment for Defendants (ECF Nos. 156; 157).

**C.    The Appeal**

On March 28, 2018, Lead Plaintiff filed a notice of appeal to the Ninth Circuit (ECF No. 159).  Lead Plaintiff filed its opening brief on July 26, 2018, Defendants filed an opposition on September 26, 2018, and Lead Plaintiff filed a reply on November 16, 2018.  The Ninth Circuit Court of Appeal heard argument on Lead Plaintiff's appeal on January 7, 2020.

On October 8, 2020, the Ninth Circuit reversed and remanded in part.  *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 786 (9th Cir. 2020).  Defendants filed a petition for panel rehearing, and a petition for rehearing en banc, on October 22, 2020.  Defendants' petitions were denied on November 16, 2020.

The Court held an appeal mandate hearing on December 10, 2020 (ECF No. 167).  The mandate issued on December 11, 2020 (ECF No. 169).  Defendants subsequently filed a petition for *certiorari* to the United States Supreme Court on March 26, 2021, which Lead Plaintiff opposed on June 25, 2021.  On October 4, 2021, the United States Supreme Court denied Defendants' petition.

### D.    Discovery

Magistrate Judge Karen S. Crawford held a status conference on January 28, 2021 (ECF No. 174).  Following the status conference, Judge Crawford issued a scheduling order in the case (ECF No. 177).  Judge Crawford entered further scheduling orders in the case on July 30, 2021 (ECF No. 230) and November 22, 2021 (ECF No. 293).

The Parties conducted extensive fact discovery, including production and review of documents, and fact witness depositions.  The parties also briefed and argued numerous discovery disputes to the Court.

### E.    Class Certification

Lead Plaintiff filed a motion for class certification on May 28, 2021 (ECF No. 205).  Defendants filed an opposition on June 25, 2021 (ECF No. 211), and Lead Plaintiff filed a reply on July 23, 2021 (ECF No. 226).  The Parties exchanged expert reports in connection with the class certification motion, and Lead Plaintiff's representatives along with its expert were deposed.  The Court held a hearing on Lead Plaintiff's motion on August 20, 2021 (ECF No. 245), and on August 24, 2021, granted Plaintiff's motion for class certification, certifying the Class as defined *infra*, appointing Lead Plaintiff as Class Representative, and appointing Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel (ECF No. 247).

### F.     Mediation and Settlement

In late 2021, the Parties retained the Honorable Daniel Weinstein (Ret.) of JAMS, as a third-party neutral ("Mediator").  The Parties held a mediation session by Zoom with Judge Weinstein on January 13, 2022.  In advance of the mediation, Defendants shared information about insurance coverage with Lead Plaintiff and the Mediator.  Defendants' insurers participated in the January 13 mediation.  Following the mediation session, the Parties continued to communicate through Judge Weinstein.  On February 23, 2022, the Parties reached an agreement in principle to settle the Action in return for a cash payment of $14,100,000 by Defendants' insurers, on behalf of Defendants, for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  In furtherance of the agreement in principle, the parties negotiated and signed a Term Sheet reflecting the terms of the Settlement, on February 28, 2022, which was then modified by written agreement on March 7, 2022.  This Stipulation (together with the exhibits) reflects the final and binding agreement, and a compromise of all matters that are, or could have been in dispute between the Parties.

## II.     LEAD PLAINTIFF AND THE CLASS'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff has thoroughly reviewed and analyzed the facts and circumstances relating to the claims asserted in this Action, including conducting arm's length discussions with counsel to the Defendants, reviewing publicly available information, analyzing the extensive discovery record, reviewing applicable case law and other authorities and consulting with retained experts.  Lead Plaintiff brought its claims in good faith and continues to believe that its claims have legal merit.  However, Lead Plaintiff recognizes that there are legal and factual defenses to the claims asserted in the Action, which present substantial risks to the successful resolution of any litigation, especially in complex securities fraud

1 litigation such as this Action.  Accordingly, in light of these risks and based on its

2 evaluation of the claims and its substantial experience, Lead Plaintiff and Class

3 Counsel have determined that the Settlement, which confers substantial benefits

4 upon the Class, is fair, reasonable and adequate, and in the best interests of the

5 Class.

6 **III.   DEFENDANTS' DENIALS OF LIABILITY**

7        Throughout this litigation, Defendants have denied in good faith, and

8 continue to deny in good faith, each and all of the claims and contentions alleged by

9 Lead Plaintiff and the Class, as well as any and all allegations of fault, liability,

10 misconduct, wrongdoing, or damages whatsoever.  Among other things, Defendants

11 expressly have denied, and continue to deny, that Defendants made any false or

12 misleading statements, that any statement during the Class Period was made with

13 scienter, that any alleged false or misleading statement caused BofI's stock to trade

14 at artificially inflated prices or artificially maintained BofI's stock price, that any

15 such alleged false or misleading statement caused BofI's stock price to decline, that

16 any Class Member, including Lead Plaintiff, suffered any damages, or that any

17 Class Member, including Lead Plaintiff, was harmed by any conduct alleged in the

18 Action or that could have been alleged therein.  Based upon thorough reviews and

19 analyses of the facts and circumstances relating to the claims asserted in this

20 Action, including without limitation conducting arm's length discussions with

21 counsel for Lead Plaintiff, reviewing publicly available information, analyzing the

22 extensive discovery record, reviewing applicable case law and other authorities and

23 consulting with retained experts, Defendants have determined in their judgment that

24 Defendants have meritorious defenses to each and every of the claims alleged in the

25 Action.

26        Neither the Settlement itself nor any of the terms of this Stipulation shall be

27 construed or deemed for any purpose to be, and Defendants affirmatively deny that

28 the Settlement itself or any of the terms of this Stipulation are, evidence of or

constitute an admission, concession, or finding, of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Action.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff (on behalf of itself and the Class) and Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### A. Definitions

1. In addition to the terms defined herein, as used in this Stipulation and any Exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

1.1 "Action" means the action captioned *In re BofI Holding, Inc. Securities Litigation*, No. 3:15-cv-02324-GPC-KSC, pending in the United States District Court for the Southern District of California.

1.2 "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.3 "Claim(s)" means a paper or electronic claim submitted on a Claim Form, substantially in the form attached hereto as Exhibit A-2, to the Claims Administrator.

1.4 "Claimant" means any person who submits a Claim to the Claims Administrator.

1          1.5    "Claim Form" means the proof of claim form for submitting a
2  Claim that a Class Member must complete and submit should that Class Member
3  seek to share in a distribution of the Net Settlement Fund.  The Claim Form shall be
4  substantially in the form attached hereto as Exhibit A-2, subject to approval of the
5  Court.

6          1.6    "Claims Administrator" means JND Legal Administration.

7          1.7    "Class" means the Class certified in this Action on August 24,
8  2021.  Excluded from the Class are Defendants and the officers and directors of the
9  Company at all relevant times, as well as members of their immediate families and
10  their legal representatives, heirs, successors or assigns, and any entity in which
11  Defendants have or had a controlling interest.

12          1.8    "Class Counsel" means Lieff Cabraser Heimann & Bernstein,
13  LLP.

14          1.9    "Class Member" or "Member of the Class" mean a Person who
15  falls within the definition of the Class as set forth in ¶ 1.7 above.

16          1.10  "Class Period" means the period from September 4, 2013
17  through October 13, 2015, inclusive.

18          1.11  "Lead Plaintiff" means Houston Municipal Employees Pension
19  System.

20          1.12  "Defendants" mean BofI Holding, Inc. ("BofI" or the
21  "Company") (now known as Axos Financial, Inc.), Gregory Garrabrants, Andrew J.
22  Micheletti, Paul J. Grinberg, Nicholas A. Mosich, and James S. Argalas.

23          1.13  "Defendants' Counsel" means Sheppard Mullin Richter &
24  Hampton LLP.

25          1.14  "Effective Date," or the date upon which the Settlement
26  becomes "Effective," means the first date by which all of the events and conditions
27  specified in ¶ 28 of the Stipulation have been met and have occurred, or have been
28  waived.

1       1.15   "Escrow Agent" means the agent designated by Class Counsel,

2   and any successor agent.

3       1.16   "Fee and Expense Award" means any attorneys' fees and

4   reimbursement of out-of-pocket expenses awarded by the Court to Class Counsel

5   for work performed by Class Counsel, including Lead Plaintiff's service award.

6       1.17   "Final" means, with respect to any order or Judgment of the

7   Court, that such order or Judgment represents a final and binding determination of

8   all issues within its scope and has not been reversed, vacated, or modified in any

9   way and is no longer subject to appellate review, either because of disposition on

10   appeal and conclusion of the appellate process or because of passage of time for

11   seeking appellate review, without action.  Without limitation, an order or Judgment

12   becomes final when: (a) either no appeal therefrom has been filed and the time has

13   passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has

14   been filed and either (i) the court of appeals has either affirmed the order or

15   Judgment or dismissed that appeal and the time for any reconsideration or further

16   appellate review has passed, or (ii) a higher court has granted further appellate

17   review and that court has either affirmed the underlying order or Judgment or

18   affirmed the court of appeals' decision affirming the Judgment or dismissing the

19   appeal.  For purposes of this paragraph, an "appeal" shall include any motion for

20   reconsideration or petition for a writ of certiorari or other writ that may be filed in

21   connection with approval or disapproval of the Settlement and the Agreement.  Any

22   appeal or proceeding seeking subsequent judicial review pertaining solely to an

23   order issued with respect to: (i) a Fee and Expense Award, (ii) the Plan of

24   Allocation (as submitted or subsequently modified), or (iii) the procedures for

25   determining Authorized Claimants' recognized Claims, shall not in any way delay,

26   affect, or preclude the Judgment from becoming Final.

27       1.18   "Individual Defendants" means Gregory Garrabrants, Andrew J.

28   Micheletti, Paul J. Grinberg, Nicholas A. Mosich, and James S. Argalas.

-8-

1    1.19   "Judgment" means the Final Judgment to be rendered by the

2    Court, substantially in the form attached hereto as Exhibit B, as well as any form of

3    final judgment that may be entered by the Court in a form other than the form

4    attached hereto as Exhibit B and where none of the Settling Parties elects to

5    terminate this Settlement by reason of such variance, consistent with the terms of

6    this Stipulation.

7    1.20   "Net Settlement Fund" means the Settlement Fund less: (i) any

8    Court-awarded attorneys' fees, expenses, and interest thereon ("Fee and Expense

9    Award"); (ii) Notice and Administration Costs (defined in ¶ 1.21 below); (iii) Taxes

10    (defined in ¶ 1.34 below); and (iv) other Court approved deductions.

11    1.21   "Notice and Administration Costs" means the reasonable sum of

12    money to be paid out of the Settlement Fund to pay for the notice of this Settlement

13    to the Class, administration of the settlement, and related administrative costs.

14    Notice and Administration Costs does not include the costs associated with

15    providing the notice of class certification to the Class pursuant to the Court's

16    December 21, 2021 Order Granting Motion for Issuance of Class Notice.  ECF No.

17    324.

18    1.22   "Person(s)" means an individual, corporation (including all

19    divisions and subsidiaries thereof), limited liability corporation, professional

20    corporation, partnership, limited partnership, limited liability partnership, limited

21    liability company, joint venture, association, joint stock company, estate, legal

22    representative, trust, unincorporated association, government or any political

23    subdivision or agency thereof, and any business or legal entity and all of their

24    respective spouses, heirs, beneficiaries, executors, administrators, predecessors,

25    successors, representatives, or assignees when acting in their capacity as such.

26    1.23   "Plan of Allocation" means a plan or formula of allocation of

27    the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to

28

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 3:15-CV-02324-GPC-KSC

1  Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and

2  Defendants shall not have any responsibility or liability with respect thereto.

3       1.24  "Preliminary Approval Order" means the proposed Order

4  Granting Preliminary Approval of Class Action Settlement, Approving Form and

5  Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement,

6  substantially in the form attached hereto as Exhibit A.

7       1.25  "Released Claims" means any and all claims, demands, losses,

8  rights, and causes of action of any nature whatsoever, that have been or could have

9  been asserted in the Action, could have been asserted in any forum, or could in the

10  future be asserted in any forum, whether known claims or Unknown Claims,

11  whether foreign or domestic, whether arising under federal, state, local, common,

12  statutory, governmental, administrative, or foreign law, or any other law, rule or

13  regulation, at law or in equity, whether class, individual, direct, derivative,

14  representative, on behalf of others in nature, whether fixed or contingent, whether

15  accrued or unaccrued, whether liquidated or unliquidated, whether matured or

16  unmatured, whether brought directly or indirectly against any of the Released

17  Defendant Parties that Lead Plaintiff, any member of the Class, or their successors,

18  assigns, executors, administrators, representatives, attorneys, and agents, in their

19  capacities as such (i) asserted in the Action, or (ii) could have asserted in any court

20  or forum that arise out of, are based upon, or relate in any way to any of the

21  allegations, acts, transactions, facts, events, matters, occurrences, representations,

22  or omissions involved, set forth, alleged, or referred to, in the Action, or which

23  could have been alleged in the Action, and that relate in any way, directly or

24  indirectly, to the purchase, sale, acquisition, disposition, or holding of any BofI

25  securities during the Class Period.  Released Claims does not include (i) claims to

26  enforce the Settlement; or (ii) any claims of any person or entity that has or will

27  submit a request for exclusion.  Released Claims include "Unknown Claims," as

28  defined in ¶ 1.35 below.

