**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br><br>BofI HOLDING, INC. SECURITIES LITIGATION. | Case No.: 3:15-CV-02324-GPC-KSC<br><br>**AMENDED ORDER:**<br><br>**(1) CONDITIONALLY APPROVING THE PROPOSED NOTICE FORM AND PROOF OF CLAIM FORM;**<br><br>**(2) APPROVING PLAINTIFF'S PLAN OF ALLOCATION; AND**<br><br>**(3) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**[ECF No. 370-1]** |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ECF No. 370-1. Defendants filed a Statement of Non-Opposition. ECF No. 372. On June 3, 2022 the Court held a hearing on this matter. ECF No. 375. For the reasons set forth below, the Court conditionally approves the Proposed Notice Form, subject to the revisions consistent with the Court's Order, and the Proof of Claim Form; approves the Plan of Allocation detailed by Plaintiff and Class Counsel in their moving papers; and **GRANTS** preliminary approval of Parties' settlement of this class action.

# I.     BACKGROUND

## A.     Plaintiffs' Pleadings and Defendants' Challenges

On October 13, 2015, former BofI auditor Charles Matthew Erhart filed a federal whistleblower complaint. *See Erhart v. BofI Holding, Inc.*, No. 3:15-cv-2287-BAS-NLS (S.D. Cal. Oct. 13, 2015), ECF No. 1 (hereafter, "Erhart Complaint"). As Plaintiff detailed in the Third Amended Complaint, the *New York Times* reported about Mr. Erhart's whistleblower complaint, ECF No. 136, Third Amended Complaint ("TAC") ¶ 10, and the BofI stock declined by 30% between October 13, 2015 and October 14, 2015 dropping from a closing price of $35.50 to $24.78. TAC ¶ 126. Several BofI investors commenced putative class actions following the filing of the Erhart Complaint. *See* ECF No. 1.

The Court consolidated the actions and appointed Houston Municipal Employees Pension System (hereafter, "HMEPS" or "Plaintiff") as Lead Plaintiff and Lieff Cabraser Heimann & Bernstein, LLP (hereafter, "Lieff Cabraser" or "Class Counsel" as lead counsel for the consolidated class. ECF No. 23. On April 11, 2016, Plaintiff filed a consolidated amended complaint. ECF No. 26.

On May 11, 2016, Defendants moved to dismiss the CAC as to all claims for failure to sufficiently allege falsity and scienter. ECF No. 37. On September 27, 2016, the Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 64. The Court held that Plaintiff sufficiently pleaded their Section 10(b) claims against BofI and Garrabrants, *id* at 15, 23-25, as well as Plaintiff's Section 20(a) claim against Garrabrants as a "controlling person" of the bank, but dismissed Plaintiff's claims with leave to amend as to the other individual defendants, *id.* at 31-32.

On November 25, 2016, Plaintiff filed a Second Amended Complaint ("SAC"). ECF No. 79. On December 23, 2016, Defendants moved to dismiss the SAC, as to all claims, for failure to plead falsity and scienter. ECF No. 88. On May 23, 2017, the Court denied in part and granted in part Defendants' motion. ECF No. 113. The Court upheld Plaintiff's claims of alleged misstatements regarding BofI's loan underwriting practices

and internal controls and compliance infrastructure, but concluded that misstatements related to other topics were not actionable, *id.* at 28-38. The Court upheld Plaintiff's Section 20(a) claims against Defendants Micheletti, Grinberg, Mosich and Argalas. *Id.* at 38-59. On June 20, 2017, Defendants filed an Answer to the SAC. ECF No. 116. On September 29, 2017, Defendants moved for judgment on the pleadings under Rule 12(c), arguing that Plaintiff failed to sufficiently allege loss causation. ECF No. 123. On December 1, 2017, The Court granted Defendants' motion and dismissed Plaintiff's claims with leave to amend, because Plaintiffs could not demonstrate that the *Erhart* Complaint or a series of articles published on *Seeking Alpha* properly constituted corrective disclosures for BofI's alleged misstatements regarding BofI's internal controls, compliance infrastructure, and loan underwriting standards. ECF No. 134 at 8-21.

Plaintiffs filed the TAC on December 22, 2017. ECF No. 136. The TAC alleges BofI made material misrepresentations relating to (1) BofI's internal controls, compliance infrastructure, and risk management; (2) the Bank's underwriting standards and loan credit quality; and (3) government and regulatory investigations. *Id.* On January 19, 2018, Defendants filed a motion to dismiss, arguing again that Plaintiffs failed to sufficiently allege loss causation. ECF No. 144. On March 21, 2018, the Court granted Defendants' motion, dismissed the action with prejudice, and entered judgment against Plaintiffs. ECF Nos. 156, 157.