1.26  "Released Defendant Party" or "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

1.27  "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants, any claims between the Defendants and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

1.28  "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, each and every Class Member, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors,

assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

1.29   "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

1.30   "Settlement Amount" means Fourteen Million One Hundred Thousand U.S. Dollars ($14,100,000) paid by check or wire transfer to the Escrow Account pursuant to ¶ 5 of this Stipulation.

1.31   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.32   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.33   "Settling Parties," for purposes of this Action, means, collectively, Lead Plaintiff, on behalf of itself and the Class, and Defendants.

1.34   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.35   "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and Defendants' Counsel, which, if known by him, her, or it, might have affected his,

her, or its settlement with and release of the Released Defendant Parties, or

Defendants' Counsel, or might have affected his, her, or its decision(s) with respect

to the Settlement, including, but not limited to, whether or not to object to this

Settlement; and (b) any and all Released Defendants' Claims that any of the

Released Defendant Parties do not know or suspect to exist in his, her, or its favor

at the time of the release of Lead Plaintiff, the Class, and Class Counsel, which, if

known by him, her, or it, might have affected his, her, or its settlement and release

of Lead Plaintiff, the Class, and Class Counsel.  With respect to (a) any and all

Released Claims against the Released Defendant Parties, and (b) any and all

Released Defendants' Claims against Lead Plaintiff, the Class, and Class Counsel,

the Settling Parties stipulate and agree that, upon the Effective Date, the Settling

Parties shall expressly waive, and each Releasing Plaintiff Party and Released

Defendant Party shall be deemed to have, and by operation of the Judgment shall

have, expressly waived the provisions, rights, and benefits of California Civil Code

§1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and

Released Defendant Party shall be deemed to have, and by operation of the

Judgment shall have, expressly waived any and all provisions, rights, and benefits

conferred by any law of any state or territory of the United States, or principle of

common law, which is similar, comparable, or equivalent to California Civil Code

§1542.  The Settling Parties acknowledge, and each Releasing Plaintiff Party and

Released Defendant Party shall be deemed to have, and by operation of the

Judgment shall have, acknowledged that they may hereafter discover facts, legal

theories or authorities in addition to or different from those which he, she, it or their

counsel now knows or believes to be true with respect to the subject matter of the

Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff

Parties shall expressly fully, finally, and forever waive, compromise, settle,

discharge, extinguish and release, and each Releasing Plaintiff Party shall be

deemed to have waived, compromised, settled, discharged, extinguished, and

released, and, upon the Effective Date, and by operation of the Judgment, shall have

waived, compromised, settled, discharged, extinguished, and released, fully, finally,

and forever, any and all Released Claims against the Released Defendant Parties,

and Defendants' Counsel, known or unknown, suspected or unsuspected,

contingent or non-contingent, accrued or unaccrued, whether or not concealed or

hidden, which now exist, or heretofore have existed, or may hereafter exist, upon

any theory of law or equity now existing or coming into existence in the future,

including, but not limited to, conduct which is negligent, intentional, with or

without malice, or a breach of any duty, law or rule, without regard to the

subsequent discovery or existence of such different or additional facts, legal

theories, or authorities, and (b) the Released Defendant Parties shall expressly fully,

finally, and forever waive, compromise, settle, discharge, extinguish and release,

and, upon the Effective Date, and by operation of the Judgment, shall have waived,

compromised, settled, discharged, extinguished, and released, fully, finally, and

forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class,

and Class Counsel, known or unknown, suspected or unsuspected, contingent or

non-contingent, whether or not concealed or hidden, which now exist, or heretofore

have existed, upon any theory of law or equity now existing or coming into

existence in the future, including, but not limited to, conduct which is negligent,

intentional, with or without malice, or a breach of any duty, law or rule, without

regard to the subsequent discovery or existence of such different or additional facts,

legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing

1   Plaintiff Parties and Released Defendant Parties shall be deemed by operation of

2   the Judgment to have acknowledged, that the foregoing waiver was separately

3   bargained for and is an essential element of the Settlement of which this release is a

4   part.

5           **B.      Preliminary Approval and Notice**

6           2.      Upon execution of this Stipulation, and no later than April 1,

7   2022, Lead Plaintiff will move for preliminary approval of the Settlement and the

8   scheduling of a hearing for consideration of final approval of the Settlement, which

9   motion shall be unopposed by Defendants.  Class Counsel shall provide Defendants

10  with a draft of its motion for preliminary approval by March 29, 2022, for

11  Defendants' review and comment.  Concurrently with the motion for preliminary

12  approval, Lead Plaintiff shall apply to the Court for, and Settling Defendants shall

13  agree to, entry of the Preliminary Approval Order, substantially in the form

14  attached hereto as Exhibit A.

15          3.      The Preliminary Approval Order shall also approve mailing of

16  the settlement notice ("Notice") substantially in the form attached hereto as Exhibit

17  A-1, and publication of a summary notice ("Summary Notice") substantially in the

18  form attached hereto as Exhibit A-3.  The Notice shall include the general terms of

19  the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the

20  general terms of the anticipated Fee and Expense Award, and the date of the

21  Settlement Hearing.  It shall be solely Class Counsel's responsibility to disseminate

22  the Notice with the assistance of the Claims Administrator.

23          **C.      The Settlement Amount**

24          4.      The total Settlement Amount is $14,100,000.00 ($14.1 million).

25  Defendants shall have no responsibility for any other costs, including without

26  limitation any attorneys' fees and expenses or costs of class notice and claims

27  administration, but all such fees, expenses, and costs shall be paid from the

28  Settlement Amount, as approved by the Court.

5.     Payment of the Settlement Amount shall be made on Defendants' behalf (exclusively by insurance companies providing coverage to Defendants and not by Defendants directly) by deposit into an interest-bearing Escrow Account (the "Settlement Fund") under the control of Class Counsel no later than ten (10) business days after the later to occur of: (i) the Court's entry of a Preliminary Approval Order; or (ii) Class Counsel's provision of all paperwork reasonably requested by Defendants to process the payment (including but not limited to wire instructions and a W-9).  Defendants shall have no responsibility for any Taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

6.     For the avoidance of doubt, payment of the Settlement Amount shall constitute the full consideration to be tendered by or on behalf of Defendants hereunder, and Defendants shall in no event be deemed to have agreed, or otherwise be required, to modify, amend or restate any business practices, policies, procedures, regulatory filings or financial records, as a result hereof.

**D.     The Settlement Fund**

7.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; and (c) any Fee and Expense Award awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-23 below.

8.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund

1   invested solely in such instruments) and shall collect and reinvest all interest

2   accrued thereon, except that any residual cash balances up to the amount that is

3   insured by the FDIC may be deposited in any account that is fully insured by the

4   FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu

5   of purchasing such Treasury Bills, all or any portion of the funds held by the

6   Escrow Agent may be deposited in any account that is fully insured by the FDIC or

7   backed by the full faith and credit of the United States.  Additionally, if short-term

8   placement of the funds is necessary, all or any portion of the funds held by the

9   Escrow Agent may be deposited in any account that is fully insured by the FDIC or

10   backed by the full faith and credit of the United States.

11          9.      The Parties agree that the Settlement Fund is intended to be a

12   Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1

13   and that Class Counsel, as administrator of the Settlement Fund within the meaning

14   of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or

15   causing to be filed all informational and other tax returns as may be necessary or

16   appropriate (including, without limitation, the returns described in Treasury

17   Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be

18   responsible for causing payment to be made from the Settlement Fund of any Taxes

19   owed with respect to the Settlement Fund.  Defendants shall not have any liability

20   or responsibility whatsoever for any such Taxes.  Upon written request, Defendants

21   will provide to Class Counsel the statement described in Treasury Regulation

22   § 1.468B-3(e).  Class Counsel, as administrator of the Settlement Fund within the

23   meaning of Treasury Regulation § 1.468B 2(k)(3), shall timely make such elections

24   as are necessary or advisable to carry out this paragraph, including, as necessary,

25   making a "relation back election," as described in Treasury Regulation § 1.468B-

26   1(j), to cause the Qualified Settlement Fund to come into existence at the earliest

27   allowable date, and shall take or cause to be taken all actions as may be necessary

28   or appropriate in connection therewith.

10.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants and Released Defendant Parties shall have no responsibility or liability whatsoever for the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes, as described herein.

11.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $350,000.00. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees and Taxes, shall not be returned or repaid to Defendants or their insurers, or any other person or entity who or which paid any portion of the Settlement Amount.

12.     This is not a claims-made settlement.  As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any

1    portion thereof for any reason, and shall not have any liability should Claims made

2    exceed the amount available in the Settlement Fund for payment of such Claims.

3         **E.**     **The Fee and Expense Award**

4         13.     Class Counsel will apply to the Court for (i) a collective award

5    of attorneys' fees to be paid from the Settlement Fund, which will include interest

6    accrued from the time of the creation of the Settlement Fund; and (ii)

7    reimbursement of litigation expenses with interest, which may include a request for

8    a service award to reimburse Lead Plaintiff's costs and expenses, including time

9    and/or lost wages incurred in prosecuting the Action, directly related to its

10   representation of the Class, to be paid from the Settlement Fund ("Fee and Expense

11   Award"). The Fee and Expense Award application is not the subject of any

12   agreement between Defendants and Lead Plaintiff or Class Counsel, other than

13   what is set forth in this Stipulation.

14        14.     Any Fee and Expense Award awarded by the Court shall be paid

15   to Class Counsel immediately upon award by the Court, notwithstanding the

16   existence of any timely filed objections thereto, or potential for appeal therefrom, or

17   collateral attack on the Settlement or any part thereof of the Fee and Expense

18   Award, subject to Class Counsel's obligation to make appropriate refunds or

19   repayments to the Settlement Fund, plus accrued interest at the same net rate as is

20   earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms

21   of this Stipulation or if, as a result of any appeal or further proceedings on remand,

22   or successful collateral attack, the Fee and Expense Award is reduced or reversed

23   and such order reducing or reversing the award has become Final. Class Counsel

24   shall make the appropriate refund or repayment in full no later than thirty (30)

25   calendar days after: (a) receiving from Defendants' Counsel notice of the

26   termination of the Settlement; or (b) any order reducing or reversing the Fee and

27   Expense Award has become Final. An award of fees and expenses is not a

28   necessary term of this Stipulation and is not a condition of the Settlement embodied

herein.  Neither Lead Plaintiff nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to the Fee and Expense Award.

16. 15.     Defendants shall have no responsibility for or liability whatsoever with respect to the Fee and Expense Award.  The Fee and Expense Award awarded to Class Counsel shall be payable solely from the Settlement Fund. Under no circumstances shall Defendants be responsible to pay any portion of the Fee and Expense Award.

### F.     Settlement Administration

16.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.  Defendants and Defendants' Counsel shall not have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Member, or Class Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

17.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the

Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

18.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved Plan of Allocation.

19.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Defendants with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

20.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  Defendants and Defendants' Counsel shall not be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment by a Class Member.  Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

21.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b.     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

1          d.      Claim Forms that do not meet the submission

2    requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the

3    Claims Administrator shall communicate with the Claimant in writing, to give the

4    Claimant the chance to remedy any curable deficiencies in the Claim Form

5    submitted.  The Claims Administrator shall notify, in a timely fashion and in

6    writing, all Claimants whose Claim the Claims Administrator proposes to reject in

7    whole or in part, setting forth the reasons therefor, and shall indicate in such notice

8    that the Claimant whose Claim is to be rejected has the right to a review by the

9    Court if the Claimant so desires and complies with the requirements of

10   subparagraph (e) below; and

11         e.      If any Claimant whose Claim has been rejected in whole

12   or in part desires to contest such rejection, the Claimant must, within ten (10) days

13   after the date of mailing of the notice required in subparagraph (d) above, serve

14   upon the Claims Administrator a notice and statement of reasons indicating the

15   Claimant's grounds for contesting the rejection along with any supporting

16   documentation, and requesting a review thereof by the Court.  If a dispute

17   concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter

18   present the request for review to the Court.

19         22.     Each Claimant shall be deemed to have submitted to the

20   jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will

21   be subject to investigation and discovery under the Federal Rules of Civil

22   Procedure, provided, however, that such investigation and discovery shall be

23   limited to that Claimant's status as a Class Member and the validity and amount of

24   the Claimant's Claim.  No discovery whatsoever shall be allowed on the merits of

25   this Action or of the Settlement in connection with the processing of Claim Forms.

26         23.     Class Counsel will apply to the Court for a Class Distribution

27   Order:  (a) approving the Claims Administrator's administrative determinations

28   concerning the acceptance and rejection of the Claims submitted; (b) approving

payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

24.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants with respect to any and all of the Released Claims.