## B.    Plaintiff's Ninth Circuit Appeal

Plaintiff appealed the Court's dismissal and entry of judgment to the Ninth Circuit. ECF No. 158. On October 8, 2020, the Ninth Circuit issued its opinion, reversing and remanding in part. *See In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781 (9th Cir. 2020). The Ninth Circuit held, in pertinent part, that Plaintiff "had adequately pleaded a viable claim under § 10(b) and Rule 10b-5 for the two categories of misstatements that the district court found actionable, with the Erhart lawsuit serving as a potential corrective disclosure." *Id.* at 798. The Court found the Erhart complaint "disclosed facts that, if true, rendered false BofI's prior statements about its underwriting standards, internal controls,

and compliance infrastructure." *Id.* at 793. The Ninth Circuit affirmed the Court's finding that the *Seeking Alpha* articles did not quality as corrective disclosures, and that Plaintiff failed to allege the falsity of alleged misstatements regarding government and/or regulatory investigations. *Id.* at 794-98. The Ninth Circuit denied Defendants' petition for rehearing and petition for rehearing en banc. *In re BofI Holding, Inc. Sec. Litig.*, No. 18-55415 (9th Cir. Nov. 16, 2020), ECF No. 43. Defendants filed a petition for a writ of certiorari to the United States Supreme Court which was denied on October 4, 2021. *BofI Holding, Inc. v. Houston Mun. Emps. Pension Sys.*, 142 S. Ct. 71 (2021).

### C.   Remand and Discovery

Following the Ninth Circuit's remand to this Court, the Court directed the Parties to begin discovery. ECF No. 170. Beginning in December 2020, the Parties exchanged "voluminous discovery and vigorously litigated a substantial number of issues." ECF No. 370-1, Pl.'s Mot., at 10. The discovery exchanged included written discovery and deposition testimony. *Id.* at 11. During discovery, "the parties sought the Court's assistance in resolving at least seventy-seven discrete discovery disputes." *Id.* at 11. And on a few occasions, the parties sought review of Magistrate Judge Crawford's discovery rulings from this Court. *See, e.g.* ECF Nos. 183, 214. At the time the Parties reached a settlement in principle, three motions regarding objections to rulings on discovery disputes were pending before this Court. ECF Nos. 343, 344, 354.

### D.   Class Certification

On May 28, 2021, Plaintiff moved to certify a class of investors. ECF No. 205. Defendants opposed the motion, arguing primarily that Plaintiff failed to satisfy the predominance requirement under Rule 23(b)(3). ECF No. 211. On August 20, 2021, the Court held a hearing on the motion. ECF No. 245. On August 24, 2021, the Court issued an Order granting Plaintiff's motion for class certification. ECF No. 247. The Order certified a Class consisting of "all persons and entities that, during the period from September 4, 2013 through October 13, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of BofI, as well as purchasers of BofI call

options and sellers of BofI put options, and were damaged thereby." ECF No. 247 at 3, 21. The Court also appointed HMEPS as Class Representative, and Lieff Cabraser as Class Counsel. *Id.* at 21. The Court approved Plaintiff's proposed notice plan and directed notice to the Class on December 2, 2021. ECF No. 234. The notice period concluded on March 21, 2022. ECF No. 368 (Segura Decl.) ¶¶ 17-18. Class Counsel received only nine requests for exclusion, only one of which was a timely request. *Id.* ¶ 18.

### E. Mediation and Settlement

In late 2021, the Parties retained the Honorable Daniel Weinstein (Ret.) of JAMS to explore settlement. ECF No. 370-2 (Benson Decl.) at 8. On January 13, 2022, the parties held a mediation session with Judge Weinstein over Zoom, attended by representatives from HMEPS, Defendants, Defendants' insurers, and counsel for all parties. *Id.* The parties communicated through Judge Weinstein thereafter about potential resolution of the action. *Id.*

On February 23, 2022, the Parties reached an agreement in principle to settle all claims in the matter. *Id.* The Parties notified the Court of the settlement, ECF No. 365, and the Court issued an order vacating all deadlines, scheduling orders, and motion hearings in the action, ECF No. 366. On February 28, 2022, the parties signed a Term Sheet "reflecting the material terms of the agreement" which was modified on March 7, 2022. ECF No. 370-1, Pl.'s Mot., at 14. On April 13, 2022, the parties executed the Stipulation and Agreement of Settlement. *Id.*

### F. Settlement Terms

The Settlement Agreement provides for a Settlement Amount of $14,1000,000 to a common Settlement Fund on behalf of the already-certified Class. ECF No. 370-3 ("Settlement Agreement") at 13. The Settlement Agreement provides that the total Settlement Amount will be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Fee and Expense Award awarded by the Court. *Id.* at 17. The balance remaining in the Settlement Fund (the Net Settlement Fund) will be distributed to

3:15-CV-2324-GPC-MSB

Authorized Claimants. *Id.* No portion of the $14.1 million Settlement Fund will revert to Defendants. ECF No. 370-1, Pl.'s Mot., at 14. After the deduction of notice-related costs and Court-approved award of attorney's fees, reimbursement of litigation expenses, and service award to HMEPS as Class Representative, the Settlement Fund will be distributed on a pro rata basis to all Class Members. *Id.* at 15.

The Settlement Agreement releases:

[A]ny and all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action, could have been asserted in any forum, whether known or Unknown claims, whether foreign or domestic, whether arising under federal, state, local common, statutory, governmental, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class, individual, direct, derivative, representative, on behalf of others in nature, whether fied or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether brought directly or indirectly against any of the Released Defendant Parties that Lead Plaintiff, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such (i) asserted in the Action, or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of any BofI securities during the class Period. Released claims does not include (i) claims to enforce the Settlement; or (ii) any claims of any person or entity that has or will submit a request for exclusion.