25.     No person or entity shall have any claim against Lead Plaintiff, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or the Defendants and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other releasees pursuant to this Settlement shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

26.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members and

1  Parties to this Settlement expressly waive trial by jury (to the extent any such right

2  may exist) and any right of appeal or review with respect to such determinations.

3        **G.**    **Terms of the Judgment**

4        27.    If the Settlement contemplated by this Stipulation is approved

5  by the Court, Class Counsel and Defendants' Counsel shall request that the Court

6  enter a Judgment, substantially in the form attached hereto as Exhibit B.

7        **H.**    **Conditions of Settlement; Effect of Disapproval or Termination**

8        28.    The Effective Date of the Settlement shall be deemed to occur

9  on the occurrence or waiver of all of the following events: (a) the Court has entered

10  a Final Judgment; and (b) the Final Judgment has become final in that the time for

11  appeal or writ has expired or, if any appeal and/or petition for review is taken and

12  the settlement is affirmed, the time period during which further petition for hearing,

13  appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set

14  aside, materially modified, or overturned by the Court or on appeal, and is not fully

15  reinstated on further appeal, the judgment shall not be a Final Judgment.

16        29.    Upon the occurrence of all of the events referenced in ¶ 28

17  above, any and all remaining interest or right of Defendants in or to the Settlement

18  Fund, if any, shall be absolutely and forever extinguished and the releases herein

19  shall be effective.

20        30.    If (i)  Defendants exercise their right to terminate the Settlement

21  as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the

22  Settlement as provided in this Stipulation; (iii) the Court disapproves the

23  Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur,

24  then:

25        a.    The Settlement, the Term Sheet and the relevant portions

26  of this Stipulation shall be canceled and terminated.

27

28

1                    b.        Lead Plaintiff and Defendants shall revert to their

2 respective positions in the Action as of February 28, 2022, prior to the execution of

3 the Term Sheet.

4                    c.        The terms and provisions of this Stipulation, with the

5 exception of this ¶ 30 and ¶¶ 11, 14, 33, and 52, shall have no further force and

6 effect with respect to the Parties and shall not be used in the Action or in any other

7 proceeding for any purpose, and any Judgment or order entered by the Court in

8 accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro*

9 *tunc*.

10                    d.        Within seven (7) business days after joint written

11 notification of termination is sent by Defendants' Counsel and Class Counsel to the

12 Escrow Agent, the Settlement Fund (including accrued interest thereon and any

13 funds received by Class Counsel consistent with ¶ 14 above), less any Notice and

14 Administration Costs actually incurred, paid or payable and less any Taxes paid,

15 due or owing shall be refunded by the Escrow Agent to the person(s) that made the

16 respective deposits or as otherwise directed by such persons.  In the event that the

17 funds received by Class Counsel consistent with ¶ 14 above have not been refunded

18 to the Settlement Fund within the seven (7) business days specified in this

19 paragraph, those funds shall be refunded by the Escrow Agent to the person(s) that

20 made the respective deposits or as otherwise directed by such persons immediately

21 upon their deposit into the Escrow Account consistent with ¶ 14 above.

22                31.        It is further stipulated and agreed that Lead Plaintiff and

23 Defendants shall each have the right to terminate the Settlement and this

24 Stipulation, by providing written notice of their election to do so ("Termination

25 Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the

26 Court's final refusal to enter the Preliminary Approval Order in any material

27 respect; (b) the Court's final refusal to approve the Settlement or any material part

28 thereof; (c) the Court's final refusal to enter the Judgment in any material respect as

to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to the Fee and Expense Award or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment, and shall not be grounds for termination of the Settlement.

32.     In addition to the grounds set forth in ¶ 30 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in confidential supplemental agreement (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

**I.      No Admission of Wrongdoing**

33.     None of the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with the this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.      shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any allegation, factual or otherwise, by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal or administrative action or proceeding. The foregoing provisions of this paragraph notwithstanding, the fact of entry into this Stipulation may be introduced in such proceedings to the minimum extent necessary to effectuate the provisions of this Stipulation;

b.      shall be offered against Lead Plaintiff or the Class, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Lead Plaintiff or the Class that any of its claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiff or the Class, in any civil, criminal or administrative action or proceeding.  The foregoing provisions of this paragraph notwithstanding, the fact of entry into this Stipulation may be introduced in such proceedings to the minimum extent necessary to effectuate the provisions of this Stipulation; or

c.      shall be construed against any of the Releasing Plaintiff Parties or Releasing Defendant Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Releasing Plaintiff Parties, Releasing Defendant

Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

### J.   Notice as Required by CAFA

34.   Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715. Defendants shall provide a copy of such notices as well as proof of service of such notices to Class Counsel.

### K.   Miscellaneous Provisions

35.   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

36.   In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the releases given and the Judgment entered pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 30 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 30.

37.   The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by

1  Lead Plaintiff and the Class against the Defendants, including Unknown Claims.

2  Accordingly, Lead Plaintiff and its counsel and Defendants and their counsel agree

3  not to assert in any forum that this Action was brought by Lead Plaintiff or

4  defended by Defendants in bad faith or without a reasonable basis.  No Party shall

5  assert any claims of any violation of Rule 11 of the Federal Rules of Civil

6  Procedure relating to the institution, prosecution, defense, or settlement of this

7  Action.  The Parties agree that the amounts paid and the other terms of the

8  Settlement were negotiated at arm's-length and in good faith by the Settling Parties,

9  and reflect the Settlement that was reached voluntarily after extensive negotiations

10  and consultation with experienced legal counsel, who were fully competent to

11  assess the strengths and weaknesses of their respective clients' claims or defenses.

12      38.    Once the Settlement has been disclosed publicly through Lead

13  Plaintiff's filing of the motion for the Preliminary Approval Order, any press

14  releases or other public statements by any of the Settling Parties regarding the

15  Action or the Settlement shall not substantially deviate from words to the effect that

16  the Settling Parties have reached a mutually acceptable resolution by way of a

17  mediated Settlement and that the Parties are satisfied with this resolution, provided,

18  however, that Lead Plaintiff and Defendants may make such statements as they

19  reasonably believe in good faith are required by law, applicable regulations or rules,

20  or this Settlement, including notice to the Class, all papers necessary to seek

21  preliminary and final approval of the Settlement, approval of the Plan of Allocation,

22  and approval of Class Counsel's Fee and Expense Award, and Defendants may

23  make such disclosure in SEC and regulatory filings, and in earnings calls or similar

24  public forums or related communications, as they deem prudent and appropriate in

25  their sole discretion.

26      39.    The terms of the Settlement, as reflected in this Stipulation, may

27  not be modified or amended, nor may any of its provisions be waived, except by a

28

writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

40.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for the Fee and Expense Award and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to the Class.

41.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

42.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and the Defendants concerning the Settlement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Settling Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

43.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

44.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all releasees under this Settlement and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

45.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without

1    regard to conflicts of laws, except to the extent that federal law requires that federal

2    law govern.

3           46.    Any action arising under or to enforce this Stipulation, or any

4    portion thereof, shall be commenced and maintained only in the Court.

5           47.    This Stipulation shall not be construed more strictly against one

6    Settling Party than another merely by virtue of the fact that it, or any part of it, may

7    have been prepared by counsel for one of the Settling Parties, it being recognized

8    that it is the result of arm's-length negotiations between the Settling Parties and all

9    Settling Parties have contributed substantially and materially to the preparation of

10   this Stipulation.

11          48.    All counsel and any other person executing this Stipulation and

12   any of the exhibits hereto, or any related Settlement documents, warrant and

13   represent that they have the full authority to do so and that they have the authority

14   to take appropriate action required or permitted to be taken pursuant to the

15   Stipulation to effectuate its terms.

16          49.    Class Counsel and Defendants' Counsel agree to cooperate fully

17   with one another in seeking Court approval of the Preliminary Approval Order and

18   the Settlement, as embodied in this Stipulation, and to use best efforts to promptly

19   agree upon and execute all such other documentation as may be reasonably required

20   to obtain final approval by the Court of the Settlement.

21          50.    If any Settling Party is required to give notice to another Settling

22   Party under this Stipulation, such notice shall be in writing and shall be deemed to

23   have been duly given upon receipt of hand delivery or facsimile or email

24   transmission, with confirmation of receipt.  Notice shall be provided as follows:

25          If to Lead Plaintiff or Class Counsel:

26          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            Richard M. Heimann
27          Katherine Lubin Benson
            Michael K. Sheen
28          275 Battery Street, 29th Floor

STIPULATION AND AGREEMENT OF
SETTLEMENT
CASE NO. 3:15-CV-02324-GPC-KSC

San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: rheimann@lchb.com
        kbenson@lchb.com
        msheen@lchb.com

If to Defendants:

SHEPPARD, MULLIN, RICHTER
& HAMPTON, LLP
John P. Stigi III
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
Email: jstigi@sheppardmullin.com

51.     Except as otherwise provided herein, each Settling Party shall bear its own costs.

52.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential, consistent with Federal Rule of Evidence 408.

53.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.  The Settling Parties agree to comply with the relevant provisions of the Protective Orders entered in the Action at the final conclusion of the Action.

54.     Lead Plaintiff, Class Counsel, Defendants, and Defendants' Counsel agree they shall not in any way encourage, promote, or solicit any person within the definition of the Class, or their counsel, to request exclusion from the Class, to object to this Settlement, or to seek any relief inconsistent with this Settlement.  In the event there are objectors to the Settlement, the Settling Parties shall confer concerning the most effective manner in which to address any such objections and will attempt in good faith to agree on a strategy for resolving such objections.

1          IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to

2  be executed, by their duly authorized attorneys, as of April 13, 2022.

3          SIGNED:

Dated: April 13, 2022          LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

By: _____
          Katherine Lubin Benson

Richard M. Heimann (Cal. Bar No. 063607)
rheimann@lchb.com
Katherine Lubin Benson (Cal. Bar No. 259826)
klubin@lchb.com
Michael K. Sheen (Cal. Bar No. 288284)
msheen@lchb.com
Nicholas R. Hartmann (Cal. Bar. No. 301049)
nhartmann@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Daniel P. Chiplock (admitted *pro hac vice*)
dchiplock@lchb.com
Michael J. Miarmi (admitted *pro hac vice*)
mmiarmi@lchb.com
Gabriel A. Panek (admitted *pro hac vice*)
gpanek@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Counsel for Lead Plaintiff Houston Municipal
Employees Pension System and the Class*

1  Dated: April 14, 2022

2

3

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:

John P. Stigi III

4  John P. Stigi III (State Bar No. 208342)

5  jstigi@sheppardmullin.com
   Polly Towill (State Bar No. 120420)

6  ptowill@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600

7  Los Angeles, CA 90067-6055
   Telephone: (310) 228-3700

8  Facsimile: (310) 228-3701

9  *Counsel for Defendants BofI Holding, Inc.,*
   *Gregory Garrabrants, Andrew J. Micheletti, Paul*

10 *J. Grinberg, Nicholas A. Mosich, and James S.*
   *Argalas*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-35-

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

| IN RE: | Case No. 3:15-cv-02324-GPC-KSC |
|---|---|
| BofI HOLDING, INC. SECURITIES LITIGATION. | **CLASS ACTION** |
| | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, an action is pending before this Court entitled *In Re BofI Holding Inc. Securities Litigation,* 3:15-cv-02324-GPC-KSC (the "Action");

WHEREAS, (a) Lead Plaintiff Houston Municipal Employees Pension System  ("Lead Plaintiff"), on behalf of the Class (defined below); and (b) Defendants BofI Holding, Inc. ("BofI" or the "Bank"), Gregory Garrabrants, Andrew J. Micheletti, Paul J. Grinberg, Nicholas A. Mosich, and James S. Argalas ("Defendants") (collectively, the "Settling Parties") having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the dismissal of this Action, in accordance with a Stipulation of Settlement dated April 13, 2022, and the Exhibits annexed thereto (the "Stipulation") entered into between Lead Plaintiff on behalf of itself and the Class, and Defendants, which sets forth the terms and conditions for a proposed resolution and dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the Exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     After a preliminary review, the Settlement appears to be fair, reasonable, and adequate.  The Settlement (a) resulted from arm's-length negotiations between experienced counsel overseen by an experienced mediator; (b) eliminates the risks to the Settling Parties of continued litigation; (c) involves a

Class that is identical to the Class previously certified by the Court; (d) does not provide undue preferential treatment to Lead Plaintiff or to segments of the Class; (e) does not provide excessive compensation to counsel for the Class; and (f) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.  Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.     **Preliminary Approval of the Settlement.** The Court is likely to approve the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.     The Court previously certified a Class on August 24, 2021, which is defined in the Court's Class Certification Order.  ECF No. 247.  Excluded from the Class are Defendants and the officers and directors of the Bank at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  *Id.*  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in response to the Notice of Pendency of Class Action, and who does not opt-back into the Class following notice of the Settlement, as set forth below.

4.     **Settlement Hearing.**  The Court will hold a settlement hearing (the "Settlement Hearing") before the Honorable Gonzalo P. Curiel on _____at _____ in Courtroom 2D, United States District Court for the Southern District of California, Edward J. Schwartz, 221 West Broadway, San Diego, CA 92101.  The Settlement Hearing shall be for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court;

(b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for a Fee and Expense Award, which may include an application for reimbursement of the reasonable costs and expenses, including time, incurred by Lead Plaintiff, should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Notice of Proposed Settlement, Settlement Hearing, and Motion for Fee and Expense Award ("Notice") shall be given to the Class as set forth in paragraph 6 of this Order.