ECF No. 370-3 at 11. Released Claims also include "Unknown Claims," *id.*, as defined by the Settlement Agreement in Section 1.35. ECF No. 370-3 at 13. Most importantly, the Unknown Claims includes that the "Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits of California Civil Code § 1542," along with "any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542." ECF No. 370-3 at 14.

1    Plaintiff also seeks appointment of JND Legal Administration to serve as

2    Settlement Administrator. *See* ECF No. 370 at 2. The Court previously appointed JND to

3    serve as the Notice Administrator in its order granting Plaintiff's motion for issuance of

4    class notice. ECF No. 324 at 4.

5    The Proposed Notice, attached to Plaintiff's moving papers at Exhibit A-1 (ECF

6    No. 370-3 at 53-78), discloses material information to a Class Member's decision

7    whether to accept, object to, or opt out of the Settlement, including: (1) the terms and

8    provisions of the Settlement Agreement, including the Settlement Amount; (2) the history

9    of this litigation; (3) the relief to the Class Members and releases to Defendants and

10   Defendants' Releasees that the Settlement will provide; (4) the maximum award of

11   attorney's fees and reimbursement of reasonable expenses to Class Counsel as well as the

12   service award to Class Representative; (5) the date, time and place (to be decided by the

13   Court) of the hearing on Final Approval of class action settlement; and (6) the procedures

14   and deadlines for opting out of the settlement or submitting comments or objections. *See*

15   *generally id.*

16   **II.    DISCUSSION**

17        **A.    Legal Standard**

18   Class actions may be settled upon the court's approval. Fed. R. Civ. P. 23(e). Rule

19   23(e) "requires the district court to determine whether a proposed settlement is

20   fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959

21   (9th Cir. 2003).  Where, as here, the proposed settlement resolves the claims in a security

22   class action, the Private Securities Litigation Reform Act ("PSLRA") imposes distinct

23   requirements for the form and content of the notice directed to the proposed settlement

24   class. 15 U.S.C. § 78u-4(a)(7).

25        **B.    Preliminary Approval of Class Action Settlement**

26   At the preliminary approval stage, the reviewing court considers whether it is

27   likely to approve of the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B).  Such an

28   evaluation is made in the context of the "strong judicial policy that favors settlements,

particularly where complex class action litigation is concerned." *In Re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). At the preliminary approval stage, the question is whether approval under the "fair, reasonable, and adequate" standard is likely. Fed. R. Civ. P. 23(e)(1)(B).  Any fairness determination requires the Court to "focus[ ] primarily upon whether the particular aspects of the decree that directly lend themselves to pursuit of self-interest by class counsel and certain members of the class—namely attorney's fees and the distribution of any relief, particularly monetary relief, among class members—strictly comport with substantive and procedural standards designed to protect the interests of class members." *Staton*, 327 F.3d at 960.  Courts evaluate the "settlement as a whole, rather than assessing its individual components."  *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

Rule 23(e) was amended in 2018 to create uniformity amongst the circuits and to focus the inquiry on whether a proposed class action is "fair reasonable, and adequate." Fed. R. Civ. P. 23(e), advisory committee notes (2018 amendment).  As amended, Rule 23(e) provides that a court may approve a proposed class action settlement after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). The first and second factors are viewed as "procedural" in nature, and the third and fourth factors are viewed as "substantive" in nature. Fed. R. Civ. P. 23(e)(2), advisory committee notes (2018 amendment).

For the reasons that follow, the Court finds that the Settlement Agreement reached by the Parties is likely fair, reasonable, and adequate, and **GRANTS** preliminary approval of the class action settlement.

### 1. Adequacy of Representation

Rule 23(e)(2)(A) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). This analysis includes "the nature and among of discovery" in the case. Fed. R. Civ. P. 23(e), adv. comm. note. The adequacy inquiry is also "redundant of the requirements of Rule 23(a)(4) and Rule 23(g), respectively." 4 William B. Rubenstein, Newberg on Class Actions § 13:48 (5th ed. 2020); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 701 (S.D.N.Y. 2019) (noting similarity of inquiry under Rule 23(a)(4) and Rule 23(e)(2)(A)).

Here, Plaintiff and Class Counsel assert they have more than adequately represented the Class, because they have "expended an immense amount of effort prosecuting this case since their appointment in January 2016." ECF No. 370-1, Pl.'s Mot. at 16. As discussed above, *supra* at 2-3, Plaintiff and Class Counsel have exhaustively litigated this case through numerous motions to dismiss, an appeal to the Ninth Circuit, remand, discovery, and hotly-contested discovery disputes before arriving at a settlement agreement in February 2022. Further, the Court previously found that the Rule 23(a)(4) and Rule 23(g) were satisfied in certifying the Class, and appointing Lead Plaintiff as Class Representative and Lieff Cabraser as Class Counsel. ECF No. 247 at 7. Lead Plaintiff and Class Counsel have adequately represented Class Members throughout this litigation. The Court is likely to find that this factor weighs in favor of approving the class action settlement.

### 2. Arm's Length Negotiation

Rule 23(e)(2)(B) requires the Court to consider whether "the proposal was negotiated at arm's length."  Fed. R. Civ. P. 23(e)(2)(B). This "procedural" inquiry

involves an evaluation of "the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e), 2018 adv. comm. note.