5.     The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

6.     **Retention of Claims Administrator and Manner of Giving Notice.** Class Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice shall be given follows:

a.     not later than twenty-one (21) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided by BofI or in the records which BofI caused to be provided, or who otherwise may be identified through further reasonable effort;

b.      contemporaneously with the mailing of the Notice and Claim Form, the Claims Administrator shall cause copies of the Notice, the Summary Notice, and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notices and Claim Form can be downloaded;

c.      not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *PRNewswire* and *Investors Business Daily*; and

d.      not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on the Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7.      **Approval of Form and Content of Notice.**  The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the Settlement (including the Releases to be provided thereunder), of Class Counsel's anticipated motion for Fee and Expense Award (including any application for reimbursement of the reasonable costs and expenses, including time, incurred by Lead Plaintiff directly related to its representation of the Class), of their right to object to the Settlement, the Plan of Allocation and/or Class Counsel's motion for a Fee and Expense Award (including any reimbursement to Lead Plaintiff), of their right to exclude themselves from or opt-back into the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of

Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8.      **Nominee Procedures.**  Brokers and other nominees who purchased or otherwise acquired BofI common stock shares, or purchased BofI call options or sold BofI put options, during the Class Period for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice and Claim Form forward them to all such beneficial owners/purchasers; or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail/email the Notice and Claim Form to such beneficial owners/purchasers.  Where the Claims Administrator receives a valid email address, they shall email the Notice and Claim Form to beneficial owners/purchasers.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.50 plus postage; or $0.05 per transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

9.      **Participation in the Settlement.**  In order to be eligible to receive a distribution from the Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following:

a.      A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the post office box indicated in the Notice and Claim Form, postmarked no later than thirty (30) days after the Settlement Hearing.  Such deadline may be further extended by Order of the Court.  Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

b.      The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the act on behalf of the Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and

1  contain no material deletions or modifications of any of the printed matter

2  contained therein and must be signed under penalty of perjury.

3          c.      Once the Claims Administrator has considered a timely

4  submitted Claim Form, it shall determine whether such claim is valid, deficient, or

5  rejected.  For each claim determined to be either deficient or rejected, the Claims

6  Administrator shall send a deficiency letter or rejection letter as appropriate,

7  describing the basis on which the claim was so determined.  Persons who timely

8  submit a Claim Form that is deficient or otherwise rejected shall be afforded a

9  reasonable time (at least twenty (20) calendar days) to cure such deficiency if it

10  shall appear that such deficiency may be cured.

11          d.      For the filing of and all determinations concerning their Claim

12  Form, each Class Member shall submit to the jurisdiction of the Court.

13      10.     Any Class Member who does not timely submit a valid and timely

14  Claim Form within the time provided for shall be barred from sharing in the

15  distribution of the proceeds of the Settlement Fund, but will in all other respects be

16  subject to and bound by the provisions of the Stipulation and the Judgment, if

17  entered, unless the Class Member has requested exclusion from the Class pursuant

18  to Paragraph 12 below.

19      11.     Any member of the Class may enter an appearance in the Action, at

20  their own expense, individually or through counsel of their own choice.  If they do

21  not enter an appearance, they will be represented by Class Counsel.

22      12.     **Exclusion From the Class.** Any Class Member who wishes to exclude

23  himself, herself, or itself from the Class must request exclusion from the Class in a

24  timely and proper manner, as follows:

25          a.      A Class Member must request exclusion in writing within the

26  time and in the manner set forth in the Notice, which shall provide that: (a) any

27  such request for exclusion from the Class must be mailed or delivered such that it is

28  received no later than sixty (60) calendar days following entry of the Preliminary

1   Approval Order by the Claims Administrator; and (b) each request for exclusion

2   must (i) state the name, address, and telephone number of the person or entity

3   requesting exclusion, and in the case of entities, the name and telephone number of

4   the appropriate contact person; (ii) state that such person or entity "requests

5   exclusion from the Class in *In Re BofI Holding Inc. Securities Litigation*, 3:15-cv-

6   02324-GPC-KSC", (iii) state the number of BofI common stock shares, or put or

7   call options, that the person or entity requesting exclusion purchased/acquired

8   and/or sold during the Class Period, as well as the dates and prices of each such

9   purchase/acquisition and sale; and (iv) be signed by the person or entity requesting

10  exclusion or an authorized representative.  A request for exclusion shall not be

11  effective unless it provides all the required information and is received within the

12  time stated above or is otherwise accepted by the Court.

13          b.      A Class Member that requested exclusion from the Class in

14  connection with the Class Notice (ECF No. 324) will be excluded from the Class

15  and need not request exclusion again in connection with the provisions of paragraph

16  12(a).

17          13.     Any Person that has requested exclusion from the Class in connection

18  with the Class Notice (ECF No. 324) may elect to opt-back into the Class.  By

19  opting back into the Class, such Person shall be eligible to submit a Claim Form for

20  payment from the Settlement Fund.  Any such Person who wishes to opt-back into

21  the Class must either, individually or through counsel, request to opt-back into the

22  Class in writing to the Claims Administrator within the time and in the manner set

23  forth in the Notice, which provides that any such request to opt-back into the Class

24  must be mailed or delivered such that it is received no later than sixty (60) calendar

25  days before the Settlement Hearing, at the address set forth in the Notice.  Each

26  request to opt-back into the Class must: (a) provide the name, address and

27  telephone number of the person or entity requesting to opt-back into the Class; (b)

28  state that such person or entity "requests to opt-back into the Class in in *In Re BofI*

*Holding Inc. Securities Litigation*, 3:15-cv-02324-GPC-KSC", and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order, and who does not opt-back into the Class, is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Fund.

15.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Defendants, as more fully described in the Stipulation and Notice.

16.     **Appearance at the Settlement Hearing.**  Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Class Counsel.

PRELIMINARY
APPROVAL ORDER
CASE NO. 3:15-CV-02324-GPC-KSC

17. **Objection.** Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for a Fee and Expense Award (including reimbursement of the reasonable costs and expenses, including time, to Lead Plaintiff) and appear and show cause, if he, she or it has any cause, why the Settlement, the proposed Plan of Allocation and/or the requested Fee and Expense Award (including reimbursement to Lead Plaintiff) should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the proposed Plan of Allocation and/or the requested Fee and Expense Award unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than sixty (60) calendar days after the Preliminary Approval Order.

| Clerk's Office | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court United States District Court Southern District of California 333 West Broadway, Suite 420 San Diego, CA 92101 | Richard Heimann Katherine Lubin Benson Michael S. Sheen Lieff Cabraser Heimann & Bernstein, LLP 275 Battery Street, 29th Floor San Francisco, CA 94111-3339 | John P. Stigi III Sheppard, Mullin, Richter & Hampton, LLP 1901 Avenue of the Stars, Suite 1600 Los Angeles, California 90067 |

18. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of BofI common stock shares and

or put/call options during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's request for a Fee and Expense Award (including reimbursement to Lead Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Award.

20.    The Court will consider all proper objections even if a Class Member does not attend the Settlement Hearing.

21.    **Stay and Temporary Injunction.**  Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Defendants.

22.    **Settlement Administration Fees and Expenses.**  As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice of settlement to the Class and the review of claims and administration of the Settlement in an amount up to $350,000.00 out of the Settlement Fund without further approval from Defendants and without further order of the Court.

23.   **Settlement Fund.**  The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.   **Taxes.**  Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.   **Termination of Settlement.**  If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Member, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 28, 2022, as provided in the Stipulation.

26.   **Use of this Order.**  None of the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with the this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.   shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or

-12-

1    the deficiency of any defense that has been or could have been asserted in this

2    Action or in any other litigation, or of any liability, negligence, fault, or other

3    wrongdoing of any kind of any of the Defendants or in any way referred to for any

4    other reason as against any of the Defendants, in any civil, criminal or

5    administrative action or proceeding, other than such proceedings as may be

6    necessary to effectuate the provisions of this Stipulation;

7            b.      shall be offered against Lead Plaintiff or the Class, as evidence

8    of, or construed as, or deemed to be evidence of any presumption, concession or

9    admission by Lead Plaintiff or the Class that any of its claims are without merit,

10   that any of the Defendants had meritorious defenses, or that damages recoverable in

11   the Action would not have exceeded the Settlement Amount or with respect to any

12   liability, negligence, fault or wrongdoing of any kind, or in any way referred to for

13   any other reason as against Lead Plaintiff or the Class, in any civil, criminal or

14   administrative action or proceeding, other than such proceedings as may be

15   necessary to effectuate the provisions of this Stipulation; or

16           c.      shall be construed against any of the Releasing Plaintiff Parties

17   or Releasing Defendant Parties as an admission, concession, or presumption that

18   the consideration to be given hereunder represents the amount which could be or

19   would have been recovered after trial; provided, however, that if this Stipulation is

20   approved by the Court, the Releasing Plaintiff Parties, Releasing Defendant Parties,

21   and their respective counsel may refer to it to effectuate the protections from

22   liability granted hereunder or otherwise to enforce the terms of the Settlement.

23       27.    **CAFA Notice.**  Defendants shall provide timely service of any notices

24   that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

25       28.    **Supporting Papers.**  The following schedule shall govern Class

26   Counsel's motion for final approval of the Settlement and Plan of Allocation, and

27   Class Counsel's request for a Fee and Expense Award:

28

1          a.        Class Counsel's opening papers in support of its Fee and

2   Expense Award (including reimbursement to Lead Plaintiff) shall be filed forty-five

3   (45) days after the Preliminary Approval Order.

4          b.        Class Counsel's motion for final approval of the Settlement and

5   Plan of Allocation, and any responses to any Class Member objections, shall be

6   filed twenty-eight (28) days before the Settlement Hearing.

7          29.     The Court retains jurisdiction to consider all further applications

8   arising out of or connected with the Settlement.

9          30.     The Court's orders entered during this Action relating to the

10  confidentiality of information shall survive this Settlement.

11

12          SO ORDERED this _____day of _____ , 2022.

13

14

15                              _____

                                The Honorable Gonzalo P. Curiel
16                              United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BofI Holding, Inc. Securities Litigation | Case No. 3:15-cv-2324-GPC-KSC<br><br>Class Action |

## NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND LEAD PLAINTIFF'S SERVICE AWARD

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer*.

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the Southern District of California (the "Court"), if you purchased or otherwise acquired shares of the publicly traded common stock of BofI Holding, Inc. (now known as Axos Financial, Inc.) ("BofI Common Stock"), purchased BofI call options ("BofI Call Options"), and/or sold BofI put options ("BofI Put Options"), between September 4, 2013 through and including October 13, 2015 (the "Class Period"), and were damaged thereby.[2]

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiff and Class Representative Houston Municipal Employees Pension System ("Lead Plaintiff"), on behalf of itself and the class of BofI Securities holders the Court certified on August 24, 2021 (as defined in ¶25 below), have reached a proposed settlement of the Action for $14,100,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact BofI, any other Defendants in the Action, or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* page 25 below).**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated [date] (the "Stipulation"), which is available at www.BofISecuritiesLitigation.com. BofI Holding, Inc., now known as Axos Financial, Inc., is referred to herein as "BofI" or the "Bank."

[2] BofI Common Stock, Call Options, and Put Options are collectively referred to herein as "BofI Securities."

1.     **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants BofI, Gregory Garrabrants, Andrew J. Micheletti, Paul J. Grinberg, Nicholas A. Mosich, and James S. Argalas (collectively, "Defendants")[3] violated the federal securities laws by making false and misleading statements regarding the Bank. Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Class. A more detailed description of the Action is set forth in paragraphs 11-24 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in paragraph 25 below.

2.     **Statement of the Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Class, agreed to settle the Action in exchange for a settlement payment of $14,100,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, and (c) any Court-awarded attorneys' fees, expenses, and interest thereon, including any service award for Lead Plaintiff) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 14-20 below.

3.     **Estimate of Average Amount of Recovery Per Share:** Estimate of Average Amount of Recovery Per Share: Based on Lead Plaintiff's damages expert's estimates the conduct at issue in the Action affected approximately 4.7 million shares of BofI Common Stock purchased, as well as approximately 5,661 BofI Call Options acquired (representing 566,100 shares) and approximately 20,316 BofI Put Options sold (representing 2.03 million shares), during the Class Period. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, service award, and costs as described herein) would be approximately $2.84 per affected share of BofI Common Stock, and $27.14 per affected contract of BofI Call Options and BofI Put Options (or $0.27 per affected share). Class Members should note, however, that the foregoing average recovery is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their BofI Securities, and the total number of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (see pages 14-20 below) or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share or Option:** The Parties do not agree whether and to what extent the Class suffered any damages, including the average amount of damages per share or option that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with Lead Plaintiff's assertion that Defendants violated the federal securities laws or that any damages were suffered by any members of the Class as a result of Defendants' conduct.