Here, Plaintiffs assert the settlement was reached after "serious, informed, and non-collusive" negotiations with the help of a "neutral and experienced mediator." ECF No. 370-1 at 18 (quoting *Baker v. SeaWorld Ent., Inc.*, 2020 WL 4260712, at *6 (S.D. Cal. July 24, 2020). The Parties held an all-day mediation by Zoom on January 13, 2022. EC No. 370-1, Pl.'s Mot. at 18. After failing to reach a resolution, the Parties continued discussions over several weeks during which they exchanged demands and offers, with the aid of Hon. Daniel Weinstein (Ret.). *Id.* The Parties finally reached a settlement in principle on February 23, 2022. *Id.* Thus, the resolution "was achieved only after intense arm's-length negotiations, including months of correspondence and discussions." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair."). Plaintiffs assert, "[t]hat counsel for all parties agree that the proposed Settlement represents a commendable result also weights in favor of preliminary approval." ECF No. 370-1 at 18. Given the length of this litigation, the Court finds it appropriate for "[g]reat weight [to be] accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation, *id.* at 528.

Finally, Plaintiffs assert "no signs of collusion are present here." ECF No. 370-1, Pl.'s Mot., at 19. Class Counsel will seek an award of attorneys' fees up to 25 percent of the Settlement, and there is no additional arrangement providing for additional payment of attorneys' fees." *Id.* (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). The Court therefore concludes, for the purpose of preliminary approval, that this factor is likely satisfied.

### 3. Adequacy of Relief Provided to the Class

Rule 23(e)(2)(C) requires that the Court consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class,

including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).  The amount offered in the proposed settlement agreement is generally considered to be the most important consideration of any class settlement. *See Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015) (citing *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178–79 (9th Cir. 2013)).

The Parties have agreed to settle this case for an amount of $14,100,000. ECF No. 370-3 (Settlement Agreement) at 13. Any deductions for attorney's fees, Lead Plaintiff's service award, or fees for notice and claims administration are to be deducted from the Settlement Fund, only by the Court's approval upon motion by Plaintiff Plaintiff's expert estimates recoverable damages range from $135.3 to $158.5 million. ECF No. 370-4 (Feinstein Decl.) at 8. As a percentage of estimated damages, the Settlement Amount represents recovery of between 8.9% and 10.4% of damages. ECF No. 370-1, Pl.'s Mot., at 20. well above the median percentage of the recovery level for investor losses in securities class action settlements. Plaintiffs assert such recovery "exceeds" the typical recovery in securities litigation and "represents an excellent result for the Class." *Id.* (citing *In re Zynga Inc. Sec. Litig.*, 2015 WL 6471171, at *11); see also *Vataj v.* Johnson, 2021 WL 1550478, at *9 (N.D. Cal. Apr. 20, 2021) (finding 2% of damages was "consistent with the typical recovery in securities class action settlements); *In re Extreme Networks, Inc. Sec. Litig*., 2018 WL 3290770, at *8 (N. D. Cal. July 22, 2019 (approving settlement representing 5% to 9% of estimated damages).

### a. Costs, risks, and delay of trial and appeal

"To evaluate adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). While a settlement need not compensate class members for the maximum value of their claims, there is no fixed percentage of the potential recovery that renders a settlement amount reasonable. *See In re Baan Co. Sec.*

*Litig.*, 284 F. Supp. 2d 62, 65 (D.D.C. 2003) (citing *In re Newbridge Networks Sec. Litig.*, 1998 WL 765724, at \*2 (D.D.C. Oct. 23, 1998)).  The Court therefore must examine whether the Settlement Agreement will likely adequately compensate the class given the costs, risks, and delay of trial and appeal based on the facts of this case.

Here, the proposed Settlement Amount is $14.1 million. 370-3 (Settlement Agreement) at 13. In their proposed Notice Form (ECF No. 370-3 at 54-78), Plaintiff provides an estimate of the average recovery for each affected share. Plaintiff informs Class Members: "Based on Lead Plaintiff's damages expert's estimates the conduct at issue in the Action affected approximately 4.7 million shares of BofI Common Stock purchased, as well as approximately 5,661 BofI Call Options acquired (representing 566,100 shares) and approximately 20,316 BofI Put Options sold (representing 2.03 million shares), during the Class Period. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, service award, and costs as described herein) would be approximately $2.84 per affected share of BofI Common Stock, and $27.14 per affected contract of BofI Call Options and BofI Put Options (or $0.27 per affected share)." ECF No. 370-3 at 55 (emphasis added).

Courts must "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004). Taking into account the many open questions in this litigation, Plaintiffs assert that recovery "is further supported by the risks Plaintiff faced in the remainder of the case." ECF No. 370-1, Pl.'s Mot., at 20. As discussed above, "Defendants challenged nearly every element of a 10(b) claim on the pleadings success before the Court is in no way assured." *Id.* at 21. Specifically, three primary areas of litigation remained on the table: (1) "[l]oss causation in particular has loomed large over the case since the beginning"; (2) "Defendants were also expected to challenge the element of falsity, a portion of Plaintiff's claim that relied heavily on the

testimony of confidential witnesses," and finally (3) "Plaintiff could expect Defendants to assert that the alleged misstatements did not cause any price impact, and that any damage caused by the misrepresentations were lower than Plaintiff claimed." *Id.* That the Parties would need to further litigate discovery disputes, and traverse motions for summary judgment, and a trial, the risks to both Parties in the future of this case would be substantial absent a settlement. Plaintiff adds, "it is well-recognized that securities actions in particular are often long, hard-fought, complicated, and extremely difficult to win." *Id.* (citing *in re Extreme Networks*, 2019 WL 3290770, at *8) (internal quotations omitted). The Court agrees that this "was certainly true in this action, which has been pending for over six years, with summary judgment and trial still to come," along with the costs associated with those phases of litigation. ECF No. 370-1, Pl.'s Mot., at 21-22.