---

[3] Defendants Garrabrants, Micheletti, Grinberg, Mosich, and Argalas are referred to collectively as the "Individual Defendants."

5.      **Attorneys' Fees and Expenses Sought**: Class Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Class Counsel will apply to the Court to be paid from the Settlement Fund, and any payment will be made only in the amount that is approved by the Court. Class Counsel will ask the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund (i.e., no more than $3,525,000). In addition, Class Counsel will ask the Court to reimburse them out of the Settlement Fund for the expenses they reasonably incurred and will incur in litigating this case on behalf of Class Members, in an amount not to exceed $1,400,000. Class Counsel will also ask the Court to approve a Service Award of up to $15,000 for the Class Representative as an award for its service to the Class as Plaintiff and Class Representative out of the Settlement Fund. The amount of the Settlement Fund that remains after the payment of all Court-approved attorneys' fees, reimbursement of expenses, and Service Award will be distributed to Class Members who have submitted valid claims for compensation and have not timely excluded themselves from the Settlement in a manner approved by the Court.  If the maximum amounts are requested and the Court approves Class Counsel's fee and expense application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, will be approximately $1.05 per affected share of BofI Common Stock.

6.      **Identification of Attorneys' Representatives**: Lead Plaintiff and the Class are represented by Richard M. Heimann, Katherine Lubin Benson, and Michael K. Sheen of Lieff Cabraser Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, California, (415) 956-1000, BofISettlement@lchb.com.

7.      **Reasons for the Settlement**: Lead Plaintiff entered into the Settlement for several reasons. The first is the immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the significant risks of a smaller recovery - or indeed no recovery at all – following contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN [date].** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶ 34 below) that you have against Released Defendant Parties (defined in ¶ 35 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [date].** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the Released Defendant Parties concerning the Released Claims. |
| **OPT BACK INTO THE CLASS BY SUBMITTING A WRITTEN REQUEST TO OPT BACK IN SO THAT IT IS *RECEIVED* NO LATER THAN [date].** | If you previously requested exclusion from the Class when the Class Notice was sent, you may elect to opt back into the Class and receive a payment from the Settlement Fund.  If you elect to opt back into the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (defined in ¶ 34 below) that you have against Released Defendant Parties (defined in ¶ 35 below). |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN [date].** | If you do not like the proposed Settlement, the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or Lead Plaintiff's request for a service award, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **GO TO A HEARING ON [date] AT [time], AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [date].** | Filing a written objection and notice of intention to appear by [date] allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of litigation expenses and Lead Plaintiff's request for a service award. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| | |
|---|---|
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Page

WHY DID I GET THIS NOTICE ................................................. 5

HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?................................................. 8

WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? ............................ 9

WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?........................................... 9

HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? 9

HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO? .............. 12

HOW MUCH WILL MY PAYMENT BE? ................................................. 13

PROPOSED PLAN OF ALLOCATION................................................. 14

WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? ................................................. 20

WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?................................................. 21

IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS BUT I NOW WISH TO BE A MEMBER OF THE CLASS, HOW DO I OPT BACK IN?................................................. 22

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? ................................................. 22

MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? ...................... 22

WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? ...................... 24

CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? 24

## WHY DID I GET THIS NOTICE

8.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired BofI Common Stock and/or BofI Call Options, or sold BofI Put Options, during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other

plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, how to exclude yourself from the Class if you wish to do so, and how to opt back into the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses and Lead Plaintiff's request for a service award (the "Settlement Hearing"). See paragraph 77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Class. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

11.     On October 14, 2015, the instant action, now entitled, *In re BofI Holding, Inc. Securities Litigation*, Case No. 3:15-cv-2324-GPC-KSC (the "Action"), was filed in the United States District Court for Southern District of California.

12.     By Order dated February 1, 2016, the Court appointed Houston Municipal Employees Pension System as Lead Plaintiff and approved Lieff Cabraser Heimann & Bernstein, LLP as Class Counsel for the proposed class. On April 11, 2016, Lead Plaintiff filed the Consolidated Amended Complaint.

13.     On May 11, 2016, Defendants filed and served a motion to dismiss the Consolidated Amended Complaint. On July 1, 2016, Lead Plaintiff filed and served its papers in opposition to Defendants' motion to dismiss. On July 15, 2016, Defendants filed and served their reply papers. On September 27, 2016, the Court granted in part and denied in part Defendants' motion to dismiss the Consolidated Amended Complaint. On November 25, 2016, Lead Plaintiff filed the Second Amended Complaint.

14.     On December 23, 2016, Defendants filed and served a motion to dismiss the Second Amended Complaint. On February 3, 2017, Lead Plaintiff filed and served its papers in opposition to Defendants' motion to dismiss. On February 17, 2017, Defendants filed and served their reply papers. On May 23, 2017, the Court granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint.

15.     On September 29, 2017, Defendants filed and served a motion for judgment on the pleadings. Lead Plaintiff filed and served its opposition papers on November 3, 2017. Defendants filed and served their reply papers November 10, 2017. On December 1, 2017, the Court granted Defendants' motion for judgment on the pleadings. On December 22, 2017, Lead Plaintiff filed the Third Amended Complaint.

16.     On January 19, 2018, Defendants filed and served a motion to dismiss the Third Amended Complaint. On February 16, 2018, Lead Plaintiff filed and served its papers in opposition to Defendants' motion to dismiss. On February 23, 2018, Defendants filed and served their reply papers. On March 21, 2018, the Court granted Defendants' motion to dismiss the Third Amended Complaint. On March 28, 2018, Lead Plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit.

17.     Lead Plaintiff filed its opening brief in the Court of Appeals on July 26, 2018. Defendants filed their answering brief on September 26, 2018. Lead Plaintiff filed its reply brief on November 16, 2018. On January 7, 2020, the Court of Appeals held oral argument on Lead Plaintiff's appeal. On October 8, 2020, the Court of Appeals reversed in part and affirmed in part the District Court's dismissal of Lead Plaintiff's Third Amended Complaint. The Court of Appeals denied Defendants' request for rehearing on November 16, 2020. The United States Supreme Court denied Defendants' petition for a writ of certiorari on October 4, 2021.

18.     In late 2021, the Parties retained the Honorable Daniel Weinstein (Ret.) of JAMS, as a third-party neutral ("Mediator").  The Parties held a mediation session by Zoom with Judge Weinstein on January 13, 2022.  In advance of the mediation, Defendants shared information about insurance coverage with Lead Plaintiff and the Mediator.  Defendants' insurers participated in the January 13 mediation.

19.     Following the mediation session, the Parties continued to communicate through Judge Weinstein.  On February 23, 2022, the Parties reached an agreement in principle to settle the Action in return for a cash payment of $14,100,000 by Defendants' insurers, on behalf of Defendants, for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  In furtherance of the agreement in principle, the parties negotiated and signed a Term Sheet reflecting the terms of the Settlement, on February 28, 2022, which was then modified by written agreement on March 7, 2022.

20.     On April 13, 2022, the Parties signed the Stipulation and Agreement of Settlement ("Stipulation") reflecting the final and binding agreement, and a compromise of all matters that are, or could have been in dispute between the Parties.  The Stipulation provides for resolution of Lead Plaintiff's and the Class's claims for a non-reversionary cash payment of $14,100,000.

21.     Based on the investigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the risks and costs of continued litigation and trial.

22.     Lead Plaintiff's Third Amended Complaint asserts claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. Among other things, Lead Plaintiff alleges that between September 4, 2013 and October 13, 2015 (the "Class Period"),  Defendants made false and/or materially misleading statements regarding BofI's internal controls, compliance infrastructure, and underwriting

standards. The Complaint further alleges that the prices of BofI publicly traded securities were artificially inflated and/or their prices were artificially maintained as a result of Defendants' allegedly false and misleading statements and/or omissions, and declined when the purported truth was revealed.

23.     Throughout this litigation, Defendants have denied in good faith, and continue to deny in good faith, each and all of the claims and contentions alleged by Lead Plaintiff and the Class, as well as any and all allegations of fault, liability, misconduct, wrongdoing, or damages whatsoever. Among other things, Defendants expressly have denied, and continue to deny, that Defendants made any false or misleading statements, that any statement during the Class Period was made with scienter, that any alleged false or misleading statement caused BofI's stock to trade at artificially inflated prices or artificially maintained BofI's stock price, that any such alleged false or misleading statement caused BofI's stock price to decline, that any Class Member, including Lead Plaintiff, suffered any damages, or that any Class Member, including Lead Plaintiff, was harmed by any conduct alleged in the Action or that could have been alleged therein.  Based upon thorough reviews and analyses of the facts and circumstances relating to the claims asserted in this Action, including without limitation conducting arm's length discussions with counsel to Lead Plaintiff, reviewing publicly available information, analyzing the extensive discovery record, reviewing applicable case law and other authorities and consulting with retained experts, Defendants have determined in their judgment that Defendants have meritorious defenses to each and every of the claims alleged in the Action.

24.     On [date], the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?** |
|---|

25.     If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class consists of:

> All persons and entities that, between September 4, 2013 through and including October 13, 2015, purchased or otherwise acquired shares of the publicly traded common stock of BofI, as well as purchasers of BofI call options and sellers of BofI put options, and were damaged thereby.

Excluded from the Class are Defendants herein, the officers and directors of BofI at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. See "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page 21 below. If you previously submitted a request for exclusion from the Class but you wish to opt back into the Class, see ¶¶ 74-75, on page 22 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN [date], 2022.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

26.     Lead Plaintiff has thoroughly reviewed and analyzed the facts and circumstances relating to the claims asserted in this Action, including conducting arm's length discussions with counsel to the Defendants, reviewing publicly available information, analyzing the extensive discovery record, reviewing applicable case law and other authorities and consulting with retained experts. Lead Plaintiff brought its claims in good faith and continues to believe that its claims have legal merit.  However, Lead Plaintiff recognizes that there are legal and factual defenses to the claims asserted in the Action, which present substantial risks to the successful resolution of any litigation, especially in complex securities fraud litigation such as this Action.

27.     Accordingly, in light of these risks and based on its evaluation of the claims and its substantial experience, Lead Plaintiff and Class Counsel have determined that the Settlement, which confers substantial benefits upon the Class, is fair, reasonable and adequate, and in the best interests of the Class.

28.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants further deny that any member of the Class suffered damages, in any amount, as a result of Defendants' conduct. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

29.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other Class Members would recover anything from Defendants. Also, if Defendants succeeded in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

30.     As a Class Member, you are represented by Lead Plaintiff and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

32.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

33.     If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (as defined in ¶ 34 below) against the Released Defendant Parties (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Defendant Parties.

34.     "Released Claims" means any and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action, could have been asserted in any forum, or could in the future be asserted in any forum, whether known claims or Unknown Claims, whether foreign or domestic, whether arising under federal, state, local, common, statutory, governmental, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class, individual, direct, derivative, representative, on behalf of others in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that Lead Plaintiff, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted in the Action, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of any BofI securities during the Class Period.  Released Claims does not include (i) claims to enforce the Settlement; or (ii) any claims of any person or entity that has or will submit a request for exclusion. Released Claims include "Unknown Claims," as defined in ¶ 36 below.

-10-

35.     "Released Defendant Party" or "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

36.     "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and Defendants' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or Defendants' Counsel, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class, and Class Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Class Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Class Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have

waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, and Defendants' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Class Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

37.    "Released Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants, any claims between the Defendants and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

38.    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead Plaintiff, each and every Class Member, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and timely complete and return the Claim Form with adequate supporting documentation **postmarked or submitted online no later than [date], 2022**. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.BofISecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 888-921-1538. Please retain all records of your ownership of and transactions in BofI Securities, as they may be needed to document your Claim. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  If you previously requested exclusion from the Class but you wish to opt back into the Class, you must follow the procedures outlined in ¶¶ 74-75, on page 22 below.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

40.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement. For more information about how the Net Settlement Fund will be distributed among Class Members, please refer to the Plan of Allocation.

41.     Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid fourteen million one hundred thousand dollars ($14,100,000.00) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and litigation expenses awarded by the Court to Class Counsel, and any Service Award for Lead Plaintiff) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

44.     Approval of the Settlement is independent from approval of a Plan of Allocation. Any determination with respect to a Plan of Allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or submitted online on or before **[date], 2022** shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Claims (as defined in ¶ 34 above) against the Released Defendant Parties (as defined in ¶ 35 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Parties whether or not such Class Member submits a Claim Form.

46.     Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in BofI Securities held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased, acquired or sold outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of BofI Securities during the Class Period may be made by the plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

49.     Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired BofI Common Stock and/or BofI Call Options, and/or wrote BofI Put Options, during the Class Period and were damaged as a result of such purchases, acquisitions and/or sales will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are the BofI Securities.

## PROPOSED PLAN OF ALLOCATION

### How Will My Claim Be Calculated?

50.     As discussed above, the Settlement provides $14,100,000 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses including Lead Plaintiff's service award, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants - *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court - in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the

Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.BofISecuritiesLitigation.com.