Accordingly, although the settlement amount is only a portion of Defendant's maximum potential exposure according to Plaintiff's calculations, the relief appropriately accounts for the not insubstantial risk that Plaintiff and the class would recover nothing on some or all claims. *Cf. Mejia v. Walgreen Co.*, No. 2:19-CV-00218 WBS AC, 2021 WL 1122390, at *4–5 (E.D. Cal. Mar. 24, 2021) (finding that existence of potential defenses weighs in favor of finding reasonable the proposed settlement amount of approximately 22.37% of maximum possible recovery). Additionally, proceeding to trial and through any resulting appeal would bring further costs and delay. The Court therefore concludes that the costs and risks of proceeding with litigation likely renders the agreed-upon settlement amount adequate relief for the Class.

### b. Effectiveness of proposed method of distributing relief

Under Rule 23(e)(2), the Court must evaluate "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii) .Plaintiff's plan for distributing relief to and allocating the Settlement Amount among Settlement Class Members is detailed in the Proposed Notice Form and Proof of Claim Form, attached to Plaintiff's Motion as Exhibits A-1 (ECF No. 370-3 at 79) and Exhibit A-2 (ECF No. 370-3 at 54). Class

3:15-CV-2324-GPC-MSB

Members were previously ascertained using the electronic list of persons who purchased, acquired, and/or sold BofI Holding common stock, call options, or put options during the Class Period, a process that was described when Plaintiff moved for approval of the Short-Form, Long-Form and Summary Notices of Pendency of Class Action. ECF No. 324. In the proposed Claims Administrator's declaration, Luiggy Segura of JMD Legal Administration attests "[t]of effectuate notice to the Class, JND will mail a copy of the Notice of Proposed Settlement, Settlement Hearing and Motion for Fee and Expense Award ("Notice") and Proof of Claim and Release Form ("Claim Form") to the shareholder records previously provided in connection with the Notice of Pendency of Class Action mailing and to those potential Class Members previously identified by brokers and nominees." ECF No. 370-5 (Segura Decl.) at 3.

In the Motion, Plaintiff describes the process for distributing settlement funds. ECF No. 370-1, Pl.'s Mot., at 22. Each Class Member will be required to submit a Claim Form, to be reviewed by the Claims Administrator. Authorized claimants will be required to submit valid and timely claim forms to the Settlement Administrator. A valid and timely form will include information relating to the shares and options each Class Member purchased or sold during and shortly after the Class Period. The Net Settlement Fund will be distributed on a *pro rata* basis. Per the Settlement Agreement, no Settlement funds will revert to Defendants or their insurers. ECF No. 370-3 at 20 (Settlement Agreement). After payment of attorneys' fees, expenses, service awards, and notice administration, all money in the Net Settlement Fund will be distributed to the Class Members. *Id.*

The Proposed Notice Form provides that "any Class Member who fails to submit a Claim Form postmarked or submitted" before the assigned date "shall be fully and forever barred from receiving payments pursuant to the Settlement," but will in every other respect be bound as a Class Member, ECF No. 370-3 at 67, unless the Class Member elects to exclude herself from the class by submitting a written request for exclusion, as described on page 4 of the Proposed Notice, ECF No. 370-3 at 57. The

Claims Administrator will review Claim Forms to determine validity. ECF No. 370-5 at 4-5. If a Claim Form is deficient, the Claims Administrator will send a deficiency letter to the claimant describing the defect, and where applicable, how the defect may be cured. *Id.* at 4. After the Claims Administrator has determined which claims are valid, they will calculate each claim's Recognized Loss, and determine the pro rata distribution based on the Net Settlement Fund available for distribution. *Id.* at 5. Payments will be sent to Class Members via both checks in the mail and wire transfers with a specified period for the claimant to cash their payment. *Id.* at 5. For checks not cashed, the Claims Administrator will "conduct an outreach campaign to encourage cashing and providing claimants with reissued checks where applicable." *Id.* Based on the Claims Administrator's experience, they expect the full Net Settlement Fund to be exhausted by eligible claimants and do not expect there will need to be a process for redistribution of excess funds. *See id.* at 5. The Claims Administrator will make efforts to ensure Authorized Claimants cash their distribution checks. *Id.* The Court finds that the method of allocating and distributing relief is simple and effective, and not "unduly demanding" under Rule 23(e), and weighs in favor of preliminary approval of the settlement.

### 4. Equitable Treatment of Class Members

Rule 23(e)(2)(D) requires the Court to consider whether the Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). In doing so, the Court determines whether the settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), advisory committee notes (2018 amendment); *see also* 4 William B. Rubenstein, Newberg on Class Actions § 13:56 (5th ed. 2020) ("Put simply, the court's goal is to ensure that similarly situated class members are treated similarly and that

dissimilarly situated class members are not arbitrarily treated as if they were similarly situated.").