51.     The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

52.     The Plan of Allocation was developed in consultation with Class Representative's damages expert. In developing the Plan of Allocation, Class Representative's damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of BofI securities that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Plaintiff's damages expert considered price changes in BofI common stock in reaction to the public disclosure that allegedly corrected the alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non fraud related BofI  specific information.

53.     In order to have recoverable damages in connection with purchases and/or acquisitions of BofI common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the BofI common stock. In this case, Plaintiff alleges that Defendants made false statements and omitted material facts during the period from September 4, 2013 through and including the close of trading on October 13, 2015, which had the effect of artificially inflating the prices of BofI common stock. Artificial inflation was removed from the price of BofI common stock as the result of the alleged corrective disclosure that occurred on October 13, 2015, after the close of trading.[4]

54.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Plaintiff alleges that corrective information allegedly impacting the price of BofI common stock (referred to as a "corrective disclosure") was released to the market. In order to have a "Recognized Claim Amount" under the Plan of Allocation, (i) shares of BofI publicly traded common stock or exchange-traded call options must have been purchased or otherwise acquired during the Class Period and held through the corrective disclosure; (ii) BofI exchange-traded put options must have been sold or written during the Class Period and held through the corrective disclosure.

---

[4] Any transactions in BofI common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Allocation of the Net Settlement Fund**

55.    As previously described in the Notice, the Net Settlement Fund is the remainder of the Settlement Fund after deduction of Court-awarded attorneys' fees and expenses (including Lead Plaintiff's service award), settlement administration costs, and any applicable taxes. Pursuant to this Plan of Allocation, Class Members may have a claim under Section 10(b) ("10(b) Claims") of the Securities Exchange Act of 1934 ("Exchange Act"). The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) Class Members with 10(b) Claims in connection with their purchase acquisition of common shares of BofI common stock shall be collectively allocated approximately (95%) of the Net Settlement Fund; and (b) Class Members with 10(b) Claims in connection with their purchase or acquisition of BofI exchange-traded options shall be allocated approximately (5%) of the Net Settlement Fund. Among other factors, in formulating the overall allocation, Class Counsel considered the maximum potential damages of each group of purchasers within the Class.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

**Calculation of Recognized Loss Amount for Class Members with 10(b) Claims
For Publicly Traded Common Stock**

56.    Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of BofI publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.[5] If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

57.    For each share of BofI publicly traded common stock purchased or otherwise acquired during period from September 4, 2013 through October 13, 2015, inclusive, and:

(a)    Sold prior to the close of trading on October 13, 2015, the Recognized Loss Amount per share is zero.

(b)    Sold from October 14, 2015 through and including the close of trading on January 11, 2016, the Recognized Loss Amount will be *the least of*: (i) $40.37, (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between October 14, 2015 and the date of sale as stated in Table A at the end of this Notice; and

(c)    Held as of the close of trading on January 11, 2016, the Recognized Loss Amount will be *the lesser of*: (i) $40.37, or (ii) the purchase price minus $86.17, the

---

[5] All share and per-share figures included in this analysis are based on prevailing stock prices, volume, and shares outstanding that prevailed during the Class Period. On 17 November 2015, after the end of the Class Period but prior to the end of the PSLRA 90-day period, BofI enacted a four-for-one stock split. All 90-day prices and volumes subsequent to the stock split are adjusted by this four-for-one factor to correspond to the price and share factors that prevailed during the Class Period. (See, BofI Holdings, Inc., Form 10-K, filed 25 August 2016, p. 33 and F-8.)

average closing price for BofI common stock between October 14, 2015 and January 11, 2016 (the last entry on Table A at the end of this Notice).[6]

### Calculation of Recognized Loss Amount for Class Members with 10(b) Claims For Exchange-Traded Options

58.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase, acquisition, or sale of BofI exchange-traded options during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[7]

59.     For exchange-traded call options on BofI common stock purchased or otherwise acquired from September 4, 2013 to October 13, 2015, inclusive, and:

(a)     Closed (through sale, exercise, or expiration) before the close of trading on October 13, 2015, the Recognized Loss Amount is zero.

(b)     Closed (through sale, exercise, or expiration) from October 14, 2015 through and including the close of trading on January 11, 2016, the Recognized Loss Amount is the difference between (a) the price paid for the call option and (b) the proceeds received upon the sale, exercise, or expiration of the call option contract.

(c)     Held as of the close of trading on January 11, 2016, the Recognized Loss Amount is the difference between (a) the price paid for the call option and (b) the Call Option Intrinsic Value of the option on January 11, 2016.[8]

---

[6] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of BofI common stock during the 90-day look-back period.  The mean (average) closing price for BofI common stock during this 90-day look-back period was $86.17.

[7] Call option contracts sold (or written) and put option contracts purchased are not eligible to participate in the Settlement. To participate in the Settlement, Claimants must provide adequate documentation for all call option and put option contracts purchased or written (sold) that were held through the close of trading on October 13, 2015. The Claims Administrator will determine if the Claimant had a "Market Gain" or "Market Loss" with respect to his, her, or its overall transactions in BofI option contracts during the Class Period. With respect to shares of BofI common stock purchased or sold through the exercise of an option, the purchase/sale date of the BofI common stock is the exercise date of the option, and the purchase/sale price of the BofI is the exercise price of the option.

[8] The Call Option Intrinsic Value on January 11, 2016 is equal to 100 multiplied by the difference between $71.56 and the option exercise/strike price (where $71.56 is the closing price of BofI common stock on January 11, 2016). If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero.

60.     For exchange-traded put options on BofI common stock written or otherwise sold from September 4, 2013, to October 13, 2015, inclusive, and:

(a)     Closed (through re-purchase, assignment, or expiration) before the close of trading on October 13, 2015, the Recognized Loss Amount is zero.

(b)     Closed (through re-purchase, assignment, or expiration) from October 14, 2015 through and including the close of trading on January 11, 2016, the Recognized Loss Amount is the difference between (a) the price paid upon re-purchase, assignment, or expiration of the put option contract and (b) the initial proceeds received from the sale of the put option contract.

(c)     Held as of the close of trading on January 11, 2016, the Recognized Loss Amount is the difference between (a) the Put Option Intrinsic Value of the option on January 11, 2016 and (b) the initial proceeds received from the sale of the put option contract.[9]

## ADDITIONAL PROVISIONS

61.     A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

62.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of BofI common stock. The date of a "short sale" is deemed to be the date of sale of BofI common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero and the purchases covering "short sales" is zero.  In the event that a Claimant has an opening short position in BofI common stock, the earliest purchases or acquisitions of BofI common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

63.     If a Class Member held BofI common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of BofI common stock during or after the Class Period, the starting point for calculating a Claimant's Recognized Claim is to match the Claimant's holdings, purchases, and acquisitions to their sales using the FIFO (i.e., first-in-first-out) method. Under the FIFO method, BofI common stock sold during the Class Period will be matched, in chronological order first against BofI common stock held at the beginning of the Class Period. The remaining sales of BofI common stock during the Class Period will then be matched, in chronological order against BofI common stock purchased or acquired during the Class Period.

64.     The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in BofI common stock and BofI options contracts during the Class Period.  For purposes of determining whether a Claimant had a "Market Gain" with respect to his, her, or its overall transactions in BofI common stock and BofI options

---

[9] The Put Option Intrinsic Value on January 11, 2016 is equal to 100 multiplied by the difference between the option exercise/strike price and $71.56 (where $71.56 is the closing price of BofI common stock on January 11, 2016). If the Put Option Intrinsic Value calculates to a negative number or zero based on this formula, that Put Option Intrinsic Value will be zero.

contracts during the Class Period or suffered a "Market Loss," the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[10] and (ii) the sum of the Claimant's Total Sales Proceeds[11] and the Claimant's Holding Value.[12] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and Holding Value is a positive number, that number will be the Claimant's "Market Loss"; if the number is a negative number or zero, that number will be the Claimant's "Market Gain."

65.     Purchases or acquisitions and sales of BofI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of BofI common stock during the Class Period shall not be deemed a purchase, acquisition or sale of BofI common stock for the calculation of Recognized Claim, unless (i) the donor or decedent purchased or otherwise acquired such shares of BofI common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of BofI common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

66.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution is $10 or greater.

---

[10] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all BofI common stock and BofI options contracts purchased/ acquired during the Class Period.

[11] The Claims Administrator shall match any sales of BofI common stock and BofI options contracts during the Class Period first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating Market Gains or Market Losses).  The total amount received (excluding all fees, taxes, and commissions) for sales of the remaining like BofI common stock and BofI options contracts sold during the Class Period is the "Total Sales Proceeds."

[12] The Claims Administrator will ascribe a "Holding Value" of (i) $99.13 to each share of BofI common stock purchased/acquired during the Class Period that was still held as of the close of trading on October 13, 2015; (ii) For each call option purchased during the Class Period and held at the end of the Class Period, the Holding Value shall be equal to the Call Option Intrinsic Value on October 14, 2015; and (iii) For each put option written or sold during the Class Period for which the position remained open at the end of the Class Period, the Holding Value shall be equal to Put Option Intrinsic Value on October 14, 2015. The Call Option Intrinsic Value on October 14, 2015 is equal to 100 multiplied by the difference between $99.13 and the option exercise/strike price (where $99.13 is the closing price of BofI common stock on October 14, 2015). If the Call Option Intrinsic Value calculates to a negative number or zero based on this formula, that Call Option Intrinsic Value will be zero. The Put Option Intrinsic Value on October 14, 2015 is equal to 100 multiplied by the difference between the option exercise/strike price and $99.13 (where $99.13 is the closing price of BofI common stock on October 14, 2015). If the Put Option Intrinsic Value calculates to a negative number or zero based on this formula, that Put Option Intrinsic Value will be zero.

**TABLE A BofI Closing Price and Average Closing Price**
**October 14, 2015– January 11, 2016**

| Date | Closing Price | Average Price Between 14 October 2015 and Date Shown | Date | Closing Price | Average Price Between 14 October 2015 and Date Shown |
|---|---|---|---|---|---|
| 10/14/2015 | $99.13 | $99.13 | 11/27/2015 | $81.64 | $92.06 |
| 10/15/2015 | $118.36 | $108.75 | 11/30/2015 | $80.12 | $91.70 |
| 10/16/2015 | $100.78 | $106.09 | 12/1/2015 | $79.84 | $91.35 |
| 10/19/2015 | $99.09 | $104.34 | 12/2/2015 | $80.60 | $91.04 |
| 10/20/2015 | $95.46 | $102.56 | 12/3/2015 | $79.80 | $90.73 |
| 10/21/2015 | $94.75 | $101.26 | 12/4/2015 | $80.24 | $90.45 |
| 10/22/2015 | $98.91 | $100.93 | 12/7/2015 | $76.48 | $90.08 |
| 10/23/2015 | $97.72 | $100.53 | 12/8/2015 | $75.88 | $89.72 |
| 10/26/2015 | $98.03 | $100.25 | 12/9/2015 | $75.24 | $89.35 |
| 10/27/2015 | $97.67 | $99.99 | 12/10/2015 | $81.48 | $89.16 |
| 10/28/2015 | $100.70 | $100.05 | 12/11/2015 | $75.84 | $88.84 |
| 10/29/2015 | $93.05 | $99.47 | 12/14/2015 | $72.04 | $88.45 |
| 10/30/2015 | $80.01 | $97.97 | 12/15/2015 | $75.60 | $88.16 |
| 11/2/2015 | $85.96 | $97.12 | 12/16/2015 | $78.80 | $87.95 |
| 11/3/2015 | $94.71 | $96.96 | 12/17/2015 | $80.52 | $87.79 |
| 11/4/2015 | $95.16 | $96.84 | 12/18/2015 | $80.20 | $87.63 |
| 11/5/2015 | $97.38 | $96.87 | 12/21/2015 | $82.40 | $87.52 |
| 11/6/2015 | $101.98 | $97.16 | 12/22/2015 | $81.72 | $87.40 |
| 11/9/2015 | $97.92 | $97.20 | 12/23/2015 | $84.56 | $87.35 |
| 11/10/2015 | $95.04 | $97.09 | 12/24/2015 | $84.80 | $87.30 |
| 11/11/2015 | $91.82 | $96.84 | 12/28/2015 | $86.24 | $87.28 |
| 11/12/2015 | $90.75 | $96.56 | 12/29/2015 | $85.04 | $87.23 |
| 11/13/2015 | $87.05 | $96.15 | 12/30/2015 | $84.84 | $87.19 |
| 11/16/2015 | $86.60 | $95.75 | 12/31/2015 | $84.20 | $87.14 |
| 11/17/2015 | $83.29 | $95.25 | 1/4/2016 | $82.24 | $87.05 |
| 11/18/2015 | $79.56 | $94.65 | 1/5/2016 | $81.44 | $86.95 |
| 11/19/2015 | $77.60 | $94.02 | 1/6/2016 | $80.80 | $86.84 |
| 11/20/2015 | $76.00 | $93.37 | 1/7/2016 | $75.16 | $86.65 |
| 11/23/2015 | $86.16 | $93.13 | 1/8/2016 | $72.88 | $86.42 |
| 11/24/2015 | $82.32 | $92.77 | 1/11/2016 | $71.56 | $86.17 |
| 11/25/2015 | $81.36 | $92.40 | | | |

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

67.     Class Counsel will apply to the Court to be paid from the Settlement Fund, and any payment will be made only in the amount that is approved by the Court. Class Counsel will ask the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund (i.e., no more than $3,525,000). In addition, Class Counsel will ask the Court to reimburse them out of the Settlement Fund for the expenses they reasonably incurred and will incur in litigating this case on

behalf of Class Members, in an amount not to exceed $1,400,000. Class Counsel will also ask the Court to approve a Service Award of up to $15,000 for the Class Representative as an award for its service to the Class as Plaintiff and Class Representative out of the Settlement Fund. The amount of the Settlement Fund that remains after the payment of all Court-approved attorneys' fees, reimbursement of expenses, and Service Award will be distributed to Class Members who have submitted valid claims for compensation and have not timely excluded themselves from the Settlement in a manner approved by the Court.