### a. Equity among class members

In the Proposed Notice Form, Plaintiff provides an estimate of the average recovery per share. The Notice informs Class Members that "[i]f all eligible Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, service award, and costs as described herein) would be approximately $2.84 per affected share of BofI Common Stock, and $27.14 per affected contract of BofI Call Options and BofI Put Options (or $0.27 per affected share)." ECF No. 370-3 at 55. As Class Counsel noted at the hearing on this matter, the average recovery among Class Members will vary widely depending on the number of shares purchased, shared, or acquired, and the time period.

As discussed above, *supra* at 15, the Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund based upon the information submitted in the Proof of Claim Form and based on the calculation of recognized loss, distributed on a pro rata basis. The Court finds no indication that the distribution and allocation methods proposed by Class Counsel and the Settlement Administrator will result in unequitable treatment of Class Members.

### b. Equity between unnamed members and class representative

The Court also considers whether any proposed service payment or incentive award for a named or lead plaintiff is equitable. Additional payments to class representatives or named plaintiffs, often referred to as incentive awards, generally do not render a settlement inequitable because such payments reflect that these plaintiffs have contributed efforts to benefit the class while bearing the risk of nonrecovery and retaliation. *See Staton*, 327 F.3d at 977. However, courts have refused to countenance settlements that provide for excessively high incentive awards or that give only *de minimis* relief to the rest of the class. *See id.* at 948, 978 (finding settlement inequitable where class representatives and other "active participants" were to receive up to $50,000

in incentive awards each and collectively receive more than half of the total monetary award despite representing less than 2% of the class).

Here, Plaintiff's Motion and the Proposed Notice Form contemplate a service award for Lead Plaintiff of up to $15,000. ECF No. 370-1, Pl.'s Mot. at 26; ECF No. 370-3 at 74. Plaintiff's Counsel states that the award is meant to "compensate [Plaintiff] for time spend purs[u]ing the matter on behalf of the Class, including overseeing the case, participating in discovery, and settlement." ECF No. 370-1, Pl.'s Mot., at 26; ECF No. 370-2 (Benson Decl.) at 2. Plaintiffs argue that the PSLRA "explicitly" permits a service award like they one they plan to ask the Court to approve. ECF No. 370-1, Pl.'s Mot., at 26 (citing 15 U.S.C. § 78u-4(a)(4). After six years of litigation, the Court finds that a $15,000 service award is reasonable and does not raise any concerns about the equitable treatment of Class Members in this action. The $15,000 service award—along with attorneys' fees and Claims Administration fees upon Court approval—will be deducted from a $14.1 million Settlement Fund. This represents a small portion of the Settlement Fund and is reasonable under the circumstances.

### 5.  Attorneys' Fees and Claims Administration Fees

#### a.  Terms of proposed award of attorneys' fees

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941. Class Counsel states it will move the Court for an award of attorneys' fess of up to 25% of the Settlement Fund, which is $3,525,000. ECF No. 370-1, Pl.'s Mot., at 23.

The Proposed Notice Form informs Class Members that Class Counsel has been prosecuting the Action since 2015, and have not received any payment of fees for their representation thus far. ECF No. 370-3 at 56. The Proposed Notice also clarifies that any payment will only be made in an amount approved by the Court on Plaintiff's Motion. *Id.* The Proposed Notice also informs Class Members that "[i]f the maximum amounts are

3:15-CV-2324-GPC-MSB

requested and the Court approves Class Counsels' fees and expenses application, the estimated average amount of fees and expenses, assuming claims are filed for all affected shares, will be approximately $1.05 per affected share of BofI Common Stock." *Id.*

The Court need not determine at the preliminary approval stage whether it will ultimately approve an award in the range of the 25% set out by Plaintiff. It is sufficient for the Court to conclude that this is not a situation in which the attorney's fee estimate in the Settlement Agreement is so out of proportion with the relief provided to the class that it "calls into question the fairness of the proposed settlement." *Pokorny v. Quixtar Inc.*, No. 07-0201 SC, 2011 WL 2912864, at *1 (N.D. Cal. July 20, 2011). In any event, under Ninth Circuit precedent, a fee request of 25% comports with the "benchmark" for reasonable attorneys' fees. *See Bluetooth*, 654 F.3d at 942. The proposed 25% fee falls well below Class Counsel's proffered "lodestar" calculation of attorneys' fees in this six-year litigation, which they calculate to be $13.9 million as of March 2022. ECF No. 370-1, Pl.'s Mot., at 23. For the purposes of preliminary approval, the terms of the forthcoming motion for attorneys' fees and expenses does not present a barrier to finding the Settlement Agreement is fair, adequate and reasonable.

#### b. Claims Administration Fees

As detailed above, the Proposed Notice Form provides information material to a class member's decision whether or not to accept, object to, or opt out of the Settlement Agreement between the Parties. However, from the Court's review, the Proposed Notice Form does *not* in its current form include any information about the proposed payment of up to $350,000 for the Claims Administrator. The Settlement Agreement and Plaintiff's Motion discuss deductions from the Settlement Fund for fees, expenses, and awards. *See* ECF No. 370-3 at 13. However, the Motion does not address Claim Administration fees, and while the Proposed Notice Form states that administration costs will be deducted, it does not include the maximum amount. Meanwhile, the Proposed Order does indicate the amount of the fees. ECF No. 370-3 at 49.