68.     Class Counsel and Defendants have not discussed the issue or amount of attorneys' fees in their negotiations of this Settlement; Defendants have the right to oppose Class Counsel's application for fees, reimbursement of expenses, and Service Award to the Class Representative, and Class Members have the right to object. The Court will decide the attorneys' fees and expenses and Service Award to be paid. Any attorneys' fees, expenses, or Service Award approved by the Court will be paid from the $14.1 million Settlement Fund.

69.     Class Counsel's application for attorneys' fees, expenses, and Service Award will be made available on the Settlement Website at www.BofISecuritiesLitigation.com before the deadline for you to comment on or object to the Settlement. You can also request a copy of the application by contacting the Settlement Administrator at info@BofISecuritiesLitigation.com.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

70.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to BofI Holding, Inc. Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91425, Seattle, WA 98111. The exclusion request must be *received* no later than **[date], 2022**. You will not be able to exclude yourself from the Class after that date.   Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class in *In re BofI Holding, Inc. Securities Litigation*, Case No. 3:15-cv-2324-GPC-KSC"; (c) identify and state the number of each BofI Common Stock, BofI Call Options, or BofI Put Options that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period (i.e., between September 4, 2013 and October 13, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

71.     If you do not want to be part of the Class, unless you requested exclusion from the Class in connection with the Class Notice, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claims against any of the Releasing Defendant Parties.

72.     If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

73.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants, as set forth in a separate stipulation.

**IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS BUT I NOW WISH TO BE A MEMBER OF THE CLASS, HOW DO I OPT BACK IN?**

74.     Any Person that has requested exclusion from the Class in connection with the Class Notice may elect to opt back into the Class.  By opting back into the Class, such Person shall be eligible to submit a Claim Form for payment from the Settlement Fund.

75.     Any such Person who wishes to opt back into the Class must either, individually or through counsel, request to opt back into the Class in writing to the Claims Administrator within the time and in the manner set forth in paragraph 70, above, which provides that any such request to opt back into the Class must be mailed or delivered such that it is *received* no later than **[date], 2022**. sixty (60) calendar days before the Settlement Hearing, at In re BofI Holding, Inc. Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91425, Seattle, WA 98111. Each request to opt back into the Class must: (a) provide the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in *In Re BofI Holding Inc. Securities Litigation*, 3:15-cv-02324-GPC-KSC", and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

76.     **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

77.     The Settlement Hearing will be held on **[date], 2022 at [time]**, before the Honorable Gonzalo P. Curiel at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom 2D, 221 West Broadway, San Diego, CA 92101. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (including Lead Plaintiff's Service Award) and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

78.     Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the

Clerk's Office at the United States District Court for the Southern District of California at the address set forth below so that the papers are received on or **before [date]**. You must also serve the papers on Class Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are **received on or before [date]**.

| Clerk's Office | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of California<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 | Richard Heimann<br>Katherine Lubin Benson<br>Michael K. Sheen<br>Lieff Cabraser Heimann &<br>Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 | John P. Stigi III<br>Sheppard, Mullin, Richter &<br>Hampton, LLP<br>1901 Avenue of the Stars,<br>Suite 1600<br>Los Angeles, California<br>90067 |

79.     Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of each BofI Security that the objecting Class Member purchased/acquired and/or sold during the Class Period (i.e., between September 4, 2013 and October 13, 2015, inclusive), as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses if you exclude yourself from the Class or if you are not a member of the Class.

80.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

81.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before [date]**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

82.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it

on Class Counsel and Defendants' Counsel at the addresses set forth in 61 above so that the notice is *received* **on or [date]**.

83.     The Settlement Hearing may be adjourned by the Court, or held telephonically, without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date, time and location on the settlement website, www.BofISecuritiesLitigation.com, and Class Counsel.

84.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses (including Lead Plaintiff's Service Award). Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

85.     Brokers and other nominees who purchased or otherwise acquired BofI common stock shares, or purchased BofI call options or sold BofI put options, during the Class Period for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice and Claim Form forward them to all such beneficial owners/purchasers; or (b) within ten (10) calendar days of receipt of this Notice, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail/email the Notice and Claim Form to such beneficial owners/purchasers.  Where the Claims Administrator receives a valid email address, they shall email the Notice and Claim Form to beneficial owners/purchasers.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.50 plus postage; or $0.05 per transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

86.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Clerk of the Court, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101. Additionally, copies of the Stipulation and any

related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.BofISecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *In re BofI Holding, Inc. Securities Litigation* | and/or | Richard M. Heimann, Esq. |
| c/o JND Legal Administration | | Katherine Lubin Benson, Esq. |
| P.O. Box 91425 | | Michael S. Sheen, Esq. |
| Seattle, WA 98111 | | LIEFF CABRASER HEIMANN & |
| 888-921-1538 | | BERNSTEIN, LLP |
| www.BofISecuritiesLitigation.com | | 275 Battery Street, 29th Floor |
| info@BofISecuritiesLitigation.com | | San Francisco, CA 94111 |
| | | (415) 956-1000 |
| | | BofISettlement@lchb.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 2022                    BY ORDER OF THE COURT
                                          United States District Court
                                          Southern District of California

# EXHIBIT A-2

# PROOF OF CLAIM AND RELEASE FORM

***In re BofI Holding, Inc. Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91425**
**Seattle, WA 98111**
**Toll-Free Number:  1-888-921-1538**
**Email:  info@BofISecuritiesLitigation.com**
**Website:  www.BofISecuritiesLitigation.com**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than [date].**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

## CONTENTS

**02**    I.    **CLAIMANT INFORMATION**

**03**    II.    **GENERAL INSTRUCTIONS**

**06**    III.    **SCHEDULE OF TRANSACTIONS IN BOFI COMMON STOCK**

**08**    IV.    **SCHEDULE OF TRANSACTIONS IN BOFI CALL OPTIONS**

**10**    V.    **SCHEDULE OF TRANSACTIONS IN BOFI PUT OPTIONS**

**12**    VI.    **RELEASE OF CLAIMS AND SIGNATURE**

# I. CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name

MI

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

MI

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City

State

Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)

Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)     ☐ Pension Plan     ☐ Trust     ☐ Corporation

☐ Estate          ☐ IRA/401K          ☐ Other (please specify): _____

---

[1] If the account number is unknown, you may leave blank.  If the same legal entity traded through more than one account you may write "multiple."  Please see paragraph 13 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

# II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Lead Plaintiff Service Award (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities who between September 4, 2013 and October 13, 2015, inclusive (the "Class Period"), purchased or otherwise acquired (1) BofI Holding, Inc. (now known as Axos Financial Inc.) common stock ("BofI Common Stock"), or (2) call options on BofI Common Stock ("BofI Call Options"), and/or (3) wrote put options on BofI Common Stock ("BofI Put Options") (together, the "Class"). BofI Common Stock, Call Options, and Put Options are referred to collectively as "BofI Securities."  All persons and entities that are members of the Class are referred to as "Class Members."

3.      Excluded from the Class are Defendants herein, the officers and directors of BofI at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.      If you are not a Class Member do not submit a Claim Form.  YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.  THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Class.  Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Claims (including Unknown Claims) against Released Defendant Parties.

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedules of Transactions in Parts III–V of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable BofI Securities.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable BofI Securities, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

3

9.      Please note:  Only BofI Common Stock and BofI Call Options purchased/acquired, and BofI Put Options written during the Class Period (*i.e.*, from September 4, 2013 through October 13, 2015, inclusive) are eligible under the Settlement.  However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), you must provide documentation related to your purchases and sales of BofI Common Stock during the period from October 14, 2015, through and including January 11, 2016 (*i.e.*, the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.     Please note:  On November 17, 2015, after the end of the Class Period but prior to the end of the 90-day look-back period, BofI enacted a 4-for-1 stock split.  In this Claim Form, Authorized Claimants should report purchase and sale prices and numbers of shares purchased, sold, or held based on the share prices and share amounts in effect at the time of those transactions or holding dates (*i.e.*, without taking the stock split into account).

11.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable BofI Securities set forth in the Schedules of Transactions in Parts III–V of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in BofI Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.   FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

12.     BofI Call Options and BofI Put Options are identified by strike price, expiration date and Option Class Symbols.

13.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

14.     All joint beneficial owners must sign this Claim Form.  If you purchased or otherwise acquired BofI Common Stock or BofI Call Options, or wrote BofI Put Options, during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased or otherwise acquired BofI Common Stock or BofI Call Options, or wrote BofI Put Options, during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

15.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the BofI Securities; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form

cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

16. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the BofI Securities you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

17. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

18. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

19. PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

20. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator at In re BofI Holding, Inc. Securities Litigation, JND Legal Administration, P.O. Box 91425, Seattle, WA, 98111, or by email at info@BofISecuritiesLitigation.com, or by toll-free phone at (888) 921-1538, or you may download the documents from the Settlement website, www.BofISecuritiesLitigation.com.

21. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.BofISecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at BOFISecurities@JNDLA.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at BOFISecurities@JNDLA.com to inquire about your file and confirm it was received and acceptable.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (888) 921-1538.**

# III. SCHEDULE OF TRANSACTIONS IN BOFI COMMON STOCK

Complete this Part III if and only if you purchased/acquired BofI Common Stock during the period from September 4, 2013 through and including October 13, 2015.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 11, above.  Do not include information in this section regarding securities other than BofI Common Stock.

**1. BEGINNING HOLDINGS** – State the total number of shares of BofI Common Stock held as of the opening of trading on September 4, 2013.  (Must be documented.)
If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of BofI Common Stock from after the opening of trading on September 4, 2013, through and including the close of trading on October 13, 2015. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |
| /   / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK-BACK PERIOD THROUGH JANUARY 11, 2016** – State the total number of shares of BofI Common Stock purchased/acquired (including free receipts) from after the opening of trading on October 14, 2015, through and including the close of trading on January 11, 2016.  If none, write "zero" or "0."[2]

---

[2] **Please note**:  Information requested with respect to your purchases/acquisitions of BofI Common Stock from after the opening of trading on October 14, 2015, through and including January 11, 2016, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

| 4. **SALES DURING THE CLASS PERIOD THROUGH JANUARY 11, 2016** – Separately list each and every sale/disposition (including free deliveries) of BofI Common Stock from after the opening of trading on September 4, 2013, through and including the close of trading on January 11, 2016. (Must be documented.) | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|
| **Date of Sale (List Chronologically) (Month/Day/Year)** | **Number of Shares Sold** | **Sale Price Per Share** | **Total Sale Price (excluding taxes, commissions, and fees)** |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

| 5. **Ending Holdings –** State the total number of shares of BofI Common Stock held as of the close of trading on January 11, 2016.  (Must be documented.)  If none, write "zero" or "0." | |
|---|---|

☐ **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

Questions? Visit www.BofISecuritiesLitigation.com or call toll-free 1 (888) 921-1538
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# IV. SCHEDULE OF TRANSACTIONS IN BOFI CALL OPTIONS

Complete this Part IV if and only if you purchased/acquired BofI Call Options during the period from September 4, 2013 through October 13, 2015, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 11, above.  Do not include information in this section regarding securities other than BofI Call Options.

**1. BEGINNING HOLDINGS** – Separately list all positions in BofI Call Option contracts in which you had an open interest as of the opening of trading on September 4, 2013.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD THROUGH JANUARY 11, 2016[3]** – Separately list each and every purchase/acquisition (including free receipts) of BofI Call Option contracts from after the opening of trading on September 4, 2013, through and including the close of trading on January 11, 2016. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

---

[3] **Please note**:  Information requested with respect to your purchases/acquisitions of BofI Call Option contracts from after the opening of trading on October 14, 2015, through and including January 11, 2016, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

Questions? Visit www.BofISecuritiesLitigation.com or call toll-free 1 (888) 921-1538
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

**3. SALES DURING THE CLASS PERIOD THROUGH JANUARY 11, 2016** – Separately list each and every sale/disposition (including free deliveries) of BofI Call Options from after the opening of trading on September 4, 2013, through and including the close of trading on January 11, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |

**4. ENDING HOLDINGS** – Separately list all positions in BofI Call Option contracts in which you had an open interest as of the close of trading on January 11, 2016.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |

☐ **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.
IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

# V. SCHEDULE OF TRANSACTIONS IN BOFI PUT OPTIONS

Complete this Part V if and only if you sold (wrote) BofI Put Options during the period from September 4, 2013 through October 13, 2015, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 11, above.  Do not include information in this section regarding securities other than BofI Put Options.