The proposed maximum amount of notice and administration fees of $350,000, represents approximately 2.48% of the Settlement Amount. Importantly, as the Court noted at the hearing on this matter, the Proposed Order provides that "Class Counsel may pay the Claims Administrator fees and costs associated with giving notice of settlement to the Class and the review of claims and administration of the Settlement in an amount up to $350,000 out of the Settlement Fund without further approval from Defendants and without further order of the Court." ECF No. 370-3 at 49. Because Plaintiff details all other deductions from the Settlement Fund in the Proposed Notice Form, the Court directs that the Proposed Notice Form must also inform class members of the potential maximum amount of administrator fees. Further, at this time, the Court is not prepared to approve the proposed language granting Lead Counsel the discretion to authorize disbursement, without further approval from the Court, of up to $350,000.00 for reasonable costs incurred notifying Class Members of the Settlement and administering the Settlement. This Court will make the determination regarding the reasonableness of such fees at the final approval hearing.

### c.  Agreements made in connection with the proposal

Rule 23(e)(3) requires that the Parties "must file a statement identifying any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3). Plaintiff attests there have been no such agreements. ECF No. 370-1, Pl.'s Mot., at 24. However, Plaintiff does note that there is an agreement with Defendants that "sets a threshold of opt-outs necessary to trigger Defendants' right to terminate the Settlement." ECF No. 370-1, Pl.'s Mot., at 24. The Parties also "expect to enter into an escrow agreement to hold the Settlement Fund in escrow that has no bearing on the terms of the Settlement." *Id.* The Court finds nothing about these agreements presents a barrier to finding that the Settlement Agreement is likely to be found adequate, fair, and reasonable.

Accordingly, having found that the Settlement Agreement, and Plaintiff's moving papers and supporting documents suggest that the Settlement Agreement is an adequate,

fair, and reasonable resolution to this action, the Court hereby **GRANTS** Plaintiff's motion for preliminary approval of class action settlement.

## III.   CONCLUSION

For the reasons discussed in this Order, the Court:

1. Conditionally approves of the Proposed Notice Form (as it appears in ECF No. 370-3 at 53-78 (Exhibit A-1)) subject to revisions consistent with the Court's instructions at the hearing on this matter, and this Order. Plaintiff is instructed to re-submit a Proposed Notice Form that clarifies the deductions for all fees and costs, including fees for Claims Administration.

2. Approves of the Proof of Claim Form (as it appears in ECF No. 370-3 at 79-93, (Exhibit A-2));

3. Approves of the Plan of Allocation detailed by Plaintiff and Class Counsel in their moving papers;

4. **GRANTS** preliminary approval of Parties' Settlement Agreement (as it appears in ECF No. 370-3 at 1-36, "Settlement Agreement") to resolve this Action, subject to further consideration at the Final Approval Hearing.

5. The Court previously certified a Class on August 24, 2021, which is defined in the Court's Class Certification Order.  ECF No. 247.  Excluded from the Class are Defendants and the officers and directors of the Bank at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.  *Id*.  Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in response to the Notice of Pendency of Class Action, and who does not opt-back into the Class following notice of the Settlement, as set forth below.

/ /

6. The Court will hold a Settlement Hearing on **Friday, October 7, 2022 at 1:30 p.m. in Courtroom 2D**. The hearing will take place at:

> **United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA  92101**.

The Settlement Hearing shall be for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for a Fee and Expense Award, which may include an application for reimbursement of the reasonable costs and expenses, including time, incurred by Lead Plaintiff, should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Notice of Proposed Settlement, Settlement Hearing, and Motion for Fee and Expense Award ("Notice") shall be given to the Class as set forth in paragraph 7 of this Order.

7. **Retention of Claims Administrator and Manner of Giving Notice.** Class Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice shall be given follows:

  a. not later than twenty-one (21) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy

3:15-CV-2324-GPC-MSB

of the Notice and the Proof of Claim and Release Form ("Claim Form"), substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided by BofI or in the records which BofI caused to be provided, or who otherwise may be identified through further reasonable effort;

b.  contemporaneously with the mailing of the Notice and Claim Form, the Claims Administrator shall cause copies of the Notice, the Summary Notice, and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notices and Claim Form can be downloaded;

c.  note later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published in PRNewswire and Investors Business Daily; and

d.  not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on the Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication

8.  **Approval of Form and Content of Notice.**  The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the Settlement (including the Releases to be provided thereunder), of Class Counsel's anticipated motion for Fee and Expense Award (including any application for reimbursement of the reasonable costs and

3:15-CV-2324-GPC-MSB

expenses, including time, incurred by Lead Plaintiff directly related to its representation of the Class), of their right to object to the Settlement, the Plan of Allocation and/or Class Counsel's motion for a Fee and Expense Award (including any reimbursement to Lead Plaintiff), of their right to exclude themselves from or opt-back into the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **Nominee Procedures**.  Brokers and other nominees who purchased or otherwise acquired BofI common stock shares, or purchased BofI call options or sold BofI put options, during the Class Period for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice and Claim Form forward them to all such beneficial owners/purchasers; or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail/email the Notice and Claim Form to such beneficial owners/purchasers.  Where the Claims Administrator receives a valid email address, they shall email the Notice and Claim Form to beneficial owners/purchasers.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses

actually incurred in complying with this Order, in an amount not to exceed $0.50 plus postage; or $0.05 per transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement.**  In order to be eligible to receive a distribution from the Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following

   a. A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the post office box indicated in the Notice and Claim Form, postmarked no later than thirty (30) days after the Settlement Hearing.  Such deadline may be further extended by Order of the Court.  Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

b. The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the act on behalf of the Class Member must be provided with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d. For the filing of and all determinations concerning their Claim Form, each Class Member shall submit to the jurisdiction of the Court.

11. Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Class Counsel.

25

12. Exclusion From the Class. Any Class Member who wishes to exclude himself, herself, or itself from the Class must request exclusion from the Class in a timely and proper manner, as follows:

   a. A Class Member must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received by the Claims Administrator no later than sixty (60) calendar days following entry of the Preliminary Approval Order; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In Re BofI Holding Inc. Securities Litigation*, 3:15-cv-02324-GPC-KSC", (iii) state the number of BofI common stock shares, or put or call options, that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

   b. A Class Member that requested exclusion from the Class in connection with the Class Notice (ECF No. 324) will be excluded from the Class and need not request exclusion again in connection with the provisions of paragraph 12(a).

13. Any Person that has requested exclusion from the Class in connection with the Class Notice (ECF No. 324) may elect to opt-back into the Class.  By opting back into the Class, such Person shall be eligible to submit a Claim Form for

3:15-CV-2324-GPC-MSB

payment from the Settlement Fund.  Any such Person who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing to the Claims Administrator within the time and in the manner set forth in the Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than sixty (60) calendar days before the Settlement Hearing, at the address set forth in the Notice.  Each request to opt-back into the Class must: (a) provide the name, address and telephone number of the person or entity requesting to opt-back into the Class; (b) state that such person or entity "requests to opt-back into the Class in in *In Re BofI Holding Inc. Securities Litigation*, 3:15-cv-02324-GPC-KSC", and (c) be signed by the person or entity requesting to opt-back into the Class or an authorized representative.

14. Any person or entity who timely and validly requests exclusion in compliance with the terms stated in this Order, and who does not opt-back into the Class, is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Fund.

15. Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Defendants, as more fully described in the Stipulation and Notice.

3:15-CV-2324-GPC-MSB

16. **Appearance at the Settlement Hearing.**  Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Class Counsel.

17. **Objection.**  Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for a Fee and Expense Award (including reimbursement of the reasonable costs and expenses, including time, to Lead Plaintiff) and appear and show cause, if he, she or it has any cause, why the Settlement, the proposed Plan of Allocation and/or the requested Fee and Expense Award (including reimbursement to Lead Plaintiff) should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the proposed Plan of Allocation and/or the requested Fee and Expense Award unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than sixty (60) calendar days after the Preliminary Approval Order.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court | Richard Heimann | John P. Stigi III |
| United States District Court | Katherine Lubin Benson | Sheppard, Mullin, Richter & Hampton, |
| Southern District of California | Michael S. Sheen | LLP |
| 333 West Broadway, Suite 420 | Lieff Cabraser Heimann & Bernstein, | 1901 Avenue of the Stars, Suite 1600 |
| San Diego, CA 92101 | LLP | Los Angeles, California 90067 |
|  | 275 Battery Street, 29th Floor |  |
|  | San Francisco, CA 94111-3339 |  |

3:15-CV-2324-GPC-MSB

18. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of BofI common stock shares and or put/call options during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's request for a Fee and Expense Award (including reimbursement to Lead Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or the Fee and Expense Award.

20. The Court will consider all proper objections even if a Class Member does not attend the Settlement Hearing.

21. **Stay and Temporary Injunction.**  Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on

3:15-CV-2324-GPC-MSB

their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Defendants.

22. **Settlement Administration Fees and Expenses**. Upon requesting and receiving permission from the Court, the Escrow Agent may disburse all reasonable costs (up to $350,000) incurred in notifying Class Members of Settlement and administering the Settlement.

23. **Taxes.** Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement.** If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Member, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 28, 2022, as provided in the Stipulation.

25. **Use of this Order.** None of the Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a. shall be offered against any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession,

or admission by any of the Defendants with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.   shall be offered against Lead Plaintiff or the Class, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Lead Plaintiff or the Class that any of its claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable in the Action would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Lead Plaintiff or the Class, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.   shall be construed against any of the Releasing Plaintiff Parties or Releasing Defendant Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Releasing Plaintiff Parties, Releasing Defendant Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

26. **CAFA Notice.** Defendants shall provide timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

27. **Supporting Papers.** The following schedule shall govern Class Counsel's motion for final approval of the Settlement and Plan of Allocation, and Class Counsel's request for a Fee and Expense Award:

    a. Class Counsel's opening papers in support of its Fee an Expense Award (including reimbursement to Lead Plaintiff) shall be filed <u>**forty-five days after the entry of this Order**</u>;

    b. Class Counsel's motion for final approval of the Settlement and Plan of Allocation, and any responses to any Class Member objections shall be filed <u>**twenty-eight days before the Settlement Hearing**</u>.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

29. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

  **IT IS SO ORDERED.**

Dated:  June 8, 2022

                    Hon. Gonzalo P. Curiel
                    United States District Judge