**1. BEGINNING HOLDINGS** – Separately list all positions in BofI Put Option contracts in which you had an open interest as of the opening of trading on September 4, 2013.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. SALES (WRITING) DURING THE CLASS PERIOD THROUGH JANUARY 11, 2016[4]** – Separately list each and every sale (writing) (including free deliveries) of BofI Put Option contracts from after the opening of trading on September 4, 2013, through and including the close of trading on January 11, 2016. (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

---

[4] **Please note**: Information requested with respect to your sales (writing) of BofI Put Option contracts from after the opening of trading on October 14, 2015, through and including January 11, 2016, is needed in order to balance your claim; sales (written contracts) during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

Questions? Visit www.BofISecuritiesLitigation.com or call toll-free 1 (888) 921-1538
To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

**3.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD THROUGH JANUARY 11, 2016** – Separately list each and every purchase/acquisition (including free receipts) of BofI Put Option contracts from after the opening of trading on September 4, 2013, through and including the close of trading on January 11, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |
| /  / | $ | /  / | | | $ | $ | | /  / |

**4.  ENDING HOLDINGS** – Separately list all positions in BofI Put Option contracts in which you had an open interest as of the close of trading on January 11, 2016.  (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |
| $ | /  / | | |

☐ **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

# VI. RELEASE OF CLAIMS AND SIGNATURE

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 13 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, officers, directors, agents, parents, affiliates, subsidiaries, employees, attorneys, assignees and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Claim (as defined in the Stipulation and in the Settlement Notice) against Released Defendant Parties (as defined in the Stipulation and in the Settlement Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released Claims against any Released Defendant Parties.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

      1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

      2.      that the Claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page 3 of this Claim Form;

      3.      that I (we) own(ed) the BofI Common Stock and BofI Call Options and had an interest in the BofI Put Options identified in the Claim Form and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      4.      that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of BofI Common Stock or BofI Call Options, or sales of BofI Put Options, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

      5.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

      6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator or the Court may require;

      7.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

      8.      that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____          _____
Signature of Claimant                                                      Date


_____
Print your name here


_____          _____
Signature of joint Claimant, if any                                  Date


_____
Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____          _____
Signature of person signing on behalf of Claimant          Date


_____
Print your name here


_____
CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.,* EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 15 ON PAGE 4 OF THIS CLAIM FORM.)

# REMINDER CHECKLIST



1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.



2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.



3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.



5. Keep copies of the completed Claim Form and documentation for your own records.



6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (888) 921-1538.**



7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@BofISecuritiesLitigation.com, or toll-free at (888) 921-1538 or visit www.BofISecuritiesLitigation.com.  Please DO NOT call BofI Holding, Inc. or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN [date]**, ADDRESSED AS FOLLOWS:

*In re BofI Holding, Inc. Securities Litigation*
c/o JND Legal Administration
P.O. Box 91425
Seattle, WA 98111

**OR SUBMITTED ONLINE AT WWW.BOFISECURITIESLITIGATION.COM ON OR BEFORE [date]**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark **date on or before [date]** is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re BofI Holding, Inc. Securities Litigation | Case No. 3:15-cv-2324-GPC-KSC <br><br> Class Action |

**SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND LEAD PLAINTIFF'S SERVICE AWARD**

TO:     All persons who purchased or otherwise acquired shares of the publicly traded common stock of BofI Holding, Inc. (now known as Axos Financial, Inc.), as well as purchasers of BofI call options and sellers of BofI put options, between September 4, 2013 through and including October 13, 2015. Certain persons and entities are excluded from the Class as set forth in detail in the Stipulation and Agreement of Settlement dated [date] ("Stipulation") and the Notice described below.

PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California ("Court"), that the parties to the above-captioned action ("Action") have reached a proposed settlement for $14,100,000 in cash ("Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on [date] at [time], before the Honorable Gonzalo P. Curiel at the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom 2D, 221 West Broadway, San Diego, CA 92101, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, and Lead Plaintiff's application for a service award, should be approved.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund. This notice provides only a summary of the information contained in the detailed Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and

Reimbursement of Litigation Expenses and Lead Plaintiff's Service Award ("Notice"). You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.BofISecuritiesLitigation.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at In re BofI Holding, Inc. Securities Litigation Settlement, c/o JND Legal Administration, P.O. Box 91425, Seattle, WA 98111; 1-888-921-1538; info@BofISecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form postmarked no later than [date], in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is postmarked no later than [date], in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any releases, judgments or orders entered by the Court in Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

If you are a member of the Class and previously requested exclusion, you now have the opportunity to opt-back into the Class and participate in the Settlement.  If you elect to opt-back into the Class, you will be able to submit a Claim Form and be eligible to share in the distribution of the net proceeds of the Settlement.  If you elect to opt-back into the Class, you will be bound by any releases, judgments or orders entered by the Court in the Action, regardless of whether or not you submit a Claim Form.

Class Counsel will apply to the Court to be paid from the Settlement Fund, and any payment will be made only in the amount that is approved by the Court. Class Counsel will ask the Court for an award of attorneys' fees of no more than 25% of the Settlement Fund (i.e., no more than $3,525,000). In addition, Class Counsel will ask the Court to reimburse them out of the Settlement Fund for the expenses they reasonably incurred and will incur in litigating this case on behalf of Class Members, in an amount not to exceed $1,400,000. Class Counsel will also ask the Court to approve a Service Award of up to $15,000 for the Class Representative as an award for its service to the Class as Plaintiff and Class Representative out of the Settlement Fund. The amount of the Settlement Fund that remains after the payment of all Court-approved attorneys' fees, reimbursement of expenses, and Service Award will be distributed to Class Members who have submitted valid claims for compensation and have not timely excluded themselves from the Settlement in a manner approved by the Court.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses and Lead Plaintiff's requested Service Award, must be filed with the Court and delivered to Class Counsel and

Defendants' Counsel such that they are received no later than [date], in accordance with the instructions set forth in the Notice.

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. The Defendants deny the allegations of wrongdoing asserted in this Action, and deny any liability whatsoever to any member of the Class.

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE. All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

| Requests for the Notice and Claim Form should be made to the Claims Administrator: | Inquiries, other than requests for the Notice and Claim Form, may be made to Class Counsel: |
|---|---|
| *In re BofI Holding, Inc. Securities Litigation* c/o JND Legal Administration P.O. Box 91425 Seattle, WA 98111 888-921-1538 info@BofISecuritiesLitigation.com www.BofISecuritiesLitigation.com | Richard M. Heimann, Esq. Katherine Lubin Benson, Esq. Michael K. Sheen, Esq. LIEFF CABRASER HEIMANN & BERNSTEIN, LLP 275 Battery Street, 29th Floor San Francisco, CA 94111 (415) 956-1000 BofISettlement@lchb.com |

DATED:  [date]                            BY ORDER OF THE COURT
                                          United States District Court
                                          Southern District of California

# EXHIBIT B

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

| | |
|---|---|
| IN RE: | Case No. 3:15-cv-02324-GPC-KSC |
| BofI HOLDING, INC. SECURITIES LITIGATION. | **CLASS ACTION** |
| | **[PROPOSED] FINAL ORDER AND JUDGMENT** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    WHEREAS, an action is pending before this Court entitled *In Re BofI*

2    *Holding Inc. Securities Litigation,* 3:15-cv-02324-GPC-KSC (the "Action");

3    WHEREAS, (a) Lead Plaintiff Houston Municipal Employees Pension

4    System  ("Lead Plaintiff" or "HMEPS"), on behalf of the Class (defined below);

5    and (b) Defendants BofI Holding, Inc. ("BofI" or the "Bank"), Gregory

6    Garrabrants, Andrew J. Micheletti, Paul J. Grinberg, Nicholas A. Mosich, and

7    James S. Argalas ("Defendants") (collectively, the "Settling Parties") having made

8    an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order

9    preliminarily approving the dismissal of this Litigation, in accordance with a

10   Stipulation of Settlement dated April 13, 2022, and the Exhibits annexed thereto

11   (the "Stipulation") entered into between Lead Plaintiff on behalf of itself and the

12   Class, and Defendants, which sets forth the terms and conditions for a proposed

13   resolution and dismissal of the Action with prejudice upon the terms and conditions

14   set forth therein; and the Court having read and considered the Stipulation and the

15   Exhibits annexed thereto;

16   WHEREAS, unless otherwise defined in this Judgment, the capitalized terms

17   herein shall have the same meaning as they have in the Stipulation;

18   WHEREAS, by Order dated _____, 2022 (the "Preliminary

19   Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered

20   that notice of the proposed Settlement be provided to Class Members; (d) provided

21   Class Members with the opportunity either to exclude themselves from or opt back

22   in to the Class or to object to the proposed Settlement; and (e) schedule a hearing

23   regarding final approval of the Settlement;

24   WHEREAS, due and adequate notice has been given to the Class of the

25   Settlement;

26   WHEREAS, the Court conducted a hearing on _____, 2022 (the

27   "Settlement Hearing") to consider, among other things, (a) whether the terms and

28   conditions of the Settlement are fair, reasonable and adequate to the Class, and

should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   **Jurisdiction.**  The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2.   **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof: (a) the Stipulation of Settlement dated April 13, 2022; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 15, 2022.

3.   **Notice.**  The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's Fee and Expense Award; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's request for a Fee and Expense Award; (v) their right to exclude themselves from or opt back in to the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution

(including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.    **Final Settlement Approval and Dismissal of Claims.**  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5.    **Dismissal with Prejudice.**  The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the Class are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.    **Binding Effect.**  The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and the Class (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

7.    **Releases.**   The Releases set forth in paragraphs 1.25 and 1.27 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the

other Class Members, on behalf of themselves, and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim against Defendants, shall be permanently and forever enjoined from instituting, commencing or prosecuting, in any capacity, any and all of the Released Claims against any of the Defendants, and shall be deemed to permanently covenant to refrain from instituting, commencing or prosecuting, in any capacity, any and all of the Released Claims against any of the Defendants.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.].

(b)     Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, heirs, executors, and administrators in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the Class, and shall forever be barred and enjoined from prosecuting any or all of Released Defendants' Claims against any of Lead Plaintiff and the Class.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.].

8.     Notwithstanding paragraphs 7(a) - (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 3:15-CV-02324-GPC-KSC

9.    **Rule 11 Findings.**  The Court finds and concludes that the Lead Plaintiff and Defendants and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10.    **Plan of Allocation Approval.**  The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation submitted by Class Counsel, as described in the Notice and in accordance with the Stipulation, is fair, reasonable and adequate.  Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Judgment and shall not operate to terminate the Settlement or in any way disturb or affect this Judgment, the finality of this Judgment, or the release of the Released Claims.  Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

11.    **No Admissions.**  None of the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with the this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any allegation, factual or otherwise, by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil,

criminal or administrative action or proceeding.  The foregoing provisions of this paragraph notwithstanding, the fact of entry into this Stipulation may be introduced in such proceedings to the minimum extent necessary to effectuate the Settlement;

(b)     shall be offered against Lead Plaintiff or the Class, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Lead Plaintiff or the Class that any of its claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiff or the Class, in any civil, criminal or administrative action or proceeding.  The foregoing provisions of this paragraph notwithstanding, the fact of entry into this Stipulation may be introduced in such proceedings to the minimum extent necessary to effectuate this Settlement; or

(c)     shall be construed against any of the Releasing Plaintiff Parties or Releasing Defendant Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that the Releasing Plaintiff Parties, Releasing Defendant Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.     **Retention of Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for Fee and Expense Award by Class Counsel to be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13.     **Modification of the Agreement of Settlement.**  Without further approval from the Court, the Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14.     **Class Counsel's Attorney Fees and Expenses.**  The Court hereby awards Class Counsel attorneys' fees in the amount of _____% of the Settlement Fund ($_____) and expenses in an amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

15.     **Lead Plaintiff's Service Award Related to Representation of the Class.**  The Court hereby awards $_____ to Lead Plaintiff, reflecting reasonable costs and expenses, including Lead Plaintiff's time, related to its representation of the Class.

16.     Class Counsel's Fee and Expense Award, and interest earned thereon, as well as any award to Lead Plaintiff, shall be paid to Class Counsel (or to Lead Plaintiff as described in the previous paragraph) from the Settlement Fund immediately upon award by this Court.  Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Judgment and shall not

affect or delay the Effective Date of the Settlement.  Under no circumstances shall Defendants be responsible to pay any portion of the Fee and Expense Award.

17.    **Termination of Settlement.**  If the Settlement is terminated as provided in the Stipulation or confidential Supplemental Agreement, or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 28, 2022, as provided in the Stipulation.

18.    **Entry of Final Judgment.**  There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____day of _____ , 2022.

_____
The Honorable Gonzalo P. Curiel
United States District Judge

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 3:15-CV-02324-GPC-KSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 1**
**Persons and Entities Excluded from the Class Pursuant to Request**

[PROPOSED] FINAL ORDER AND JUDGMENT
CASE NO. 3:15-CV-02324-GPC-KSC